# UNITED STATES COURT OF APPEALS
# FOR THE NINTH DISTRICT

Case No. 16-55032
C.D. Cal. District Case No. 2:14-cv-01681-DOC

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## APPELLEE'S RESPONSE TO APPELLANT'S CAUSE SHOWN RE: JURISDICTION OF APPELLATE COURT

MARGULIES FAITH, LLP
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

**TABLE OF CONTENTS**

**PAGE**

A.  BACKGROUND ..................................................................................................1

B.  LEGAL ANALYSIS ...........................................................................................2

    1.  Grounds for Exercising Jurisdiction of the Order Denying Conversion ..........2

    2.  Grounds for Exercising Jurisdiction of the Order Denying Venue Transfer ................................................................................................................2

C.  CONCLUSION ....................................................................................................2

# TABLE OF AUTHORITIES

**S**TATUTES **P**AGE

28 U.S.C. § 1292(b) ................................................................................................2

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:**

Appellee Jeremy W. Faith, Chapter 7 Trustee for the bankruptcy estate of Loren and Sarah Miller ("Appellee" or "Trustee"), hereby submits his response to the Statement re: Cause Shown (Dkt. No. 8, the "Cause Statement") field by appellant and debtor Loren Miller ("Debtor" or "Appellant").

For the reasons set forth below, Appellee asserts that the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") has jurisdiction over the instant appeal and the matter can proceed to the briefing stage.

### A.  BACKGROUND

This appeal originates from two orders entered by the United States Bankruptcy Court in the Appellants underlying Chapter 7 bankruptcy case, specifically: (1) the Order Denying the Debtor's Amended Motion to Convert the Bankruptcy Case from a Case under Chapter 7 to one under Chapter 11 (the "Order Denying Conversion") and (2) the Order Denying Debtor's Motion to Transfer Venue (the "Order Denying Venue Transfer") (together, the "Bankruptcy Court Orders").  The Debtor appealed the Bankruptcy Court Orders to the District Court for the Central District of California, Western Division (the "District Court"), on April 10, 2015.

On December 2, 2015, the District Court entered an order, affirming the Bankruptcy Court Orders (the "District Court Order").  On January 4, 2016, Appellant appealed the District Court Order to the Ninth Circuit, thus initiating the Appeal.  On January 20, 2016, the Ninth Circuit issued an order requesting Appellant show cause why the Appeal should not be dismissed for lack of jurisdiction based on the interlocutory nature of the

Bankruptcy Court Orders and the District Court Order (Dkt. No. 6, the "Order re: Cause"). On February 16, 2016, Appellant filed his Cause Statement.

## B. LEGAL ANALYSIS

Appellant's Cause Statement asserts that the District Court found the Bankruptcy Court Orders were "not interlocutory". This assertion is incorrect. The District Court found that the Bankruptcy Court Orders are technically interlocutory orders, but exercising appellate jurisdiction over such orders was appropriate pursuant to 28 U.S.C. § 1292(b).

1. <u>Grounds for Exercising Jurisdiction of the Order Denying Conversion</u>

The District Court rightfully concluded that the Order Denying Conversion involved a "controlling question of law: whether the Bankruptcy Court could deny Debtor's conversion under §706(a) of the Code because Debtor engaged in bad faith conduct." (District Court Order, p.7). The Court also found ruling on such an order is an efficient use of judicial resources and will materially advance the termination of the litigation.

2. <u>Grounds for Exercising Jurisdiction of the Order Denying Venue Transfer</u>

With respect to the Order Denying Venue Transfer, again the District Court found that the review of such order was necessary given that a determination at the end of the case, after the case was administered closed, would frustrate the expectations of the debtors, creditors, and the trustee.

## C. CONCLUSION

As evidenced by the District Court docket, the Debtor's bad faith delay tactics and attempts to further hinder the Trustee from finalizing his

3

administration of this case. The Trustee agrees with the District Court's conclusion that review of the Bankruptcy Court Orders is timely and appropriate. Therefore, the Trustee asks that the Ninth Circuit also exercise its discretion and review the Bankruptcy Court Orders for a final determination with respect to these matters.

DATED: April 7, 2016     **MARGULIES FAITH, LLP**

By: */s/ Noreen A. Madoyan*
Noreen A. Madoyan
Attorneys for Appellee,
Jeremy W. Faith, Chapter 7
Trustee

## CERTIFICATE OF SERVICE
## CASE NO. 16-55032

### LOREN MILLER, ET. AL. VS. JEREMY W. FAITH, TRUSTEE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 7, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
1302 Marina Bay Drive, Unit #309A
Clear Lake Shores, TX 77565
**Appellant/Debtor**

Howard I. Camhi, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
**Attorneys for Interested Party, Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987**

*[signature]*
Helen Cardoza

CERTIFICATE OF COMPLIANCE, STATEMENT OF RELATED CASES AND PARTIES IN INTEREST

CASE NO. 16-55032

LOREN MILLER, ET. AL. VS. JEREMY W. FAITH, TRUSTEE

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, that the attached Opening Brief is proportionally spaced, has a type face of 14 points or more and, pursuant to the word-count feature of the word processing program used to prepare this brief, contains 572 words, exclusive of the matters that may be omitted under Rule 32(a)(7)(B)(iii).

Furthermore, the undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable Judge to evaluate possible disqualification or recusal.

| Parties | Interest |
|---|---|
| Loren Miller | Debtor/Appellant |
| Jeremy W. Faith | Chapter 7 Trustee/Appellee |
| Andrew W. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987 | Interested Party |

Furthermore, the undersigned certifies that the following are known related cases and appeals:

| | |
|---|---|
| CA Central Bankruptcy 9:13-bk-10313-PC | Debtors: Loren Miller and Sarah Miller |
| CA Central Bankruptcy Adversary 9:13-ap-01133-PC | Jeremy W. Faith, Chapter 7 Trustee vs. Loren Miller and Sarah Miller |
| CA Central District Court Appeal 2:14-cv-01681-DOC | Loren Miller vs. Jeremy W. Faith, Trustee |
| Ninth Circuit BAP Appeal No. CC-15-1208 | Loren Miller vs. Jeremy W. Faith, Trustee |
| Ninth Circuit Court of Appeals 16-60011 | Loren Miller vs. Jeremy W. Faith, Trustee |
| CA Central District Court Appeal 2:16-cv-02008 BRO | Loren Miller vs. Jeremy W. Faith, Trustee |

DATED: April 7, 2016          MARGULIES FAITH, LLP

                                               /s/ Noreen A. Madoyan
                                             Noreen A. Madoyan, Esq.
                                           Attorneys for Jeremy W. Faith,
                                                    Chapter 7 Trustee