# Case No. 16-55032

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

C.D. Cal. District Case No. 2:14-cv-01681-DOC

# OPENING BRIEF OF APPELLEE
# JEREMY W. FAITH, CHAPTER 7 TRUSTEE

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

# TABLE OF CONTENTS

P<small>AGE</small>

I.    JURISDICTION .................................................................1

II.   STATEMENT OF ISSUES ................................................1

III.  STATEMENT OF THE CASE ...........................................2

    A. The Debtor-Appellant's Bankruptcy Case .......................2

    B. The District Court Appeal ..............................................5

    C. The Ninth Circuit Appeal ...............................................8

IV.   SUMMARY OF ARGUMENT ...........................................9

V.    STANDARD OF REVIEW ...............................................10

VI.   ARGUMENT ...................................................................11

    A. The Bankruptcy Court Did Not Abuse its Discretion in Denying the Amended Motion to Convert ............................................11

    B. The Motion to Transfer Order Should be Affirmed ......................14

        i.    Venue is Proper in the United States Bankruptcy Court, Central District of California, Northern Division ............................................15

        ii.   Transfer of Venue is Improper ............................................16

    C. Conversion of this Case or Change of Venue at this Stage of the Bankruptcy Would be Inequitable to All Parties Involved ............................................17

    D. The Ninth Circuit May Exercise Jurisdiction Over this Appeal ...................18

    E. The Motion to Withdraw Reference was Properly Denied ...........................19

VII. CONCLUSION ...............................................................20

i

## TABLE OF AUTHORITIES

<u>C</u>ASES                                                                <u>P</u>AGE

*In re Donald,*
    328 B.R. 192, 196-197 (B.A.P. 9th Cir. 2005) ...................................................10

*In re Frame,*
    120 B.R. 718, 722-723 (S. D. Bankr. Ct. 1990) .................................................15

*In re Jones,*
    39 B.R. 1019, 1020 (Bankr. S.D. NY 1984)......................................................16

*In re Lavesque,*
    473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) .........................................................10

*In re Rosson,*
    545 F.3d 764 (9th Cir. 2008) ...............................................................................1

*In re SK Foods, L.P.,*
    676 F.3d 798, 802 (9th Cir. 2012) .......................................................................1

*Jones v. GNC Franchising, Inc.,*
    211 F.3d 495, 498 (9th Cir. 2000) .....................................................................10

*Marrama v. Citizens Bank of Mass,*
    549 U.S. 365 (2007)...........................................................................................12

*U.S. v. Hinkson,*
    585 F.3d 1247, 1261–62 (9th Cir. 2009) ...........................................................11

## STATUTES AND RULES       PAGE

11 U.S.C. § 341(a) ........................................................................13

11 U.S.C. § 706(a) ................................................................. 12, 19

28 U.S.C. § 157 ..............................................................................1

28 U.S.C. § 158(a) ..........................................................................1

28 U.S.C. § 158(d) ..........................................................................1

28 U.S.C. § 1334 .............................................................................1

28 U.S.C. § 1408(1) ................................................................ 15, 16

28 U.S.C. § 1412 ...........................................................................16

28 U.S.C. § 1292(b) .......................................................................18

Federal Rules of Bankruptcy Procedure 1014 ........................................16

Federal Rules of Civil Procedure 60(b) ....................................................7

Central District of California, Local Bankruptcy Rule 1071-1(a)(1) ......................15

Central District of California, Local Bankruptcy Rule 9013-1(o)............................3

Central District of California, Local Bankruptcy Rule 9013-1(o)(4)............. 3, 5, 13

Appellee Jeremy W. Faith, Chapter 7 Trustee for the bankruptcy estate of Loren and Sarah Miller ("Trustee-Appellee" or "Trustee"), hereby submits his response to the "Appellant's Informal Opening Brief" (Dkt. No. 12, the "Opening Brief") filed by appellant and debtor Loren Miller ("Debtor-Appellant" or "Debtor") in the appeal currently pending in front of the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") as case number. 16-55032 (the "Appeal").

## I.     JURISDICTION

The bankruptcy court asserted jurisdiction under 28 U.S.C. §§ 1334 and 157. On appeal, the district court asserted jurisdiction under 28 U.S.C. §158(a) and pursuant to the "pragmatic approach" to finality in bankruptcy orders. *See In re Rosson*, 545 F.3d 764 (9th Cir. 2008); *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012). The Ninth Circuit has jurisdiction over the district court's affirmance of the bankruptcy court's orders under 28 U.S.C. § 158(d) and as further discussed *infra* in Section IV.4, the Ninth Circuit may exercise jurisdiction over this appeal. The district court's order is dated December 2, 2015. Appellant appealed the orders on January 4, 2016.

## II.     STATEMENT OF ISSUES

This appeal follows the District Court's "Order Affirming Bankruptcy Court's Denial of Debtor's Motion to Convert; Affirming Bankruptcy Court's

Denial of Debtor's Motion to Transfer; Denying Debtor's Motion to Withdraw Reference" entered December 2, 2015 by the Honorable David O. Carter, Judge. (District Court Docket 38).

