## Case No. 16-55032

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

---

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

C.D. Cal. District Case No. 2:14-cv-01681-DOC

---

## EXCERPTS OF RECORD
## SUBMITTED BY APPELLEE
## JEREMY W. FAITH, CHAPTER 7 TRUSTEE

## VOLUME 1

---

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

---

## EXCERPTS OF THE RECORD SUBMITTED BY APPELLEE

Attached hereto are the excerpts of the record identified by Appellee Jeremy

W. Faith, pursuant to F. R. Appellate P. 30 and Circuit Rule 30.

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 1 | 12/12/2013 | Order Denying Motion to Transfer Venue [Bankruptcy Case No. 9:13-bk-10313, Docket No. 88] | 1 | 1-4 |
| 2 | 12/12/2013 | Order Denying Motion to Convert Case to Chapter 11 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 87] | 1 | 5-7 |
| 3 | 3/5/2014 | Debtor's Notice of Appeal – 28 U.S.C. § 158; FRBP 8001 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 116] | 1 | 8 |
| 4 | 3/21/2014 | Debtor's Amended Notice of Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No. 129] | 1 | 9-15 |
| 5 | 3/26/2014 | Order Denying Amended Motion to Convert Case to Chapter 11 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 131] | 1 | 16-21 |
| 6 | 3/26/2014 | Order Granting Motion for Extension of Time to File Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No. 132] | 1 | 22-30 |
| 7 | 4/10/2014 | Debtor-Appellant's Second Amended Notice of Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No 138] | 1 | 31-52 |
| 8 | 12/2/2015 | Order Affirming Bankruptcy Court's Denial of Debtor's Motion to Convert; Affirming Bankruptcy Court's Denial of Debtor's Motion to Transfer; Denying Debtor's Motion to Withdraw Reference [District Case No. 2:14-cv-01681-DOC, Docket No. 38] | 1 | 53-66 |
| 9 | 1/4/2016 | Notice of Appeal – 28 U.S.C. § 158; § 1291 [District Case No. 2:14-cv-01681-DOC, Docket No. 39] | 1 | 67-68 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 10 | 11/26/2013 | Debtors' Motion to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 78] | 2 | 69-72 |
| 11 | 11/26/2013 | Debtors' Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 79] | 2 | 73-76 |
| 12 | 12/10/2013 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motions to Transfer Venue to Southern District of Texas; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 85] | 2 | 77-140 |
| 13 | 12/10/2013 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 86] | 2 | 141-201 |
| 14 | 12/9/2013 | Preliminary Opposition to Debtor's Motion to Convert Case; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 82] | 2 | 202-206 |
| 15 | 12/9/2013 | Preliminary Opposition to Debtor's Motion to Transfer Venue; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 81] | 2 | 207-214 |
| 16 | 1/14/2014 | Debtor's Motion and Declaration for Extension of Time to File Appeal – Rule 8002(c) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 99] | 2 | 215-226 |
| 17 | 1/28/2014 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c); Declaration in Support [Bankruptcy Case No. 9:13-bk-10313, Docket No. 105] | 2 | 227-234 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 18 | 1/15/2014 | Amended Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 102] | 2 | 235-239 |
| 19 | 1/29/2014 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Amended Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 106] | 2 | 240-316 |
| 20 | 1/14/2014 | Preliminary Opposition to Debtor's Amended Motion to Convert Case; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 98] | 2 | 317-322 |
| 21 | 2/18/2014 | Notice of Lodgment of Order Denying Debtor Loren Miller's Amended Motion to Convert Case Under 11 U.S.C. §706(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 110] | 2 | 323-327 |
| 22 | 2/18/2014 | Notice of Lodgment of Order Denying Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 111] | 2 | 328-331 |
| 23 | 3/7/2014 | Appeal Deficiency Notice [Bankruptcy Case No. 9:13-bk-10313, Docket No. 121] | 2 | 332 |
| 24 | 1/22/2015 | Debtor-Appellant's Motion to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 [District Case No. 2:14-cv-01681-DOC, Docket No. 10] | 3 | 333-338 |
| 25 | 1/28/2015 | Order to Show Cause Why Case Should Not Be Dismissed for Lack of Prosecution [District Case No. 2:14-cv-01681-DOC, Docket No. 11] | 3 | 339-340 |
| 26 | 2/10/2015 | Debtor-Appellant's Cause Shown [District Case No. 2:14-cv-01681-DOC, Docket No. 12] | 3 | 341-345 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 27 | 4/9/2015 | Order Re: Dismissal for Failure to Prosecute [District Case No. 2:14-cv-01681-DOC, Docket No. 16] | 3 | 346-347 |
| 28 | 4/24/2015 | Debtor-Appellant's Motion to Extend Times to File Brief – FRBP 8011(a) [District Case No. 2:14-cv-01681-DOC, Docket No. 17] | 3 | 348-360 |
| 29 | 5/13/2015 | Debtor-Appellant's Motion for Relief from Order – FRCP 60 [District Case No. 2:14-cv-01681-DOC, Docket No. 19] | 3 | 361-365 |
| 30 | 6/16/2015 | Debtor-Appellant's Opening Brief [District Case No. 2:14-cv-01681-DOC, Docket No. 22] | 3 | 366-377 |
| 31 | 6/16/2015 | Debtor-Appellant's Motion to Withdraw Reference for Cause – 28 U.S.C. § 157(d) [District Case No. 2:14-cv-01681-DOC, Docket No. 21] | 3 | 378-381 |
| 32 | 6/29/2015 | Opening Brief of Appellee Jeremy W. Faith, Chapter 7 Trustee [District Case No. 2:14-cv-01681-DOC, Docket No. 23] | 3 | 382-405 |
| 33 | 9/15/2015 | Debtor-Appellant's Reply Brief [District Case No. 2:14-cv-01681-DOC, Docket No. 33] | 3 | 406-419 |
| 34 | 1/20/2016 | Order [Ninth Circuit Case No. 16-55032, Docket No. 6] | 3 | 420-421 |
| 35 | 2/16/2016 | Appellant's Cause Shown [Ninth Circuit Case No. 16-55032, Docket No. 8] | 3 | 422-427 |
| 36 | 4/7/2016 | Appellee's Response to Appellant's Cause Shown Re: Jurisdiction of Appellate Court [Ninth Circuit Case No. 16-55032, Docket No. 10] | 3 | 428-436 |
| 37 | 5/2/2016 | Order [Ninth Circuit Case No. 16-55032, Docket No. 11] | 3 | 437-438 |
| 38 | 6/18/2013 | Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors [Bankruptcy Case No. 9:13-bk-10313, Docket No. 54] | 3 | 439-442 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 39 | 3/19/2014 | Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate [Bankruptcy Case No. 9:13-bk-10313, Docket No. 124] | 3 | 443-444 |
| 40 | 7/5/2016 | Appellant's Informal Opening Brief | 3 | 445-453 |
| 41 | 6/12/2015 | Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Loren Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) [Adversary Case No. 9:13-ap-01133, Docket No 71] | 3 | 454 |
| 42 | | Docket as of August 1, 2016 of Bankruptcy Case No. 9:13-bk-10313-PC | 3 | 455-484 |

DATED:  August 1, 2016       MARGULIES FAITH, LLP

/s/ Meghann Triplett
_____
Meghann A. Triplett, Esq.
Noreen A. Madoyan, Esq.
Attorneys for Jeremy W. Faith,
Chapter 7 Trustee

5

TAB 1

**FILED & ENTERED**

**DEC 12 2013**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick          DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 9:13-10313 |
| | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
| | ) |
| Debtors. | ) ORDER DENYING MOTION |
| | ) TO TRANSFER VENUE |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

    The voluntary Chapter 7 petition in this case was filed on
February 7, 2013.  The debtors listed their address as 239
Esparto Avenue, Pismo Beach, CA 93449.

    On June 4, 2013, the debtors filed a Notice of Change of
Address, listing a new address of 702 Whitecap Drive, Seabrook,
TX 77586.

    Pursuant to 28 U.S.C. § 1408(1), venue of a bankruptcy case
is appropriate where "the domicile, residence, principal place

TAB 1                                    Page 1

of business in the United States, or principal assets in the

United States, of the person or entity that is the subject of

the case have been located for the one hundred and eighty days

immediately preceding [case] commencement . . . ."  Further,

Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable

division for filing a bankruptcy case is determined by "the

location of the debtor's residence" at the time the petition was

filed.  Accordingly, venue of this bankruptcy case is

appropriate in the Northern Division of the U.S. Bankruptcy

Court for the Central District of California.

   **IT IS HEREBY ORDERED** that debtors' motion to transfer venue

of this case to the United States Bankruptcy Court for the

Southern District of Texas, Houston Division, is DENIED.

###

###

###

###

Date: December 12, 2013

Robin L. Riblet
United States Bankruptcy Judge

TAB 1                                    Page 2

Case 9:13-bk-10313-RR     Doc 88     Filed 12/12/13     Entered 12/12/13 14:52:25     Desc
Main Document     Page 3 of 4

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** Category I. below:  The United States trustee and case trustee (if any) will always be in this category.
**4)** **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category **I.**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)   *ORDER DENYING DEBTORS' MOTION TO TRANSFER VENUE*  was entered on the date indicated as  " Entered " on the first page of this judgment or order and will be served in the manner indicated below:

**I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** ʙ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of      **12/12/13**  , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi     hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi     hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle     mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)     jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett     bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies     craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies     craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Faye C Rasch     frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus     tauslawyer@gmail.com
- Meghann A Triplett     Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett     Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov

TAB 1                                                                    Page 3

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Loren Miller**
Sarah Miller
702 Whitecap Dr
Seabrook, TX 77586

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 1                    Page 4

TAB 2

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

FILED & ENTERED

DEC 12 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick          DEPUTY CLERK

In re:                                ) Case No.: 9:13-bk-10313
                                      )
Loren Miller and Sarah Miller,        ) Chapter 7
                                      )
                Debtors.              ) ORDER DENYING MOTION
                                      ) TO CONVERT CASE TO
                                      ) CHAPTER 11
                                      )
                                      )
                                      )
                                      )
                                      )
                                      )
────────────────────────────         )

On November 26, 2013, the debtors filed a motion to convert

this Chapter 7 case to Chapter 11.  They failed to pay the

required filing fee of $922.00.  Accordingly,

**IT IS HEREBY ORDERED** that debtors' motion to convert the

case is defective and is DENIED.

Date: December 12, 2013

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

TAB 2                                    Page 5

Case 9:13-bk-10313-RR    Doc 87    Filed 12/12/13    Entered 12/12/13 14:51:40    Desc
Main Document    Page 2 of 3

**NOTE TO USERS OF THIS FORM**:
**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category **I.**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  ___*ORDER DENYING DEBTORS' MOTION TO CONVERT CASE*___ was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ʙ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___**12/12/13**___ , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

TAB 2                                        Page 6

Case 9:13-bk-10313-RR   Doc 87   Filed 12/12/13   Entered 12/12/13 14:51:40   Desc
Main Document   Page 3 of 3

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

**Loren Miller**
Sarah Miller
702 Whitecap Dr
Seabrook, TX 77586

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 2                                                    Page 7

TAB 3

Loren Miller, Debtor *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



> **FILED**
>
> MAR 0 5 2014
>
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY: ___ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

In re LOREN MILLER,

                              Debtor.

Case No.: 9:13-bk-10313-RR

Chapter 7

DEBTOR'S NOTICE OF APPEAL - 28
U.S.C.A. § 158; FRBP 8001

     I recently received my service copies of this court's "ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)" and "ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)." I have been informed both were entered on February 18th. I therefore give this notice I am timely appealing both.