At issue is whether the District Court erred in affirming the Bankruptcy Court's decisions denying the Debtor-Appellant's Motion to Transfer Venue in the Bankruptcy Case to Texas and Debtor-Appellant's Amended Motion to Convert the Bankruptcy Case to Chapter 11 and erred in denying the Debtor-Appellant's Motion to Withdraw Reference for Cause.

### III.   STATEMENT OF THE CASE

#### A. The Debtor-Appellant's Bankruptcy Case

Loren and Sarah Miller[1] commenced Bankruptcy Case No. 9:13-bk-10313-PC. by the filing of a voluntary petition (the "Voluntary Petition") under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on February 7, 2013 (the "Petition Date"), in the Central District of California, Northern Division (the "Case") (Bankr. Dkt. 1).   Appellee Jeremy W. Faith is the duly-appointed, qualified, and acting Chapter 7 Trustee in the BK Case.

In the Voluntary Petition, Debtors listed their address as 239 Esparto Avenue, Pismo Beach, CA 93449.  *Id.* at 4.  Debtors also indicated they had been domiciled or had a residence, principal place of business, or principal assets in the

---

[1] The Trustee is informed that following the Petition Date, joint-Debtor Sarah Miller initiated divorce proceedings and is not a party to the underlying motions or appeal, and did not join or consent to the filing of the Appeal.

district for 180 days immediately preceding the date of the petition. *Id*. Subsequently, Debtors filed additional petition schedules. (Bankr. Dkt. 11).

On November 26, 2013, more than ten months after the Petition Date and following the Trustee's significant work to recover assets on behalf of the Estate, including the recovery of over $200,000 for the benefit of creditors, the Debtor-Appellant filed a motion to change venue/intra-district venue (the "Motion to Transfer", Bankr. Dkt. 78), seeking to change venue because Debtor-Appellant had recently moved from California to Texas (Appellant's Excerpts of Record ("ER"), Tab 10) and an unsupported, one page form Motion to Convert Case from a Chapter 7 to Chapter 11 (the "Motion to Convert", Bankr. Dkt. 79) (ER, Tab 11). Both motions were filed on negative notice without a hearing pursuant to Central District of California, Local Bankruptcy Rule ("LBR") 9013-1(o). On December 10, 2013, the Trustee timely filed an opposition to both the Motion to Transfer (ER, Tab 12) and the Motion to Convert (ER, Tab 13). Creditor Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987 (together the "Gellers") also filed an opposition to the Motion to Convert and the Motion to Transfer on December 9, 2013 (ER, Tab 14 and 15).[2] Pursuant to LBR 9013-1(o)(4), the Debtor-Appellant was required to set the Motion to Convert and the Motion to Transfer for hearing within fourteen (14)

---

[2] It is notable that the Gellers are the only unsecured creditor in the Bankruptcy Case.

days and failure to do so may be deemed independent grounds for denial. On December 12, 2013, the Honorable Robin Riblet (Ret.) ("Judge Riblet") entered an order denying the Motion to Transfer (the "Motion to Transfer Order") (ER, Tab 1) and an order denying the Motion to Convert (ER, Tab 2). The Motion to Convert was denied based on the Debtor-Appellant's failure to pay the required conversion filing fee. The Motion to Transfer was denied because the Court found that the Case was appropriately filed in the Central District of California and venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.

On January 14, 2014, over one month after the December 12, 2013 order denying the Motion to Transfer, the Debtor-Appellant filed a Notice and Motion to Extend Time to File an Appeal of the Motion to Transfer ("Motion to Extend Time") (ER, Tab 16). On January 28, 2014, the Trustee filed an opposition to Debtor-Appellant's Motion to Extend Time (ER, Tab 17).

On January 15, 2014, the Debtor-Appellant filed an amended motion to convert under 11 U.S.C. §§ 706(a) or 1112(a) (the "Amended Motion to Convert") (ER, Tab 18). On January 29, 2014, the Trustee filed an opposition to the Amended Motion to Convert (ER, Tab 19). The Geller's filed an opposition to the Amended Motion to Covert as well (ER, Tab 20). The Debtor-Appellant again failed to set the Amended Motion to Convert for hearing, after the Trustee filed his

opposition, as required by Local Bankruptcy Rule 9013-1(o)(4).

**B. <u>The District Court Appeal</u>**

On March 5, 2014, the Debtor-Appellant filed a notice of appeal of the Motion to Extend Time and the Amended Motion to Convert (ER, Tab 3) although no final order on either motion had been entered. Debtor-Appellant elected to have the Appeal heard by the United States District Court, Central District of California, Western Division (the "District Court"). While Debtor-Appellant asserted that orders on the Amended Motion to Convert and the Motion to Extend Time were entered on February 18, 2015, an order on either motion had <u>not</u> been entered. The appeal was in response to the Trustee's Notice of Lodgment of proposed orders for the Amended Motion to Convert and the Motion to Extend Time (ER, Tab 21 and 22) based on the Debtor-Appellant's failure to comply with the LBR's and not an order of the Court.