     I expressly reserve the right to amend or supplement this Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion. I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on February* 26, *2014*

Loren Miller, Debtor *pro se*

TAB 3                                     Page 8

TAB 4



Loren Miller, Debtor *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

In re LOREN MILLER,
                                    Debtor.

Case No.: 9:13-bk-10313-RR

**Case 2:14-cv-01681-DOC**

Chapter 7

DEBTOR'S *AMENDED* NOTICE OF
APPEAL

I recently received my service copy of this court's "Appeal Deficiency Notice." A true copy of what I received is attached for everyone's convenience. In accordance with that notice I amend my Notice of Appeal:

**1. "Does not state title of Order, Judgment or Decree\***: *This is a falsehood!* My Notice of Appeal said in its very first sentence:

"I recently received my service copies of this court's **"ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)"** and **"ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)."**

I took these titles directly from my copy of those Orders I had received. *See attached.* Or does this court have a secret code it doesn't share with the lawyerless??

**2. "Does not state entry date of Order, Judgment or Decree\*"** and **"Does not include entered stamped copy of Order, Judgment or Decree\***: As all can see from the attached I have not received any such copies of "Order, Judgment or Decree."

This is part where this court's inconvenient forum and its prejudice against

Page 1 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 4                                    Page 9

unrepresented parties like me restricts access to this court.[1]  As I have repeatedly and previously informed this court,[2] and the other parties, by necessity I moved to the greater Houston, Texas, area last year, nearly 1,600 miles from this court.  Yet this court has limited access to the file by offering only three choice for file copies – "by Phone," in person, by mail, or by your "PACER" system.[3]  The first is inadequate for your requirements, the next is impractical to the point of being nearly impossible, the last takes too long for your arbitrary deadline, and I do not have a PACER account.

   **3. "Does not state Opposing Party(ies):*":**  Attached.  I do not have all other parties' telephone numbers.

   *IN CONCLUSION,* this court's deficiency notice cited no rule of law whatsoever to support its claim my Notice of Appeal was in any way deficient.  Along with its pointless and blatantly prejudicial rejection of my earlier motion for conversion because I paid for it with my personal check instead of certified funds, and failure to refund the nearly a thousand dollars of my hard-earned personal funds when it so casually denied my motion for conversion, I find it hard to give this court the benefit of the doubt it is interested in either impartiality or justice.  "There is no more cruel tyranny than that which is exercised under cover of law, and with the colors of justice."[4]

   *AGAIN,* according to 28 U.S.C.A. § 158 and FRBP 8001, I give this notice I am timely appealing this court's "ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)" and "ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)."

1 *See In re Donald,* 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005) (in cases such as this the court is required to balance "due process concerns of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case.")

2 *See generally* my "Motion To Transfer Venue" filed and served *nearly four months ago!*

3 Online @ http://www.cacb.uscourts.gov/how-obtain-case-information

4 *United States v. Jannotti,* 673 F.2d 578 (3rd Cir. 1982), quoting baron de Montesquieu "The Spirit of the Laws" (1748)

Page 2 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 4                                            Page 10

As I understand your "Appeal Deficiency Notice" you will be serving the extra copies to the Opposing Parties listed on the next page, so I won't include a certificate of service this time.

I expressly reserve the right to amend or supplement this Amended Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on March 19, 2014*

Loren Miller, Debtor *pro se*

Page 3 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 4                                    Page 11

## "Opposing Party(ies)"

Jeremy Faith, Trustee
16030 Ventura Blvd., Suite 470, Encino, CA 91436
(818) 705-2777

      represented by:     Margulies Faith LLP
                            16030 Ventura Blvd Ste 470, Encino, CA 91436
                            818-705-2777

Andrew and Eileen Geller

      represented by:     Howard Camhi
                            9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212

OneWest Bank, FSB
P O Box 829009, Dallas, TX 75382-9009

      represented by:     The Estle Law Firm
                            12520 High Bluff Dr Ste 265, San Diego, CA 92130
                            858-720-0890

Sarah Miller
702 Whitecap Dr., Seabrook, TX 77586
281-339-7244

Page 4 - DEBTOR'S *AMENDED* NOTICE OF APPEAL

TAB 4                                    Page 12

Case 9:13-bk-10313-RR    Doc 129    Filed 03/21/14    Entered 03/21/14 11:05:09    Desc
Main Document      Page 5 of 7

Case 9:13-bk-10313-RR    Doc 121    Filed 03/07/14    Entered 03/07/14 08:07:15    Desc
Main Document      Page 1 of 1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## APPEAL DEFICIENCY NOTICE



**FILED**

MAR 0 7 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

**TO: APPELLANT**

Case Name:  Loren Miller  and Sarah Miller

Case Number:  9:13-bk-10313-RR

Adversary Number:

Notice of Appeal Filed:  03/05/14

The Notice of Appeal is being transmitted to either the Bankruptcy Appellate Panel of the Ninth Circuit or the U. S. District Court, as required by paragraph 2(a) of the Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit and paragraph 3.a) of the Order  Continuing Bankruptcy Appellate Panels of the Ninth Circuit, as appropriate.

However, please be advised that the Appeal is "deficient" for the following reason(s):

```
[  ]   $298.00 Filing Fee for Appeal was not included
[  ]   $298.00 Filing Fee for Cross-Appeal was not included
[  ]   Does not comply with Official Form Number 17*
[✓]   Does not state title of Order, Judgment, or Decree*
[✓]   Does not state entry date of Order, Judgment, or Decree*
[✓]   Does not include entered stamped copy of Order, Judgment, or Decree*
[✓]   Does not state Opposing Party(ies):* [✓] Name [✓] Address [✓] Telephone Number
[  ]   Not signed*
```

•An Amended Notice of Appeal is required to correct those items marked with an asterisk and  must be submitted to the Bankruptcy Court within 14 days from the date of this Notice, together with all other items required to cure the indicated deficiency(ies).  Please submit original plus 3 copies for the Court of the Amended Notice of Appeal, plus 1 additional copy for each party listed in the Amended Notice of Appeal, including the U. S. Trustee. There is no filing fee for an  Amended Notice of Appeal.

DATED:  3-7-14                          KATHLEEN J. CAMPBELL
                                        Clerk of Court

                          By:  _____
                                        Deputy Clerk

cc:  [  ] Bankruptcy Appellate Panel of the Ninth Circuit    [  ] San Fernando    [  ] Santa Barbara
     [✓] U.S. District Court:  [✓] Los Angeles    [  ] Riverside    [  ] Santa Ana

If you have any questions regarding this Deficiency Notice, please call:

Deputy Clerk  Ryan Zink                at telephone number  805- 884- 4883

## APPEAL DEFICIENCY NOTICE TO APPELLANT

*Revised 2/2010*

TAB 4                          Page 13

CRAIG MARGULIES (State Bar No. 185925)
MEGHANN TRIPLETT (State Bar No. 268005)
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: Craig@MarguliesFaithLaw.com
Email: Meghann@MarguliesFaithLaw.com
Attorneys for Jeremy W. Faith, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| In re | Case No.: 9:13-bk-10313-RR |
|---|---|
| LOREN MILLER and SARAH MILLER, | Chapter: 7 |
| Debtors. | **ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)** |
| | [No Hearing Required] |

TAB 4                                    Page 14

1    The court having read and considered debtor Loren Miller's[1] "Amended Motion to

2    Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)" (the "Amended Motion," Dkt. No.

3    102), the Opposition to the Amended Motion filed by Jeremy W. faith, Chapter 7 Trustee

4    (Dkt. No. 106), the Preliminary Opposition to Debtor's Amended Motion to Convert Case

5    (Dkt. No. 98) filed by creditor Andrew D. Geller, the evidentiary record in this case,

6    Debtor's failure to comply with Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing

7    date within 14 days of service of the Trustee and Geller Oppositions, and for good cause

8    appearing,

9         **IT IS HEREBY ORDERED** that the Debtor's Motion Amended Motion is denied.

10   ###

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [1] Co-Debtor Sarah Miller is not a signatory to the Motion.

1

TAB 4                                   Page 15

TAB 5

**FILED & ENTERED**

**MAR 26 2014**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 9:13-10313 |
| | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
| | ) |
| Debtors. | ) ORDER DENYING AMENDED |
| | ) MOTION TO CONVERT CASE |
| | ) TO CHAPTER 11 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7, 2013, and filed a Motion to Convert the case to Chapter 13 on April 5, 2013. The Motion to Convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew the motion on June 4, 2013.

On June 11, 2013, an order was entered extending the time within which the Trustee could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013. On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

TAB 5                                    Page 16

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas.  (Docket # 78 at 2).  Debtors contemporaneously filed a Motion to Convert the case to Chapter 11.  The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's motion to transfer venue.  Although the debtors had moved to Texas,  28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed.  Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1]  By separate order entered December 12, 2013, this court also denied debtors' motion to convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtor's motion to transfer venue.  In support of his request, debtor indicated that he did not receive a copy of the order denying the motion to transfer venue until December 23, 2013.

On January 15, 2014, Mr. Miller filed an Amended Motion to Convert the Case to Chapter 11.  Mr. Miller's co-debtor, Sarah Miller, did not join in this amended motion to

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

TAB 5                                                      Page 17

convert.  The Trustee opposed both the motion for extension of time to file an appeal, and the amended motion to convert the case to Chapter 11.

Amended Motion to Convert

Under 11 U.S.C. § 706(a), a "debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title."  However, in the case of Marrama v Citizens Bank of Mass. ("Marrama"), 549 U.S. 365 (2007), the United States Supreme Court held that "the apparently absolute right of [a] debtor to convert a chapter 7 case to chapter 13 could be curtailed in an 'atypical' case of a fraudulent or 'bad faith' debtor, in order 'to prevent an abuse of process.'"  Marrama, 549 U.S. at 375.  The Ninth Circuit Bankruptcy Appellate Panel has recognized that the Marrama restriction on the § 706(a) conversion right applies when a debtor seeks to convert a case from Chapter 7 to any other chapter under the Bankruptcy Code, not just when a debtor seeks conversion to Chapter 13.  See In re Levesque, 473 B.R. 331, 339 (9th Cir. BAP 2012) (noting that the Marrama interpretation of "the language of § 706(a) applies the same whether the chosen chapter for conversion is chapter 11 or chapter 13").

In opposition to Mr. Miller's amended motion to convert to chapter 11 the Trustee has presented evidence that supports a finding that Mr. Miller has not filed the conversion motion in "good faith."

First, the Trustee notes that, among other things, Mr. Miller has filed a skeletal motion to convert the case that is unsupported by any evidence that debtors are, or will be, capable of performing the duties required of a debtor-in-possession.  Further, the Trustee offers evidence that, for almost a year, he has continuously made efforts to uncover assets (disclosed and undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or

TAB 5                                    Page 18

refusal to cooperate.  For example, the Trustee states that he ultimately had to obtain a court order compelling debtors to appear at their 341(a) meeting of creditors because of continued non-appearance at the scheduled meeting of creditors.  The initial 341(a) meeting was held on March 18, 2013, and debtors failed to appear.  Debtors also failed to appear at four additional continued 341(a) meetings on April 8, April 29, May 20, and June 10, 2013.  After the Trustee obtained the order compelling debtors to appear at the meeting of creditors, debtors did appear and were examined on July 20, 2013.  However, debtor, Loren Miller, has refused and failed to appear at several continued 341(a) meetings on November 18, December 23, and January 13, 2014, in direct violation of the court order.