On March 7, 2014, the District Court issued an Appeal Deficiency Notice, indicating that the Appeal is deficient, for the following reasons: (1) Appeal does not state the title of the order; (2) Appeal does not state entry date of order; (3) Appeal does not include entered stamped copy of Order; and (4) Appeal does not state opposing parties name, address, or telephone number (the "Appeal Deficiency Notice") (ER, Tab 23). In addition, the District Court issued a Memorandum re: Lack of Jurisdiction because the orders being appealed was never entered on the

Bankruptcy Court docket.

On March 21, 2014, the Debtor-Appellant filed an Amended Notice of Appeal addressing the Appeal Deficiency Notice (ER, Tab 4). Debtor-Appellant reasserts that he is appealing the Amended Motion to Convert and the Motion to Extend Time, although orders on such motions had not been entered.

On March 26, 2014, Judge Riblet entered an order denying the Amended Motion to Convert (the "Amended Motion to Convert Order") (ER, Tab 5) and granting the Motion to Extend Time (the "Motion to Extend Time Order") (ER, Tab 6).

On April 10, 2014, the Debtor-Appellant filed a Second Amended Notice of Appeal (the "Second Notice of Appeal"), clarifying that the Debtor-Appellant is appealing the Amended Motion to Convert Order and asserting, that Debtor-Appellant is appealing the Motion to Transfer Order (ER, Tab 7). The Second Notice of Appeal does not address the Motion to Extend Time.

On May 9, 2014, by administrative order 14-05, the Case was assigned from Judge Riblet to the Honorable Peter H. Carroll.

On January 22, 2015, the Debtor-Appellant filed a second Motion to Transfer Venue to the Southern District of Texas, Houston in the District Court (ER, Tab 24). On January 28, 2015, the District Court issued an order to show cause why this case should not be dismissed for lack of prosecution (the "OSC")

(ER, Tab 25). The Debtor-Appellant filed a response to the OSC, asserting that cause has been shown (ER, Tab 26).

On March 18, 2015, the Bankruptcy Court issued a certificate of readiness and completion of record, and instructed Debtor-Appellant to file an opening brief by April 1, 2015. Debtor-Appellant failed to do so, and on April 9, 2015, the District Court entered an order dismissing the Appeal for failure to prosecute (the "Dismissal Order") (ER, Tab 27).

On April 24, 2015, the Debtor-Appellant filed a Motion to Extend Time to File Brief, which the District Court granted by order entered on May 6, 2015 (ER, Tab 28). Debtor-Appellant was instructed to file an opening brief by May 26, 2015. On May 13, 2015, the Debtor-Appellant filed a Motion for Relief pursuant to Rule 60(b) from the Dismissal Order (the "Motion for Relief") (ER, Tab 29). The District Court granted the Motion for Relief, and allowed the Debtor-Appellant one final extension for filing his opening brief to June 16, 2015. On June 16, 2015, the Debtor-Appellant filed his opening brief (ER, Tab 30) along with a Motion to Withdraw Reference for Cause – 11 U.S.C § 157(a) (the "Motion to Withdraw Reference") (ER, Tab 31). The Motion to Withdraw Reference seeks to remove the adversary proceeding seeking denial of the Debtor-Appellant's Discharge pursuant to 11 U.S.C. 727, et. seq., filed as Adversary No. 9:13-ap-01133-PC (the "Adversary Proceeding") to the district court.

On June 12, 2015, the Bankruptcy Court entered a final order in the Adversary Proceeding granting the Trustee's Motion for Summary Judgment against Debtor-Appellant Loren Miller (Bankr. A.P. Dkt. 70).

On June 29, 2015, the Appellee timely filed his opening brief (ER, Tab 32). On July 13, 2015, the Debtor-Appellant filed a motion seeking to extend the deadline to file his reply brief to August 17, 2015. The District Court granted that request. On August 13, 2015, the Debtor-Appellant filed another request to extend the deadline to file his reply brief to September 14, 2015. On September 15, 2015, the Debtor-Appellant filed his reply brief (ER, Tab 33).

On December 2, 2015, the District Court entered an order, affirming the Bankruptcy Court Orders, and denying the Motion to Withdraw Reference (the "District Court Order") (ER, Tab 8).

## C. The Ninth Circuit Appeal

On January 4, 2016, the Debtor-Appellant appealed the District Court Order to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), thus initiating the Appeal (the "Notice of Appeal", ER, Tab 9).

On January 20, 2016, the Ninth Circuit issued an order requesting Appellant show cause why the Appeal should not be dismissed for lack of jurisdiction based on the interlocutory nature of the Bankruptcy Court Orders and the District Court Order (Dkt. No. 6, the "Order re: Cause") (ER, Tab 34). On February 16, 2016,

8

Appellant filed his Cause Statement (ER, Tab 35). On April 7, 2016, the Trustee filed his Appellee Response to Appellant's Cause Shown re: Jurisdiction of Appellate Court (Dkt. No. 10, the "Statement re: Jurisdiction") (ER, Tab 36). On May 2, 2016, the Ninth Circuit issued an order discharging the Order re: Cause, and set forth the deadline for the Debtor-Appellant to file his opening brief to July 1, 2016 (ER, Tab 37).