Further, debtors have failed to file complete and accurate bankruptcy schedules, and have failed to provide the Trustee with certain requested documents.  The Trustee also contends that he "continues to uncover undisclosed assets and obtain assets of the estate (despite constant obstruction from Mr. Miller)."  (Opp. at 2).  Part of this "obstruction" involves the debtors' tactical filing of a motion to convert.  Specifically, on April 4, 2013, the Trustee sent debtors a letter demanding turnover of nonexempt cash in debtors' possession.  Instead of complying with this turnover request, on April 15, 2013, debtors filed a Motion to Convert the Case to Chapter 13.  The Trustee opposed the motion, noting that debtors were ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e).  On June 4, 2013, less than one week prior to the scheduled hearing date on the motion to convert to Chapter 13, debtors filed a notice of withdrawal of the motion.

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the nonexempt cash in debtors' possession, and again, received no response.  Thereafter, on May 15, 2013, the Trustee filed a Motion for Turnover of the Cash and Directing Debtors to Appear at the Meeting of Creditors.  After hearing on the motion, the court entered an order granting the

TAB 5                    Page 19

turnover motion on June 18, 2013.  The turnover order required that before June 23, 2013,

debtors turn over $182,000 in cash to the Trustee.  However, debtors refused for many months

after the turnover order was entered to comply with the order.  On July 12, 2013, after the

deadline set forth in the turnover order had expired, and after numerous requests by Trustee's

counsel, the Trustee received a cashier's check in the amount of $101,731.00 from debtors along

with a one-page accounting of how debtors alleged they used up to $68,000 of the exempt cash

in the five months after the filing of the bankruptcy petition.  Other than this one-page

"accounting," debtors failed to provide any bank records or other documentary evidence to

support these unauthorized expenditures of the cash.

On August 26, 2013, Trustee's counsel sent debtors a renewed demand for compliance

with the Turnover Order and requiring turnover of the remaining $80,269 from debtors.  Debtor,

Sarah Miller, has sought to cooperate with the Trustee and has turned over certain cash items.

Debtor, Loren Miller, remains recalcitrant and refuses to comply with court orders, and any

requests by the Trustee and the Trustee's counsel.

Further, the Trustee continues to uncover additional undisclosed assets on behalf of the

estate.  For example, the Trustee states that within the month of December 2013, he "received

information [indicating] that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold

and silver purchased from Kitco Metals, Inc., during the period of 2011 and 2012, as well as

failing to turn over $6,716 that debtor received post-petition from debtors' California State 2012

income tax refund." (Opp. at 2).  The Trustee also contends that his investigation has revealed

that debtors failed to disclose in their petition all entities in which they have an ownership

interest, including, but not limited to, their interest in First Star Associates.  The Trustee obtained

information that Mr. Miller has been using a bank account in the name of First Star for his own

TAB 5                                    Page 20

1  personal benefit for the two years preceding the petition date, and that further funds remain in the

2  account.  Further, debtors changed the address on the First Star Bank account to their Texas

3  address, contrary to debtors' testimony at the July 20th meeting of creditors that they did not

4  control the account, and that the account was devoid of funds.

5          Consideration of the evidence presented by the Trustee, and review of the case docket

6  indicate that debtor, Loren Miller's, amended Motion to Convert this case to Chapter 11 is

7  simply another tactic to avoid complying with his duties under the Bankruptcy Code.  Moreover,

8  Mr. Miller's co-debtor, Sarah Miller, did not join in, and has not filed any document indicating

9  her consent to, the amended Motion to Convert this case to Chapter 11.

10          Accordingly, IT IS HEREBY ORDERED that debtor, Loren Miller's, amended motion to

11  convert this case to Chapter 11 is DENIED.

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: March 26, 2014

25

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

26

27

28

TAB 5                                                          Page 21

# TAB 6

FILED & ENTERED

MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No.: 9:13-10313 |
| | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
| | ) |
| Debtors. | ) ORDER GRANTING MOTION |
| | ) FOR EXTENSION OF TIME |
| | ) TO FILE APPEAL |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

2013, and filed a motion to convert the case to Chapter 13 on April 5, 2013.  The motion to

convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew

the motion on June 4, 2013.

On June 11, 2013, an order was entered extending the time within which the Trustee

could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013.

TAB 6                                    Page 22

On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas.  (Docket # 78 at 2).  Debtors contemporaneously filed a Motion to Convert the case to Chapter 11.  The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's Motion to Transfer Venue.  Although the debtors had moved to Texas,  28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed.  Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1]  By separate order entered December 12, 2013, this court also denied debtors' Motion to Convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtors' Motion to Transfer Venue.  In support of his request, Mr. Miller indicated that he did not receive a copy of the order denying the Motion to Transfer Venue until December 23, 2013.

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

TAB 6                                   Page 23

On January 28, 2014, the Trustee filed an opposition to Mr. Miller's motion to extend the time in which to appeal.

Motion for Extension of Time to File Appeal

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of entry of the bankruptcy court's judgment, order, or decree being appealed from. Fed. R. Bank. P. 8002(a). Upon a showing of "excusable neglect," a bankruptcy court may extend the time for a party to file a notice of appeal, so long as the moving party files a written motion to extend the time not later than 21 days after expiration of the initial 14-day period. Fed. R. Bank. P. 8002(c)(2).

Here, the court's order denying debtors' Motion to Transfer Venue was entered on December 12, 2014. Therefore, the time period within which debtors could file a timely notice of appeal expired on December 26, 2014. Fed. R. Bank. P. 8002(a). Debtors did not file a notice of appeal within that time period. However, debtor, Loren Miller, timely filed a motion for extension of time to file a notice of appeal on January 15, 2014.

In considering whether a party seeking an extension of time to file a notice of appeal has demonstrated "excusable neglect," a court must consider the following factors articulated in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993): "(1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." 507 U.S. at 395; see also In re Pincay, 389 F.3d 853, 855 (9th Cir. 2004) (noting that Pioneer is "the leading authority on the modern concept of excusable neglect"). Simultaneously, courts are to

TAB 6                                                                    Page 24

"equitably consider all relevant circumstances surrounding a party's . . . errors or omissions."

Pincay, 389 F.3d at 856-60.

Mr. Miller argues that his motion for extension of time in which to appeal should be granted because he did not receive notice of the order denying the debtors' motion to transfer venue until December 23, 2013 – three days prior to the 14-day notice of appeal deadline under Fed. R. Bank. P. 8002(a).  Mr. Miller contends that service of the notice on both him and his co-debtor at the Seabrook, Texas address was erroneous because he no longer resided at the Seabrook address, and service on him there "ignored my motion's additional contact information and its footnote 1" – which requested "Also please note our updated contact information." (Motion for Extension at page 6).  Mr. Miller also claims that his co-debtor, Sarah Miller, did not provide him with the mailed notice until December 23, 2013.

Length of Delay

While Mr. Miller claims in his motion for extension that his notice of appeal is "accompanying [the] motion," there is no notice of appeal attached to the motion, and to date, debtor has not filed a notice of appeal from the December 12, 2013, order denying the venue transfer motion.  However, the length of delay is measured from the time of the missed deadline to the time the motion for an extension is filed.  In re Hoover WSCR Associates, Ltd., 2005 WL 6960225 (9th Cir. BAP) (unpublished memorandum decision).  Here, Mr. Miller filed the motion to extend deadline on January 14, 2014, nineteen days after the expiration of the timely appeal deadline.  Therefore, the length of delay is minimal.

Prejudice to Nonmoving Party

In opposition to Mr. Miller's motion to extend time for appeal, the Trustee sets forth evidence demonstrating that Mr. Miller has been persistently recalcitrant in cooperating with the

TAB 6                                                                 Page 25

Trustee in his attempts to administer the estate for the benefit of creditors.  Among other things, Mr. Miller has failed to appear for several 341(a) meetings, has not provided any documentation requested by the Trustee, and has failed to fully comply with the turnover orders entered by this court.  Further, despite Mr. Miller's failure to cooperate, the Trustee continues to discover undisclosed assets in this case.  Rather than cooperate with the Trustee in administering this case, debtor has filed two motions to convert the case (to Chapter 13, and Chapter 11, respectively), and a motion to transfer venue.

In opposition, the Trustee posits that if the extension motion is granted, the overall administration of the case could be detrimentally affected, as well as the Trustee's pending § 727 complaint against the debtors.  In addition, the Trustee asserts he has recently received information that Mr. Miller has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, as well as failing to turn over $6,716 from a California State Tax 2012 income tax refund.  The Trustee has filed a motion for turnover of the Kitco purchases and tax return monies, which motion was heard and granted on March 19, 2014.  Administration of the bankruptcy estate, and prosecution of the Trustee's § 727 proceeding will not be prejudiced or delayed unless this or an appellate court enters an order staying the proceeding.  Absent such a stay, the prejudice to the Trustee and estate is minimal.  Moreover, [p]rejudice to the opposing party 'requires greater harm than simply that relief would delay resolution of the case.'"  In re Hawaiian Airlines, Inc., 2011 WL 1483923 (D. Hawai'i) (citing Lemoge v U.S., 587 F.3d 1188, 1196 (9th Cir. 2009)).

TAB 6                                    Page 26

Reason for Delay

Debtor argues that the reason for his delay in filing the notice of appeal is due to the court's alleged error in serving him with the notice of the December 12, 2013, order at the wrong address.

First, it is undisputed that Mr. Miller did ultimately receive the notice of entered order on December 23, 2013, yet he failed to file a notice of appeal by the deadline of December 26, 2013. Mr. Miller offers no explanation as to why he did not file the notice of appeal by December 26, 2013, stating only that he discovered through "recent research" that the due date for filing the notice of appeal was December 26, 2013. (Supporting Declaration of Mr. Miller at 5). Mr. Miller also adds that he "works full time and do[es] not have the luxury of being able to afford the services of an actually competent attorney . . ." Id. However, Mr. Miller's status as a *pro se* litigant does not excuse his failure to understand and follow court rules. See In re Warrick, 278 B.R. 182, 187 (9th Cir. BAP 2002). Therefore, Mr. Miller's ability to meet the notice of appeal deadline was within his "reasonable control," and he offers no adequate explanation as to why he failed to meet the December 26, 2013, deadline.

Second, Mr. Miller makes much of the court's alleged "error" in serving both him and co-debtor, Sarah Miller at the Seabrook, Texas address with the notice of entered order, even though Mr. Miller's Webster, Texas address was on the motion to transfer venue. However, in the body of the motion itself, debtors stated that they had *both* moved to Seabrook, Texas. In fact, debtors' move to Seabrook, Texas was the basis of the motion to transfer venue. (Motion to Transfer Venue [Docket # 78] at 2). Moreover, on June 4, 2013, debtors had filed a notice of change of address with the court, indicating that their new mailing address was "Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586." This was the debtors' mailing address on the

TAB 6                                    Page 27

bankruptcy docket both at the time the Motion to Transfer Venue was filed, and when the order

denying the Motion to Transfer Venue was entered.  Mr. Miller did not file a change of address,

notifying the court of his Webster, Texas address until January 15, 2014.  See In re Salomon,

2014 WL 904589 * 3 (9th Cir. BAP) (unpublished opinion) (finding no "excusable neglect"

where debtor, among other things, perpetuated the reasons for delay).

Finally, even if the bankruptcy court had erred in serving the notice of entered order on

both debtors at the Seabrook, Texas address:

> It is well-settled that failure to receive notice of entry of judgment or order
> is not an excuse for an untimely appeal because it is the party's affirmative duty
> to monitor the dockets.  Therefore, failure of a court clerk to give notice of entry
> of an order is not a ground, by itself, to warrant finding an otherwise untimely
> appeal timely.

In re Warrick, 278 B.R. at 187.

Therefore, Mr. Miller's argument that he failed to receive the notice of entered order until

December 23, 2013, due to court error, does not constitute excusable neglect for his failure to

meet the notice of appeal deadline.  Further, Mr. Miller acknowledges receiving the notice of

entered order on December 23, 2013, prior to the expiration of the notice of appeal deadline.