On July 1, 2016, the Debtor-Appellant filed his Opening Brief (ER, Tab 40).

## IV.  SUMMARY OF ARGUMENT

Debtor-Appellant's "Informal" Opening Brief does not cite to any evidence to support a reversal of both the Bankruptcy Court and the District Court and has misinterpreted the applicable laws and the underlying orders of the Bankruptcy Court should be affirmed.

The Debtor-Appellant does not dispute that venue was proper in the Central District of California, Northern Division at the time the Case was filed but instead incorrectly argues that his move to Texas more than 10 months after the Petition date automatically requires the Bankruptcy Court to move the Case to a location most convenient to the Debtor-Appellant (Opening Brief, ER, Tab 40, p.5). This argument is unfounded and does not provide any basis to overturn the Bankruptcy Court's Order. Moreover, Debtor-Appellant has provided no evidence to show that the Bankruptcy Court abused its discretion in denying the Venue Transfer Motion.

9

The Debtor-Appellant has acted in bad faith throughout the course of this Case in an effort to prevent the Trustee from administering assets and does not qualify as a debtor-in possession.  Debtor-Appellant appeals from the Bankruptcy Court's denial of his unsupported form motion to Convert the Case to Chapter 11 and argues that payment of the Chapter 11 filing fee, requires automatic conversion of the Case (Opening Brief, ER, Tab 40, p.5).  Debtor-Appellant fails to provide any grounds to overturn the Bankruptcy Court Order denying conversion of this case to Chapter 11.

Finally, with respect to the Motion to Withdraw filed in the District Court. The Motion was not filed until after a final order was entered by the Bankruptcy Court denying the Debtor-Appellant's Discharge in the Adversary Proceeding. Therefore, the District Court correctly found there were no grounds to withdraw the Adversary Proceeding and denied the motion.

## V.    <u>STANDARD OF REVIEW</u>

An order regarding conversion of a case is reviewed for abuse of discretion. *In re Lavesque*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) (citations omitted). A decision regarding the transfer of a case to another district is also reviewed for abuse of discretion. *In re Donald*, 328 B.R. 192, 196-197 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)).  In determining whether the Bankruptcy Court abused its discretion, the Court applies a two-part test. *In re*

10

*Levesque*, 473 B.R. at 335 (citing *U.S. v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc)).  First, the court determines "de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." *Id.* (internal citations and quotations omitted). Second, the court examines "the bankruptcy court's factual findings for clear error.

## VI.  ARGUMENT

The Debtor-Appellant's Opening Brief asserts that the issues on appeal, are those outlined in his Opening and Reply Brief filed in the District Court Appeal (ER, Tab 40, p.6 ¶5).  Accordingly, this brief addresses such issues and incorporates the findings in the District Court Opinion.  As demonstrated below, the Debtor-Appellant has provided no basis to overturn the Bankruptcy Court or District Court orders.

### A. The Bankruptcy Court Did Not Abuse its Discretion in Denying the Amended Motion to Convert

Debtor-Appellant argues that the Court improperly denied his Amended Motion to Convert because there is an unequivocal right to convert a case from a Chapter 7 to a Chapter 11. (Opening Brief, ER, Tab, p. 5).  However, as correctly identified by both the Bankruptcy Court and the District Court, the right to convert to Chapter 11 is not absolute and any party in interest may object to such conversion as evidenced by the laws governing conversion, which state:  A debtor

"*may* convert a case under this chapter to a case under chapter 11 . . . at any time, if the case has not been converted." 11 U.S.C. § 706(a) *(emphasis added).* Furthermore, the Court may curtail the conversion of a case from a chapter 7 to a chapter 11, if there is fraudulent or 'bad faith' actions by a debtor, and to prevent an abuse of power. *Marrama v. Citizens Bank of Mass,* 549 U.S. 365 (2007).

Here, the Debtor-Appellant's actions since the inception of his Bankruptcy Case have been to conceal assets, delay, and interfere with the bankruptcy process in bad faith. Debtor-Appellant has not demonstrated that he can act as a debtor-in-possession, and further that he can be entrusted with preserving assets of the estate. The Trustee has had to engage in extensive investigative work to recover assets on behalf of the estate, both before and after the Amended Motion to Convert Order. To date, the Trustee has recovered approximately $229,000 in cash, most of which the Debtor-Appellant failed to disclose on his schedules. Additionally, the above figure does not include the more than $100,000 Debtor-Appellant has failed to turn over, pursuant to the First and Second Turnover Orders (defined, *infra*). Further, the Trustee's investigation has revealed significant undisclosed personal property assets including but not limited to gold and silver coins worth at least $27,173.38, $6,716 from Debtors' 2012 federal and state income tax refunds received post-petition, undisclosed cash and an interest in at least four corporations, which had activity both pre- and post-petition. All of the foregoing assets were not disclosed

12

by the Debtor-Appellant.