However, he offers no explanation or excuse for his failure to meet the deadline other than his

"later" discovery that the deadline was December 26, 2013.  This court may consider Mr.

Miller's failure to meet the December 26, 2013, to be a result of Mr. Miller's negligence or

carelessness, and "excusable neglect" can be found when omissions to act are caused by a party's

carelessness.  See Pioneer, 113 S.Ct. 1489, 1495.  However, in his motion, Mr. Miller blames his

failure to meet the appeal deadline on the court's failure to provide him notice of entry of the

order denying the venue transfer motion, and on "the delay caused by not only the mail, but my

soon-to-be-ex-wife to deliver my copies."  (Motion at 4).  When a debtor has a change of mailing

TAB 6                                    Page 28

address, it is the debtor's responsibility to promptly file a change of address form so that the

clerk's office, trustee, and creditors know where to mail documents to the debtor.  As noted

above, debtors complied with this requirement when they filed a notice of change of address on

June 4, 2013, notifying the court that they had moved to Seabrook, Texas.  However, Mr. Miller

did not file a notice of change of address regarding his Webster, Texas mailing address until

January 15, 2014, well after notice of the order denying the venue transfer motion was served by

the court.

Good Faith

As noted above, debtor, Mr. Miller, has not cooperated with the Trustee in administration

of the bankruptcy case.  Mr. Miller has chronically failed to appear at scheduled 341(a) hearings,

and his sole 341(a) appearance on July 20, 2013, was an appearance compelled by order of this

court.  Mr. Miller has not provided the Trustee with information necessary to administer the

estate, and the Trustee alleges he has discovered that Mr. Miller, and his co-debtor, Sarah Miller,

have failed to disclose certain assets in this case.  Mr. Miller has also failed to comply with this

court's turnover orders.  While there is substantial evidence suggesting that Mr. Miller has acted

in bad faith in his bankruptcy case, there is not sufficient evidence on the record to support a

finding that debtor acted in bad faith in missing the notice of appeal deadline.  See Bateman v.

U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that party acted in good

faith when he delayed in filing a Rule 60(b) motion where "[h]is errors resulted from negligence

and carelessness, not from deviousness or willfulness").

Based upon consideration of all of the foregoing factors, and the relevant circumstances

surrounding Mr. Miller's failure to meet the notice of appeal deadline, this court finds  that there

is "excusable neglect" on Mr. Miller's behalf warranting an extension of the appeal deadline

TAB 6                                                      Page 29

under Rule 8002(c).  <u>See</u>, Pincay, 339 F.3d at 860 (finding that in considering excusable neglect

factors, courts should also "equitably consider all relevant circumstances surrounding a party's

errors or omissions.")

    Accordingly, it is ordered that Mr. Miller's motion to extend appeal deadline is

GRANTED.

Date: March 26, 2014

*Robin Riblet*

Robin L. Riblet
United States Bankruptcy Judge

TAB 7

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | |
|---|---|
| In re LOREN MILLER,<br><br>                            Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S SECOND AMENDED NOTICE OF APPEAL |

     I again amend my Notice of Appeal to include the bankruptcy court's "ORDER DENYING AMENDED MOTION TO CONVERT CASE TO CHAPTER 11" and "ORDER DENYING MOTION TO TRANSFER VENUE."

     A true copy of what I have received by mail is attached. I have been able to learn the Order denying my motion to convert to chapter 11 was docketed as item #131 and it was entered on March 26th. Therefore, so long as this court receives it no later than April 9th it is timely filed.

     The Order denying my motion to transfer the case to the bankruptcy court in Houston was filed and entered on December 12th (I have since learned that Order was docketed as item #88). A true copy of what I received by mail is attached. This late appeal was finally granted by the court in its "ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL" docketed as item #132). Because that Order was also filed and entered on March 26th, this notice of appeal should be accepted as timely filed.

Page 1 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

TAB 7                                        Page 31

Again, according to 28 U.S.C.A. § 158 and FRBP 8001, I give this notice I am timely appealing this court's orders designated above.

I expressly reserve the right to amend or supplement this Amended Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on April 7, 2014*

Loren Miller, Debtor *pro se*

Page 2 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

TAB 7                                    Page 32

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee
16030 Ventura Blvd., Suite 470, Encino, CA 91436
(818) 705-2777

      represented by:    Margulies Faith LLP
                           16030 Ventura Blvd Ste 470, Encino, CA 91436
                           818-705-2777

Andrew and Eileen Geller

      represented by:    Howard Camhi
                           9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212

OneWest Bank, FSB
P O Box 829009, Dallas, TX 75382-9009

      represented by:    The Estle Law Firm
                           12520 High Bluff Dr Ste 265, San Diego, CA 92130
                           858-720-0890

Sarah Miller
702 Whitecap Dr., Seabrook, TX 77586
281-339-7244

*Submitted with all rights reserved on April 7, 2014*

                                       Loren Miller, Debtor *pro se*

Page 3 - DEBTOR'S SECOND AMENDED NOTICE OF APPEAL

TAB 7                                                                      Page 33



FILED & ENTERED

MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:                              ) Case No.: 9:13-10313
                                    )
Loren Miller and Sarah Miller,      ) Chapter 7
                                    )
           Debtors.                 ) ORDER DENYING AMENDED
                                    ) MOTION TO CONVERT CASE
                                    ) TO CHAPTER 11
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
_____     )

   Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

2013, and filed a Motion to Convert the case to Chapter 13 on April 5, 2013. The Motion to

Convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently

withdrew the motion on June 4, 2013.

   On June 11, 2013, an order was entered extending the time within which the Trustee

could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013. On July 22, 2013, the

Trustee filed a notification of asset case and request for setting of a claims bar date, and on

August 15, 2013, the Trustee filed a § 727 action against debtors (AP 9:13-01133).

On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer, requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook, Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to Chapter 11. The Trustee opposed both motions.

On December 12, 2013, this court entered an order denying debtor's motion to transfer venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the applicable district for filing a bankruptcy case is determined by the situs of their residence for the major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered December 12, 2013, this court also denied debtors' motion to convert the case from Chapter 7 to Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a Motion to Convert to Chapter 11.

On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which to appeal the December 12, 2013, order denying debtor's motion to transfer venue. In support of his request, debtor indicated that he did not receive a copy of the order denying the motion to transfer venue until December 23, 2013.

On January 15, 2014, Mr. Miller filed an Amended Motion to Convert the Case to Chapter 11. Mr. Miller's co-debtor, Sarah Miller, did not join in this amended motion to

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other address for the three years preceding the filing.

convert.  The Trustee opposed both the motion for extension of time to file an appeal, and the

amended motion to convert the case to Chapter 11.

Amended Motion to Convert

      Under 11 U.S.C. § 706(a), a "debtor may convert a case under this chapter to a case

under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under

section 1112, 1208, or 1307 of this title."  However, in the case of Marrama v Citizens Bank of

Mass. ("Marrama"), 549 U.S. 365 (2007), the United States Supreme Court held that "the

apparently absolute right of [a] debtor to convert a chapter 7 case to chapter 13 could be curtailed

in an 'atypical' case of a fraudulent or 'bad faith' debtor, in order 'to prevent an abuse of

process.'"  Marrama, 549 U.S. at 375.  The Ninth Circuit Bankruptcy Appellate Panel has

recognized that the Marrama restriction on the § 706(a) conversion right applies when a debtor

seeks to convert a case from Chapter 7 to any other chapter under the Bankruptcy Code, not just

when a debtor seeks conversion to Chapter 13.  See In re Levesque, 473 B.R. 331, 339 (9th Cir.

BAP 2012) (noting that the Marrama interpretation of "the language of § 706(a) applies the same

whether the chosen chapter for conversion is chapter 11 or chapter 13").

      In opposition to Mr. Miller's amended motion to convert to chapter 11 the Trustee has

presented evidence that supports a finding that Mr. Miller has not filed the conversion motion in

"good faith."

      First, the Trustee notes that, among other things, Mr. Miller has filed a skeletal motion to

convert the case that is unsupported by any evidence that debtors are, or will be, capable of

performing the duties required of a debtor-in-possession.  Further, the Trustee offers evidence

that, for almost a year, he has continuously made efforts to uncover assets (disclosed and

undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or

TAB 7                    Page 36

refusal to cooperate.  For example, the Trustee states that he ultimately had to obtain a court order compelling debtors to appear at their 341(a) meeting of creditors because of continued non-appearance at the scheduled meeting of creditors.  The initial 341(a) meeting was held on March 18, 2013, and debtors failed to appear.  Debtors also failed to appear at four additional continued 341(a) meetings on April 8, April 29, May 20, and June 10, 2013.  After the Trustee obtained the order compelling debtors to appear at the meeting of creditors, debtors did appear and were examined on July 20, 2013.  However, debtor, Loren Miller, has refused and failed to appear at several continued 341(a) meetings on November 18, December 23, and January 13, 2014, in direct violation of the court order.

Further, debtors have failed to file complete and accurate bankruptcy schedules, and have failed to provide the Trustee with certain requested documents.  The Trustee also contends that he "continues to uncover undisclosed assets and obtain assets of the estate (despite constant obstruction from Mr. Miller)."  (Opp. at 2).  Part of this "obstruction" involves the debtors' tactical filing of a motion to convert.  Specifically, on April 4, 2013, the Trustee sent debtors a letter demanding turnover of nonexempt cash in debtors' possession.  Instead of complying with this turnover request, on April 15, 2013, debtors filed a Motion to Convert the Case to Chapter 13.  The Trustee opposed the motion, noting that debtors were ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e).  On June 4, 2013, less than one week prior to the scheduled hearing date on the motion to convert to Chapter 13, debtors filed a notice of withdrawal of the motion.

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the nonexempt cash in debtors' possession, and again, received no response.  Thereafter, on May 15, 2013, the Trustee filed a Motion for Turnover of the Cash and Directing Debtors to Appear at the Meeting of Creditors.  After hearing on the motion, the court entered an order granting the

TAB 7                                          Page 37

turnover motion on June 18, 2013. The turnover order required that before June 23, 2013,

debtors turn over $182,000 in cash to the Trustee. However, debtors refused for many months

after the turnover order was entered to comply with the order. On July 12, 2013, after the

deadline set forth in the turnover order had expired, and after numerous requests by Trustee's

counsel, the Trustee received a cashier's check in the amount of $101,731.00 from debtors along

with a one-page accounting of how debtors alleged they used up to $68,000 of the exempt cash

in the five months after the filing of the bankruptcy petition. Other than this one-page

"accounting," debtors failed to provide any bank records or other documentary evidence to

support these unauthorized expenditures of the cash.

On August 26, 2013, Trustee's counsel sent debtors a renewed demand for compliance

with the Turnover Order and requiring turnover of the remaining $80,269 from debtors. Debtor,

Sarah Miller, has sought to cooperate with the Trustee and has turned over certain cash items.

Debtor, Loren Miller, remains recalcitrant and refuses to comply with court orders, and any

requests by the Trustee and the Trustee's counsel.

Further, the Trustee continues to uncover additional undisclosed assets on behalf of the

estate. For example, the Trustee states that within the month of December 2013, he "received

information [indicating] that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold

and silver purchased from Kitco Metals, Inc., during the period of 2011 and 2012, as well as

failing to turn over $6,716 that debtor received post-petition from debtors' California State 2012

income tax refund." (Opp. at 2). The Trustee also contends that his investigation has revealed

that debtors failed to disclose in their petition all entities in which they have an ownership

interest, including, but not limited to, their interest in First Star Associates. The Trustee obtained

information that Mr. Miller has been using a bank account in the name of First Star for his own

001518

58603001521036

TAB 7                                        Page 38

1   personal benefit for the two years preceding the petition date, and that further funds remain in the

2   account. Further, debtors changed the address on the First Star Bank account to their Texas

3   address, contrary to debtors' testimony at the July 20th meeting of creditors that they did not

4   control the account, and that the account was devoid of funds.