In addition, the Court entered two turnover orders. The first turnover order, entered on June 18, 2013 required the Debtor-Appellant to turn over to the Trustee $182,000 of cash on hand, and appear at the 341(a) meeting of creditors (the "First Turnover Order") (ER, Tab 38). The Debtors only partially complied with the First Turnover Order by turning over $101,731.00 and claiming that the remaining $68,000 was spent post-petition despite knowledge of the Trustee's collection efforts and numerous written demands for turnover. On March 19, 2014, the Court entered a second order for turnover against Debtor-Appellant for (i) $6,716 received post-petition from the 2012 state tax refund and (ii) the undisclosed gold and silver coin purchases, or their cash value of $27,173.38 (the "Second Turnover Order") (ER, Tab 39). However, to date, and despite multiple demands from the Trustee and his counsel, Debtor-Appellant has failed to fully comply with the First Turnover Order or respond to the Second Turnover Order. Further, there is only one unsecured creditor in this case who vehemently opposes conversion (*See* Geller Opposition, ER, Tab 20).

Finally, Debtor-Appellant incorrectly asserts that the Court denied the Amended Motion to Convert for failure to set the matter for hearing within 14 days of service of the opposition, pursuant to Local Bankruptcy Rule 9013-1(o)(4). However, this is also incorrect and the Court's order denying the Amended Motion

13

to Convert does not address or reference such an issue (ER, Tab 5). Rather, Judge Riblet provides a detailed analysis with respect to the history of this case and the Debtor's behavior in absconding Estate assets. *Id.* Specifically, the Court found that the "Debtors have failed to file complete and accurate bankruptcy schedules[,] . . . have failed to provide the Trustee with certain requested documents" (*Id.*, p. 4:12-13) and the Trustee "has continuously made efforts to uncover assets (disclosed and undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or refusal to cooperate" (*Id.*, p. 3:26-28). Further, the Debtor's bad acts have only continued since entry of the Amended Motion to Convert Order. Given the Debtor's actions over the course of this case, this Appeal is simply another tactic to delay this Case and the Court's Amended Motion to Convert Order should be affirmed.

**B. <u>The Motion to Transfer Order Should be Affirmed</u>**

Debtor-Appellant's Opening Brief provides no grounds to overturn the Bankruptcy Court order denying the Venue Transfer motion. The Bankruptcy Court in its reasonable discretion denied the Debtor's request to transfer venue, which ruling was upheld by the District Court in a detailed opinion and should be affirmed. As further discussed below, the circumstances of this case and the applicable law do not support a transfer of this Case.

///

14

### i. Venue is Proper in the United States Bankruptcy Court, Central District of California, Northern Division

Venue for cases filed in the Bankruptcy Court is governed by 28 U.S.C. §1408(1), which provides:

> [T]he domicile, residence, . . . or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eight days immediately proceeding such commencement, or for a longer portion of such one-hundred-and-eighty-day period . . .

For individuals, "domicile" is generally defined as "residence" in fact along with the intent to remain there or to return when absent." A person can have only one domicile at a time … so that, once established, domicile remains until a new one is acquired. *In re Frame*, 120 B.R. 718, 722-723 (S. D. Bankr. Ct. 1990). Additionally, for bankruptcy venue purposes, "residence" means "a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *Id*. at 723.

Further, Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable division for filing a bankruptcy case is determined by "the location of the debtor's residence at the time the petition was filed."

Here, at the time of the Case filing, the Debtor-Appellant's address as reflected on the bankruptcy petition indicated the Debtor-Appellant was a resident of Pismo Beach, California. Second, Debtors indicated that their domicile satisfies

15

the requirement set forth by 28 U.S.C. § 1408(1). As such, the Debtors were residents of Pismo Beach, California, an address that falls within the jurisdiction of the United States Bankruptcy Court, Central District of California, Northern Division.

### ii. Transfer of Venue is Improper

A party seeking dismissal or transfer of a bankruptcy case must file a "timely" motion with the bankruptcy court where the case is pending. FRBP 1014; *see also* 28 USC § 1412. Although the Rule refers to a "timely" motion, no deadline is specified for motions to change venue. A venue motion filed 18 months after case commencement was untimely, since venue transfer would "result in duplication of administration expenses and a delay in the reorganization process." *In re Jones,* 39 B.R. 1019, 1020 (Bankr. S.D. NY 1984).

Here, the Debtor-Appellant filed the Motion to Transfer ten (10) months after the Case had been commenced and the Trustee had done a significant amount of work in marshaling assets, most of which were undisclosed on the Debtor's bankruptcy petition. Further, to date, the Debtor-Appellant has provided no evidence that transferring venue to the Texas is appropriate, beyond stating that he had moved to the greater Houston, Texas area (ER, Tab 40, p. 5). The Trustee as well as the sole unsecured creditor in this Case are located in the current venue,

and transfer to the Southern District of Texas is inappropriate at this late stage.[3] Finally, the Debtor-Appellant no longer resides in Texas and has moved to Las Vegas, Nevada. Debtor-Appellant has used his move to Nevada as grounds for extension of time to file briefs in the various appeals he has filed in the Case. At this time none of the parties to the underlying Case, including the Debtor-Appellant have contacts in Texas and there is no basis to transfer venue to Texas and the stated grounds for transferring the Case to this venue are no longer applicable.