5           Consideration of the evidence presented by the Trustee, and review of the case docket

6   indicate that debtor, Loren Miller's, amended Motion to Convert this case to Chapter 11 is

7   simply another tactic to avoid complying with his duties under the Bankruptcy Code. Moreover,

8   Mr. Miller's co-debtor, Sarah Miller, did not join in, and has not filed any document indicating

9   her consent to, the amended Motion to Convert this case to Chapter 11.

10          Accordingly, IT IS HEREBY ORDERED that debtor, Loren Miller's, amended motion to

11  convert this case to Chapter 11 is DENIED.

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: March 26, 2014                          _Robin Riblet_____
                                                  Robin L. Riblet
25                                                United States Bankruptcy Judge

26

27

28

001518    58603001521036

TAB 7                                                              Page 39



FILED & ENTERED

MAR 26 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:                          ) Case No.: 9:13-10313
                                )
Loren Miller and Sarah Miller,  ) Chapter 7
                                )
          Debtors.              ) ORDER GRANTING MOTION
                                ) FOR EXTENSION OF TIME
                                ) TO FILE APPEAL
                                )
                                )
                                )
                                )
                                )
                                )
                                )

    Debtors, Loren and Sarah Miller, filed a Chapter 7 bankruptcy petition on February 7,

2013, and filed a motion to convert the case to Chapter 13 on April 5, 2013.  The motion to

convert was opposed by the Chapter 7 Trustee, Jeremy Faith, and debtors subsequently withdrew

the motion on June 4, 2013.

    On June 11, 2013, an order was entered extending the time within which the Trustee

could file a 11 U.S.C. § 727 complaint against debtors to August 15, 2013.

1    On July 22, 2013, the Trustee filed a notification of asset case and request for setting of a

2    claims bar date, and on August 15, 2013, the Trustee filed a § 727 action against debtors (AP

3    9:13-01133).

4    On November 26, 2013, debtors filed a Motion to Change Venue/Inter-district Transfer,

5    requesting that this court transfer the bankruptcy case to the United States Bankruptcy Court for

6    the Southern District of Texas, Houston Division, on the basis that they had moved to Seabrook,

7    Texas. (Docket # 78 at 2). Debtors contemporaneously filed a Motion to Convert the case to

8    Chapter 11. The Trustee opposed both motions.

9    On December 12, 2013, this court entered an order denying debtor's Motion to Transfer

10   Venue. Although the debtors had moved to Texas, 28 U.S.C. § 1408(1) provides that the

11   applicable district for filing a bankruptcy case is determined by the situs of their residence for the

12   major part of the 180 days before the case was filed. Therefore, since debtors resided in Pismo

13   Beach, California when they filed bankruptcy, venue was appropriate in the Northern Division of

14   the U.S. Bankruptcy Court for the Central District of California.[1] By separate order entered

15   December 12, 2013, this court also denied debtors' Motion to Convert the case from Chapter 7 to

16   Chapter 11, noting that debtors had failed to pay the required filing fee of $922.00 for filing a

17   Motion to Convert to Chapter 11.

18   On January 14, 2014, debtor, Loren Miller, filed a motion for extension of time in which

19   to appeal the December 12, 2013, order denying debtors' Motion to Transfer Venue. In support

20   of his request, Mr. Miller indicated that he did not receive a copy of the order denying the

21   Motion to Transfer Venue until December 23, 2013.

---

[1] The debtors' Statement of Financial Affairs at ¶ 15 indicates no other
address for the three years preceding the filing.

001518    58603001521045

TAB 7                                    Page 41

On January 28, 2014, the Trustee filed an opposition to Mr. Miller's motion to extend the time in which to appeal.

Motion for Extension of Time to File Appeal

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of entry of the bankruptcy court's judgment, order, or decree being appealed from. Fed. R. Bank. P. 8002(a). Upon a showing of "excusable neglect," a bankruptcy court may extend the time for a party to file a notice of appeal, so long as the moving party files a written motion to extend the time not later than 21 days after expiration of the initial 14-day period. Fed. R. Bank. P. 8002(c)(2).

Here, the court's order denying debtors' Motion to Transfer Venue was entered on December 12, 2014. Therefore, the time period within which debtors could file a timely notice of appeal expired on December 26, 2014. Fed. R. Bank. P. 8002(a). Debtors did not file a notice of appeal within that time period. However, debtor, Loren Miller, timely filed a motion for extension of time to file a notice of appeal on January 15, 2014.

In considering whether a party seeking an extension of time to file a notice of appeal has demonstrated "excusable neglect," a court must consider the following factors articulated in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993): "(1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith." 507 U.S. at 395; see also In re Pincay, 389 F.3d 853, 855 (9th Cir. 2004) (noting that Pioneer is "the leading authority on the modern concept of excusable neglect"). Simultaneously, courts are to

TAB 7                                                    Page 42

"equitably consider all relevant circumstances surrounding a party's . . . errors or omissions."

Pincay, 389 F.3d at 856-60.

Mr. Miller argues that his motion for extension of time in which to appeal should be granted because he did not receive notice of the order denying the debtors' motion to transfer venue until December 23, 2013 – three days prior to the 14-day notice of appeal deadline under Fed. R. Bank. P. 8002(a). Mr. Miller contends that service of the notice on both him and his co-debtor at the Seabrook, Texas address was erroneous because he no longer resided at the Seabrook address, and service on him there "ignored my motion's additional contact information and its footnote 1" – which requested "Also please note our updated contact information." (Motion for Extension at page 6). Mr. Miller also claims that his co-debtor, Sarah Miller, did not provide him with the mailed notice until December 23, 2013.

Length of Delay

While Mr. Miller claims in his motion for extension that his notice of appeal is "accompanying [the] motion," there is no notice of appeal attached to the motion, and to date, debtor has not filed a notice of appeal from the December 12, 2013, order denying the venue transfer motion. However, the length of delay is measured from the time of the missed deadline to the time the motion for an extension is filed. In re Hoover WSCR Associates, Ltd., 2005 WL 6960225 (9th Cir. BAP) (unpublished memorandum decision). Here, Mr. Miller filed the motion to extend deadline on January 14, 2014, nineteen days after the expiration of the timely appeal deadline. Therefore, the length of delay is minimal.

Prejudice to Nonmoving Party

In opposition to Mr. Miller's motion to extend time for appeal, the Trustee sets forth evidence demonstrating that Mr. Miller has been persistently recalcitrant in cooperating with the

TAB 7    Page 43

Trustee in his attempts to administer the estate for the benefit of creditors. Among other things, Mr. Miller has failed to appear for several 341(a) meetings, has not provided any documentation requested by the Trustee, and has failed to fully comply with the turnover orders entered by this court. Further, despite Mr. Miller's failure to cooperate, the Trustee continues to discover undisclosed assets in this case. Rather than cooperate with the Trustee in administering this case, debtor has filed two motions to convert the case (to Chapter 13, and Chapter 11, respectively), and a motion to transfer venue.

In opposition, the Trustee posits that if the extension motion is granted, the overall administration of the case could be detrimentally affected, as well as the Trustee's pending § 727 complaint against the debtors. In addition, the Trustee asserts he has recently received information that Mr. Miller has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, as well as failing to turn over $6,716 from a California State Tax 2012 income tax refund. The Trustee has filed a motion for turnover of the Kitco purchases and tax return monies, which motion was heard and granted on March 19, 2014. Administration of the bankruptcy estate, and prosecution of the Trustee's § 727 proceeding will not be prejudiced or delayed unless this or an appellate court enters an order staying the proceeding. Absent such a stay, the prejudice to the Trustee and estate is minimal. Moreover, [p]rejudice to the opposing party 'requires greater harm than simply that relief would delay resolution of the case.'" In re Hawaiian Airlines, Inc., 2011 WL 1483923 (D. Hawai'i) (citing Lemoge v U.S., 587 F.3d 1188, 1196 (9th Cir. 2009)).

TAB 7                    Page 44

Reason for Delay

Debtor argues that the reason for his delay in filing the notice of appeal is due to the court's alleged error in serving him with the notice of the December 12, 2013, order at the wrong address.

First, it is undisputed that Mr. Miller did ultimately receive the notice of entered order on December 23, 2013, yet he failed to file a notice of appeal by the deadline of December 26, 2013. Mr. Miller offers no explanation as to why he did not file the notice of appeal by December 26, 2013, stating only that he discovered through "recent research" that the due date for filing the notice of appeal was December 26, 2013. (Supporting Declaration of Mr. Miller at 5). Mr. Miller also adds that he "works full time and do[es] not have the luxury of being able to afford the services of an actually competent attorney . . ." Id. However, Mr. Miller's status as a *pro se* litigant does not excuse his failure to understand and follow court rules. See In re Warrick, 278 B.R. 182, 187 (9th Cir. BAP 2002). Therefore, Mr. Miller's ability to meet the notice of appeal deadline was within his "reasonable control," and he offers no adequate explanation as to why he failed to meet the December 26, 2013, deadline.

Second, Mr. Miller makes much of the court's alleged "error" in serving both him and co-debtor, Sarah Miller at the Seabrook, Texas address with the notice of entered order, even though Mr. Miller's Webster, Texas address was on the motion to transfer venue. However, in the body of the motion itself, debtors stated that they had *both* moved to Seabrook, Texas. In fact, debtors' move to Seabrook, Texas was the basis of the motion to transfer venue. (Motion to Transfer Venue [Docket # 78] at 2). Moreover, on June 4, 2013, debtors had filed a notice of change of address with the court, indicating that their new mailing address was "Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586." This was the debtors' mailing address on the

TAB 7                                    Page 45

bankruptcy docket both at the time the Motion to Transfer Venue was filed, and when the order

denying the Motion to Transfer Venue was entered.  Mr. Miller did not file a change of address,

notifying the court of his Webster, Texas address until January 15, 2014.  See In re Salomon,

2014 WL 904589 * 3 (9th Cir. BAP) (unpublished opinion) (finding no "excusable neglect"

where debtor, among other things, perpetuated the reasons for delay).

Finally, even if the bankruptcy court had erred in serving the notice of entered order on

both debtors at the Seabrook, Texas address:

> It is well-settled that failure to receive notice of entry of judgment or order
> is not an excuse for an untimely appeal because it is the party's affirmative duty
> to monitor the dockets.  Therefore, failure of a court clerk to give notice of entry
> of an order is not a ground, by itself, to warrant finding an otherwise untimely
> appeal timely.

In re Warrick, 278 B.R. at 187.

Therefore, Mr. Miller's argument that he failed to receive the notice of entered order until

December 23, 2013, due to court error, does not constitute excusable neglect for his failure to

meet the notice of appeal deadline.  Further, Mr. Miller acknowledges receiving the notice of

entered order on December 23, 2013, prior to the expiration of the notice of appeal deadline.

However, he offers no explanation or excuse for his failure to meet the deadline other than his

"later" discovery that the deadline was December 26, 2013.  This court may consider Mr.