## C. Conversion of this Case or Change of Venue at this Stage of the Bankruptcy Would be Inequitable to All Parties Involved

Debtor-Appellant is incorrect in assuming the convenience of the parties is the only relevant analysis in determining proper venue. The Court must examine the totality of the circumstances, including the interest of justice. Here, as evidenced above, the Debtor-Appellant has engaged in a pattern of behavior that does not warrant a transfer of venue. Debtor-Appellant is merely trying to forum shop, by filing the Motion to Transfer Venue. Throughout the entire bankruptcy process, the Debtor has been defiant and refuses to comply with Court orders and duties under the Bankruptcy Code, or any requests by the Trustee, and has in turn caused the Trustee to expend significant funds in order to trace and recover

---

[3] The Trustee notes that while 4 creditors were listed on the Debtor's Bankruptcy Schedules, only one creditor, the Gellers, have timely filed a proof of claim in the Case.

Debtor's undisclosed assets for the benefit of creditors.

Moreover, conversion of this case or transfer of venue would cause significant inequitable results. As a preliminary matter, this Case has been pending for over three (3) years. The Trustee is ready to finalize administration of this Case. Furthermore, the Trustee has obtained an order denying the Debtor's discharge (ER, Tab 41). To unwind the clock, and more than three years of work by the Trustee and his counsel in this Case, would cause significant delays to the administration of this Estate and additional unnecessary expense for the Estate at the expense of the creditors. Further, joint-Debtor Sarah Miller (Debtor-Appellant's now ex-wife) was not a party to either the Venue Transfer Motion or the Conversion Motion and the only unsecured creditor and largest creditor in this Case is opposed to Conversion.

As such, Debtor-Appellant's arguments as to the Motion to Transfer Venue are meritless and the rulings of the Bankruptcy Court and District Court should be affirmed.

### D. The Ninth Circuit May Exercise Jurisdiction Over this Appeal

As described in Appellant's Statement re: Jurisdiction, there are grounds to exercise appellate jurisdiction over this Appeal pursuant to 28 U.S.C. § 1292(b).

The Order Denying Conversion involved a "controlling question of law: whether the Bankruptcy Court could deny Debtor-Appellant's conversion under

§706(a) of the Code because Debtor-Appellant engaged in bad faith conduct." (District Court Order, p.7). Ruling on such an order is an efficient use of judicial resources and will materially advance the termination of the litigation. With respect to the Order Denying Venue Transfer, again the District Court found that the review of such order was necessary given that a determination at the end of the case, after the case was administered closed, would frustrate the expectations of the debtors, creditors, and the trustee. In light of the fact that this case has been pending for three (3) years, and the Trustee has conducted significant work in uncovering assets for the benefit of creditors, the Appellee asserts that a ruling is appropriate so that the Bankruptcy Case can be finalized and fully administered.

### E. __The Motion to Withdraw Reference was Properly Denied__

The Debtor-Appellant's Opening Brief does not discuss in any respect the Motion to Withdraw Reference, although the Notice of Appeal seeks to appeal the District Court Order, which denies the motion to withdraw reference. As discussed by the District Court, the Debtor-Appellant seeks to withdraw the reference and remove all matters in the Adversary Proceeding to the District Court. However, there are no grounds to withdraw the reference, as the Bankruptcy Court has already entered a final order on the Adversary Proceeding. As such, the District Court properly denied the Motion to Withdraw Reference.

///

## VII.  **CONCLUSION**

The Trustee-Appellee submits that the instant appeal was filed in bad faith as the Debtor-Appellant fails to present any factual or legal grounds to overturn the District Court Order on the Amended Motion to Convert Order or the Motion to Change Venue Order.  Without any accountability for his own conduct in this Case, the Debtor-Appellant has used the Opening Brief to describe his grievances without providing any evidence or legal support and continues to delay the Trustee's administration of this Bankruptcy Case.  Addressing the issues that are actually on Appeal, and a review of the laws governing the Motion to Transfer Venue and the Amended Motion to Convert, the orders of the Bankruptcy Court and the District Court in this Case should be affirmed.

DATED:  August 1, 2016                    **MARGULIES FAITH, LLP**

                                          By: */s/ Meghann A. Triplett*
                                              Meghann A. Triplett
                                              Noreen A. Madoyan
                                              Attorneys for Appellee,
                                              Jeremy W. Faith, Chapter 7 Trustee

20

# Case No. 16-55032

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

C.D. Cal. District Case No. 2:14-cv-01681-DOC

# ADDENDUM TO OPENING BRIEF OF APPELLEE
# JEREMY W. FAITH, CHAPTER 7 TRUSTEE

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

# TABLE OF CONTENTS

**PAGE**

**Relevant Bankruptcy Code Sections** .................................................................1

    11 U.S.C. § 341(a) .........................................................................1

    11 U.S.C. § 706(a) .........................................................................1

    28 U.S.C. § 157 .............................................................................1

    28 U.S.C. § 158(a) .........................................................................4

    28 U.S.C. § 158(d) .........................................................................4

    28 U.S.C. § 1292(b) .......................................................................6

    28 U.S.C. § 1334 ...........................................................................7

    28 U.S.C. § 1408(1) .......................................................................8

    28 U.S.C. § 1412 ...........................................................................8

**Relevant Federal Rules** ...................................................................................8

    Federal Rules of Bankruptcy Procedure 1014 ...................................8

    Federal Rules of Civil Procedure 60(b) ...........................................9