Miller's failure to meet the December 26, 2013, to be a result of Mr. Miller's negligence or

carelessness, and "excusable neglect" can be found when omissions to act are caused by a party's

carelessness.  See Pioneer, 113 S.Ct. 1489, 1495.  However, in his motion, Mr. Miller blames his

failure to meet the appeal deadline on the court's failure to provide him notice of entry of the

order denying the venue transfer motion, and on "the delay caused by not only the mail, but my

soon-to-be-ex-wife to deliver my copies." (Motion at 4).  When a debtor has a change of mailing

TAB 7                                    Page 46

address, it is the debtor's responsibility to promptly file a change of address form so that the clerk's office, trustee, and creditors know where to mail documents to the debtor. As noted above, debtors complied with this requirement when they filed a notice of change of address on June 4, 2013, notifying the court that they had moved to Seabrook, Texas. However, Mr. Miller did not file a notice of change of address regarding his Webster, Texas mailing address until January 15, 2014, well after notice of the order denying the venue transfer motion was served by the court.

Good Faith

As noted above, debtor, Mr. Miller, has not cooperated with the Trustee in administration of the bankruptcy case. Mr. Miller has chronically failed to appear at scheduled 341(a) hearings, and his sole 341(a) appearance on July 20, 2013, was an appearance compelled by order of this court. Mr. Miller has not provided the Trustee with information necessary to administer the estate, and the Trustee alleges he has discovered that Mr. Miller, and his co-debtor, Sarah Miller, have failed to disclose certain assets in this case. Mr. Miller has also failed to comply with this court's turnover orders. While there is substantial evidence suggesting that Mr. Miller has acted in bad faith in his bankruptcy case, there is not sufficient evidence on the record to support a finding that debtor acted in bad faith in missing the notice of appeal deadline. See Bateman v. U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000) (concluding that party acted in good faith when he delayed in filing a Rule 60(b) motion where "[h]is errors resulted from negligence and carelessness, not from deviousness or willfulness").

Based upon consideration of all of the foregoing factors, and the relevant circumstances surrounding Mr. Miller's failure to meet the notice of appeal deadline, this court finds that there is "excusable neglect" on Mr. Miller's behalf warranting an extension of the appeal deadline

1  under Rule 8002(c).  See, Pincay, 339 F.3d at 860 (finding that in considering excusable neglect

2  factors, courts should also "equitably consider all relevant circumstances surrounding a party's

3  errors or omissions.")

4          Accordingly, it is ordered that Mr. Miller's motion to extend appeal deadline is

5  GRANTED.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: March 26, 2014

     *Robin Riblet*

     Robin L. Riblet
     United States Bankruptcy Judge

25

26

27

28

TAB 7                                        Page 48



FILED & ENTERED

DEC 12 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

|  |  |
|---|---|
| In re: | ) Case No.: 9:13-10313 |
|  | ) |
| Loren Miller and Sarah Miller, | ) Chapter 7 |
|  | ) |
| Debtors. | ) ORDER DENYING MOTION |
|  | ) TO TRANSFER VENUE |
|  | ) |

The voluntary Chapter 7 petition in this case was filed on February 7, 2013.  The debtors listed their address as 239 Esparto Avenue, Pismo Beach, CA 93449.

On June 4, 2013, the debtors filed a Notice of Change of Address, listing a new address of 702 Whitecap Drive, Seabrook, TX 77586.

Pursuant to 28 U.S.C. § 1408(1), venue of a bankruptcy case is appropriate where "the domicile, residence, principal place

84704009118017

TAB 7                    Page 49

1  of business in the United States, or principal assets in the

2  United States, of the person or entity that is the subject of

3  the case have been located for the one hundred and eighty days

4  immediately preceding [case] commencement . . . ."  Further,

5  Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable

6  division for filing a bankruptcy case is determined by "the

7  location of the debtor's residence" at the time the petition was

8  filed.  Accordingly, venue of this bankruptcy case is

9  appropriate in the Northern Division of the U.S. Bankruptcy

10  Court for the Central District of California.

11       **IT IS HEREBY ORDERED** that debtors' motion to transfer venue

12  of this case to the United States Bankruptcy Court for the

13  Southern District of Texas, Houston Division, is DENIED.

14  ###

15  ###

16  ###

17  ###

Date: December 12, 2013

*Robin L. Riblet*
Robin L. Riblet
United States Bankruptcy Judge

TAB 7                                    Page 50

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
4) **Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  <u>***ORDER  DENYING DEBTORS'***</u>
<u>***MOTION TO TRANSFER VENUE***</u> was entered on the date indicated as "Entered" on the first page
of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** в Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following
person(s) by the court via NEF and hyperlink to the judgment or order. As of ____<u>12/12/13</u>____
, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or
adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net,
  C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithla
  w.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithla
  w.com
- Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLa
  w.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLa
  w.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

009109

84704009118026

TAB 7                                                    Page 51

II. **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Loren Miller
Sarah Miller
702 Whitecap Dr
Seabrook, TX 77586

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

009109        84704009118026

TAB 7                                              Page 52

TAB 8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**                    JS-6

**CIVIL MINUTES – GENERAL**

Case No. LACV 14-1681-DOC                            Date:  December 2, 2015
Bankr. Case No. 9:13-10313-PC


Title: IN RE LOREN MILLER AND SARAH MILLER

---

PRESENT:


THE HONORABLE DAVID O. CARTER, JUDGE


Deborah Goltz                          Not Present
Courtroom Clerk                        Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFF:                             DEFENDANT:
None Present                           None Present

---

**PROCEEDINGS (IN CHAMBERS):   ORDER AFFIRMING**
**BANKRUPTCY COURT'S DENIAL**
**OF DEBTOR'S MOTION TO**
**CONVERT; AFFIRMING**
**BANKRUPTCY COURT'S DENIAL**
**OF DEBTOR'S MOTION TO**
**TRANSFER; DENYING DEBTOR'S**
**MOTION TO WITHDRAW**
**REFERENCE [21]**

Debtor-Appellant Loren Miller ("Debtor-Appellant" or "Debtor") presents three matters to the Court for resolution: Debtor appeals from two orders of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") and moves to Withdraw Reference for Cause. The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

Specifically, Debtor appeals the Bankruptcy Court's order denying his amended motion to convert the bankruptcy case from a case under Chapter 7 to one under Chapter

TAB 8                                    Page 53

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                        Date: December 2, 2015
    SBBR 13-10313-PC

Page 2

11. The order was entered on March 26, 2014 ("Order Denying Amended Motion to Convert") (Bankr. Dkt. 131). Debtor also appeals from the Bankruptcy Court's Order Denying Motion to Transfer Venue. The order was entered on December 12, 2013 ("Order Denying Motion to Transfer Venue") (Bankr. Dkt. 88). Lastly, before the Court is Debtor's Motion to Withdraw Reference for Cause ("Motion to Withdraw") (Dkt. 21). After reviewing the record and the parties' respective briefs, the Court AFFIRMS the Bankruptcy Court's Order Denying Amended Motion to Convert, AFFIRMS the Bankruptcy Court's Order Denying Motion to Transfer Venue, and DENIES Debtor's Motion to Withdraw.

**I.     Background**

    **A.     Facts**

On February 7, 2013, Loren Miller and Sarah Miller (collectively, "Debtors") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the Central District of California, Northern Division. Chapter 7 Voluntary Petition ("Voluntary Petition") (Bankr. Dkt. 1); *see generally* Case No. 9:13-bk-10313-PC.

In the Voluntary Petition, Debtors listed their address as 239 Esparto Avenue, Pismo Beach, CA 93449. Debtors also indicated they had been domiciled or had a residence, principal place of business, or principal assets in the district for 180 days immediately preceding the date of the petition. *Id.* at 4. Subsequently, Debtors filed additional petition schedules. (Bankr. Dkt. 11).

Pursuant to 11 U.S.C. § 341(a), a meeting of the creditors ("341(a) meeting") was scheduled for March 18, 2013. Debtors did not appear at the initial 341(a) meeting (Bankr. Dkt. 14). The 341(a) meeting was subsequently continued four additional times (Bankr. Dkts. 17, 27, 36, 56). The Chapter 7 bankruptcy trustee Jeremy W. Faith ("Trustee-Appellee" or "Trustee") obtained a court order to compel Debtors to appear at their 341(a) meeting. Order Denying Amended Motion to Convert at 4. Debtor failed to appear at several continued 341(a) meetings (Bankr. Dkts. 76, 93, 101).

On July 15, 2013, Debtor-Appellant attended a 341(a) meeting. At this meeting he was asked questions regarding First Star Associates, Inc. ("First Star"), an entity Debtors had a prior ownership interest in but did not list on their petition schedules. Order Denying Amended Motion to Convert at 5. Debtor testified they closed First Star after the Las Vegas real estate collapse. Opp'n to Amended Motion to Convert (Bankr. Dkt. 106) Ex. D at 2. Additionally, Debtor stated he no longer controlled First Star's bank

TAB 8                                        Page 54

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                Date: December 2, 2015
    SBBR 13-10313-PC

Page 3

account, and that the account was devoid of funds. Order Denying Amended Motion to Convert at 6.

On June 4, 2013, Debtors Loren Miller and Sarah Miller filed a Notice of Change of Address indicating a new mailing address in Seabrook, Texas ("Notice of Change of Address") (Bankr. Dkt. 41). Following their move to Texas, Debtors commenced divorce proceedings. Debtor's Amended Motion to Convert Case (Bankr. Dkt. 102) at 3. Sarah Miller was not a party to either the Motion to Transfer or the Motion to Convert, nor did she join or consent to either motion. Appellee's Opening Brief ("Appellee's Br.") (Dkt. 23) at 2 n.1; *see also* Debtor's Amended Motion to Convert Case at 3 (declaring his divorce with Sarah Miller is being finalized and that Sarah Miller "would not sign [Motion to Convert] with [Debtor]").

Trustee conducted investigations of Debtors' assets and discovered assets that Debtors did not disclose on their petition schedules. Trustee's Opp'n to Amended Motion to Convert (Bankr. Dkt. 106). Specifically, the Trustee's investigations revealed Debtors did not to disclose $27,173.38 in gold and silver purchased from Kitco Metals, Inc. ("Kitco Purchases"). *Id.* at Ex. G. Trustee also discovered that First Star's bank records indicate funds still remain in the entity's account. *Id.* at Ex. E. Further, the address associated with First Star's bank account was changed to the address Debtors listed on their Notice of Change of Address. *Id.*

Since Debtors filed their Voluntary Petition, Trustee states he has recovered approximately $229,000 in cash, most of which Debtors did not disclose on their schedules. Appellee's Br. at 7–8. On June 18, 2013, the Bankruptcy Court entered an Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors ("First Turnover Order"), requiring Debtors to turn over $182,000 to the Trustee. *See* Trustee's Opp'n to Amended Motion to Convert Ex. B. By providing an accounting of their spending through a letter from their attorney, Debtors admitted to spending $68,863.00 of that pre-petition cash. *Id.* Debtor has yet to fully comply with either the First Turnover Order or a Second Turnover Order, entered on March 19, 2014.

    **B.**    **Procedural History**

On March 5, 2014, Debtor filed a Notice of Appeal ("Original Appeal") (Dkt. 2), and elected to have the appeal transferred to this Court (Dkt. 3). The Court found the Original Appeal lacked jurisdiction because the orders Debtor intended to appeal were never entered on the bankruptcy court docket. Memorandum Regarding Order, March 7,

TAB 8                                                                  Page 55

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                    Date: December 2, 2015
         SBBR 13-10313-PC

                                                                                Page 4

2014 (Dkt. 6) at 1. Subsequently, on March 21, 2014, Debtor filed an Amended Notice of Appeal ("Amended Appeal") (Dkt. 8).

On April 10, 2014, Debtor filed a Second Amended Notice of Appeal clarifying he is appealing the Order Denying Debtor's Amended Motion to Convert and the Order Denying Debtor's Motion to Transfer (Dkt. 9). This Court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution on January 28, 2015 (Dkt. 11). Debtor responded to the OSC on February 10, 2015 (Dkt. 12).