**Relevant Central District Of California Local Bankruptcy Rules**...................10

    Local Bankruptcy Rule 1071-1(a)(1)...............................................10

    Local Bankruptcy Rule 9013-1(o) ..................................................11

    Local Bankruptcy Rule 9013-1(o)(4) ..............................................11

i

# RELEVANT BANKRUPTCY CODE SECTIONS

## 11 U.S.C. § 341(a) – Conversion

    (a)    Within a reasonable time after the order for relief in a case under this title, the United States Trustee shall convene and preside at a meeting of creditors.

## 11 U.S.C. § 706(a) – Conversion

    (a)    The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

## 28 U.S.C. § 157 – Procedures

    (a)    Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

    (b)

        (1)    Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title

        (2)    Core Proceedings include, but are not limited to –

            (A)    matters concerning the administration of the estate.

            (B)    allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated

1

personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

2

(P)     recognition of foreign proceedings and other matters under chapter 15 of title 11.

(3)     The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core preceding shall not be made solely on the basis that its resolution may be affected by State law.

(4)     Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention processions of section 1334(c)(2).

(5)     The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

(c)

(1)     A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2)     Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

(d)     The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

3

motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulation organizations or activities affecting interstate commerce.

(e)     If the right to a jury tial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

## 28 U.S.C. § 158 (a) & (d) – Appeals

(a)     The district courts of the United States shall have jurisdiction to hear appeals

   (1)     from final judgments, orders, and decrees;

   (2)     from interlocutory orders and decrees issued under section1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

   (3)     with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

***

(d)
   (1)     The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

(2)

    (A)    The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that –

        (i)    the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

        (ii)    the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

        (iii)    an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

            and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

    (B)    If the bankruptcy court, the district court, or the bankruptcy appellate panel –

        (i)    on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or

        (ii)    receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A);

then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph (A).

(C)    The parties may supplement the certification with a short statement of the basis for the certification.

(D)    An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal is pending, issues a stay of such proceeding pending the appeal.

(E)    Any request under subparagraph (B) for certification shall be made not later than 60 days after the entry of the judgment, order, or decree.


## 28 U.S.C. §1292(b) – Interlocutory decisions

(b)    When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

## 28 U.S.C. §1334 – Bankruptcy cases and proceedings

(a)     Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b)     Except as provided in subsection (3)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)

    (1)     Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justive, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

    (2)     Upon timely  motion or a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(d)     Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided by for section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

7

(e)  The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –

   (1)  of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

   (2)  over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

## 28 U.S.C. §1408(1) – Venue of Cases Under Title 11

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district –

   (1)  in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district

## 28 U.S.C. §1412 – Change of Venue

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

# RELEVANT FEDERAL RULES

## Federal Rules of Bankruptcy Procedure 1014 – Dismissal and Change of Venue

   (a)  DISMISSAL AND TRANSFER OF CASES

(1)    CASES FILED IN PROPER DISTRICT. If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice t the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

(2)    CASES FILED IN IMPROPER DISTRICT. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

(b)    PROCEDURE WHEN PETITIONS INVOLVING THE SAME DEBTOR OR RELATED DEBTORS ARE FILED IN DIFFERENT COURTS. If petitions commencing cases under the Code or seeking recognition under Chapter 15 are filed in different districts by, regarding, or against (1) the same debtor, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate, the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed, The court may so determine on motion and after a hearing, with notice to the following entities in the affected cases; the United States trustee, entities entitled to notice under Rule 2002(a), and other entities as the court directs. The court may order the parties to the later-filed cases not to proceed further until it makes the determination.

## Federal Rules of Civil Procedure 60(b) – Relief from a Judgment or Order

(b)    GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect;

(2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)    the judgment is void;

(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.


# RELEVANT CENTRAL DISTRICT OF CALIFORNIA LOCAL BANKRUPTCY RULES

## Local Rule 1071-1(a)(1) – Divisions - Place of Filing

(a)    Filing of Petition. Unless otherwise ordered by the court, a petition commencing a case under the Bankruptcy Code must be filed with the Clerk of the United States Bankruptcy Court for the Central District of California in the "applicable division."

(1)    The "applicable division" is determined by the location of the debtor's residence, principal offices, officers, and books and records, or where the majority of the debtor's assets are located based on a book value determination as set forth on the debtor's most current balance sheet.

## Local Rule 9013-1(o) – Motion Practice and Contested Matters

(o)    Motions and Matters Determined After Notice of Opportunity to Request Hearing

    (1)    Matters That May Be Determined Upon Notice of Opportunity to Request Hearing. Except as to matters specifically noted in subsection (o)(2) below, and as otherwise ordered by the court, any matter that may be set for hearing in accordance with LBR 9013-1(d) may be determined upon notice of opportunity to request a hearing.