On June 16, 2015, Debtor-Appellant filed his Opening Brief ("Appellant's Br.") (Dkt. 22). On June 29, 2015, Trustee-Appellee filed his Opening Brief ("Appellee's Br.") (Dkt. 23).

### 1.    Debtor's Appeals from the Bankruptcy Court

On November 26, 2013, Debtor filed a Motion to Convert Case from Chapter 7 to Chapter 11 in the Bankruptcy Court ("Motion to Convert") (Bankr. Dkt. 79). Trustees of the Geller Trust ("Creditors") filed an Opposition (Bankr. Dkt. 82). The Trustee also filed an Opposition (Bankr. Dkt. 86). On December 12, 2013, the Bankruptcy Court denied the Motion to Convert due to Debtor's failure to pay the required filing fee (Bankr. Dkt. 87).

On January 15, 2014, Debtor filed an Amended Motion to Convert Case from Chapter 7 to Chapter 11 ("Amended Motion to Convert") (Bankr. Dkt. 102), along with the required filing fee. On March 26, 2014, the Bankruptcy Court entered the Order Denying Debtor's Amended Motion to Convert (Bankr. Dkt. 131).

On November 26, 2013, Debtor also filed a Motion to Transfer Venue to the Southern District of Texas, Houston ("Motion to Transfer") (Bankr. Dkt. 78). On December 12, 2013, The Bankruptcy Court denied the Motion to Transfer (Bankr. Dkt. 88).[1]

On August 15, 2013, Trustee filed a complaint initiating an adversary proceeding ("Adversary Proceeding") seeking denial of Debtor's discharge. Complaint Against Debtors for Denial of Discharge ("Complaint") (Bankr. A.P. Dkt. 1); *see generally* 9:13-ap-01133-PC. Debtor filed an Answer. (Bankr. A.P. Dkt. 7). Trustee filed a Motion for

---

[1] On January 22, 2015, Debtor filed another Motion to Transfer Venue in this Court (Dkt. 10). Because this Court is acting as a court of appeals in the present matter, the Court denied Debtor's motion for lack of jurisdiction. OSC, January 28, 2015 at 2 n.2.

TAB 8                                                            Page 56

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                    Date: December 2, 2015
           SBBR 13-10313-PC

                                                                        Page 5

Summary Judgment (Bankr. A.P. Dkt. 43). On June 12, 2015, the Bankruptcy Court
granted Trustee's Motion for Summary Judgment (Bankr. A.P. Dkt. 71). *See*
Memorandum Regarding Plaintiff's Motion for Summary Judgment Against Defendant
Loren Miller, June 12, 2015 (Bankr. A.P. Dkt. 70).

### 2.     Debtor's Motion to Withdraw

On June 16, 2015, Debtor filed his Motion to Withdraw. On August 14, 2015,
Trustee filed a Response (Dkt. 28).

On June 26, 2015, Debtor filed a Notice of Appeal from the Order Granting
Trustee's Motion for Summary Judgment. (Bankr. A.P. Dkt. 74). The matter is currently
pending before the bankruptcy appellate panel. *See generally* 9:15-bap-1208.

## II.    Standard of Review

A district court reviews the bankruptcy court's decisions using the same standard a
court of appeals uses to review a district court's judgment in general civil matters. 28
U.S.C. § 158(c)(2).

An order regarding conversion of a case is reviewed for abuse of discretion. *In re
Lavesque*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) (citations omitted). A decision
regarding the transfer of a case to another district is also reviewed for abuse of discretion.
*Donald*, 328 B.R. at 196 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th
Cir. 2000)). In determining whether the Bankruptcy Court abused its discretion, the Court
applies a two-part test. *In re Levesque*, 473 B.R. at 335 (citing *U.S. v. Hinkson*, 585 F.3d
1247, 1261–62 (9th Cir. 2009) (en banc)). First, the court determines "de novo whether
the bankruptcy court identified the correct legal rule to apply to the relief requested." *Id.*
(internal citations and quotations omitted). Second, the court examines "the bankruptcy
court's factual findings for clear error. We must affirm the bankruptcy court's factual
findings unless we determine that those findings are (1) illogical, (2) implausible, or (3)
without support in inferences that may be drawn from the facts in the record." *Id.*
(internal citations and quotations omitted).

TAB 8                                                                    Page 57

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                     Date: December 2, 2015
        SBBR 13-10313-PC

                                                                              Page 6

**III.    Analysis**

        The Court will first consider Debtor's appeals from the Bankruptcy Court. Then, the Court will turn to Debtor's Motion to Withdraw.

        **A.      Debtor's Appeals from the Bankruptcy Court**

        As a threshold matter, the Court must determine whether it has jurisdiction over Debtor's appeals from the Bankruptcy Court. District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). If the order is not a final order, district courts "shall have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

        The Ninth Circuit has adopted a "pragmatic approach" to finality in bankruptcy, which "emphasizes the need for immediate review, rather than whether the order is technically interlocutory." *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (citing *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000)). "A bankruptcy court order is considered final where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (internal quotations and citation omitted).

        First, the Court must determine whether an order denying a motion to convert a debtor's case from Chapter 7 to Chapter 11 is a final order. Generally, an order denying a motion to convert is not a final order. *See In re Klein/Ray Broad.*, 100 B.R. 509, 510–11 (B.A.P. 9th Cir. 1987) (holding that a denial of a motion to convert from Chapter 11 to Chapter 7 is not a final order); *see also In re Hayes Bankr.*, 220 B.R. 57, 61–62 (N.D. Iowa 1998) (holding that an order denying a motion to convert from Chapter 13 to Chapter 7 is not a final order because proceeding under Chapter 13 does not "deny the creditors anything except the power to collect their debts from the debtor's property instead of his future income"). Accordingly, the Court finds an order denying a motion to convert from Chapter 7 to Chapter 11 is not a final order.

        Second, the Court notes that a bankruptcy court's order denying a motion to transfer venue is generally considered interlocutory. *In re Donald*, 328 B.R. 192, 196–97 (B.A.P. 9th Cir. 2005). Because both this type of order and an order denying a motion to convert are interlocutory, they require leave to appeal. *Id.*; 28 U.S.C. § 158(a)(3). If a separate motion for leave to appeal is not filed, a timely notice of appeal may be treated as such. Fed. R. Bankr. P. 8003(c); *In re Donald*, 328 B.R. at 197. Thus, the Court will

TAB 8                                                          Page 58

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC                                            Date: December 2, 2015
        SBBR 13-10313-PC

                                                                    Page 7

treat Debtor-Appellant's Second Amended Notice of Appeal as a motion for leave to
appeal.

        As discussed above, district courts have discretion to exercise appellate
jurisdiction over an interlocutory order of a bankruptcy court. 28 U.S.C. § 158(a)(3); *see
also In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012). In determining
whether to grant a motion for leave to file an interlocutory appeal, the Court looks to the
standard set forth in 28 U.S.C. § 1292(b). *In re Kashani*, 190 B.R. 875, 882 (B.A.P 9th
Cir. 1995). Granting leave to appeal "is appropriate if the order involves a controlling
question of law where there is a substantial ground for difference of opinion and when
the appeal is in the interest of judicial economy because an immediate appeal may
materially advance the ultimate termination of the litigation." *In re Kashani*, 190 B.R. at
882 (citing 28 U.S.C. § 1292(b)); *In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994).
"A question of law is 'controlling' if the resolution of the issue on appeal could
materially affect the outcome of the litigation in the [lower court]." *Kowalski v. Anova
Food, LLC*, 958 F. Supp. 2d 1147, 1154 (D. Haw. 2013 (citing *In re Cement Antitrust
LItig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd* 459 U.S. 1190 (1983)).

        The Court finds that review of both orders is warranted. First, the Court is
persuaded Bankruptcy Court's Order Denying the Motion to Convert involves a
controlling question of law: whether the Bankruptcy Court could deny Debtor's
conversion under § 706(a) of the Code because Debtor engaged in bad-faith conduct.
Further, the Court concludes an immediate appeal of the Bankruptcy Court's Order
Denying the Motion to Convert is an efficient use of judicial resources and will
materially advance the termination of the litigation.

        Second, regarding the Bankruptcy Court's Order Denying the Motion to Transfer,
the Court is persuaded by the analysis in *In re Land*, 215 B.R. 398, 401–02 (B.A.P. 8th
Cir. 1997). In *In re Land*, the Bankruptcy Appellate Panel faced the question of whether
interlocutory review of an order denying a motion to transfer venue is warranted. *Id*. The
Panel determined review was appropriate because there would be a small chance of
success on appeal after the bankruptcy case was administered closed, "which may be the
only time when the order regarding venue becomes a final order." becomes final. *Id*. at
402 (citation and internal quotation marks omitted). Further, the Panel reasoned that if
appellants "are successful at that time . . . the bankruptcy court will be required to order
and oversee the recovery of the dividends paid to the creditors and the fee paid to the
[bankruptcy] trustee." *Id*. Thus, because a lack of review would "defeat the promotion of
the efficient use of judicial resources, and frustrate the expectations of the debtors, their
creditors and the [bankruptcy] trustee[,]" the Panel determined review was appropriate.

TAB 8                                                              Page 59

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                        Date: December 2, 2015
         SBBR 13-10313-PC

                                                                          Page 8

Accordingly, the Court finds that review of the Bankruptcy Court's Order Denying the Motion to Transfer is appropriate here.

Therefore, following the Ninth Circuit's "pragmatic approach," the Court will exercise its discretion and review both orders from the Bankruptcy Court. The Court will consider (1) whether the bankruptcy court erred in denying Debtor's motion for Chapter 11 conversion, and (2) whether the bankruptcy court erred in denying Debtor's motion to transfer venue.[2]

## 1.      Appeal from Order Denying Motion to Convert

The Bankruptcy Code ("Code") provides that a "debtor may convert a case under [Chapter 7] to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title" and that "[a]ny waiver of the right to convert a case under this subsection is unenforceable." 11 U.S.C. § 706(a). In addition, "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). Further, the Supreme Court has held a debtor may forfeit his right to convert his bankruptcy case from a Chapter 7 to a Chapter 13 by engaging in bad-faith conduct. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 371 (2007). A debtor's conduct must be "atypical" to qualify as "bad-faith" conduct sufficient to support denial of a motion to convert. *Id.* at 375–76. The Ninth Circuit Bankruptcy Appellate Panel has held that this restriction applies to a debtor seeking conversion from Chapter 7 to any other chapter under the Code, including conversion from a Chapter 7 to a Chapter 11. *In re Levesque*, 473 B.R. at 390.

Debtor argues he is entitled to a conversion of his case as of right. Appellant's Br. at 5. However, the Supreme Court in *Marrama* addressed this argument and found that the language of § 706(d) conditions the right to convert: "The words 'unless the debtor may be a debtor under such chapter' expressly conditioned Marrama's right to convert on his ability to qualify as a 'debtor' . . . .'" *Marrama*, 549 U.S. at 372. Here, the Bankruptcy Court explicitly referred to *Marrama* in its Order Denying Motion to Convert at 3. Thus, the Court finds the Bankruptcy Court identified the correct legal rule to apply to Debtor's motion.

---

[2] Debtor's Opening Brief also raises the third issue of whether the Bankruptcy Court's final order was inequitable. Appellant's Br. at 2. The Court considers this argument throughout its analysis and finds it unnecessary to consider this issue separate from the other issues Debtor raises.