        (A)    Notice. When the notice of opportunity for hearing procedure is used, the notice must:

            (i)    Succinctly and sufficiently describe the nature of the relief sought and set forth the essential facts necessary for a party in interest to determine whether to file a response and request a hearing;

            (ii)    State that LBR 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 14 days after the date of service of the notice; and

            (iii)    Be filed with the court and served by the moving party on all creditors and other parties in interest who are entitled to notice of the particular matter.

        (B)    Motion. The motion and supporting documents must be filed with the notice, but must be served only on the United States trustee and those parties who are directly affected by the requested relief.

    (2)    Matters that May Not be Determined Upon Notice of Opportunity to Request Hearing. Unless otherwise ordered by the court, the following matters may not be determined by the procedure set forth in subsection (o)(1) above:

(A)    Objections to claims;

(B)    Motions regarding the stay of 11 U.S.C. § 362;

(C)    Motions for summary judgment and partial summary adjudication;

(D)    Motions for approval of cash collateral stipulations;

(E)    Motions for approval of postpetition financing;

(F)    Motions for continuance;

(G)    Adequacy of chapter 11 disclosure statements; 117 1/15 LBR 9013-1

(H)    Confirmation of plans in chapter 9, chapter 11, chapter 12, and chapter 13 cases;

(I)    Motions for orders establishing procedures for the sale of the estate's assets under LBR 6004-1(b);

(J)    Motions for recognition of a foreign proceeding as either a main or a nonmain proceeding;

(K)    Motions for the adoption of a chapter 15 administrative order;

(L)    Motions for the adoption of a cross-border protocol;

(M)    Motions to value collateral and avoid liens under 11 U.S.C. § 506 in chapter 11, 12, and 13 cases; and

(N) Motions for issuance of a TRO or preliminary injunction.

(3)    No Response and Request for Hearing. If the response period expires without the filing and service of any response and request for hearing, the moving party must do all of the following:

    (A)   <u>File Declaration of Service and Non-response</u>. Promptly file a declaration attesting that no timely response and request for hearing was served upon the moving party. A copy of the motion, notice, and proof of service of the notice and motion must be attached as exhibits to the declaration. No service is required prior to filing the declaration.

    (B)   <u>Lodge Proposed Order</u>. Lodge a proposed order in accordance with LBR 9021-1 and the Court Manual, except that the proposed order need not be served prior to lodging, except as otherwise required in these rules.

    (C)   Deliver Copies to Court. Promptly deliver a judge's copy of the declaration as required by LBR 5005-2(d).

(4)   <u>Response and Request for Hearing Filed</u>. If a timely response and request for hearing is filed and served, within 14 days from the date of service of the response and request for hearing the moving party must schedule and give not less than 14 days notice of a hearing to those responding and to the United States trustee. If movant fails to obtain a hearing date, the court may deny the motion without prejudice, without further notice or hearing.

13

## CERTIFICATE OF SERVICE
## CASE NO. 16-55032
## LOREN MILLER VS. JEREMY W. FAITH, TRUSTEE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on August 1, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
11356 Merado PeakDrive
Las Vegas, NV 89135
**Appellant/Debtor**


Helen Cardoza

## CERTIFICATE OF COMPLIANCE, STATEMENT OF RELATED CASES

## AND PARTIES IN INTEREST

### CASE NO. 16-55032

### LOREN MILLER VS. JEREMY W. FAITH, TRUSTEE

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of

Appellate Procedure and Ninth Circuit Rule 32-1, that the attached Opening Brief

is proportionally spaced, has a type face of 14 points or more and, pursuant to the

word-count feature of the word processing program used to prepare this brief,

contains 4,620 words, exclusive of the matters that may be omitted under

Rule 32(a)(7)(B)(iii).

Furthermore, the undersigned certifies that the following parties have an

interest in the outcome of this appeal. These representations are made to enable

Judge to evaluate possible disqualification or recusal.

| Parties | Interest |
|---|---|
| Loren Miller | Debtor/Appellant |
| Jeremy W. Faith | Chapter 7 Trustee/Appellee |

Furthermore, the undersigned certifies that the following are known related

cases and appeals:

| CA Central Bankruptcy 9:13-bk-10313-PC | Debtors: Loren Miller and Sarah Miller |
|---|---|
| CA Central Bankruptcy Adversary 9:13-ap-01133-PC | Jeremy W. Faith, Chapter 7 Trustee vs. Loren Miller and Sarah Miller |
| Ninth Circuit Court of Appeals 16-60011 | Loren Miller vs. Jeremy W. Faith, Trustee |

| CA Central District Court Appeal 2:16-cv-02008 BRO | Loren Miller vs. Jeremy W. Faith, Trustee |
| Ninth Circuit Court of Appeals 16-55732 | Loren Miller, et. al. vs. Andrew Geller, et. al. |

DATED:  August 1, 2016                    MARGULIES FAITH, LLP

_____/s/ Meghann Triplett_____
Meghann A. Triplett, Esq.
Noreen A. Madoyan, Esq.
Attorneys for Jeremy W. Faith,
Chapter 7 Trustee