TAB 8                                                      Page 60

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                    Date: December 2, 2015
    SBBR 13-10313-PC

Page 9

In that same order, the Bankruptcy Court found Debtor violated court orders when he failed to appear at 341(a) meeting and refused to turnover pre-petition cash to the Trustee. *Id*. at 4–5. Additionally, the Bankruptcy Court noted Debtors' failure to disclose their interest in First Star on their Voluntary Petition schedules, and that "the Trustee continues to uncover additional undisclosed assets on behalf of the estate." *Id*. at 5. The Court concludes these findings of fact are not illogical, implausible, or without any support from inferences that may be drawn from the evidentiary record. *See In re Levesque*, 473 B.R. at 335. Further, the Court finds the Bankruptcy Court's analysis of the evidence is consistent with the entire record, and therefore the Court finds the Bankruptcy Court did not abuse its discretion by denying the motion to convert. *See Id*. at 339–40 (finding no abuse of discretion when the bankruptcy court correctly cited *Marrama*, and when the analysis of the evidence made sense in context of the entire record).

Accordingly, the Court AFFIRMS the Bankruptcy Court's Order Denying Debtor's Motion to Convert.

**2.      Appeal from Order Denying Motion to Transfer**

The Bankruptcy Court denied Debtors' request to transfer the bankruptcy case to Houston Texas. The Court will review the Bankruptcy Court's decision for abuse of discretion.

"A district court may transfer a case or proceeding under title 11 to a district court or another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also* Fed. R. Bankr. P. 1014(a)(1) (a properly filed petition may be transferred "in the interest of justice and for the convenience of the parties").

**a.      Initial Venue**

In bankruptcy cases, venue is proper in the district:

> in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period.

TAB 8                                                                      Page 61

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                     Date: December 2, 2015
    SBBR 13-10313-PC

Page 10

28 U.S.C. § 1408(1). Additionally, venue is proper in the district where a pending bankruptcy case exists "concerning such person's affiliate, general partner, or partnership." 28 U.S.C. § 1408(2). Further, Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable division for filing a bankruptcy case is determined by "the location of the debtor's residence" at the time of filing.

Debtor's Voluntary Petition was filed in the United States Bankruptcy Court, Central District of California, Northern Division. Venue was initially proper for two reasons. First, the address in the bankruptcy petition indicated Debtors were residents of Pismo Beach, California. Voluntary Petition at 3. Second, Debtors indicated their domicile satisfies the requirements put forth by 28 U.S.C. § 1408(1). *Id*. at 4. Because Debtors' address as stated in their petition falls within the jurisdiction of the Northern Division, the Voluntary Petition was properly filed.

    **b.**    **Transfer**

The resolution of a transfer of venue issue should be left to the discretion of the trial court. *In re Kona Joint Venture I, Ltd.*, 62 B.R. 169, 172 (Bankr. D. Haw. 1986) (citations omitted). However, courts should exercise this power to transfer venue cautiously. *Id*. The moving party bears the burden of proving, by a preponderance of the evidence, that the transfer of venue should occur. *In re Silicon Valley Innovation Co.*, No. 12-52706-ASW, 2012 WL 3778853, *1 (N.D. Cal. Aug. 30, 2012) (citing *In re Dunmore Homes, Inc.*, 380 B.R. 663, 671 (Bankr. S.D.N.Y. 2008)).

Determining whether transfer of a bankruptcy case is in the interest of justice or for the convenience of the parties is an inherently factual analysis. *In re Donald*, 328 B.R. 192, 204 (9th Cir. B.A.P. 2005). Courts exercise their discretion by looking at the totality of the circumstances. *Id*.

In determining the totality of the circumstances, the court considers the following non-exclusive factors: (1) proximity of creditors to the venue; (2) proximity of Debtor to the venue; (3) proximity of witnesses necessary to administration of the estate; (4) location of assets; (5) economic and efficient administration of the case; and (6) the need for further administration if liquidation ensues. *In re Lopez*, No. 05-05926-PBINV, 2008 WL 7907340, *2 (S.D. Cal. June 24, 2008) (citing *In re Donald*, 328 B.R. at 204). Along with the record available to the Bankruptcy Court at the time of Debtor's motion, the Court will consider each of these factors in turn.

TAB 8                                                                                    Page 62

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1681-DOC                                      Date: December 2, 2015
SBBR 13-10313-PC

Page 11

### (1)      Proximity of Creditors to Houston, Texas

Debtors listed four creditors on the Voluntary Petition. Three creditors are domiciled in California and no creditor is domiciled in Texas. *See* Voluntary Petition. Moreover, the largest creditors of the estate, the Geller Trust, are domiciled in California, *id*., and have opposed Debtor's Motion to Transfer. Because three out of four of the creditors listed on Debtor's Voluntary Petition are domiciled in California, this factor weighs against transferring venue to Texas.

### (2)      Proximity of Debtors to Houston, Texas

Both Debtors currently reside in Texas. Debtor argues he was "forced by necessity to move to Seabrook, Texas." Appellant's Br. at 8. Further, it is a financial burden for Debtors to travel to California to be present for their 341(a) meetings and any additional hearings. Therefore, because of the financial burden and inconvenience to Debtors, this factor weighs in favor of transferring venue to Texas.

### (3)      Proximity of Witnesses Necessary to Administration of the Estate

Neither party has indicated whether it will call witnesses. Thus, this factor does not weigh for or against transferring venue to Texas.

### (4)      Location of Assets

Only one of Debtors' assets is listed as real property that cannot be moved by the Debtor. Voluntary Petition. Therefore, it appears the remaining majority of Debtors' assets are located in Texas with Debtors. However, the Trustee has discovered at least $229,000 in cash, most of which Debtors failed to disclose on their Voluntary Petition. Appellee's Br. 7–8. Because Debtor has been hiding assets, the Court cannot fully assess the location of Debtor's assets. Accordingly, this factor does not weigh for or against transferring venue to Texas.

### (5)      Economic and Efficient Administration of the Case

When Debtor filed his first motion to transfer, the Adversary Proceeding against Debtors had already commenced. The Court finds it likely that the Bankruptcy Court denied Debtor's motion to transfer venue in the interest of judicial efficiency and for the ability to administer both cases in the same district.

TAB 8                                                      Page 63

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                    Date: December 2, 2015
        SBBR 13-10313-PC

                                                            Page 12

At this time, almost three years have passed since Debtors filed their Voluntary Petition. Appellee's Br. 11; *see also* Compl. (Bankr. A.P. Dkt. 1). The Trustee is ready to finalize administration of the estate. *Id.* at 11–12. However, he is unable to do so because of Debtor's defiance of court orders. *Id.*

Additionally, the Trustee's diligence, knowledge of this case, and knowledge of Debtor's tactics have been essential to the proper administration of this case up to this point. If this case were transferred to Texas, it would likely be more difficult to provide creditors with the money Debtors owe them. Further, because none of the creditors are domiciled in Texas, it would be more difficult for a trustee to efficiently administer the case there.

Accordingly, this factor weighs against transferring venue to Texas.

### (6)    Need for Further Administration if Liquidation Ensues

This factor does not apply because this case is already in Chapter 7 liquidation.

### c.    Movant's Burden to Prove Justification of Transfer

Debtor's Opening Brief fails to state any colorable legal arguments as to why transfer of his bankruptcy case would be in the interests of justice. Debtor's Opening Brief focuses mainly on why transfer of venue to Houston, Texas would be for the convenience of Debtors. In focusing on Debtors' convenience, Debtor fails to consider whether transfer would be convenient for Creditors, a key consideration under the standard, which inquires whether transfer would be for the convenience of the *parties*. Debtor states he is "not aware of any other party in interest with either domicile or principal place of business within [the Bankruptcy Court's] district." Appellant's Br. 9. However, Creditors are domiciled in Los Angeles, California. Summary of Schedules (Bankr. Dkt. 11) at 15. Los Angeles falls within the jurisdiction of the United States Bankruptcy Court's Central District of California, the district where Debtors filed their Voluntary Petition. Therefore, Debtor has failed to meet his burden of proving by a preponderance of the evidence that transfer is warranted.

After considering the relevant venue rules and the factors set forth in *In re Donald*, the Court finds the Bankruptcy Court's decision is supported by the record and therefore did not abuse its discretion in denying Debtor's Motion to Transfer. Accordingly, the Court AFFIRMS the Bankruptcy Court's Order Denying Debtor's Motion to Transfer Venue.

TAB 8                                                    Page 64

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                          Date: December 2, 2015
    SBBR 13-10313-PC

                                                  Page 13

### B.      Debtor's Motion to Withdraw Reference

      Finally, the Court turns to Debtor's Motion to Withdraw Reference. Debtor seeks to Withdraw Reference and remove the Adversary Proceeding to this Court for cause shown.

      Pursuant to 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

§ 157(d) thus sets forth the standard for the mandatory ("if the court determines that resolution of the proceeding requires consideration of both title 11 [of the Bankruptcy Code] and other laws of the United States . . .") and permissive ("for cause shown") withdrawal of a bankruptcy reference.

      Because Debtor seeks to withdraw reference of "all matters in the bankruptcy court's adversary proceeding" for cause, *see* Mot. to Withdraw at 1, he seeks permissive withdrawal. "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Death Row Records, Inc.*, No. 2:06-BK-11205-VZ, 2012 WL 1033350, at *2 (C.D. Cal. Mar. 8, 2012) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (internal quotation marks omitted).

      As a preliminary matter, the Court notes the Bankruptcy Court entered a final ruling on the merits in the Adversary Proceeding on June 12, 2015, granting the Trustee's Motion for Summary Judgment and denying the Debtor's discharge. *See* Order Granting Trustee's Motion for Summary Judgment (Bankr. A.P. Dkt. 71); *see also* Memorandum Regarding Plaintiff's Motion for Summary Judgment (Bankr. A.P. Dkt. 70) at 1–2. Further, following the entry of the Order Granting Trustee's Motion for Summary Judgment, Debtor filed a Notice of Appeal of the Motion for Summary Judgment with the Bankruptcy Appellate Panel (Bankr. A.P. Dkt. 74). The Bankruptcy Appellate Panel will therefore hear the matter. Because the Bankruptcy Court already entered a final

TAB 8                                                        Page 65

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1681-DOC                                    Date: December 2, 2015
     SBBR 13-10313-PC

                                                                    Page 14

order, there are no grounds on which the Court can withdraw the Adversary Proceeding.
Accordingly, this Court DENIES Debtor's Motion to Withdraw.

**IV.    Disposition**

        For the foregoing reasons, the Bankruptcy Court's Order Denying Debtor's
Motion to Convert is AFFIRMED, the Bankruptcy Court's Order Denying Debtor's
Motion to Transfer is AFFIRMED, and Appellant's Motion to Withdraw Reference is
DENIED.

        The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                          Initials of Deputy Clerk: djg
CIVIL-GEN

TAB 8                                          Page 66

TAB 9

Loren Miller, Debtor-Appellant *pro se*
~~600 E. Medical Center Blvd. #1509~~  1302 MARINA BAY DR #309
~~Webster, TX 77598~~  CLEAR LAKE SHORES, TX  77565
281-467-8226

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2016

CENTRAL DISTRICT O CALIFORNIA
BY            DEPUTY

| | |
|---|---|
| In re LOREN MILLER,<br><br>              Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>NOTICE OF APPEAL - 28 U.S.C.A. § 158; § 1291 |

I appeal this court's order "(Entered: 12/02/2015)."

I expressly reserve the right to amend or supplement this Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion. I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

I certify I mailed a true copy to the other parties

*Submitted with all rights reserved on December 31, 2015*

*Loren Miller, Debtor pro se*

TAB 9                                    Page 67



TAB 9

# CERTIFICATE OF SERVICE
## CASE NO. 16-55032
## LOREN MILLER VS. JEREMY W. FAITH, TRUSTEE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on August 1, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
11356 Merado PeakDrive
Las Vegas, NV 89135
**Appellant/Debtor**


_____
Helen Cardoza