# Case No. 16-55032

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

---

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

C.D. Cal. District Case No. 2:14-cv-01681-DOC

---

# EXCERPTS OF RECORD
# SUBMITTED BY APPELLEE
# JEREMY W. FAITH, CHAPTER 7 TRUSTEE

# VOLUME 2

---

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

---

## EXCERPTS OF THE RECORD SUBMITTED BY APPELLEE

Attached hereto are the excerpts of the record identified by Appellee Jeremy

W. Faith, pursuant to F. R. Appellate P. 30 and Circuit Rule 30.

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 1 | 12/12/2013 | Order Denying Motion to Transfer Venue [Bankruptcy Case No. 9:13-bk-10313, Docket No. 88] | 1 | 1-4 |
| 2 | 12/12/2013 | Order Denying Motion to Convert Case to Chapter 11 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 87] | 1 | 5-7 |
| 3 | 3/5/2014 | Debtor's Notice of Appeal – 28 U.S.C. § 158; FRBP 8001 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 116] | 1 | 8 |
| 4 | 3/21/2014 | Debtor's Amended Notice of Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No. 129] | 1 | 9-15 |
| 5 | 3/26/2014 | Order Denying Amended Motion to Convert Case to Chapter 11 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 131] | 1 | 16-21 |
| 6 | 3/26/2014 | Order Granting Motion for Extension of Time to File Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No. 132] | 1 | 22-30 |
| 7 | 4/10/2014 | Debtor-Appellant's Second Amended Notice of Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No 138] | 1 | 31-52 |
| 8 | 12/2/2015 | Order Affirming Bankruptcy Court's Denial of Debtor's Motion to Convert; Affirming Bankruptcy Court's Denial of Debtor's Motion to Transfer; Denying Debtor's Motion to Withdraw Reference [District Case No. 2:14-cv-01681-DOC, Docket No. 38] | 1 | 53-66 |
| 9 | 1/4/2016 | Notice of Appeal – 28 U.S.C. § 158; § 1291 [District Case No. 2:14-cv-01681-DOC, Docket No. 39] | 1 | 67-68 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 10 | 11/26/2013 | Debtors' Motion to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 78] | 2 | 69-72 |
| 11 | 11/26/2013 | Debtors' Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 79] | 2 | 73-76 |
| 12 | 12/10/2013 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motions to Transfer Venue to Southern District of Texas; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 85] | 2 | 77-140 |
| 13 | 12/10/2013 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 86] | 2 | 141-201 |
| 14 | 12/9/2013 | Preliminary Opposition to Debtor's Motion to Convert Case; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 82] | 2 | 202-206 |
| 15 | 12/9/2013 | Preliminary Opposition to Debtor's Motion to Transfer Venue; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 81] | 2 | 207-214 |
| 16 | 1/14/2014 | Debtor's Motion and Declaration for Extension of Time to File Appeal – Rule 8002(c) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 99] | 2 | 215-226 |
| 17 | 1/28/2014 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c); Declaration in Support [Bankruptcy Case No. 9:13-bk-10313, Docket No. 105] | 2 | 227-234 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 18 | 1/15/2014 | Amended Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 102] | 2 | 235-239 |
| 19 | 1/29/2014 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Amended Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 106] | 2 | 240-316 |
| 20 | 1/14/2014 | Preliminary Opposition to Debtor's Amended Motion to Convert Case; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 98] | 2 | 317-322 |
| 21 | 2/18/2014 | Notice of Lodgment of Order Denying Debtor Loren Miller's Amended Motion to Convert Case Under 11 U.S.C. §706(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 110] | 2 | 323-327 |
| 22 | 2/18/2014 | Notice of Lodgment of Order Denying Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 111] | 2 | 328-331 |
| 23 | 3/7/2014 | Appeal Deficiency Notice [Bankruptcy Case No. 9:13-bk-10313, Docket No. 121] | 2 | 332 |
| 24 | 1/22/2015 | Debtor-Appellant's Motion to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 [District Case No. 2:14-cv-01681-DOC, Docket No. 10] | 3 | 333-338 |
| 25 | 1/28/2015 | Order to Show Cause Why Case Should Not Be Dismissed for Lack of Prosecution [District Case No. 2:14-cv-01681-DOC, Docket No. 11] | 3 | 339-340 |
| 26 | 2/10/2015 | Debtor-Appellant's Cause Shown [District Case No. 2:14-cv-01681-DOC, Docket No. 12] | 3 | 341-345 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 27 | 4/9/2015 | Order Re: Dismissal for Failure to Prosecute [District Case No. 2:14-cv-01681-DOC, Docket No. 16] | 3 | 346-347 |
| 28 | 4/24/2015 | Debtor-Appellant's Motion to Extend Times to File Brief – FRBP 8011(a) [District Case No. 2:14-cv-01681-DOC, Docket No. 17] | 3 | 348-360 |
| 29 | 5/13/2015 | Debtor-Appellant's Motion for Relief from Order – FRCP 60 [District Case No. 2:14-cv-01681-DOC, Docket No. 19] | 3 | 361-365 |
| 30 | 6/16/2015 | Debtor-Appellant's Opening Brief [District Case No. 2:14-cv-01681-DOC, Docket No. 22] | 3 | 366-377 |
| 31 | 6/16/2015 | Debtor-Appellant's Motion to Withdraw Reference for Cause – 28 U.S.C. § 157(d) [District Case No. 2:14-cv-01681-DOC, Docket No. 21] | 3 | 378-381 |
| 32 | 6/29/2015 | Opening Brief of Appellee Jeremy W. Faith, Chapter 7 Trustee [District Case No. 2:14-cv-01681-DOC, Docket No. 23] | 3 | 382-405 |
| 33 | 9/15/2015 | Debtor-Appellant's Reply Brief [District Case No. 2:14-cv-01681-DOC, Docket No. 33] | 3 | 406-419 |
| 34 | 1/20/2016 | Order [Ninth Circuit Case No. 16-55032, Docket No. 6] | 3 | 420-421 |
| 35 | 2/16/2016 | Appellant's Cause Shown [Ninth Circuit Case No. 16-55032, Docket No. 8] | 3 | 422-427 |
| 36 | 4/7/2016 | Appellee's Response to Appellant's Cause Shown Re: Jurisdiction of Appellate Court [Ninth Circuit Case No. 16-55032, Docket No. 10] | 3 | 428-436 |
| 37 | 5/2/2016 | Order [Ninth Circuit Case No. 16-55032, Docket No. 11] | 3 | 437-438 |
| 38 | 6/18/2013 | Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors [Bankruptcy Case No. 9:13-bk-10313, Docket No. 54] | 3 | 439-442 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 39 | 3/19/2014 | Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate [Bankruptcy Case No. 9:13-bk-10313, Docket No. 124] | 3 | 443-444 |
| 40 | 7/5/2016 | Appellant's Informal Opening Brief | 3 | 445-453 |
| 41 | 6/12/2015 | Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Loren Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) [Adversary Case No. 9:13-ap-01133, Docket No 71] | 3 | 454 |
| 42 | | Docket as of August 1, 2016 of Bankruptcy Case No. 9:13-bk-10313-PC | 3 | 455-484 |

DATED:  August 1, 2016                MARGULIES FAITH, LLP

                                        /s/ Meghann Triplett
                            _____
                                Meghann A. Triplett, Esq.
                                Noreen A. Madoyan, Esq.
                                Attorneys for Jeremy W. Faith,
                                    Chapter 7 Trustee

TAB 10

Loren Miller, Debtor *pro se*[1]
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226
Sarah Miller, Debtor *pro se*
702 Whitecap Drive
Seabrook, TX 77586
281-339-7244



**FILED**

NOV 2 6 2013

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                         Deputy Clerk

### UNITED STATES BANKRUPTCY COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 9:13-bk-10313-RR |
| LOREN MILLER, | Chapter 7 |
| Debtor. | *Conversion to Chapter 11 pending* |
| SARAH MILLER, | |
| Debtor. | DEBTORS' MOTION TO TRANSFER VENUE - RULE 1014; 28 U.S.C.A. § 1412 |
| | *No Oral Argument Requested* |

We move this court to transfer venue from this court to the United States

Bankruptcy Court for the Southern District of Texas, Houston Division.  This motion is

based on the case record and:

    **1.** Rule 1014(a) gives this court authority to "transfer the case to any other district

**if the court determines that the transfer is in the interest of justice or for the**

**convenience of the parties.**"[2]

---

1 Mr. Taus has been terminated as our attorney as of Friday, November 22; *see also* 28
   U.S.C.A. § 1654.  Also please note our updated contact information
2 The bankruptcy court "in the interests of justice" may even *sua sponte* transfer an
   action related to a bankruptcy proceeding. *See In re Donald*, 328 B.R. 192, 198 (B.A.P.
   9th Cir. 2005); please note our added emphasis in all quoted text is in boldface unless
   we state otherwise

Page 1 of 4 - MOTION TO TRANSFER VENUE

TAB 10                                     Page 69

**2.** 28 U.S.C.A. § 1412 provides "A district court may transfer a case or proceeding under title 11 to a district court for another district, **in the interest of justice or for the convenience of the parties.**" The Ninth Circuit has said:

> "**the ultimate § 1412 analysis, which entails a balancing of due process concerns** of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case. While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in interest, **the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court.**"[3]

**3.** We have previously informed this court and the other parties we have been forced by necessity to move to Seabrook, Texas, a distance of nearly 1,600 miles from this court, and that it is a substantial hardship on us every time we are required to personally attend any proceeding, including the creditors' meetings and hearings, in Los Angeles.[4]

**4.** The only qualification for the transfer is this court's determination according to Rule 1014, or the district court's ruling this transfer is justified "in the interest of justice **or** for the convenience of the parties." We are not aware of any other party in interest with either domicile or principal place of business within this court's district. There is sure to be a U.S. Trustee in the United States Bankruptcy Court for the Southern District of Texas. All other parties are participating by attorney, not in person. We are certain the Houston area attorneys are as eager for their business as Los Angeles area

---

3  *See In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005)

4  *See* docket #41, our notice we have changed our domicile; *see also* PACER, beginning @ *Case 9:13-bk-10313-RR Doc 65 Filed 08/15/13 Entered 08/15/13 13:17:52 Desc Main Document Page 25 of 65* through *Page 60 of 65*

Page 2 of 4 - MOTION TO TRANSFER VENUE

TAB 10                                    Page 70

attorneys.

**5.** Because we seek transfer only to another bankruptcy court there could not be any law favoring any party over any other in the Texas court.[5]

**6.** Another consideration for transferring venue "for the convenience of the parties" is the common-law doctrine of *forum non conveniens*.[6] The Ninth Circuit has said in considering a motion to transfer for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, **case-by-case consideration of convenience and fairness**."[7] The U.S. Supreme Court described "the interests which bear on *forum non conveniens* decision" as "**most notably the convenience to the parties** and the practical difficulties that can attend the adjudication of a dispute in a certain locality."[8]

*IN CONCLUSION*, we submit this court should transfer venue first "for the convenience of the parties," with "in the interest of justice" as the alternative basis for ordering this transfer.[9]

---

5  *See* our federal Constitution, Article I, § 8, clause 4, which provides that Congress shall have power "To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."

6  "[Latin "an unsuitable court"] *Civil procedure.* The doctrine that an appropriate forum — even though competent under the law — may divest itself of jurisdiction **if, for the convenience of the litigants and the witnesses, it appears that the action should proceed in another forum** in which the action might also have been properly brought in the first place." - Black's Law Dictionary, Eighth Edition, page 680

7  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)

8  *Quackenbush v. Allstate Ins. Co.*, 517 US 706, 723 (1996)

9  Another authority for doing so is found in Rule 1001: "These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

Page 3 of 4 - MOTION TO TRANSFER VENUE

TAB 10                    Page 71

## RELIEF SOUGHT

This court's finding our domicile is in Texas and this court is an inconvenient forum for the purposes of transfer, then an order transferring this case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

We make this motion in good faith and not for any improper purposes, such as needless delay or extraordinary expense for the other parties in interest.

We expressly reserve the right to amend or supplement this Motion if we believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion. We also expressly invoke FRBP 1001 to apply to this and all our written submissions to this court.

*Submitted with all rights reserved on November 25, 2013*

Loren Miller, Debtor *pro se*

Sarah Miller, Debtor *pro se*

Page 4 of 4 - MOTION TO TRANSFER VENUE

TAB 10                                          Page 72

TAB 11

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Loren Miller, Debtor pro se<br>600 E. Medical Center Blvd. #1509<br>Webster, TX 77598<br>281-467-8226<br>Sarah Miller, Debtor pro se<br>702 Whitecap Drive<br>Seabrook, TX 77586<br>281-339-7244 | **FILED**<br>**NOV 2 6 2013**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |

☒ *Individual appearing without attorney*
☐ *Attorney for:*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| In re:<br>Loren Miller<br>Sarah Miller<br><br><br><br><br>Debtor(s). | CASE NO.: 9:13-bk-10313-RR<br>CHAPTER: 7<br><br><br>**DEBTOR'S MOTION TO CONVERT CASE<br>UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** |
|---|---|

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1.  Debtor hereby moves this court for an Order converting the above chapter _7_ case to a case under chapter _11_ on the grounds set forth below:

2.  **Filing Information:**

    a.  ☒ A Voluntary Petition under chapter    ☒ 7   ☐ 11   ☐ 12   ☐ 13   was filed on: _02/07/2013_

    b.  ☐ An Involuntary Petition under chapter    ☐ 7   ☐ 11   was filed on: _____
        ☐ An Order of Relief under chapter    ☐ 7   ☐ 11   was entered on: _____

    c.  ☐ An Order of Conversion to chapter    ☐ 7   ☐ 11   ☐ 12   ☐ 13   was entered on: _____

    d.  ☐ Other *(specify):* _____
        _____
        _____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1          **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 11                                                                                          Page 73

3. **Procedural Status**

    a.  Name of trustee appointed *(if any)*:  Jeremy W. Faith

    b.  Name of attorney of record for trustee *(if any)*:  The Margulies Law Firm

4. Debtor alleges that this case has not been previously converted.

5. Debtor alleges that the motion is filed in good faith, and that Debtor is eligible for relief under the chapter for which conversion is requested.

WHEREFORE, Debtor prays that this court issue an Order (the form of which is submitted herewith and has been served) converting this case from one under chapter  7   to a case under chapter  11 .

Date:  11/25/2013

Respectfully submitted,

_____
Printed name of law firm

_____ *pro se*
Signature

_____
Printed name of Debtor/trustee

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 2            **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 11                                                          Page 74

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

600 E, Medical Center Blvd., 1509
Webster, TX , TX 77598

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION TO CONVERT CASE UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _11/25/2013_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street - Courtroom 201
Santa Barbara, CA 93101

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/25/2013 | Loren Miller | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 3              **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 11                          Page 75

Main Document page 4 of 5

Loren Miller

702 Whitecap Drive

Seabrook, TX 77586

Allen B Cooper
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd
9th Floor
Beverly Hills, CA 90212


Andrew D. Geller
3297 Woodbine Street
Los Angeles, CA 90060


Cam Farenbach, Ketan D Hhirod
Lionel, Sawyer and Collins
300 South Fourth Street, Ste 1700
Las Vegas, NV 89101


Eric R Olson, ESQ.
Kenneth E Hogan, ESQ.
3960 Howard Hughes Parkway
9th Floor
Las Vegas, NV 89109


GULF NATIONAL, 6 LLC,
A Louisiana Limited Liability Co.
300 South Fourth Street, Ste 1700
Las Vegas, NV 89101


HILLS CENTER OFFICE 1, LLC
MOLINOS Prop, LLC, Andrew D Geller
an Ind, Loren Miller, Geller Trust
1510 Higuerra
San Luis Obispo, CA 93401


IndyMac Mortgage
6900 Beatrice Drive
Kalamazoo, MI 49009


San Luis Ambulance
PO Box 954
San Luis Obispo, CA 93406


Sierra Vista Regional Med Ctr.
1010 Murray St.
San Luis Obispo, CA 93401


SLO County Sheriff
Civil Enforcement Division
1050 Monterey Street
Room 236
San Luis Obispo, CA 93408

TAB 11                    Page 76

TAB 12

1 | CRAIG MARGULIES (State Bar No. 185925)
MEGHANN TRIPLETT (State Bar No. 268005)

2 | **MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470

3 | Encino California 91436
Telephone: (818) 705-2777

4 | Facsimile: (818) 705-3777
Email: Craig@MarguliesFaithLaw.com

5 | Email: Meghann@MarguliesFaithLaw.com

6 | Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8 | **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9 | **NORTHERN DIVISION**

10

11 | In re

Case No.: 9:13-bk-10313-RR

12 | LOREN MILLER and SARAH MILLER,

Chapter: 7

13 | Debtors.

Adv. No.: 9:13-ap-01133-RR

14 | **OPPOSITION OF JEREMY W. FATIH,
CHAPTER 7 TRUSTEE, TO DEBTOR**

15 | **LOREN MILLER'S MOTIONS TO
TRANSFER VENUE TO SOUTHERN**

16 | **DISTRICT OF TEXAS; REQUEST FOR
HEARING; AND DECLARATIONS IN**

17 | JEREMY W. FAITH, Chapter 7 Trustee,    **SUPPORT THEREOF**

Plaintiff,

18 | **Hearing**
Date:    TBD

19 | vs.    Time:    TBD
Place:    Courtroom 201

20 | LOREN MILLER AND SARAH MILLER,    1415 State Street
Santa Barbara, CA 93101

21 | Defendants.

22

23

24

25

26

27

28

TAB 12                                    Page 77

1
2

**TABLE OF CONTENTS** **Page**

3
I.   SUMMARY OF ARGUMENT ..................................................................1

II.   RELEVANT BACKGROUND ..................................................................2

   A.   341(a) Meeting of Creditors.............................................................3

   B.   Debtor's First Conversion Motion (Chapter 13) ..............................4

   C.   Trustee's Turn Over Motion ............................................................4

   D.   Trustee's Complaint to Deny Debtor's Discharge...........................6

   E.   Turn Over of Undisclosed Stock .....................................................7

III.   LEGAL ANALYSIS ...............................................................................9

   A.   The Transfer Motion is Untimely ..................................................10

   B.   The Transfer Motion is Not in the Interests of Justice .................11

   C.   The Transfer Motion is Not in the Convenience of the Parties ....12

V.   CONCLUSION ...................................................................................13

DECLARATION OF JEREMY W. FAITH ........................................................14

i

TAB 12                                    Page 78

# TABLE OF AUTHORITIES

## CASES                                                                 Page

Blagg v. Miller (In re Blagg),
    223 B.R. 795, 802 (10th Cir. BAP 1998) ............................................... 10

Commonwealth Oil Refining,
    596 F.2d at 1247 ....................................................................................... 12

In re Consolidated Equity Properties,
    136 B.R. 261, 267 (D.Nev.1991) .............................................................. 12

In re Custom Builders of Steamboat, Inc.,
    349 B.R. 39, 42 (Bankr.D.Idaho 2005) ................................................ 9, 10

In re Deabel, Inc.,
    193 B.R. 739, 743 (Bankr.E.D.Pa.1996) ................................................. 11

In re Donald,
    328 B.R. 192, 204 (9th Cir.BAP 2005) ..................................................... 10

In re Enron,
    274 B.R. 327, 342 (Bankr.S.D.N.Y. 2002) .............................................. 10

In re Enron Corp.,
    284 B.R. 376, 403 (Bankr.S.D.N.Y.2002) ............................................... 10

In re Lebbos,
    439 BR 154, 163 (E.D. Cal. 2001) ....................................................... 1, 11

In re Kona Joint Venture I, Ltd.,
    62 B.R. 169, 172 (Bankr.D.Haw.1986) .................................................... 10

In re Pickett,
    330 B.R. 866, 871 (Bankr.M.D.Ga.2005) ................................................ 10

In re Pinehaven Assoc.,
    132 B.R. 982, 990 (Bankr.E.D.N.Y.1991) ............................................... 11

In re Slentz,
    94 B.R. 446, 449 (Bankr.N.D.Ohio 1988) ............................................... 13

In re Thomasson,
    60 B.R. 629 (Bankr.M.D.Tenn.1985) ....................................................... 13

Manville Forest Prods.,
    896 F.2d at 1391 ................................................................................. 11, 12

Sudbury, Inc. v. Dlott,
    149 B.R. 489, 492 (Bankr.N.D.Ohio 1993) .............................................. 12

ii

TAB 12                                                    Page 79

**<u>STATUES</u>**                                                                        **Page**

11 U.S.C. § 101 *et seq.* ...........................................................................2, 14

11 U.S.C. § 109(e)...............................................................................4, 16

11 U.S.C. § 341(a)........................................................................3, 12, 15

11 U.S.C. § 727 *et seq.* .......................................................................6, 18

11 U.S.C. § 1112(a)...........................................................................9, 20

28 U.S.C. § 1406(b)................................................................................11

28 U.S.C. § 1408(1)..................................................................................9

28 U.S.C. § 1409(a)................................................................................11

28 U.S.C. § 1412 ...............................................................9, 10, 11, 12, 20

Federal Rule of Bankruptcy Procedure 1014......................................9, 10, 20

Federal Rule of Bankruptcy Procedure 1014(a)(1) ........................................9

iii

TAB 12                                                                      Page 80

**TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; AND ALL PARTIES IN INTEREST:**

Jeremy W. Faith, Chapter 7 Trustee herein (the "Trustee") hereby submits this omnibus opposition to the motions of Loren Miller, Chapter 7 debtor[1] (the "Debtor") in the above-captioned case (the "Case") to transfer venue to the Southern District of Texas, Houston Division (the "BK Transfer Motion," Dkt. No. 78) and the identical motion filed by Debtor in the pending adversary proceeding no. 9:13-ap-01133-RR ("Adv. Transfer Motion," Adv. Dkt. No. 16) (collectively referred to herein as the "Transfer Motion").

**I.**

**<u>SUMMARY OF ARGUMENT</u>**

In this Case, the Debtor, as the moving party, must show by a preponderance of the evidence that another venue is more convenient to all the parties or that the transfer would be in the interest of justice.  Mr. Miller cannot meet this burden and the Transfer Motion should be denied on the following grounds:

First, Debtors have engaged in a pattern of delay, interference, and bad faith in this Case and transfer of this Case to Texas would only cause further expense and delay to the Estate's creditors.  There are orders of this Court requiring turnover of assets reflecting the pattern of delay, intentional interference and bad faith.  The Trustee has a pending Adversary Proceeding against the Debtors seeking to deny the Debtors' discharge due to such pre- and post-petition bad faith actions.[2]

Second, Debtors elected to file their voluntary bankruptcy petition in the Central District of California and filing in their chosen venue operates as a waiver of Debtors' right to object to venue in the bankruptcy proceeding.  *In re Lebbos*, 439 BR 154, 163

///

---

[1] Co-Debtor Sarah Miller is not a signatory to the Motion.

[2] See the Court's order requiring the turnover of $182,000 (Dkt. No.54).  Just this week, the Trustee received bank documents reflecting, among other things, a 2012 tax refund that is property of the estate that has not disclosed nor turned over and other undisclosed income that conflicts with Debtors' prior testimony that such income was not being received.

1

TAB 12                                                    Page 81

1  (E.D. Cal. 2001) (finding that by voluntarily filing a bankruptcy petition in a chosen venue,

2  a debtor waives the right object to that venue).

3      Third, the Transfer Motion is untimely as it was brought more than ten months

4  after the Petition Date and after substantial work has been incurred by the Trustee and

5  his counsel to recover significant assets on behalf of the Estate against the total lack of

6  cooperation of the Debtors.

7      Fourth, co-Debtor Sarah Miller has retained new bankruptcy counsel solely for

8  herself, and not with co-Debtor Loren Miller.  Her new bankruptcy counsel is Robert E.

9  Hurlbett, Esq., of Hurlbett & Olmstead, located in this Court's jurisdiction at 3324 State

10  Street, Suite O, Santa Barbara, California 93105.  Mrs. Miller did not join in the Transfer

11  Motion, and the Trustee is informed, based upon communications with Mr. Hurlbett, that

12  Sarah Miller opposes this Transfer Motion.

13      Finally, transfer of the Case is not in the interests of justice and will prejudice

14  unsecured creditors who stand to receive a dividend from the administration of assets by

15  the Trustee.

16      Based upon the foregoing and as further detailed below, the Debtor's Transfer

17  Motion to transfer venue should be denied, and the Court should issue any other and

18  further relief that the Court deems just and proper.  In the alternative that the Court does

19  not simply deny the Transfer Motion, the Trustee requests a hearing thereon.

20  **II.**

21  **RELEVANT BACKGROUND**

22      The Debtors commenced their bankruptcy case by filing a voluntary petition for

23  relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* of the United States Code (the

24  "Bankruptcy Code") on February 7, 2013 ("Petition Date").  Jeremy W. Faith was

25  subsequently appointed as the duly qualified and acting trustee of the Debtors'

26  bankruptcy estate in which capacity he continues to serve.

27  ///

28  ///

2

TAB 12    Page 82

1  The Case has been pending for more than ten months before this Court and the

2  Trustee has engaged in significant work to recover assets on behalf of the Estate

3  including the recovery of over $212,268.59 in cash for the benefit of creditors.

4  The Trustee continues, through the assistance of counsel, to recover additional

5  assets on behalf of the Estate, including but not limited to, the continued investigation of

6  undisclosed personal property assets, recovery of transferred cash, and the liquidation of

7  the Debtors' non-exempt interest in certain life insurance policies held by Principal

8  Financial Life Insurance.

9  On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to file any

10  schedules or other documents.  On February 21, 2013, Debtors filed their Summary of

11  Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small Business

12  Monthly Operating Report for filing period, Declaration concerning debtors' schedules,

13  Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor,

14  Declaration of attorneys limited scope of appearance, Debtor's Certification of

15  Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test

16  Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement

17  of related cases (Dkt. No. 11).

18  The Debtors' Original Schedule B disclosed $182,000 in cash on hand held by the

19  Debtors as of the Petition Date (the "Cash").

20  **A.  <u>341(a) Meeting of Creditors</u>**

21  Debtors' initial Section 341(a) meeting of creditors was held on March 18, 2013.

22  Debtors failed to appear for their examination.  Debtors failed to appear at four additional

23  continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20, 2013, and

24  June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single Section

25  341(a) meeting of creditors, or produce any documents to the Trustee.

26  Ultimately, the Court issued an Order requiring the appearances of the Debtors at

27  the July 20, 2013 meeting of creditors and all further continued meetings of creditors

28  (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013 meeting ("July

1
2

20 Meeting").  However, Debtor Loren Miller has again failed to appear at a required meeting of creditors on November 18, 2013 in violation of this Court's Order.[3]

3

### B. **Debtor's First Conversion Motion (Chapter 13)**

4
5
6
7
8
9
10
11
12
13
14

On April 4, 2013, the Trustee sent Debtors a letter demanding turnover of the nonexempt Cash in the Debtors' possession.  In response, on April 5, 2013, the Debtors filed a Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to Chapter 13").  On April 10, 2013, the Trustee filed his *Opposition and Request for Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W. Faith in Support Thereof* ("Opposition," Dkt. No. 18).  The Debtors were not ineligible for relief under Chapter 13 pursuant to 11 U.S.C. § 109(e).  The Trustee also highlighted the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a delay tactic.  The Trustee was forced to file the Opposition, and on June 4, 2013, less than one week prior to the scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to Convert to Chapter 13 (Dkt. No. 40).

15

### C. **Trustee's Turn Over Motion**

16
17
18
19
20
21
22
23

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the Cash but again received no response.  On May 15, 2013, the Trustee was forced to file a Motion for Turnover of the Cash; and Directing Debtors to Appear at the Meeting of Creditors (the "Turnover Motion," Dkt No. 31).  A hearing on the Turnover Motion was held on June 11, 2013.  On June 18, 2013, the Court entered an Order granting the Turnover Motion in its entirety (the "Turnover Order," Dkt No. 54).  A true and correct copy of the Turnover Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

24
25
26

The Turnover Order required that the Debtors on or before June 23, 2013, turn over to the Trustee the $182,000 in Cash as listed on Schedule B.  Although specifically ///

27
28

---

[3] Co-Debtor Sarah Miller reached an agreement with the Trustee prior to the continued November 18, 2013 meeting and her appearance was excused by the Trustee.

1  directed by the Court to comply with the Trustee's requests pursuant to the Turnover

2  Order, Debtors refused for many months to fully comply with the turnover.

3      On July 12, 2013, eighteen days after the deadline set forth in the Turnover Order

4  and numerous demands[4] for turnover by Trustee's counsel, the Trustee received a

5  cashier's check in the amount of $101,731.00 from the Debtors along with a one page

6  accounting (the "Accounting") of how they used up $68,000 of the Cash in the

7  approximate five months since the Petition Date.  A true and correct copy of the letter

8  from Mr. Taus on behalf of Debtors dated July 11, 2013 and attached one-page

9  Accounting is attached hereto as **Exhibit B** and incorporated herein by this reference.

10     The Accounting reflects payments for the following during the period of January

11  2013 through March 2013 from the $182,000 in Cash ordered to be turned over by the

12  Court:

13  - $12,040 – Mortgage payments on Debtors' Las Vegas home
    - $7,200 – Rent for their home in California
14  - $5,025 – Rent and Deposit for Debtors' new home in Texas
    - $13,984.00 – Paid to Moving Company for move from California to Texas
15  - $3,000 – Moving travel expenses
    - $2,232 – Medical insurance premiums
16  - $2,000 – Food and gas
    - $145 – Car registration California
17  - $207 – Car registration Texas
    - $976 – Cell phones
18  - $949 – Replace water heater in Las Vegas Home
    - $440 – Replace refrigerator module
19  - $585 – Car insurance
    - $800 – Utilities (average $200 month)
20  - $5,800 – payments to Lawyer Taus
    - $3,800 – payments to Lawyer Sachs
21  - $10,000 – Car purchase (daughter)

22     Subtotal: $68,863.00

23  *See* Exhibit B.  Other than the "Accounting," the Debtors failed to provide any bank

24  records or documentary evidence to support these unauthorized expenditures from the

25  Cash.  These expenditures were unauthorized and do not excuse the Debtors from

26  ///

27  _____

28  [4] True and correct copies of the demand letters relating to the turnover sent by Trustee's counsel to the Debtors are attached hereto as **Exhibit C** and incorporated herein by this reference.

1    complying with this Court's Turnover Order in its entirety and returning the full $182,000

2    to the Estate.

3        On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of

4    Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph

5    18, listed the Debtors' interest in three previously undisclosed limited liability companies.

6        On August 26, 2013, counsel for the Trustee sent Debtors, through their counsel

7    Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and

8    requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of

9    the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by

10   this reference.

11       As detailed below, just recently in November 2013, Co-Debtor Sarah Miller, by

12   and through communications with her new counsel, has sought to cooperate with the

13   Trustee and she has turned over certain cash items.  Co-Debtor Loren Miller still remains

14   recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code,

15   or any requests by the Trustee and his counsel.

16   **D.  Trustee's Complaint to Deny Debtors' Discharge**

17       On or about August 15, 2013, the Trustee filed a Complaint against Debtors for

18   Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-

19   01133-RR (the "Discharge Adversary Proceeding").

20       On October 16, 2013, Debtors filed an Answer to the Discharge Adversary

21   Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set

22   for a pre-trial conference on February 25, 2014 at 11:00 a.m.

23       As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller

24   retained new counsel in the Discharge Adversary Proceeding and entered into

25   discussions regarding cooperation with the Trustee in the administration of this Case and

26   possible settlement of outstanding issues in the Case and Discharge Adversary

27   Proceeding as to Sarah Miller.

28   ///

E. __Turn Over of Undisclosed Stock__

On or about November 15, 2013, Sarah Miller disclosed to the Trustee (through her new counsel) a stock account not previously disclosed by the Debtors.  The Trustee and Sarah Miller (by and through counsel) arranged for the liquidation and turnover of this undisclosed stock holdings account at the Bank of Montreal, Quebec (the "Stock Holdings").  The value of the Stock Holdings as of November 12, 2013 was $31,269.35.  Sarah Miller agreed to and has now liquidated and turned over the liquidated balance of the Stock Holdings account to the Trustee.

Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe Miller Bank Account").  The balance of the Zoe Miller Bank Account as of November 13, 2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule B.  The funds in the Zoe Miller Bank Account were also ordered by the Court to be turned over to the Trustee as part of the Cash pursuant to the Turnover Order.  On or about November 18, 2013, pursuant to the Trustee's communications with Sarah Miller through her new counsel in the Discharge Adversary Proceeding, the Trustee received a wire transfer of $76,145.45.[5]

The Trustee's investigation has also revealed that the Debtors knowingly significantly undervalued their personal property on their bankruptcy schedules in an apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding the liquidation of their assets for the benefit of creditors.  Notably, the Debtors failed to disclose all entities in which they have an ownership interest in, including but not limited to First Star Associates, Inc ("First Star").

---

[5] Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B and required to be turned over by this Court's Turnover Order, there is no explanation for the additional $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to the Trustee.  Furthermore, the Trustee is still in the process of obtaining all of Debtors bank records to confirm all pre-petition cash and bank accounts were disclosed and accounted for.

1     On July 29, 2013, in response to the Trustee's request for documents and

2  additional information on First Star which was brought to light at the July 20 Meeting, Mr.

3  Taus, on behalf of Debtors, sent a letter to the Trustee, detailing the Debtors' interest in

4  First Star among other allegedly defunct corporate entities of the Debtors.  A true and

5  correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is

6  incorporated herein by this reference.  The July 29th letter provides as follows:

7           d.  First Star Associates, Inc.  – Status Revoked – Owned
            50% -- Services only corporation that never owned anything.
8           Closed after Las Vegas real estate collapse.  No tax returns
            (more than 5 years old).
9

10    First Star is not listed as an asset on the Debtors' amended bankruptcy schedules

11 (Dkt. No. 64).

12    On or about October 17, 2013, the Trustee received copies of the First Star bank

13 statements and cancelled checks from Bank West of Nevada in response to a subpoena

14 issued by the Trustee after it was discovered that an active bank account existed for

15 First Star and that Debtor Loren Miller was writing checks from this account for his own

16 personal benefit.  True and correct copies of the First Star bank records received by the

17 Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

18 Records").

19    The First Star Bank Records reflect that Mr. Miller has been using a bank account

20 in the name of First Star solely for his own personal benefit for at least the two years

21 preceding the Petition Date.  Furthermore, the First Star Bank Records show that the

22 account had at least $24,612.63 in it as of the Petition Date and had as much as

23 $44,086.94 in September 2012.  The Trustee believes that these funds are additional

24 undisclosed monies, which are separate from the Cash disclosed on Schedule B and

25 ordered by the Court to be turned over to the Trustee.  The First Star Bank Records also

26 reflect that the Debtors changed the address on the bank account to their new personal

27 address in Texas.  This is directly at odds with the Debtors' testimony at the July 20

28 Meeting that Debtors did not have knowledge of any monies in the First Star Bank

1   Account and did not control the account.  Furthermore, the Nevada corporate records for

2   First Star do not show any other members or offices and reflect that the capital amount

3   for the corporation's 25,000 shares was $0.00.  A true and correct copy of the First Star

4   business entity detail from the Nevada Secretary of State Website is attached hereto as

5   **Exhibit F.**

6        On November 26, 2013, Debtor Loren Miller (pro se) filed the a form Notice of

7   Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. § 1112(a)

8   ("Motion to Convert," Dkt. Nos. 79 and 80).  The Trustee is concurrently filing an

9   opposition to the Motion to Convert.

10       Mr. Miller also filed Motions to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 to

11  the Southern District of Texas, Houston Division in both the Case ("BK Transfer Motion,"

12  Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas, Houston

13  Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv. Dkt. No.

14  16) (collectively, referred to herein as the "Transfer Motion").

15       Co-Debtor Sarah Miller is not a signatory to the instant Transfer Motion or the

16  Motion to Convert.  The Trustee is informed and believes that Sara Miller opposes both

17  of these motions.

18                                   **III.**

19                            **LEGAL ANALYSIS**

20       It is undisputed that Venue is proper before this Court.[6]  Nevertheless, section

21  1412 of title 28 allows the transfer of a case properly filed in one district to another

22  district if, upon a "timely motion" and after notice and a hearing, the Court determines

23  that the transfer "is in the interest of justice or for the convenience of the parties."  28

24  U.S.C. § 1412; Fed. R. Bankr.P. 1014(a)(1); *In re Custom Builders of Steamboat, Inc.*,

---

25          [6] Venue for a bankruptcy case is proper in the district court for the district-
                    (1) in which the domicile, residence, principal place of business in the
26              United States, or principal assets in the United States, of the person or
                entity that is the subject of such case have been located for the one
27              hundred and eighty days immediately preceding such commencement . . .
    28 U.S.C. § 1408(1).  There is no dispute that Venue is proper before this Court.
28

1    349 B.R. 39, 42 (Bankr.D.Idaho 2005).  The analysis of the combination of "interest of

2    justice" and "convenience of parties" under § 1412 and Rule 1014 is fact specific to each

3    case and necessarily requires the exercise of discretion based on the totality of the

4    circumstances.  *In re Donald*, 328 B.R. 192, 204 (9th Cir.BAP 2005).  The party that

5    seeks to transfer venue bears the burden of showing by a preponderance of evidence

6    that the transfer is appropriate.  In re Enron, 274 B.R. 327, 342 (Bankr.S.D.N.Y. 2002);

7    *In re Kona Joint Venture I, Ltd.*, 62 B.R. 169, 172 (Bankr.D.Haw.1986).  The resolution of

8    an issue of venue is left to the sound discretion of the trial court, but the power of the

9    court to transfer venue should be exercised cautiously. *Id.* (Citations omitted).  Several

10   non-exclusive factors, which generally amounts to a totality-of-circumstances analysis,

11   are to be considered: (1) proximity of creditors to Court; (2) proximity of debtor to Court;

12   (3) proximity of witnesses necessary to administration of the estate; (4) location of

13   assets; (5) economic and efficient administration of the case; (6) need for further

14   administration if liquidation ensues. *In re Donald*, 328 B.R. at 204. *See also Custom*

15   *Builders of Steamboat, Inc.*, 349 B.R. at 42; *In re Kona Joint Venture I, Ltd.*, 62 B.R. at

16   172.

17   **A. <u>The Transfer Motion is Untimely</u>**

18       The Transfer Motion is untimely as this Case has been pending for more than ten

19   months and he Trustee and his counsel have undertaken a substantial amount of work

20   to recover assets on behalf of creditors of the Estate despite Debtors' lack of

21   cooperation.[7]  Transfer of the Case at this juncture would only cause further delay and

22   administrative expense.  *Blagg v. Miller (In re Blagg),* 223 B.R. 795, 802 (10th Cir. BAP

23   1998) ("If the transfer would result in fragmentation or duplication of administration,

24   increase expense, or delay closing of the estate, such a factor would bear on the

25   timeliness of the motion.") (citation omitted); *In re Pickett,* 330 B.R. 866, 871

26   (Bankr.M.D.Ga.2005) (finding that United States Trustee's motions to transfer or dismiss

27
28   [7]  "What constitutes timely filing of such a motion is not governed by a statutory or rule definition; whether
     a motion to change venue has been timely filed depends on the facts and circumstances presented in the
     particular case."  *Blagg v. Miller (In re Blagg),* 223 B.R. 795, 802 (10th Cir. BAP 1998) (citations omitted).

1   debtors' bankruptcy cases for improper venue were untimely where there were

2   sufficiently substantial developments in the cases); *In re Deabel, Inc.,* 193 B.R. 739, 743

3   (Bankr.E.D.Pa.1996)(finding that if "a party has submitted itself to the jurisdiction of the

4   court by litigating a matter of substance, or if substantial developments have transpired

5   in the case in general, ... waiver of an objection to venue could be found.").

6       Moreover, notwithstanding the bad faith of the Debtors in this Case and the

7   untimeliness of the Transfer Motion, at least one court has determined that by voluntarily

8   filing a bankruptcy petition in a chosen venue, a debtor waives the right object to that

9   venue. *In re Lebbos, supra*, 439 B.R. 154 at 163. Debtors voluntarily filed their initial

10  bankruptcy petition in the Central District of California. The filing of the petition in the

11  chosen venue operates as a waiver of Debtors' right to object to alleged improper venue

12  in the bankruptcy proceeding. *See* 28 U.S.C. § 1406(b). Further, proceedings related to

13  the initial bankruptcy case are proper in the district court in which the bankruptcy case is

14  proceeding. 28 U.S.C. § 1409(a). Therefore, adjudication of the Discharge Adversary

15  Proceeding before this Court is also proper.

16      **B.  The Transfer Motion is Not in the Interests of Justice**

17      Transfer of this Case is not in the "interest of justice" as it would cause additional

18  expense, delay, and harm to the Estate's creditors. The "interest of justice" component

19  of § 1412 is a broad and flexible standard, requiring a case-by-case analysis and

20  contemplating a consideration of whether transferring venue would promote the efficient

21  administration of the bankruptcy estate, judicial economy, timeliness, and fairness.

22  *Manville Forest Prods.*, 896 F.2d at 1391; *In re Enron Corp.*, 284 B.R. 376, 403

23  (Bankr.S.D.N.Y.2002). This factor "encompasses, among other things, inquiry as to the

24  forum which facilitates the efficient, proper and expeditious functioning of the courts.

25  Although vague, this inquiry would include looking into the desirability of having a judge

26  familiar with applicable law hear and determine issues arising in the case." *In re*

27  *Pinehaven Assoc.*, 132 B.R. 982, 990 (Bankr.E.D.N.Y.1991). One court has noted, "so

28  far as appears, nearly every case that has considered transfer of a bankruptcy

1    proceeding has construed this phrase in section 1412 to give primacy to administrative

2    matters affecting the estate." *Sudbury, Inc. v. Dlott*, 149 B.R. 489, 492 (Bankr.N.D.Ohio

3    1993) (*citing Manville Forest Prods.,* 896 F.2d at 1384)).

4        As outlined above, for more than ten months, Debtors have engaged in a pattern of

5    delay, interference, and bad faith in this Case, including a prior attempt at conversion of

6    the Case to Chapter 13 and the pending Motion to Convert the Case to Chapter 11.  The

7    Trustee has substantial evidence that the Debtors have concealed, depleted, and

8    intentionally undervalued assets of the Estate and are not eligible to be debtors in

9    possession.  To date, among other things, the Debtors have failed to fully comply with

10   the Court's Order on the Trustee's Motion for Turnover ("Turnover Order," Dkt. No. 54).

11   The Trustee was also forced to obtain a court order compelling the Debtors to appear at

12   their section 341(a) meeting of creditors and recently Debtor improperly failed to appear

13   at a continued 341(a) meeting, failed to file complete and accurate bankruptcy

14   schedules, failed to provide the Trustee with certain requested documents, and

15   intentionally concealed property of the Estate.  Moreover, the Trustee is informed that

16   the Debtors are now separated and that co-debtor Sarah Miller is not a signatory to the

17   Transfer Motion in this Case or the Discharge Adversary Proceeding and that she

18   opposes both motions and requests that they be denied.

19       **C. The Transfer Motion Is Not In the Convenience of the Parties**

20       In considering the convenience of the parties, courts may take into account: (1)

21   the proximity of creditors of every kind to the court; (2) the proximity of the bankrupt

22   (debtor) to the court; (3) the proximity of the witnesses necessary to the administration of

23   the estate; (4) the location of the assets; (5) the economic administration of the estate;

24   and (6) the necessity for ancillary administration if bankruptcy should result.

25   *Commonwealth Oil Refining*, 596 F.2d at 1247.  However, "the most important

26   consideration is whether the requested transfer would promote the economic and

27   efficient administration of the estate." *Id.*; *see also In re Consolidated Equity Properties*,

28   136 B.R. 261, 267 (D.Nev.1991).  Additionally, the Court should consider any local

1  interests which argue in favor of retaining jurisdiction. *In re Slentz*, 94 B.R. 446, 449

2  (Bankr.N.D.Ohio 1988) (*citing In re Thomasson*, 60 B.R. 629 (Bankr.M.D.Tenn.1985)).

3      The economic administration of the estate weighs heavily in favor of denying the

4  Transfer Motion and retaining the Case because of the Trustee's substantial work and

5  substantial administrative expenditures.  Bringing a new trustee up to speed would be

6  expensive and duplicative for the Estate.  Moreover, none of the factors considered by

7  the courts weigh in favor of the Debtor who has acted in extreme bad faith and appears

8  to be motivated by causing further delay and expense in this Case.

9      Co-Debtor Sarah Miller's new counsel is in fact located in this jurisdiction, Santa

10  Barbara, California.

11                                    **IV.**

12                               <u>**CONCLUSION**</u>

13      Based upon the foregoing, the Trustee respectfully requests that this Court deny

14  the Motion to Transfer Venue to the Southern District of Texas, and enter any other and

15  further relief that the Court deems just and proper.

16

17  DATED: December 10, 2013            MARGULIES FAITH, LLP

18

19                                      By*:*   */s/ Meghann Triplett*
                                            Craig G. Margulies
20                                          Meghann Triplett
                                       Attorneys for Jeremy W. Faith, Chapter 7
21                                     Trustee

22

23

24

25

26

27

28

1

## DECLARATION OF JEREMY W. FAITH

2        I, Jeremy W. Faith, declare as follows:

3        1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the

4  bankruptcy estate of Loren Miller and Sarah Miller (the "Debtors").  I have personal

5  knowledge of the matters set forth herein and if called as a witness could and would

6  testify competently thereto.  This declaration is submitted in support of the foregoing

7  *Omnibus Opposition to Debtor Loren Miller's Motions to Transfer Venue to the Southern*

8  *District of Texas, Houston Division; Request for Hearing; and Declarations in Support*

9  *Thereof* (the "Opposition").  Defined terms in the Opposition shall have the same

10  meaning herein.

11        2.      I believe that Debtor's request to Transfer Venue in this Case and the

12  Discharge Adversary Proceeding to Texas is yet another bad faith tactic by the Debtor in

13  a misguided attempt to avoid complying with his statutory duties under the bankruptcy

14  code.

15        3.      The Debtors commenced their bankruptcy case by filing a voluntary

16  petition for relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* of the United States Code

17  (the "Bankruptcy Code") on February 7, 2013 ("Petition Date").  Thereafter, I was

18  appointed as the duly qualified and acting trustee of the Debtors' bankruptcy estate in

19  which capacity I continue to serve.

20        4.      The Case has been pending for more than ten months before this Court

21  and my counsel and I have engaged in significant work to recover assets on behalf of

22  the Estate including the recovery of over $212,286.59 in cash for the benefit of creditors.

23        5.      I continue, to investigate and recover additional assets on behalf of the

24  Estate, including but not limited to, the continued investigation of undisclosed personal

25  property assets, recovery of transferred cash, and the liquidation of the Debtors' non-

26  exempt interest in certain life insurance policies held by Principal Financial Life

27  Insurance.

28  ///

6.      On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to file any schedules or other documents.  On February 21, 2013, Debtors filed their Summary of Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small Business Monthly Operating Report for filing period, Declaration concerning debtors' schedules, Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor, Declaration of attorneys limited scope of appearance, Debtor's Certification of Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement of related cases (Dkt. No. 11).

7.      The Debtors' Original Schedule B disclosed $182,000 in cash on hand held by the Debtors as of the Petition Date (the "Cash").

8.      Debtors' initial Section 341(a) meeting of creditors was held on March 18, 2013.  Debtors failed to appear for their examination.  Debtors failed to appear at four additional continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20, 2013, and June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single Section 341(a) meeting of creditors, or produce any documents to me or my counsel.

9.      Ultimately, the Court issued an Order requiring the appearances of the Debtors at the July 20, 2013 meeting of creditors and all further continued meetings of creditors (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013 meeting ("July 20 Meeting").  However, Debtor Loren Miller has again failed to appear at a required meeting of creditors on November 18, 2013 in violation of this Court's Order.  Prior to the continued November 18 meeting, I reached an agreement with Co-Debtor Sarah Miller in exchange for turnover of certain assets as detailed in the Opposition and I excused her appearance.

10.     On April 4, 2013, I sent Debtors a letter demanding turnover of the nonexempt Cash in their possession.  In response, on April 5, 2013, the Debtors filed a Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to Chapter 13").  On April 10, 2013, through counsel, I filed an *Opposition and Request for*

*Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W. Faith in Support Thereof* ("Opposition," Dkt. No. 18).  The Debtors were not ineligible for relief under Chapter 13 pursuant to 11 U.S.C. § 109(e).  The Opposition also highlighted the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a delay tactic.  I was forced to file the Opposition, and on June 4, 2013, less than one week prior to the scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to Convert to Chapter 13 (Dkt. No. 40).

11.    On May 9, 2013, my counsel sent another letter requesting turnover of the Cash but again received no response.  On May 15, 2013, I was forced to file a Motion for Turnover of the Cash; and Directing Debtors to Appear at the Meeting of Creditors (the "Turnover Motion," Dkt No. 31).  A hearing on the Turnover Motion was held on June 11, 2013.  On June 18, 2013, the Court entered an Order granting the Turnover Motion in its entirety (the "Turnover Order," Dkt No. 54).  A true and correct copy of the Turnover Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

12.    The Turnover Order required that the Debtors on or before June 23, 2013, turn over to the Trustee the $182,000 in Cash as listed on Schedule B.  Although specifically directed by the Court to comply with my requests pursuant to the Turnover Order, Debtors refused for many months to fully comply with the turnover.

13.    On July 12, 2013, eighteen days after the deadline set forth in the Turnover Order and numerous demands for turnover by my counsel, I received a cashier's check in the amount of $101,731.00 from the Debtors along with a one page accounting (the "Accounting") of how they used up $68,000 of the Cash in the approximate five months since the Petition Date.  A true and correct copy of the letter from Mr. Taus on behalf of Debtors dated July 11, 2013 and attached one-page Accounting is attached hereto as **Exhibit B** and incorporated herein by this reference.

14.    The Accounting reflects payments for the following during the period of January 2013 through March 2013 from the $182,000 in Cash ordered to be turned over by the Court:

16

TAB 12                                    Page 96

- $12,040 – Mortgage payments on Debtors' Las Vegas home
- $7,200 – Rent for their home in California
- $5,025 – Rent and Deposit for Debtors' new home in Texas
- $13,984.00 – Paid to Moving Company for move from California to Texas
- $3,000 – Moving travel expenses
- $2,232 – Medical insurance premiums
- $2,000 – Food and gas
- $145 – Car registration California
- $207 – Car registration Texas
- $976 – Cell phones
- $949 – Replace water heater in Las Vegas Home
- $440 – Replace refrigerator module
- $585 – Car insurance
- $800 – Utilities (average $200 month)
- $5,800 – payments to Lawyer Taus
- $3,800 – payments to Lawyer Sachs
- $10,000 – Car purchase (daughter)

Subtotal: $68,863.00

*See* Exhibit B.   Other than the "Accounting," the Debtors failed to provide any bank records or documentary evidence to support these unauthorized expenditures from the Cash.   These expenditures were unauthorized and do not excuse the Debtors from complying with this Court's Turnover Order in its entirety and returning the full $182,000 to the Estate.

15.    On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph 18, listed the Debtors' interest in three previously undisclosed limited liability companies.

16.    On August 26, 2013, my counsel sent Debtors, through their counsel Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by this reference.

17.    As detailed below, just recently in November 2013, Co-Debtor Sarah Miller, by and through communications with her new counsel, has sought to cooperate with me and she has turned over certain cash items.   Co-Debtor Loren Miller still remains recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code, or any requests by me or my counsel.

17

TAB 12                                          Page 97

Case 9:13-bk-10313-RR    Doc 85    Filed 12/10/13    Entered 12/10/13 17:31:16    Desc
Main Document    Page 22 of 64

18.    On or about August 15, 2013, I filed a Complaint against Debtors for Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-01133-RR (the "Discharge Adversary Proceeding").

19.    On October 16, 2013, Debtors filed an Answer to the Discharge Adversary Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set for a pre-trial conference on February 25, 2014 at 11:00 a.m.

20.    As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller retained new counsel in the Discharge Adversary Proceeding and entered into discussions regarding cooperation with me in the administration of this Case and possible settlement of outstanding issues in the Case and Discharge Adversary Proceeding as to Sarah Miller.

21.    On or about November 15, 2013, Sarah Miller disclosed to me (through her new counsel) a stock account not previously disclosed by the Debtors.  Sarah Miller and I (by and through counsel) arranged for the liquidation and turnover of this undisclosed stock holdings account at the Bank of Montreal, Quebec (the "Stock Holdings").  The value of the Stock Holdings as of November 12, 2013 was $31,269.35.  Sarah Miller agreed to and has now liquidated and turned over the liquidated balance of the Stock Holdings account to me.

22.    Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe Miller Bank Account").  The balance of the Zoe Miller Bank Account as of November 13, 2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule B.  The funds in the Zoe Miller Bank Account were also ordered by the Court to be turned over to me as part of the Cash pursuant to the Turnover Order.  On or about November 18, 2013, pursuant to my counsel's communications with Sarah Miller through her new counsel in the Discharge Adversary Proceeding, I received a wire transfer of $76,145.45.

23.    Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B and required to be turned over by this Court's Turnover Order, there is no explanation for the additional $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to the Trustee.  Furthermore, I am still in the process of obtaining all of Debtors bank records to confirm all pre-petition cash and bank accounts were disclosed and accounted for.

24.    My investigation has also revealed that the Debtors knowingly significantly undervalued their personal property on their bankruptcy schedules in an apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding the liquidation of their assets for the benefit of creditors.  Notably, the Debtors failed to disclose all entities in which they have an ownership interest in, including but not limited to First Star Associates, Inc ("First Star").

25.    On July 29, 2013, in response to my request for documents and additional information on First Star which was brought to light at the July 20 Meeting, Mr. Taus, on behalf of Debtors, sent a letter to me, detailing the Debtors' interest in First Star among other allegedly defunct corporate entities of the Debtors.  A true and correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is incorporated herein by this reference.  The July 29th letter provides as follows:

> d.  First Star Associates, Inc.  – Status Revoked – Owned 50% -- Services only corporation that never owned anything. Closed after Las Vegas real estate collapse.  No tax returns (more than 5 years old).

26.    First Star is not listed as an asset on the Debtors' amended bankruptcy schedules (Dkt. No. 64).

27.    On or about October 17, 2013, I received copies of the First Star bank statements and cancelled checks from Bank West of Nevada in response to a subpoena issued by my office after it was discovered that an active bank account existed for First Star and that Debtor Loren Miller was writing checks from this account for his own

1
2
3

personal benefit.  True and correct copies of the First Star bank records received by the Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank Records").

4
5
6
7
8
9
10

28.    The First Star Bank Records reflect that Mr. Miller has been using a bank account in the name of First Star solely for his own personal benefit for at least the two years preceding the Petition Date.  Furthermore, the First Star Bank Records show that the account had at least $24,612.63 in it as of the Petition Date and had as much as $44,086.94 in September 2012.  I believe that these funds are additional undisclosed monies, which are separate from the Cash disclosed on Schedule B and ordered by the Court to be turned over to me.

11
12
13
14
15
16
17
18

29.    The First Star Bank Records also reflect that the Debtors changed the address on the bank account to their new personal address in Texas.  This is directly at odds with the Debtors' testimony at the July 20 Meeting that Debtors did not have knowledge of any monies in the First Star Bank Account and did not control the account.  Furthermore, the Nevada corporate records for First Star do not show any other members or offices and reflect that the capital amount for the corporation's 25,000 shares was $0.00.  A true and correct copy of the First Star business entity detail from the Nevada Secretary of State Website is attached hereto as **Exhibit F.**

19
20
21
22

30.    On November 26, 2013, Debtor Loren Miller (pro se) filed a form Notice of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. § 1112(a) ("Motion to Convert," Dkt. Nos. 79 and 80).  I am concurrently filing an opposition to the Motion to Convert.

23
24
25
26
27

31.    Mr. Miller also filed the instant Motions to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 to the Southern District of Texas, Houston Division in both the Case ("BK Transfer Motion," Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas, Houston Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv. Dkt. No. 16) (collectively, referred to herein as the "Transfer Motion").

28
///

1      32.     Co-Debtor Sarah Miller is not a signatory to the instant Transfer Motion or

2 the Motion to Convert.  I am informed and believe that Sara Miller opposes both of these

3 motions.

4      33.     Based upon the foregoing and as for the reasons detailed in the foregoing

5 Opposition, the Debtor Loren Miller's Motion to transfer venue to Texas in this Case and

6 the Discharge Adversary Proceeding should be denied.

7      I declare under penalty of perjury under the laws of the United States of America

8 that the foregoing is true and correct and that this declaration was executed on

9 December 10, 2013 at Encino, California.

10

11                                 _____

12                              JEREMY W. FAITH

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

TAB 12                    Page 102

Case 9:13-bk-10313-RR    Doc 85    Filed 12/10/13    Entered 12/10/13 17:31:16    Desc
Main Document    Page 27 of 64

Case 9:13-bk-10313-RR    Doc 54    Filed 06/18/13    Entered 06/18/13 15:10:23    Desc
Main Document    Page 1 of 4

1    CRAIG G. MARGULIES (State Bar No. 185925)
     MEGHANN TRIPLETT (State Bar No. 268005)
2    **MARGULIES FAITH, LLP**
     16030 Ventura Blvd., Suite 470
3    Encino, California 91436
     Telephone: (818) 705-2777
4    Facsimile: (818) 705-3777
     Email: Craig@MarguliesFaithLaw.com
5    Email: Meghann@MarguliesFaithlaw.com

6    Attorney for Jeremy W. Faith, Chapter 7 Trustee

7

8                    **UNITED STATES BANKRUPTCY COURT**
                      **CENTRAL DISTRICT OF CALIFORNIA**
9                            **NORTHERN DIVISION**

10

11   In re                                Case No.: 9:13-bk-10313-RR

12   LOREN MILLER AND SARAH MILLER,       Chapter: 7

13
                              Debtor.     **ORDER GRANTING CHAPTER 7**
14                                        **TRUSTEE'S MOTION FOR TURNOVER**
                                          **OF PROPERTY OF THE ESTATE AND**
15                                        **ORDER DIRECTING DEBTORS TO**
                                          **APPEAR AT CONTINUED 11 U.S.C. §**
16                                        **341(a) MEETINGS OF CREDITORS**

17
                                          Hearing Date:
18                                        Date:    June 11, 2013
                                          Time:    10:00 am
19                                        Place:   Courtroom 201

20

21

22

23

24

25

26

27

28

FILED & ENTERED

JUN 18 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST      DEPUTY CLERK

TAB 12                                    Page 103

1      At the above date and time, the hearing on the Trustee's Motion for order

2    compelling the above-captioned debtors Loren Miller And Sarah Miller (collectively, the

3    "Debtors") to turn over property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 521,

4    541, and 542, and for an order directing the Debtors to appear at their 11 U.S.C. §

5    341(a) Meetings of Creditors (the "Motion," Dkt. No. 31) was held before the Honorable

6    Robin L. Riblet, United States Bankruptcy Judge, in Courtroom 201of the United States

7    Bankruptcy Court, 1415 State Street, Santa Barbara, California.  Meghann Triplett, Esq.

8    of Margulies Faith, LLP appeared on behalf of the Trustee, and all other appearances

9    were as stated on the record at the hearing.

10      The Court, having read and considered the moving papers, no opposition having

11    been filed, and the Court finding that Notice of the Motion was proper, and for the

12    reasons stated on the record at the hearing on the Motion and good cause appearing,

13    **IT IS HEREBY ORDERED THAT:**

14      1.    The Motion is granted;

15      2.    The Debtors are directed to immediately, but no later than five (5) days

16    after entry of this Order, turn over to the Trustee, by and through his counsel Margulies

17    Faith, LLP ("MF"), $182,000, the amount listed in the Debtors' Schedule B filed on

18    February 21, 2013 (Dkt. No.11) by way of a Cashier's Check made payable to "Jeremy

19    W. Faith, Chapter 7 Trustee."

20      3.    The Debtors are directed to immediately, but no later than five (5) days

21    after entry of this Order, turn over to the Trustee by and through his counsel MF, copies

22    of all monthly bank statements and canceled checks (front and back sides), including

23    documentation for all bank records and financial statements, for the two years preceding

24    the Petition Date through the date of the hearing on the Motion (i.e., June 11, 2013) for

25    all bank accounts existing in the Debtors' name, including all individual and joint-

26    accounts.  Specifically, the Debtors are required to provide monthly bank statements and

27    cancelled checks (front and back sides) for the time period described in this paragraph

28    above.

1

Case 9:13-bk-10313-RR    Doc 54    Filed 06/18/13    Entered 06/18/13 15:10:23    Desc
Main Document      Page 3 of 4

1       4.     The Debtors are directed to immediately, but in no event later than five (5)

2    days after entry of this Order, turn over to the Trustee by and through his counsel MF,

3    copies of Debtors' 2010, 2011, and 2012 State and Federal Tax Returns.

4    **IT IS FURTHER ORDERED** that:

5       5.     The Debtors are ordered to appear and testify under oath at their 11 U.S.C.

6    § 341(a) Meeting of Creditors on July 15, 2013, at 2:30 p.m. at the Office of the United

7    States Trustee, 128 E. Carrillo Street, Santa Barbara, California and are also required to

8    appear at any and all additional continued § 341(a) Meeting of Creditors until the Trustee

9    has concluded the Section 341(a) Meeting of Creditors in this Case.

13    ###

Date: June 18, 2013

Robin L. Riblet
United States Bankruptcy Judge

2

Case 9:13-bk-10313-RR    Doc 85    Filed 12/10/13    Entered 12/10/13 17:31:16    Desc
Main Document       Page 30 of 64

Case 9:13-bk-10313-RR    Doc 54    Filed 06/18/13    Entered 06/18/13 15:10:23    Desc
Main Document       Page 4 of 4

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND ORDER DIRECTING DEBTORS TO APPEAR AT CONTINUED 11 U.S.C. § 341(A) MEETINGS OF CREDITORS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of <u>June 13, 2013</u>, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtors: Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 12                                    Page 106

TAB 12                    Page 107

## VAUGHN C. TAUS
ATTORNEY AT LAW
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
tauslawyer@gmail.com

Telephone 805-542-0155                                                    Facsimile 805-542-0234

July 11, 2013

Craig Margulies
Margulies Faith LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

Re: Loren and Sarah Miller 9:13-bk-10313-RR

Dear Mr. Margulies:

I attach a variety of documents responsive to Mr. Faith's request.  My clients have purchased airplane tickets from their home in Texas to appear at the §341a meeting in Santa Barbara on July 15, 2013.

I attach my clients' cashier's check in the sum of $101,731.00, which is the balance of money in my clients' accounts.  I also attach an accounting created by my clients reflecting their expenditures since the filing of the bankruptcy case.  Mr. Miller was unemployed and had no income through April, 2013.  The Millers had to move to Texas for Mr. Miller to start his new job.

The accounting reflects initial balances totaling $170,594.  These were the actual balances at the time the emergency petition was filed in this case.  I am having my clients obtain documentation evidencing the accurate balance in accounts at the time the case was filed.  Once I have that evidence I will provide it to you and I will file amended schedules on my clients' behalf.

My clients' banking was conducted exclusively on line for the two years preceding the filing of the bankruptcy case.  They do not have statements.  However, they are attempting to obtain information concerning the accounts that is responsive to the court's order and the trustee's inquiry.

I also include complete state and federal tax returns for Mr. and Mrs. Miller, for the years 2010, 2011 and 2012.

If additional responsive information becomes available before the hearing, I will provide that information, either in advance or at the hearing, itself.

TAB 12                                                    Page 108

Craig Margulies
Re: Loren and Sarah Miller
July 11, 2013
Page 2 of 2

If you have any questions or comments, please do not hesitate to communicate with me.

Yours Very Truly,

Vaughn C. Taus

Enclosures
CC: Clients

TAB 12                                    Page 109

| Date | Description | Amount | |
|------|-------------|--------|---|
| Jan-13 | Sarah Account | $ 100,000.00 | |
| Jan-13 | Zoe Account | $ 70,594.00 | |
| | Subtotal | $ 170,594.00 | |
| | | | |
| Jan - Apr | Mortgage - LV Home | $ 12,040.00 | |
| Jan - Apr | Rent - CA | $ 7,200.00 | |
| Mar - Apr | Rent & Deposit - TX | $ 5,025.00 | |
| Mar | Moving - CA to TX | $ 13,984.00 | Moving company |
| Mar | Moving - Travel | $ 3,000.00 | Personal Moving Costs |
| Jan - Apr | Medical Insurance Premiums | $ 2,332.00 | |
| Jan - Apr | Food & Gas | $ 2,000.00 | |
| Feb | Car Registration - CA | $ 145.00 | |
| Mar | Car Registration - TX | $ 207.00 | |
| Jan - Apr | Cell Phones | $ 976.00 | |
| Mar | Replace Water Heater - LV | $ 949.00 | |
| Mar | Replace Refrigerator Module | $ 440.00 | |
| Jan - Apr | Car Insurance | $ 585.00 | |
| Jan - Apr | Utilities (Average $200 Month) | $ 800.00 | |
| Feb | Lawyer (Taus) | $ 2,880.00 | |
| Mar | Lawyer (Taus) | $ 2,500.00 | |
| Mar | Lawyer (Sachs) | $ 3,800.00 | |
| Mar | Car Purchase (Daughter) | $ 10,000.00 | |
| | Subtotal | $ 68,863.00 | |
| | Total | $ 101,731.00 | Balance |

**NOTE: Unemployed from September 2012 through April 2013. No Income during this period.**

TAB 12                                                    Page 110

TAB 12                    Page 111



AUGUST 26, 2013
Meghann@MarguliesFaithlaw.com

<u>Sent VIA U.S. Mail & Email</u>
Vaughn C. Taus
Law Offices of Vaughn C. Taus
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
Email: tauslawyer@gmail.com
Fax: (805) 542-0234

    Re:    <u>In re Loren Miller and Sarah Miller, Case No. 9:13-bk-10313-RR</u>

Dear Mr. Taus:

As you know, this firm is counsel to Jeremy W. Faith, Chapter 7 Trustee ("Trustee"), in regard to the above-referenced bankruptcy case (the "Case") of Loren and Sarah Miller ("Debtors").

This letter constitutes a demand for turnover of the remaining $68,863 from the Debtors pursuant to the Turnover Order entered by the Court on June 18, 2013.  As you are aware, the Debtors were required to turn over to my office on behalf of the Trustee <u>$182,000</u> in cash, the amount listed on original Schedule B no later than five (5) days after entry of the Turnover Order or on or before <u>June 23, 2013</u>.

On July 11, 2013, we received a cashier's check from your office on behalf of the Debtors in the amount of $101,731 along with a one page accounting prepared by the Debtors for their improper use of pre-petition Cash ordered to be turned over to the Trustee.  The accounting includes various unauthorized expenditures from Estate funds including payments to your office in the total amount of $5,300, which were specifically ordered to be returned to the Trustee as set forth in a separate letter sent concurrently with this correspondence; $3,800 to an attorney "Sachs"; $10,000 for the purchase of a vehicle as well as other purported living and moving expenses totaling $68,863.  These funds are assets of the Bankruptcy Estate and were required to be returned to the Trustee pursuant to the Court's Turnover Order.

To date, your clients have failed to make any effort and/or arrangements to turnover the remaining $68,863 pursuant to the Court's Turnover Order.  Debtors must return the $68,863 <u>immediately</u> to the bankruptcy estate pursuant to their obligations under the Turnover Order or the Trustee will be left with no alternative but to move the Court to hold the Debtors in contempt.

Please contact me immediately in response to the above compliance.  Thank you.

    Very truly yours,

    *Meghann Triplett*

    Meghann Triplett

cc:  Jeremy W. Faith, Chapter 7 Trustee

16030 Ventura Boulevard, Suite 470, Encino, California  91436
T:  818-705-2777  |  F:  818-705-3777  |  www.marguliesfaithlaw.com

TAB 12                                    Page 112

TAB 12                    Page 113

# VAUGHN C. TAUS
### ATTORNEY AT LAW

Telephone 805-542-0155                    1042 Pacific Street, Suite D                    Facsimile 805-542-0234
                                          San Luis Obispo, CA 93401
                                          tauslawyer@gmail.com

July 29, 2013

Jeremy Faith
21550 Oxnard Street
Woodland Hills, Ca 91367

Re: Loren and Sarah Miller: Case No. 13-10313

Dear Mr. Faith:

At the Miller's §341 meeting of creditors you requested substantial additional information from the debtors. This letter responds to those requests. Mr. Miller has diligently attempted to gather whatever responsive documents he could. The documents you requested often had to do with entities that have been out of business for quite a while. For example, Mr. Miller testified about his involvment with a number of corporate entities. These companies have, in many cases, been defunct for many years.

Additionally, the debtors testified about their recent move to Texas so that Mr. Miller could be re-employed, after many months of un-employment. As necessitated by such a move, documents were either packed or if the documents were old, thrown out.

With respect to the corporate entities, Mr. Miller performed a search for information at the office of the Nevada Secretary of State and was able to obtain the information for each company reflected on the first attachment to this letter. In addition, Mr. Miller provides the following narrative with respect the various entities:

a. Molinos Properties, LLC – Status Default – Owned 100% by debtor-Entity owned a portion of Hills Center Office 1, LLC that was bankrupted by Andrew Geller in 2008. The final tax return is attached;

b. Winmill Development, Inc. –Status Revoked – Owned 100% by debtor-Services only corporation that never owned anything. Closed after Las Vegas real estate collapse. The final tax return is attached;

c. Hills Center Office 1, LLC – Status Dissolved – Molinos Properties owned 21% - Hills Center Office 1, LLC was bankrupted by Andrew Geller in 2008. Geller would have tax returns;

TAB 12                                                                      Page 114

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 2 of 3

d. First Star Associates, Inc. – Status Revoked – Owned 50% - Services only corporation that never owned anything.  Closed after Las Vegas real estate collapse. No Tax returns (more than 5 years old);

e. Mohave Minerals & Mining, LLC – Status Permanently Revoked – Mining company closed over 9 years ago.  No Tax returns (more than 5 years old);

F. Flamingo Cambridge, LLC – Status Permanently Revoked – Owned 33% - Sold real estate back in 2004 and closed permanently – No Tax returns (more than 5 years old)

g. Luxin Limited – Status Revoked – Resident Agent only – Did not own any position.

Next, I forward documents from Mr. Miller that refer to six Wells Fargo accounts and three Bank of America accounts.  The statement for Mr. Miller's Nevada Wells Fargo Bank account ending in 0403 is separated out.

Next, I attach, as a group, statements for: Mrs. Miller's Wells Fargo Bank accounts ending in 4710 and 8753; and Zoe Miller's Wells Fargo Bank account ending in 2685. Next in the group, Mr. Miller only had correspondence from Wells Fargo Bank that I attach, for the California accounts in his name ending in 9591 and 8548.  In addition, I provide correspondence for Mr. Miller's Bank of America accounts ending in 5983, 3794 and 0765.  As indicated on the letters, these accounts were drained by Mr. Geller and were closed after the levy.

I next attach as a packet the complete application by debtors for re-imbursement for damages caused by Mayflower Moving Company.

I next attach policy summaries for three Principal Life Insurance Policies insuring the lives of Mr. Miller, Mrs. Miller and Zoe Miller.

The information in this letter and the attachments provide the most complete response the Millers are able to provide to your inquiries, at this time.  Mr. Miller will continue to search for additional responsive material, as they continue to unpack.

In the mean time, now that I have this additional information, I am preparing amended schedules, statement of financial affairs and a business income and expense statement for the Nevada house rented out by the Millers.

As Mrs. Miller made emotionally clear, it is a very substantial hardship both financially and in their lives, for the Millers to come out to California.  This is particularly so on relatively short notice.  Therefore, it is my hope that once you have reviewed this

TAB 12                                   Page 115

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 3 of 3

response, you will be able to excuse the Millers from a further appearance.  If this is not possible, I urge you to continue the next scheduled meeting for more than thirty days, to at least allow the Millers to purchase airplane tickets at a reasonable price.

Thank you in advance for your consideration in this matter.

If you have any questions or comments please do not hesitate to communicate with me.

Yours Very Truly,

Vaughn C. Taus

Enclosures

CC: Clients.

TAB 12                                   Page 116

TAB 12                    Page 117

```
                                        000100000 P  01              PAGE:    1
                                   ACCOUNT:            120061872  09/30/2013
                                   DOCUMENTS:                   0




          FIRST STAR ASSOCIATES INC                            30
          702 WHITECAP DR                                       0
          EL LAG0 TX  77586-5918                                0


===============================================================================
     Effective December 2, 2013, the Wire Transfer fee for outbound
     international wires will decrease to $40.00 per transaction.
     For questions, please contact your customer service representative.

===============================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================
         DESCRIPTION            DEBITS       CREDITS  DATE         BALANCE

BALANCE LAST STATEMENT ............................ 08/30/13     3,010.96
INTEREST                                    .13 09/30/13         3,011.09
BALANCE THIS STATEMENT ............................ 09/30/13     3,011.09

TOTAL CREDITS      (1)             .13
TOTAL DEBITS       (0)             .00

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:         3,010.96  INTEREST EARNED:              .13
AVERAGE AVAILABLE BALANCE:      3,010.96  DAYS IN PERIOD:                31
INTEREST PAID THIS PERIOD:          .13  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                6.49

       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      ************************************************************
      *                     |   TOTAL FOR    |     TOTAL        *
      *                     |  THIS PERIOD   |  YEAR TO DATE    *
      *--------------------------------------------------------*
      * TOTAL OVERDRAFT FEES: |     $.00     |     $.00        *
      *--------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |  $.00     |     $.00        *
      ************************************************************
```

TAB 12                                                    Page 118

```
                                    000 000 00      PAGE:       1
                                 ACCOUNT:       120061872  08/30/2013
                                 DOCUMENTS:              1




          FIRST STAR ASSOCIATES INC                        30
          702 WHITECAP DR                                   0
          EL LAG0 TX  77586-5918                            1



==============================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
         DESCRIPTION          DEBITS      CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ............................ 07/31/13    18,010.53
CHECK # 350                    15,000.00            08/16/13     3,010.53
INTEREST                                       .43  08/30/13     3,010.96
BALANCE THIS STATEMENT ............................ 08/30/13     3,010.96

TOTAL CREDITS     (1)          .43
TOTAL DEBITS      (1)     15,000.00


==============================================================================
                  YOUR CHECKS SEQUENCED
==============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

08/16    350   15,000.00

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        10,510.53  INTEREST EARNED:              .43
AVERAGE AVAILABLE BALANCE:     10,510.53  DAYS IN PERIOD:                30
INTEREST PAID THIS PERIOD:          .43   ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                6.36

       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      ***********************************************************
      *                    |   TOTAL FOR    |     TOTAL       *
      *                    |  THIS PERIOD   |  YEAR TO DATE   *
      *-------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:  |    $.00     |      $.00      *
      *-------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |  $.00     |      $.00      *
      ***********************************************************
```

TAB 12                                             Page 119

```
                                  00T000020.01                    PAGE:      1
                                  ACCOUNT:        120061872  07/31/2013
                                  DOCUMENTS:             0




        FIRST STAR ASSOCIATES INC                            30
        702 WHITECAP DR                                       0
        EL LAG0 TX  77586-5918                                0


==============================================================================
        BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
        DESCRIPTION          DEBITS       CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 06/28/13     18,009.72
INTEREST                                    .81 07/31/13         18,010.53
BALANCE THIS STATEMENT ............................. 07/31/13     18,010.53

TOTAL CREDITS      (1)         .81
TOTAL DEBITS       (0)         .00

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      18,009.72  INTEREST EARNED:           .81
AVERAGE AVAILABLE BALANCE:   18,009.72  DAYS IN PERIOD:             33
INTEREST PAID THIS PERIOD:         .81  ANNUAL PERCENTAGE YIELD EARNED:   .05%
INTEREST PAID 2013:          5.93

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        *****************************************************************
        *                      |    TOTAL FOR    |      TOTAL        *
        *                      |   THIS PERIOD   |   YEAR TO DATE    *
        *----------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:  |      $.00       |       $.00        *
        *----------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |    $.00       |       $.00        *
        *****************************************************************
```

TAB 12                                Page 120

```
                                     00740000 P 01              PAGE:     1
                           ACCOUNT:          120061872   06/28/2013
                           DOCUMENTS:                0




        FIRST STAR ASSOCIATES INC                          30
        702 WHITECAP DR                                     0
        EL LAGO TX  77586-5918                              0


==============================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
         DESCRIPTION          DEBITS        CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 05/31/13     18,009.03
INTEREST                                     .69 06/28/13         18,009.72
BALANCE THIS STATEMENT ............................. 06/28/13     18,009.72

TOTAL CREDITS       (1)         .69
TOTAL DEBITS        (0)         .00

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        18,009.03  INTEREST EARNED:              .69
AVERAGE AVAILABLE BALANCE:     18,009.03  DAYS IN PERIOD:                28
INTEREST PAID THIS PERIOD:          .69   ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                5.12

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      *****************************************************************
      *                       |   TOTAL FOR    |      TOTAL         *
      *                       |  THIS PERIOD   |   YEAR TO DATE     *
      *---------------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:  |     $.00       |      $.00          *
      *---------------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |   $.00       |      $.00          *
      *****************************************************************
```

TAB 12                                    Page 121

```
                                       00000000.01            PAGE:     1
                                    ACCOUNT:        120061872  05/31/2013
                                    DOCUMENTS:             1
```

```
          FIRST STAR ASSOCIATES INC                         30
          702 WHITECAP DR                                    1
          EL LAG0 TX  77586-5918                             0
```

```
=============================================================================
    Effective June 1, 2013, the following fee change will apply to
    Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
    item fee will increase to $35 from $32.50. Also the daily overdraft
    fee will apply only on business days (weekends and state/federal
    holidays are not considered business days).

=============================================================================
          BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
          DESCRIPTION           DEBITS        CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................... 04/30/13    17,615.03
DEPOSIT                                393.25 05/20/13             18,008.28
INTEREST                                 .75 05/31/13             18,009.03
BALANCE THIS STATEMENT ............................... 05/31/13    18,009.03

TOTAL CREDITS       (2)      394.00
TOTAL DEBITS        (0)         .00

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       17,767.25  INTEREST EARNED:                .75
AVERAGE AVAILABLE BALANCE:    17,767.25  DAYS IN PERIOD:                  31
INTEREST PAID THIS PERIOD:          .75  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                4.43

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      ************************************************************
      *                    |    TOTAL FOR   |      TOTAL       *
      *                    |  THIS PERIOD   |   YEAR TO DATE   *
      *--------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:  |    $.00     |       $.00      *
      *--------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES:  | $.00     |       $.00      *
      ************************************************************
```

TAB 12                                          Page 122

```
                                          00 000000 01        PAGE:    1
                                   ACCOUNT:        120061872  04/30/2013
                                   DOCUMENTS:              0
```

```
          FIRST STAR ASSOCIATES INC                               30
          702 WHITECAP DR                                          0
          EL LAGO TX  77586-5918                                   0
```

```
=============================================================================
     Effective June 1, 2013, the following fee change will apply to
     Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
     item fee will increase to $35 from $32.50. Also the daily overdraft
     fee will apply only on business days (weekends and state/federal
     holidays are not considered business days).

=============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
            DESCRIPTION          DEBITS       CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................... 03/29/13     17,614.26
INTEREST                                      .77 04/30/13          17,615.03
BALANCE THIS STATEMENT ............................... 04/30/13     17,615.03

TOTAL CREDITS      (1)         .77
TOTAL DEBITS       (0)         .00


          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       17,614.26  INTEREST EARNED:               .77
AVERAGE AVAILABLE BALANCE:    17,614.26  DAYS IN PERIOD:                 32
INTEREST PAID THIS PERIOD:          .77  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                3.68

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        *****************************************************************
        *                      |   TOTAL FOR     |     TOTAL          *
        *                      |  THIS PERIOD    |  YEAR TO DATE      *
        *------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES: |      $.00       |       $.00        *
        *------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |  $.00       |       $.00        *
        *****************************************************************
```

TAB 12                                        Page 123

```
                                       00-000-5 . 01            PAGE:      1
                               ACCOUNT:           120061872   03/29/2013
                               DOCUMENTS:                  1
```

```
        FIRST STAR ASSOCIATES INC                              30
        702 WHITECAP DR                                         0
        EL LAG0 TX  77586-5918                                  1
```

```
==========================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                            BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.
```

```
==========================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================
        DESCRIPTION           DEBITS        CREDITS   DATE          BALANCE

BALANCE LAST STATEMENT .............................. 02/28/13     20,113.51
CHECK # 349                      2,500.00            03/15/13     17,613.51
INTEREST                                        .75 03/29/13     17,614.26
BALANCE THIS STATEMENT .............................. 03/29/13     17,614.26

TOTAL CREDITS        (1)             .75
TOTAL DEBITS         (1)        2,500.00
```

```
==========================================================================
                      YOUR CHECKS SEQUENCED
==========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

03/15     349    2,500.00
                    * * * C O N T I N U E D * * *
```

TAB 12                                              Page 124

```
                                      0021000 P50 01       PAGE:       2
                         ACCOUNT:            120061872  03/29/2013
                         DOCUMENTS:                   1



        FIRST STAR ASSOCIATES INC

==============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       18,820.40  INTEREST EARNED:                    .75
AVERAGE AVAILABLE BALANCE:    18,820.40  DAYS IN PERIOD:                      29
INTEREST PAID THIS PERIOD:          .75  ANNUAL PERCENTAGE YIELD EARNED:   .05%
INTEREST PAID 2013:                2.91

         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

     *********************************************************************
     *                        |     TOTAL FOR   |      TOTAL          *
     *                        |    THIS PERIOD  |    YEAR TO DATE     *
     *------------------------------------------------------------------*
     * TOTAL OVERDRAFT FEES:   |       $.00      |         $.00        *
     *------------------------------------------------------------------*
     * TOTAL RETURNED ITEM FEES:|      $.00      |         $.00        *
     *********************************************************************
```
TAB 12                                          Page 125

```
                                      00/10/0000 5.01         PAGE:     1
                          ACCOUNT:           120061872   02/28/2013
                          DOCUMENTS:                 4
```

```
        FIRST STAR ASSOCIATES INC                         30
        239 ESPARTO AVE                                    0
        PISMO BEACH CA  93449-1916                         4
```

```
=============================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                          BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.
```

```
=============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
        DESCRIPTION          DEBITS        CREDITS    DATE          BALANCE

BALANCE LAST STATEMENT ............................... 01/31/13     29,012.63
CHECK # 345               2,400.00                     02/05/13     26,612.63
CHECK # 346               2,000.00                     02/07/13     24,612.63
CHECK # 347               3,000.00                     02/07/13     21,612.63
CHECK # 348               1,500.00                     02/26/13     20,112.63
INTEREST                                     .88       02/28/13     20,113.51
BALANCE THIS STATEMENT ............................... 02/28/13     20,113.51

TOTAL CREDITS      (1)          .88
TOTAL DEBITS       (4)     8,900.00
```

```
=============================================================================
                        YOUR CHECKS SEQUENCED
=============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

02/05     345   2,400.00 02/07     347   3,000.00
02/07     346   2,000.00 02/26     348   1,500.00
                    * * * C O N T I N U E D * * *
```

TAB 12                                              Page 126

```
                                00410000000.01          PAGE:       2
                            ACCOUNT:        120061872  02/28/2013
                            DOCUMENTS:              4
```

```
       FIRST STAR ASSOCIATES INC

===============================================================================
                BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        22,866.20  INTEREST EARNED:             .88
AVERAGE AVAILABLE BALANCE:     22,866.20  DAYS IN PERIOD:               28
INTEREST PAID THIS PERIOD:          .88  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                2.16
INTEREST PAID 2012:               17.71

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

       *********************************************************************
       *                          |   TOTAL FOR   |      TOTAL        *
       *                          |  THIS PERIOD  |   YEAR TO DATE    *
       *--------------------------------------------------------------------*
       * TOTAL OVERDRAFT FEES:     |     $.00      |        $.00       *
       *--------------------------------------------------------------------*
       * TOTAL RETURNED ITEM FEES: |     $.00      |        $.00       *
       *********************************************************************
```

TAB 12                                                        Page 127

```
                                    00-000-PL-01              PAGE:     1
                                    ACCOUNT:        120061872 01/31/2013
                                    DOCUMENTS:              1




        FIRST STAR ASSOCIATES INC                            30
        239 ESPARTO AVE                                       0
        PISMO BEACH CA  93449-1916                            1


===========================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                            BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.

===========================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
===========================================================================
        DESCRIPTION          DEBITS      CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ............................. 12/31/12    30,511.35
CHECK # 344                 1,500.00              01/25/13       29,011.35
INTEREST                                   1.28 01/31/13         29,012.63
BALANCE THIS STATEMENT ............................. 01/31/13    29,012.63

TOTAL CREDITS       (1)          1.28
TOTAL DEBITS        (1)      1,500.00


===========================================================================
                    YOUR CHECKS SEQUENCED
===========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

01/25    344    1,500.00
                    * * *  C O N T I N U E D  * * *
```

TAB 12                                Page 128

```
                                        00010000 F 01        PAGE:      2
                              ACCOUNT:         120061872  01/31/2013
                              DOCUMENTS:               1


        FIRST STAR ASSOCIATES INC

==============================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       30,172.64  INTEREST EARNED:              1.28
AVERAGE AVAILABLE BALANCE:    30,172.64  DAYS IN PERIOD:                 31
INTEREST PAID THIS PERIOD:         1.28  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                1.28
INTEREST PAID 2012:               17.71

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

****************************************************************************
*                           |  TOTAL FOR  |   TOTAL    |   PREVIOUS    *
*                           | THIS PERIOD | YEAR TO DATE | YEAR TOTAL  *
*--------------------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:      |     $.00    |    $.00    |    $.00    *
*--------------------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES:  |     $.00    |    $.00    |    $.00    *
****************************************************************************
```

TAB 12                                        Page 129

```
                                        00-00000-01          PAGE:     1
                          ACCOUNT:           120061872  12/31/2012
                          DOCUMENTS:                 0




     FIRST STAR ASSOCIATES INC                          30
     239 ESPARTO AVE                                     0
     PISMO BEACH CA  93449-1916                          0


===============================================================================
     NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
     transaction account ( including an IOLTA/IOLA ) will no longer receive
     unlimited deposit insurance coverage, but will be FDIC-insured to the
     legal maximum of $250,000 for each ownership category.
     For more information, visit:
          http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                           BANK OF NEVADA
     Effective 3/28/11, our funds availability policy has changed. Our policy
     to make funds from deposits available to you generally on the first
     business day after the date we receive your deposit has not changed.
     However, if we must postpone availability of funds you deposit by check,
     we have increased the amount that may be made available to you on the
     first business day after your deposit date from $100 to $200.

===============================================================================
          BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================
       DESCRIPTION          DEBITS        CREDITS    DATE        BALANCE

BALANCE LAST STATEMENT ............................. 11/30/12    31,510.02
TELEPHONE TRANSFER REQUEST C/S 1,000.00             12/28/12    30,510.02
INTEREST                                   1.33 12/31/12    30,511.35
BALANCE THIS STATEMENT ............................. 12/31/12    30,511.35


TOTAL CREDITS      (1)          1.33
TOTAL DEBITS       (1)      1,000.00


        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      31,380.98  INTEREST EARNED:              1.33
AVERAGE AVAILABLE BALANCE:   31,380.98  DAYS IN PERIOD:                 31
INTEREST PAID THIS PERIOD:       1.33  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:             17.71
                   * * * C O N T I N U E D * * *
```

TAB 12                                    Page 130

```
                                     001 000P50 01           PAGE:       2
                          ACCOUNT:          120061872  12/31/2012
                          DOCUMENTS:                0



        FIRST STAR ASSOCIATES INC

===============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***************************************************************
        *                       |   TOTAL FOR   |     TOTAL        *
        *                       |  THIS PERIOD  |  YEAR TO DATE    *
        *-------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:  |     $.00      |       $.00       *
        *-------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |   $.00      |       $.00       *
        ***************************************************************
```

TAB 12                                    Page 131

```
                                          00100000P  02.01            PAGE:      1
                                          ACCOUNT:        120061872 11/30/2012
                                          DOCUMENTS:            1
```

```
      FIRST STAR ASSOCIATES INC                             30
      239 ESPARTO AVE                                        0
      PISMO BEACH CA  93449-1916                             1
```

```
============================================================================
   NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
   transaction account ( including an IOLTA/IOLA ) will no longer receive
   unlimited deposit insurance coverage, but will be FDIC-insured to the
   legal maximum of $250,000 for each ownership category.
   For more information, visit:
       http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                         BANK OF NEVADA
   Effective 3/28/11, our funds availability policy has changed. Our policy
   to make funds from deposits available to you generally on the first
   business day after the date we receive your deposit has not changed.
   However, if we must postpone availability of funds you deposit by check,
   we have increased the amount that may be made available to you on the
   first business day after your deposit date from $100 to $200.
```

```
============================================================================
          BUSINESS MONEY MARKET ACCOUNT 120061872
============================================================================
       DESCRIPTION          DEBITS        CREDITS   DATE          BALANCE

BALANCE LAST STATEMENT ............................. 10/31/12     32,008.72
CHECK # 343                 500.00                   11/02/12     31,508.72
INTEREST                                     1.30    11/30/12     31,510.02
BALANCE THIS STATEMENT ............................. 11/30/12     31,510.02

TOTAL CREDITS      (1)         1.30
TOTAL DEBITS       (1)       500.00
```

```
============================================================================
                    YOUR CHECKS SEQUENCED
============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

11/02    343     500.00
              * * * C O N T I N U E D * * *
```

TAB 12                                          Page 132

```
                                            0001 0000 F5 01        PAGE:      2
                              ACCOUNT:          120061872 11/30/2012
                              DOCUMENTS:              1
```

```
      FIRST STAR ASSOCIATES INC

================================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================================

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       31,525.38  INTEREST EARNED:                 1.30
AVERAGE AVAILABLE BALANCE:    31,525.38  DAYS IN PERIOD:                    30
INTEREST PAID THIS PERIOD:         1.30  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               16.38

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      *****************************************************************
      *                        |   TOTAL FOR   |    TOTAL           *
      *                        |  THIS PERIOD  |  YEAR TO DATE      *
      *---------------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:   |     $.00      |      $.00          *
      *---------------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |   $.00      |      $.00          *
      *****************************************************************
```

TAB 12                                   Page 133

```
                                                    PAGE:        1
                                 ACCOUNT:       120061872 10/31/2012
                                 DOCUMENTS:              1
```

```
          FIRST STAR ASSOCIATES INC                            30
          239 ESPARTO AVE                                       0
          PISMO BEACH CA  93449-1916                            1
```

```
==========================================================================
                           BANK OF NEVADA
      Effective 3/28/11, our funds availability policy has changed. Our policy
      to make funds from deposits available to you generally on the first
      business day after the date we receive your deposit has not changed.
      However, if we must postpone availability of funds you deposit by check,
      we have increased the amount that may be made available to you on the
      first business day after your deposit date from $100 to $200.
```

```
==========================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================
          DESCRIPTION          DEBITS       CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ............................ 09/28/12      44,086.94
TELEPHONE TRANSFER REQUEST C/S 4,000.00             10/09/12      40,086.94
CHECK # 342                     8,080.00            10/24/12      32,006.94
INTEREST                                     1.78 10/31/12        32,008.72
BALANCE THIS STATEMENT ............................ 10/31/12      32,008.72

TOTAL CREDITS       (1)           1.78
TOTAL DEBITS        (2)       12,080.00
```

```
==========================================================================
                        YOUR CHECKS SEQUENCED
==========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

10/24     342    8,080.00
```

```
          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:          39,340.27  INTEREST EARNED:              1.78
AVERAGE AVAILABLE BALANCE:       39,340.27  DAYS IN PERIOD:                 33
INTEREST PAID THIS PERIOD:            1.78  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:                  15.08
                    * * * C O N T I N U E D * * *
```

TAB 12                                                Page 134

```
                                    00110000P5.01        PAGE:      2
                        ACCOUNT:           120061872   10/31/2012
                        DOCUMENTS:                 1



        FIRST STAR ASSOCIATES INC

===============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***********************************************************************
        *                          |   TOTAL FOR   |     TOTAL           *
        *                          |  THIS PERIOD  |   YEAR TO DATE      *
        *------------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:     |     $.00      |        $.00         *
        *------------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |     $.00      |        $.00         *
        ***********************************************************************
```

TAB 12                                        Page 135

```
                                        001000F.01        PAGE:      1
                             ACCOUNT:          120061872  09/28/2012
                             DOCUMENTS:                1




     FIRST STAR ASSOCIATES INC                           30
     239 ESPARTO AVE                                      0
     PISMO BEACH CA  93449-1916                           1



==============================================================================
                            BANK OF NEVADA
     Effective 3/28/11, our funds availability policy has changed. Our policy
     to make funds from deposits available to you generally on the first
     business day after the date we receive your deposit has not changed.
     However, if we must postpone availability of funds you deposit by check,
     we have increased the amount that may be made available to you on the
     first business day after your deposit date from $100 to $200.

==============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
          DESCRIPTION          DEBITS        CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 08/31/12      45,075.21
CHECK # 341                     990.00              09/27/12       44,085.21
INTEREST                                     1.73  09/28/12        44,086.94
BALANCE THIS STATEMENT ............................. 09/28/12      44,086.94

TOTAL CREDITS        (1)         1.73
TOTAL DEBITS         (1)       990.00

==============================================================================
                      YOUR CHECKS SEQUENCED
==============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

09/27    341      990.00

             - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        45,004.49  INTEREST EARNED:            1.73
AVERAGE AVAILABLE BALANCE:     45,004.49  DAYS IN PERIOD:              28
INTEREST PAID THIS PERIOD:         1.73  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               13.30
                   * * * C O N T I N U E D * * *
```

TAB 12                                              Page 136

```
                                      000100P01 01      PAGE:      2
                              ACCOUNT:      120061872  09/28/2012
                              DOCUMENTS:            1



        FIRST STAR ASSOCIATES INC

===============================================================================
               BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***********************************************************
        *                    |    TOTAL FOR   |     TOTAL        *
        *                    |   THIS PERIOD  |  YEAR TO DATE    *
        *-------------------------------------------------------*
        * TOTAL OVERDRAFT FEES: |      $.00    |       $.00      *
        *-------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |   $.00    |       $.00      *
        ***********************************************************
```

TAB 12                                    Page 137

TAB 12                          Page 138

Entity Details - Secretary of State, Nevada

Home | About Ross | Calendar | News | FAQ | Forms | Contact Us

Search...

| Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services |

My Data Reports | Commercial Recordings | Licensing

# FIRST STAR ASSOCIATES, INC.

| New Search | Printer Friendly | Calculate Reinstatement Fees |

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 3/10/1997 |
| Type: | Domestic Corporation | Entity Number: | C4844-1997 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19971121930 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | LOREN MILLER | Address 1: | 11356 MERCADO PEAK DRIVE |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89135 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

View all business entities under this registered agent

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 25,000.00 | Capital Amount: | $ 0 |
| No stock records found for this company | | | |

## Officers

☐ Include Inactive Officers

### President - LOREN C MILLER

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

### Secretary - LOREN C MILLER

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION OF JEREMY W. FATIH, CHAPTER 7 TRUSTEE, TO DEBTOR LOREN MILLER'S MOTION TO TRANSFER VENUE TO SOUTHERN DISTRICT OF TEXAS; REQUEST FOR HEARING; AND DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 10, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle    mark.estle@buckleymadole.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On December 10, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 10, 2013 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 12

TAB 13

1   CRAIG MARGULIES (State Bar No. 185925)
    MEGHANN TRIPLETT (State Bar No. 268005)
2   **MARGULIES FAITH, LLP**
    16030 Ventura Blvd., Suite 470
3   Encino California 91436
    Telephone: (818) 705-2777
4   Facsimile: (818) 705-3777
    Email: Craig@MarguliesFaithLaw.com
5   Email: Meghann@MarguliesFaithLaw.com

6   Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8                   **UNITED STATES BANKRUPTCY COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
9                        **NORTHERN DIVISION**

10

11   In re                          Case No.:  9:13-bk-10313-RR

12   LOREN MILLER and SARAH MILLER,  Chapter:  7

13                        Debtors.

14                                   **OPPOSITION OF JEREMY W. FAITH,**
                                     **CHAPTER 7 TRUSTEE, TO DEBTOR**
                                     **LOREN MILLER'S MOTION TO CONVERT**
15                                   **CASE TO CHAPTER 11; REQUEST FOR**
                                     **HEARING; AND DECLARATIONS IN**
16                                   **SUPPORT THEREOF**

17                                   <u>**Hearing**</u>
                                     Date:    TBD
18                                   Time:    TBD
                                     Place:   Courtroom 201
19                                            1415 State Street
                                              Santa Barbara, CA 93101
20

21

22

23

24

25

26

27

28

TAB 13                                          Page 141

**TABLE OF CONTENTS**        **Page**

I.     INTRODUCTION ...................................................................................... 1

II.    RELEVANT BACKGROUND ..................................................................... 2

    A.    341(a) Meeting of Creditors.................................................................. 3

    B.    Debtor's First Conversion Motion (Chapter 13) ................................. 3

    C.    Trustee's Turn Over Motion ................................................................. 3

    D.    Trustee's Complaint to Deny Debtor's Discharge ............................. 5

    E.    Turn Over of Undisclosed Stock ......................................................... 6

III.   LEGAL ANALYSIS ................................................................................... 9

    A.    The Motion Is Not Brought In Good Faith ......................................... 9

    B.    Conversion Would Constitute An Abuse Of Process ...................... 10

V.    CONCLUSION ....................................................................................... 11

    DECLARATION OF JEREMY W. FAITH ...................................................... 12

i

1

## **TABLE OF AUTHORITIES**

2

**CASES**                                                               **Page**

3

Marrama v. Citizens Bank,
   549 U.S. 365, 373-74 (2007)...............................................................9, 10

4

5

**STATUES**                                                             **Page**

6

11 U.S.C. § 101 *et seq.* ..........................................................................2

7

11 U.S.C. § 105. ................................................................................... 10

8

11 U.S.C. § 109(e) ..........................................................................3, 13

9

11 U.S.C. § 341(a) ..................................................................1, 3, 9, 13

10

11 U.S.C. § 706(a) .................................................................................9

11

11 U.S.C. § 706. ................................................................................... 10

12

11 U.S.C. § 706(d) ................................................................................9

13

11 U.S.C. § 727 *et seq.* ....................................................................5, 15

14

11 U.S.C. § 1112(a) .........................................................................8, 18

15

28 U.S.C. § 1412 .............................................................................8, 18

16

Federal Rule of Bankruptcy Procedure 1014 .................................8, 18

17

18

19

20

21

22

23

24

25

26

27

28

TAB 13                                                          Page 143

1  **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE;**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; AND ALL**

3  **PARTIES IN INTEREST:**

4  Jeremy W. Faith, Chapter 7 Trustee herein (the "Trustee") hereby submits this

5  opposition to the motion of Loren Miller, Chapter 7 debtor[1] (the "Debtor") in the above-

6  captioned case (the "Case") to Convert the Debtors' Chapter 7 Case to a Case under

7  Chapter 11 (the "Motion," Dkt. No. 79).

8  **I.**

9  **INTRODUCTION**

10  Debtor Loren Miller's request to convert chapter 7 to chapter 11 is yet another bad

11  faith tactic by Debtors in this Case.  There is no evidence in support of the skeletal form

12  Motion and there appears to be no purpose to the Motion other than Debtor's desire to

13  avoid cooperating with the Trustee in the administration of this Case.

14  For more than ten months, Debtors have engaged in a pattern of delay,

15  interference, and bad faith in this Case, including a prior attempt at conversion of the

16  Case to Chapter 13.  The Trustee has substantial evidence that the Debtors have

17  concealed, depleted, and intentionally undervalued assets of the Estate and are not

18  eligible to be debtors in possession.  To date, among other things, the Debtors have

19  failed to fully comply with the Court's Order on the Trustee's Motion for Turnover

20  ("Turnover Order," Dkt. No. 54). The Trustee was also forced to obtain a court order

21  compelling the Debtors to appear at their section 341(a) meeting of creditors and

22  recently Debtor improperly failed to appear at a continued 341(a) meeting, failed to file

23  complete and accurate bankruptcy schedules, failed to provide the Trustee with certain

24  requested documents, and intentionally concealed property of the Estate.  Moreover, the

25  Trustee is informed that the Debtors are now separated and that co-debtor Sarah Miller

26  is not a signatory to the Motion and that she opposes the Motion and requests that it be

27  denied.

28  [1] Co-Debtor Sarah Miller is not a signatory to the Motion.

1    Based upon the foregoing and as further detailed below, the Motion should be

2    denied.

3    II.

4    RELEVANT BACKGROUND

5    The Debtors commenced their bankruptcy case by filing a voluntary petition for

6    relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* of the United States Code (the

7    "Bankruptcy Code") on February 7, 2013 ("Petition Date"). Jeremy W. Faith was

8    subsequently appointed as the duly qualified and acting trustee of the Debtors'

9    bankruptcy estate in which capacity he continues to serve.

10    The Case has been pending for more than ten months before this Court and the

11    Trustee has engaged in significant work to recover assets on behalf of the Estate

12    including the recovery of over $212,286.59 in cash for the benefit of creditors.

13    The Trustee continues, through the assistance of counsel, to recover additional

14    assets on behalf of the Estate, including but not limited to, the continued investigation of

15    undisclosed personal property assets, recovery of transferred cash, and the liquidation of

16    the Debtors' non-exempt interest in certain life insurance policies held by Principal

17    Financial Life Insurance.

18    On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to file any

19    schedules or other documents. On February 21, 2013, Debtors filed their Summary of

20    Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small Business

21    Monthly Operating Report for filing period, Declaration concerning debtors' schedules,

22    Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor,

23    Declaration of attorneys limited scope of appearance, Debtor's Certification of

24    Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test

25    Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement

26    of related cases (Dkt. No. 11).

27    The Debtors' Original Schedule B disclosed $182,000 in cash on hand held by the

28    Debtors as of the Petition Date (the "Cash").

1

### A. 341(a) Meeting of Creditors

2

Debtors' initial Section 341(a) meeting of creditors was held on March 18, 2013.

3 Debtors failed to appear for their examination.  Debtors failed to appear at four additional

4 continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20, 2013, and

5 June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single Section

6 341(a) meeting of creditors, or produce any documents to the Trustee.

7

Ultimately, the Court issued an Order requiring the appearances of the Debtors at

8 the July 20, 2013 meeting of creditors and all further continued meetings of creditors

9 (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013 meeting ("July

10 20 Meeting").  However, Debtor Loren Miller has again failed to appear at a required

11 meeting of creditors on November 18, 2013 in violation of this Court's Order.[2]

12

### B. Debtor's First Conversion Motion (Chapter 13)

13

On April 4, 2013, the Trustee sent Debtors a letter demanding turnover of the

14 nonexempt Cash in the Debtors' possession.  In response, on April 5, 2013, the Debtors

15 filed a Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert

16 to Chapter 13").  On April 10, 2013, the Trustee filed his *Opposition and Request for*

17 *Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W.*

18 *Faith in Support Thereof* ("Opposition," Dkt. No. 18).  The Debtors were not ineligible for

19 relief under Chapter 13 pursuant to 11 U.S.C. § 109(e).   The Trustee also highlighted

20 the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a delay tactic.

21 The Trustee was forced to file the Opposition, and on June 4, 2013, less than one week

22 prior to the scheduled hearing date, the Debtors filed a Notice of Withdrawal of the

23 Motion to Convert to Chapter 13 (Dkt. No. 40).

24

### C. Trustee's Turn Over Motion

25

On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the

26 Cash but again received no response.  On May 15, 2013, the Trustee was forced to file

27

28

[2] Co-Debtor Sarah Miller reached an agreement with the Trustee prior to the continued November 18, 2013 meeting and her appearance was excused by the Trustee.

1  a Motion for Turnover of the Cash; and Directing Debtors to Appear at the Meeting of

2  Creditors (the "Turnover Motion," Dkt No. 31).  A hearing on the Turnover Motion was

3  held on June 11, 2013.  On June 18, 2013, the Court entered an Order granting the

4  Turnover Motion in its entirety (the "Turnover Order," Dkt No. 54).  A true and correct

5  copy of the Turnover Order is attached hereto as **Exhibit A** and incorporated herein by

6  this reference.

7      The Turnover Order required that the Debtors on or before June 23, 2013, turn

8  over to the Trustee the $182,000 in Cash as listed on Schedule B.  Although specifically

9  directed by the Court to comply with the Trustee's requests pursuant to the Turnover

10  Order, Debtors refused for many months to fully comply with the turnover.

11      On July 12, 2013, eighteen days after the deadline set forth in the Turnover Order

12  and numerous demands[3] for turnover by Trustee's counsel, the Trustee received a

13  cashier's check in the amount of $101,731.00 from the Debtors along with a one page

14  accounting (the "Accounting") of how they used up $68,000 of the Cash in the

15  approximate five months since the Petition Date.  A true and correct copy of the letter

16  from Mr. Taus on behalf of Debtors dated July 11, 2013 and attached one-page

17  Accounting is attached hereto as **Exhibit B** and incorporated herein by this reference.

18      The Accounting reflects payments for the following during the period of January

19  2013 through March 2013 from the $182,000 in Cash ordered to be turned over by the

20  Court:

21  - $12,040 – Mortgage payments on Debtors' Las Vegas home
    - $7,200 – Rent for their home in California
22  - $5,025 – Rent and Deposit for Debtors' new home in Texas
    - $13,984.00 – Paid to Moving Company for move from California to Texas
23  - $3,000 – Moving travel expenses
    - $2,232 – Medical insurance premiums
24  - $2,000 – Food and gas
    - $145 – Car registration California
25  - $207 – Car registration Texas
    - $976 – Cell phones
26  - $949 – Replace water heater in Las Vegas Home
    - $440 – Replace refrigerator module

27

28  [3]  True and correct copies of the demand letters relating to the turnover sent by Trustee's counsel to the
    Debtors are attached hereto as **Exhibit C** and incorporated herein by this reference.

4

TAB 13                                    Page 147

1
2
3

- $585 – Car insurance
- $800 – Utilities (average $200 month)
- $5,800 – payments to Lawyer Taus
- $3,800 – payments to Lawyer Sachs
- $10,000 – Car purchase (daughter)

4

Subtotal: $68,863.00

5

*See* Exhibit B.   Other than the "Accounting," the Debtors failed to provide any bank

6

records or documentary evidence to support these unauthorized expenditures from the

7

Cash.   These expenditures were unauthorized and do not excuse the Debtors from

8

complying with this Court's Turnover Order in its entirety and returning the full $182,000

9

to the Estate.

10

On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of

11

Financial Affairs ("Amended SOFA") (Dkt. No. 64).   The Amended SOFA at paragraph

12

18, listed the Debtors' interest in three previously undisclosed limited liability companies.

13

On August 26, 2013, counsel for the Trustee sent Debtors, through their counsel

14

Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and

15

requiring turnover of the remaining $80,269 from the Debtors.   A true and correct copy of

16

the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by

17

this reference.

18

As detailed below, just recently in November 2013, co-Debtor Sarah Miller, by and

19

through communications with her new counsel, has sought to cooperate with the Trustee

20

and she has turned over certain cash items.   Co-Debtor Loren Miller still remains

21

recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code,

22

or any requests by the Trustee and his counsel.

23

**D. Trustee's Complaint to Deny Debtors' Discharge**

24

On or about August 15, 2013, the Trustee filed a Complaint against Debtors for

25

Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-

26

01133-RR (the "Discharge Adversary Proceeding").

27
28

1    On October 16, 2013, Debtors filed an Answer to the Discharge Adversary

2  Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set

3  for a pre-trial conference on February 25, 2014 at 11:00 a.m.

4    As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller

5  retained new counsel in the Discharge Adversary Proceeding and entered into

6  discussions regarding cooperation with the Trustee in the administration of this Case and

7  possible settlement of outstanding issues in the Case and Discharge Adversary

8  Proceeding as to Sarah Miller.

9    **E.  Turn Over of Undisclosed Stock**

10    On or about November 15, 2013, Sarah Miller disclosed to the Trustee (through

11  her new counsel) a stock account not previously disclosed by the Debtors.  The Trustee

12  and Sarah Miller (by and through counsel) arranged for the liquidation and turnover of

13  this undisclosed stock holdings account at the Bank of Montreal, Quebec (the "Stock

14  Holdings").  The value of the Stock Holdings as of November 12, 2013 was $31,269.35.

15  Sarah Miller agreed to and has now liquidated and turned over the liquidated balance of

16  the Stock Holdings account to the Trustee.

17    Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor

18  daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe

19  Miller Bank Account").  The balance of the Zoe Miller Bank Account as of November 13,

20  2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a

21  pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule

22  B.  The funds in the Zoe Miller Bank Account were also ordered by the Court to be

23  turned over to the Trustee as part of the Cash pursuant to the Turnover Order.  On or

24  about November 18, 2013, pursuant to the Trustee's communications with Sarah Miller

25  through her new counsel in the Discharge Adversary Proceeding, the Trustee received a

26  wire transfer of $76,145.45.[4]

27  ─────────────
[4] Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe

28  Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B
and required to be turned over by this Court's Turnover Order, there is no explanation for the additional

1    The Trustee's investigation has also revealed that the Debtors knowingly

2    significantly undervalued their personal property on their bankruptcy schedules in an

3    apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding

4    the liquidation of their assets for the benefit of creditors.  Notably, the Debtors failed to

5    disclose all entities in which they have an ownership interest in, including but not limited

6    to First Star Associates, Inc ("First Star").

7    On July 29, 2013, in response to the Trustee's request for documents and

8    additional information on First Star which was brought to light at the July 20 Meeting, Mr.

9    Taus, on behalf of Debtors, sent a letter to the Trustee, detailing the Debtors' interest in

10    First Star among other allegedly defunct corporate entities of the Debtors.  A true and

11    correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is

12    incorporated herein by this reference.  The July 29th letter provides as follows:

13        d.  First Star Associates, Inc.  – Status Revoked – Owned
     50% -- Services only corporation that never owned anything.
14    Closed after Las Vegas real estate collapse.  No tax returns
     (more than 5 years old).

15    First Star is not listed as an asset on the Debtors' amended bankruptcy schedules

16    (Dkt. No. 64).

17    On or about October 17, 2013, the Trustee received copies of the First Star bank

18    statements and cancelled checks from Bank West of Nevada in response to a subpoena

19    issued by the Trustee after it was discovered that an active bank account existed for

20    First Star and that Debtor Loren Miller was writing checks from this account for his own

21    personal benefit.  True and correct copies of the First Star bank records received by the

22    Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

23    Records").

24    ///

25    ///

26

27    _____
     $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to
28    the Trustee.  Furthermore, the Trustee is still in the process of obtaining all of Debtors bank records to
     confirm all pre-petition cash and bank accounts were disclosed and accounted for.

1   The First Star Bank Records reflect that Mr. Miller has been using a bank account

2   in the name of First Star solely for his own personal benefit for at least the two years

3   preceding the Petition Date.  Furthermore, the First Star Bank Records show that the

4   account had at least $24,612.63 in it as of the Petition Date and had as much as

5   $44,086.94 in September 2012.  The Trustee believes that these funds are additional

6   undisclosed monies, which are separate from the Cash disclosed on Schedule B and

7   ordered by the Court to be turned over to the Trustee.  The First Star Bank Records also

8   reflect that the Debtors changed the address on the bank account to their new personal

9   address in Texas.  This is directly at odds with the Debtors' testimony at the July 20

10  Meeting that Debtors did not have knowledge of any monies in the First Star Bank

11  Account and did not control the account.  Furthermore, the Nevada corporate records for

12  First Star do not show any other members or offices and reflect that the capital amount

13  for the corporation's 25,000 shares was $0.00.  A true and correct copy of the First Star

14  business entity detail from the Nevada Secretary of State Website is attached hereto as

15  **Exhibit F.**

16      On November 26, 2013, Debtor Loren Miller (pro se) filed the instant form Notice

17  of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. § 1112(a)

18  ("Motion," Dkt. Nos. 79 and 80).

19      Mr. Miller also filed Motions to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 to

20  the Southern District of Texas, Houston Division in both the Case ("Transfer Motion,"

21  Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas, Houston

22  Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv. Dkt. No.

23  16).  The Trustee is concurrently filing an Opposition to the Transfer Motions.

24      Co-Debtor Sarah Miller is not a signatory to the instant Motion, or the Transfer

25  Motions.  The Trustee is informed and believes that Sarah Miller opposes both of these

26  motions.

27  ///

28  ///

8

TAB 13                                    Page 151

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# III.

## LEGAL ANALYSIS

### A.    The Motion Is Not Brought In Good Faith

The language of section 706(a) is qualified by "may" and thus, does not mandate the conversion of Debtors' case to Chapter 11.  The Supreme Court has determined that the right to covert is not absolute, and a motion to convert can be denied if it is found that conversion is based on the debtor's fraudulent conduct, or if conversion would be an abuse of process.  *Marrama v. Citizens Bank*, 549 U.S. 365, 373-74 (2007).[5]

In this Case, Mr. Miller's unilateral attempt to convert was made both in bad faith and qualifies as an abuse of process.  As outlined above, the Trustee has diligently worked for the past ten months, against the total lack of cooperation and deliberate interference by the Debtors to recover assets in this Case for the benefit of creditors of the Estate.  The Supreme Court in *Marrama* recognized that "[t]he text of § 706(d) . . . provides adequate authority for the denial of [a] motion to convert [on the grounds of bad faith]." *Id.* at 374.  Given the lack of cooperation with the Trustee, the evidence of undisclosed and concealed assets, the Debtors' failure to appear for multiple Section 341(a) meetings, the failure to timely comply with the Court's Turnover Order and the Debtor Loren Miller's steadfast refusal to cooperate with the Trustee in the administration of this Case, it is clear that the Motion was filed in bad faith.  Accordingly, the Court should deny the Motion as there is substantial evidence that the Motion was not brought in "good faith" – a required assertion under the form motion.

Notwithstanding the Debtors' total lack of compliance in this Case and bad faith as detailed above, the Motion to Convert is also an unsupported skeletal one-page form motion.  The Debtor has not even provided a declaration in support of the Motion and there is no explanation or evidence that the Debtors will (or are able to) perform any of

---

[5] While the Court in *Marrama* dealt with a request to convert from Chapter 7 to Chapter 13, rather than to Chapter 11, the language of Section 706(a) applies the same whether the chosen chapter for conversion is chapter 11 or chapter 13.  *See Levesque v. Shapiro (In re Levesque)*, 473 B.R. 311, 339 (B.A.P. 9th Cir. 2012).

1    the required duties of a debtor-in-possession.  For all the reasons described above, it is

2    clear that these Debtors cannot be trusted as debtors-in-possession" ("DIP") and are

3    ineligible for relief under Chapter 11.

4    **B.    <u>Conversion Would Constitute An Abuse of Process</u>**

5    The Trustee also submits that conversion of the Case would constitute an abuse

6    of process and only serve to delay the administration of the Estate to the harm and

7    detriment of the unsecured creditors who stand to receive a dividend from the

8    administration of the Cash and liquidation of the personal property assets by the

9    Trustee.  The Court in *Marrama* also emphasized "the broad authority granted to

10   bankruptcy judges to take any action that is necessary or appropriate 'to prevent an

11   abuse of process' described in § 105(a) of the Code . . . is . . . adequate to authorize an

12   immediate denial of a motion to convert filed under § 706 in lieu of a conversion order

13   that merely postpones the allowance of equivalent relief and may provide a debtor with

14   an opportunity to take action prejudicial to creditors." *Id.* at 375.  As detailed above, the

15   Debtors admittedly concealed assets and failed to turnover personal property of the

16   Estate.

17   Because Debtors cannot be trusted to perform their duties as a DIP for the benefit

18   of creditors in a Chapter 11 case, conversion in this instance would constitute an abuse

19   of process and the creditors are better served with the Trustee administering the Estate.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

TAB 13                                                          Page 153

## IV.

## **CONCLUSION**

Based upon the foregoing, the Trustee respectfully requests that this Court deny

the Motion to Convert the Debtors' Chapter 7 Case to a Case under Chapter 11, and

enter any other and further relief that the Court deems just and proper.


DATED: December 10, 2013                MARGULIES FAITH, LLP


                                        By: _/s/ Meghann Triplett_____
                                            Craig G. Margulies
                                            Meghann Triplett
                                        Attorneys for Jeremy W. Faith, Chapter 7
                                        Trustee

1

## <u>DECLARATION OF JEREMY W. FAITH</u>

2      I, Jeremy W. Faith, declare as follows:

3      1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the

4 bankruptcy estate of Loren Miller and Sarah Miller (the "Debtors").  I have personal

5 knowledge of the matters set forth herein and if called as a witness could and would

6 testify competently thereto.  This declaration is submitted in support of the foregoing

7 *Opposition and Request for Hearing on Debtor Loren Miller's Motion to Convert Case to*

8 *Chapter 11* (the "Opposition").  Defined terms in the Opposition shall have the same

9 meaning herein.

10      2.      I believe that the Motion and Debtor's request to convert from Chapter 7 to

11 11 is yet another bad faith tactic by Mr. Miller in a misguided attempt to avoid complying

12 with his statutory duties under the bankruptcy code.

13      3.      Since the February 7, 2013 Petition Date, the Debtors have engaged in a

14 pattern of delay, interference, and bad faith in this Case and it is clear to me that the

15 Debtors are utilizing the bankruptcy process in a fraudulent manner at the expense and

16 harm to the unsecured creditors of this Estate.  I have substantial evidence that the

17 Debtors have concealed, depleted, and intentionally undervalued assets of the Estate.

18      4.      The Case has been pending for more than ten months before this Court

19 and my counsel and I have engaged in significant work to recover assets on behalf of

20 the Estate including the recovery of over $212,286.59 in cash for the benefit of creditors.

21 I continue, to investigate and recover additional assets on behalf of the Estate, including

22 but not limited to, the continued investigation of undisclosed personal property assets,

23 recovery of transferred cash, and the liquidation of the Debtors' non-exempt interest in

24 certain life insurance policies held by Principal Financial Life Insurance.

25      5.      On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to

26 file any schedules or other documents.  On February 21, 2013, Debtors filed their

27 Summary of Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small

28 Business Monthly Operating Report for filing period, Declaration concerning debtors'

schedules, Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor, Declaration of attorneys limited scope of appearance, Debtor's Certification of Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement of related cases (Dkt. No. 11).

6.    The Debtors' Original Schedule B disclosed $182,000 in cash on hand held by the Debtors as of the Petition Date (the "Cash").

7.    Debtors' initial Section 341(a) meeting of creditors was held on March 18, 2013.  Debtors failed to appear for their examination.  Debtors failed to appear at four additional continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20, 2013, and June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single Section 341(a) meeting of creditors, or produce any documents to me or my counsel.

8.    Ultimately, the Court issued an Order requiring the appearances of the Debtors at the July 20, 2013 meeting of creditors and all further continued meetings of creditors (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013 meeting ("July 20 Meeting").  However, Debtor Loren Miller has again failed to appear at a required meeting of creditors on November 18, 2013 in violation of this Court's Order.  Prior to the continued November 18 meeting, I reached an agreement with Co-Debtor Sarah Miller in exchange for turnover of certain assets as detailed in the Opposition and I excused her appearance.

9.    On April 4, 2013, I sent Debtors a letter demanding turnover of the nonexempt Cash in their possession.  In response, on April 5, 2013, the Debtors filed a Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to Chapter 13").  On April 10, 2013, through counsel, I filed an *Opposition and Request for Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W. Faith in Support Thereof* ("Opposition," Dkt. No. 18).  The Debtors were not ineligible for relief under Chapter 13 pursuant to 11 U.S.C. § 109(e).  The Opposition also highlighted the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a delay tactic.  I

1    was forced to file the Opposition, and on June 4, 2013, less than one week prior to the

2    scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to

3    Convert to Chapter 13 (Dkt. No. 40).

4           10.    On May 9, 2013, my counsel sent another letter requesting turnover of the

5    Cash but again received no response.  On May 15, 2013, I was forced to file a Motion for

6    Turnover of the Cash; and Directing Debtors to Appear at the Meeting of Creditors (the

7    "Turnover Motion," Dkt No. 31).  A hearing on the Turnover Motion was held on June 11,

8    2013.  On June 18, 2013, the Court entered an Order granting the Turnover Motion in its

9    entirety (the "Turnover Order," Dkt No. 54).  A true and correct copy of the Turnover

10   Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

11          11.    The Turnover Order required that the Debtors on or before June 23, 2013,

12   turn over to the Trustee the $182,000 in Cash as listed on Schedule B.  Although

13   specifically directed by the Court to comply with my requests pursuant to the Turnover

14   Order, Debtors refused for many months to fully comply with the turnover.

15          12.    On July 12, 2013, eighteen days after the deadline set forth in the Turnover

16   Order and numerous demands for turnover by my counsel, I received a cashier's check

17   in the amount of $101,731.00 from the Debtors along with a one page accounting (the

18   "Accounting") of how they used up $68,000 of the Cash in the approximate five months

19   since the Petition Date.  A true and correct copy of the letter from Mr. Taus on behalf of

20   Debtors dated July 11, 2013 and attached one-page Accounting is attached hereto as

21   **Exhibit B** and incorporated herein by this reference.

22          13.    The Accounting reflects payments for the following during the period of

23   January 2013 through March 2013 from the $182,000 in Cash ordered to be turned over

24   by the Court:

25   - $12,040 – Mortgage payments on Debtors' Las Vegas home
     - $7,200 – Rent for their home in California
26   - $5,025 – Rent and Deposit for Debtors' new home in Texas
     - $13,984.00 – Paid to Moving Company for move from California to Texas
27   - $3,000 – Moving travel expenses
     - $2,232 – Medical insurance premiums
28   - $2,000 – Food and gas

- $145 – Car registration California
- $207 – Car registration Texas
- $976 – Cell phones
- $949 – Replace water heater in Las Vegas Home
- $440 – Replace refrigerator module
- $585 – Car insurance
- $800 – Utilities (average $200 month)
- $5,800 – payments to Lawyer Taus
- $3,800 – payments to Lawyer Sachs
- $10,000 – Car purchase (daughter)

Subtotal: $68,863.00

*See* Exhibit B.  Other than the "Accounting," the Debtors failed to provide any bank records or documentary evidence to support these unauthorized expenditures from the Cash.  These expenditures were unauthorized and do not excuse the Debtors from complying with this Court's Turnover Order in its entirety and returning the full $182,000 to the Estate.

14.    On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph 18, listed the Debtors' interest in three previously undisclosed limited liability companies.

15.    On August 26, 2013, my counsel sent Debtors, through their counsel Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by this reference.

16.    As detailed below, just recently in November 2013, Co-Debtor Sarah Miller, by and through communications with her new counsel, has sought to cooperate with me and she has turned over certain cash items.  Co-Debtor Loren Miller still remains recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code, or any requests by me or my counsel.

17.    On or about August 15, 2013, I filed a Complaint against Debtors for Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-01133-RR (the "Discharge Adversary Proceeding").

///

15

TAB 13                                                    Page 158

18.     On October 16, 2013, Debtors filed an Answer to the Discharge Adversary Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set for a pre-trial conference on February 25, 2014 at 11:00 a.m.

19.     As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller retained new counsel in the Discharge Adversary Proceeding and entered into discussions regarding cooperation with me in the administration of this Case and possible settlement of outstanding issues in the Case and Discharge Adversary Proceeding as to Sarah Miller.

20.     On or about November 15, 2013, Sarah Miller disclosed to me (through her new counsel) a stock account not previously disclosed by the Debtors.  Sarah Miller and I (by and through counsel) arranged for the liquidation and turnover of this undisclosed stock holdings account at the Bank of Montreal, Quebec (the "Stock Holdings").  The value of the Stock Holdings as of November 12, 2013 was $31,269.35.  Sarah Miller agreed to and has now liquidated and turned over the liquidated balance of the Stock Holdings account to me.

21.     Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe Miller Bank Account").  The balance of the Zoe Miller Bank Account as of November 13, 2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule B.  The funds in the Zoe Miller Bank Account were also ordered by the Court to be turned over to me as part of the Cash pursuant to the Turnover Order.  On or about November 18, 2013, pursuant to my counsel's communications with Sarah Miller through her new counsel in the Discharge Adversary Proceeding, I received a wire transfer of $76,145.45.

22.     Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B and required to be turned over by this Court's

1    Turnover Order, there is no explanation for the additional $68,863.00 in pre-petition

2    Cash spent by the Debtors as detailed above which was never turned over to the

3    Trustee.  Furthermore, I am still in the process of obtaining all of Debtors bank records to

4    confirm all pre-petition cash and bank accounts were disclosed and accounted for.

5         23.    My investigation has also revealed that the Debtors knowingly significantly

6    undervalued their personal property on their bankruptcy schedules in an apparent

7    attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding the

8    liquidation of their assets for the benefit of creditors.  Notably, the Debtors failed to

9    disclose all entities in which they have an ownership interest in, including but not limited

10   to First Star Associates, Inc ("First Star").

11        24.    On July 29, 2013, in response to my request for documents and additional

12   information on First Star which was brought to light at the July 20 Meeting, Mr. Taus, on

13   behalf of Debtors, sent a letter to me, detailing the Debtors' interest in First Star among

14   other allegedly defunct corporate entities of the Debtors.  A true and correct copy of the

15   July 29, 2013 letter is attached hereto as **Exhibit D** and is incorporated herein by this

16   reference.  The July 29th letter provides as follows:

17             d.  First Star Associates, Inc.  – Status Revoked – Owned
               50% -- Services only corporation that never owned anything.
18             Closed after Las Vegas real estate collapse.  No tax returns
               (more than 5 years old).
19

20        25.    First Star is not listed as an asset on the Debtors' amended bankruptcy

21   schedules (Dkt. No. 64).

22        26.    On or about October 17, 2013, I received copies of the First Star bank

23   statements and cancelled checks from Bank West of Nevada in response to a subpoena

24   issued by my office after it was discovered that an active bank account existed for First

25   Star and that Debtor Loren Miller was writing checks from this account for his own

26   personal benefit.  True and correct copies of the First Star bank records received by the

27   Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

28   Records").

27.     The First Star Bank Records reflect that Mr. Miller has been using a bank account in the name of First Star solely for his own personal benefit for at least the two years preceding the Petition Date.  Furthermore, the First Star Bank Records show that the account had at least $24,612.63 in it as of the Petition Date and had as much as $44,086.94 in September 2012.  I believe that these funds are additional undisclosed monies, which are separate from the Cash disclosed on Schedule B and ordered by the Court to be turned over to me.

28.     The First Star Bank Records also reflect that the Debtors changed the address on the bank account to their new personal address in Texas.  This is directly at odds with the Debtors' testimony at the July 20 Meeting that Debtors did not have knowledge of any monies in the First Star Bank Account and did not control the account.  Furthermore, the Nevada corporate records for First Star do not show any other members or offices and reflect that the capital amount for the corporation's 25,000 shares was $0.00.  A true and correct copy of the First Star business entity detail from the Nevada Secretary of State Website is attached hereto as **Exhibit F.**

29.     On November 26, 2013, Debtor Loren Miller (pro se) filed the instant form Notice of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. § 1112(a) ("Motion to Convert," Dkt. Nos. 79 and 80).

30.     Mr. Miller also filed motions to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 to the Southern District of Texas, Houston Division in the Case ("BK Transfer Motion," Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas, Houston Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv. Dkt. No. 16) (collectively, referred to herein as the "Transfer Motion").  I am concurrently filing oppositions to the Transfer Motions.

31.     Co-Debtor Sarah Miller is not a signatory to the instant Transfer Motion or the Motion to Convert.  I am informed and believe that Sara Miller opposes both of these motions.

///

1    32.    Based on the foregoing Opposition, the Debtor Loren Miller's Motion to

2  convert the Case to Chapter 11 should be denied.

3    I declare under penalty of perjury under the laws of the United States of America

4  that the foregoing is true and correct and that this declaration was executed on

5  December 10, 2013 at Encino, California.

6

7                                          JEREMY W. FAITH

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

TAB 13                                          Page 162

TAB 13          Page 163

Case 9:13-bk-10313-RR    Doc 86    Filed 12/10/13    Entered 12/10/13 17:36:27    Desc
Main Document    Page 24 of 61

Case 9:13-bk-10313-RR    Doc 54    Filed 06/18/13    Entered 06/18/13 15:10:23    Desc
Main Document    Page 1 of 4

1  CRAIG G. MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino, California 91436
   Telephone: (818) 705-2777
4  Facsimile: (818) 705-3777
   Email: Craig@MarguliesFaithLaw.com
5  Email: Meghann@MarguliesFaithlaw.com

6  Attorney for Jeremy W. Faith, Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9                     **NORTHERN DIVISION**

10

11  In re                          Case No.: 9:13-bk-10313-RR

12  LOREN MILLER AND SARAH MILLER,  Chapter: 7

13
                        Debtor.     **ORDER GRANTING CHAPTER 7**
14                                  **TRUSTEE'S MOTION FOR TURNOVER**
                                    **OF PROPERTY OF THE ESTATE AND**
15                                  **ORDER DIRECTING DEBTORS TO**
                                    **APPEAR AT CONTINUED 11 U.S.C. §**
16                                  **341(a) MEETINGS OF CREDITORS**

17
                                    Hearing Date:
18                                  Date:    June 11, 2013
                                    Time:    10:00 am
19                                  Place:   Courtroom 201

20

21

22

23

24

25

26

27

28

FILED & ENTERED

JUN 18 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST      DEPUTY CLERK

TAB 13                                    Page 164

1    At the above date and time, the hearing on the Trustee's Motion for order
2    compelling the above-captioned debtors Loren Miller And Sarah Miller (collectively, the
3    "Debtors") to turn over property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 521,
4    541, and 542, and for an order directing the Debtors to appear at their 11 U.S.C. §
5    341(a) Meetings of Creditors (the "Motion," Dkt. No. 31) was held before the Honorable
6    Robin L. Riblet, United States Bankruptcy Judge, in Courtroom 201of the United States
7    Bankruptcy Court, 1415 State Street, Santa Barbara, California.  Meghann Triplett, Esq.
8    of Margulies Faith, LLP appeared on behalf of the Trustee, and all other appearances
9    were as stated on the record at the hearing.

10    The Court, having read and considered the moving papers, no opposition having
11    been filed, and the Court finding that Notice of the Motion was proper, and for the
12    reasons stated on the record at the hearing on the Motion and good cause appearing,

13    **IT IS HEREBY ORDERED THAT:**

14    1.    The Motion is granted;

15    2.    The Debtors are directed to immediately, but no later than five (5) days
16    after entry of this Order, turn over to the Trustee, by and through his counsel Margulies
17    Faith, LLP ("MF"), $182,000, the amount listed in the Debtors' Schedule B filed on
18    February 21, 2013 (Dkt. No.11) by way of a Cashier's Check made payable to "Jeremy
19    W. Faith, Chapter 7 Trustee."

20    3.    The Debtors are directed to immediately, but no later than five (5) days
21    after entry of this Order, turn over to the Trustee by and through his counsel MF, copies
22    of all monthly bank statements and canceled checks (front and back sides), including
23    documentation for all bank records and financial statements, for the two years preceding
24    the Petition Date through the date of the hearing on the Motion (i.e., June 11, 2013) for
25    all bank accounts existing in the Debtors' name, including all individual and joint-
26    accounts.  Specifically, the Debtors are required to provide monthly bank statements and
27    cancelled checks (front and back sides) for the time period described in this paragraph
28    above.

1

TAB 13                                                        Page 165

1        4.     The Debtors are directed to immediately, but in no event later than five (5)

2    days after entry of this Order, turn over to the Trustee by and through his counsel MF,

3    copies of Debtors' 2010, 2011, and 2012 State and Federal Tax Returns.

4        **IT IS FURTHER ORDERED** that:

5        5.     The Debtors are ordered to appear and testify under oath at their 11 U.S.C.

6    § 341(a) Meeting of Creditors on July 15, 2013, at 2:30 p.m. at the Office of the United

7    States Trustee, 128 E. Carrillo Street, Santa Barbara, California and are also required to

8    appear at any and all additional continued § 341(a) Meeting of Creditors until the Trustee

9    has concluded the Section 341(a) Meeting of Creditors in this Case.

13    ###

23

Date: June 18, 2013

Robin L. Riblet
United States Bankruptcy Judge

2

TAB 13                                    Page 166

Case 9:13-bk-10313-RR    Doc 86    Filed 12/10/13    Entered 12/10/13 17:36:27    Desc
Main Document    Page 27 of 61

Case 9:13-bk-10313-RR    Doc 54    Filed 06/18/13    Entered 06/18/13 15:10:23    Desc
Main Document    Page 4 of 4

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND ORDER DIRECTING DEBTORS TO APPEAR AT CONTINUED 11 U.S.C. § 341(A) MEETINGS OF CREDITORS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of <u>June 13, 2013</u>, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtors: Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 13                                    Page 167

TAB 13                    Page 168

# VAUGHN C. TAUS
ATTORNEY AT LAW

Telephone 805-542-0155                1042 Pacific Street, Suite D                Facsimile 805-542-0234
San Luis Obispo, CA 93401
tauslawyer@gmail.com

July 11, 2013

Craig Margulies
Margulies Faith LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

Re: Loren and Sarah Miller 9:13-bk-10313-RR

Dear Mr. Margulies:

I attach a variety of documents responsive to Mr. Faith's request. My clients have purchased airplane tickets from their home in Texas to appear at the §341a meeting in Santa Barbara on July 15, 2013.

I attach my clients' cashier's check in the sum of $101,731.00, which is the balance of money in my clients' accounts. I also attach an accounting created by my clients reflecting their expenditures since the filing of the bankruptcy case. Mr. Miller was unemployed and had no income through April, 2013. The Millers had to move to Texas for Mr. Miller to start his new job.

The accounting reflects initial balances totaling $170,594. These were the actual balances at the time the emergency petition was filed in this case. I am having my clients obtain documentation evidencing the accurate balance in accounts at the time the case was filed. Once I have that evidence I will provide it to you and I will file amended schedules on my clients' behalf.

My clients' banking was conducted exclusively on line for the two years preceding the filing of the bankruptcy case. They do not have statements. However, they are attempting to obtain information concerning the accounts that is responsive to the court's order and the trustee's inquiry.

I also include complete state and federal tax returns for Mr. and Mrs. Miller, for the years 2010, 2011 and 2012.

If additional responsive information becomes available before the hearing, I will provide that information, either in advance or at the hearing, itself.

TAB 13                                Page 169

Craig Margulies
Re: Loren and Sarah Miller
July 11, 2013
Page 2 of 2

If you have any questions or comments, please do not hesitate to communicate with me.

Yours Very Truly,

Vaughn C. Taus

Enclosures
CC: Clients

TAB 13                                    Page 170

| Date | Description | Amount | |
|------|-------------|--------|---|
| Jan-13 | Sarah Account | $ 100,000.00 | |
| Jan-13 | Zoe Account | $ 70,594.00 | |
| | Subtotal | $ 170,594.00 | |
| | | | |
| Jan - Apr | Mortgage - LV Home | $ 12,040.00 | |
| Jan - Apr | Rent - CA | $ 7,200.00 | |
| Mar - Apr | Rent & Deposit - TX | $ 5,025.00 | |
| Mar | Moving - CA to TX | $ 13,984.00 | Moving company |
| Mar | Moving - Travel | $ 3,000.00 | Personal Moving Costs |
| Jan - Apr | Medical Insurance Premiums | $ 2,332.00 | |
| Jan - Apr | Food & Gas | $ 2,000.00 | |
| Feb | Car Registration - CA | $ 145.00 | |
| Mar | Car Registration - TX | $ 207.00 | |
| Jan - Apr | Cell Phones | $ 976.00 | |
| Mar | Replace Water Heater - LV | $ 949.00 | |
| Mar | Replace Refrigerator Module | $ 440.00 | |
| Jan - Apr | Car Insurance | $ 585.00 | |
| Jan - Apr | Utilities (Average $200 Month) | $ 800.00 | |
| Feb | Lawyer (Taus) | $ 2,880.00 | |
| Mar | Lawyer (Taus) | $ 2,500.00 | |
| Mar | Lawyer (Sachs) | $ 3,800.00 | |
| Mar | Car Purchase (Daughter) | $ 10,000.00 | |
| | Subtotal | $ 68,863.00 | |
| | | | |
| | Total | $ 101,731.00 | Balance |

**NOTE: Unemployed from September 2012
through April 2013. No Income during this period.**

TAB 13                                    Page 171

TAB 13          Page 172



AUGUST 26, 2013
Meghann@MarguliesFaithlaw.com

**Sent VIA U.S. Mail & Email**
Vaughn C. Taus
Law Offices of Vaughn C. Taus
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
Email: tauslawyer@gmail.com
Fax: (805) 542-0234

Re:    In re Loren Miller and Sarah Miller, Case No. 9:13-bk-10313-RR

Dear Mr. Taus:

As you know, this firm is counsel to Jeremy W. Faith, Chapter 7 Trustee ("Trustee"), in regard to the above-referenced bankruptcy case (the "Case") of Loren and Sarah Miller ("Debtors").

This letter constitutes a demand for turnover of the remaining $68,863 from the Debtors pursuant to the Turnover Order entered by the Court on June 18, 2013. As you are aware, the Debtors were required to turn over to my office on behalf of the Trustee $182,000 in cash, the amount listed on original Schedule B no later than five (5) days after entry of the Turnover Order or on or before June 23, 2013.

On July 11, 2013, we received a cashier's check from your office on behalf of the Debtors in the amount of $101,731 along with a one page accounting prepared by the Debtors for their improper use of pre-petition Cash ordered to be turned over to the Trustee. The accounting includes various unauthorized expenditures from Estate funds including payments to your office in the total amount of $5,300, which were specifically ordered to be returned to the Trustee as set forth in a separate letter sent concurrently with this correspondence; $3,800 to an attorney "Sachs"; $10,000 for the purchase of a vehicle as well as other purported living and moving expenses totaling $68,863. These funds are assets of the Bankruptcy Estate and were required to be returned to the Trustee pursuant to the Court's Turnover Order.

To date, your clients have failed to make any effort and/or arrangements to turnover the remaining $68,863 pursuant to the Court's Turnover Order. Debtors must return the $68,863 immediately to the bankruptcy estate pursuant to their obligations under the Turnover Order or the Trustee will be left with no alternative but to move the Court to hold the Debtors in contempt.

Please contact me immediately in response to the above compliance. Thank you.

Very truly yours,

*Meghann Triplett*

Meghann Triplett

cc:  Jeremy W. Faith, Chapter 7 Trustee

16030 Ventura Boulevard, Suite 470, Encino, California 91436
T:  818-705-2777 | F:  818-705-3777 | www.marguliesfaithlaw.com

TAB 13                        Page 173

TAB 13                    Page 174

# VAUGHN C. TAUS
### ATTORNEY AT LAW

Telephone 805-542-0155

1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
tauslawyer@gmail.com

Facsimile 805-542-0234

July 29, 2013

Jeremy Faith
21550 Oxnard Street
Woodland Hills, Ca 91367

Re: Loren and Sarah Miller: Case No. 13-10313

Dear Mr. Faith:

At the Miller's §341 meeting of creditors you requested substantial additional information from the debtors.  This letter responds to those requests.  Mr. Miller has diligently attempted to gather whatever responsive documents he could.  The documents you requested often had to do with entities that have been out of business for quite a while.  For example, Mr. Miller testified about his involvment with a number of corporate entities.  These companies have, in many cases, been defunct for many years.

Additionally, the debtors testified about their recent move to Texas so that Mr. Miller could be re-employed, after many months of un-employment.  As necessitated by such a move, documents were either packed or if the documents were old, thrown out.

With respect to the corporate entities, Mr. Miller performed a search for information at the office of the Nevada Secretary of State and was able to obtain the information for each company reflected on the first attachment to this letter.  In addition, Mr. Miller provides the following narrative with respect the various entities:

a. Molinos Properties, LLC – Status Default – Owned 100% by debtor-Entity owned a portion of Hills Center Office 1, LLC that was bankrupted by Andrew Geller in 2008.  The final tax return is attached;

b. Winmill Development, Inc. –Status Revoked – Owned 100% by debtor-Services only corporation that never owned anything.  Closed after Las Vegas real estate collapse.  The final tax return is attached;

c. Hills Center Office 1, LLC – Status Dissolved – Molinos Properties owned 21% - Hills Center Office 1, LLC was bankrupted by Andrew Geller in 2008.  Geller would have tax returns;

TAB 13                                   Page 175

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 2 of 3

d. First Star Associates, Inc. – Status Revoked – Owned 50% - Services only corporation that never owned anything.  Closed after Las Vegas real estate collapse. No Tax returns (more than 5 years old);

e. Mohave Minerals & Mining, LLC – Status Permanently Revoked – Mining company closed over 9 years ago.  No Tax returns (more than 5 years old);

F. Flamingo Cambridge, LLC – Status Permanently Revoked – Owned 33% - Sold real estate back in 2004 and closed permanently – No Tax returns (more than 5 years old)

g. Luxin Limited – Status Revoked – Resident Agent only – Did not own any position.

Next, I forward documents from Mr. Miller that refer to six Wells Fargo accounts and three Bank of America accounts.  The statement for Mr. Miller's Nevada Wells Fargo Bank account ending in 0403 is separated out.

Next, I attach, as a group, statements for: Mrs. Miller's Wells Fargo Bank accounts ending in 4710 and 8753; and Zoe Miller's Wells Fargo Bank account ending in 2685.  Next in the group, Mr. Miller only had correspondence from Wells Fargo Bank that I attach, for the California accounts in his name ending in 9591 and 8548.  In addition, I provide correspondence for Mr. Miller's Bank of America accounts ending in 5983, 3794 and 0765.  As indicated on the letters, these accounts were drained by Mr. Geller and were closed after the levy.

I next attach as a packet the complete application by debtors for re-imbursement for damages caused by Mayflower Moving Company.

I next attach policy summaries for three Principal Life Insurance Policies insuring the lives of Mr. Miller, Mrs. Miller and Zoe Miller.

The information in this letter and the attachments provide the most complete response the Millers are able to provide to your inquiries, at this time.  Mr. Miller will continue to search for additional responsive material, as they continue to unpack.

In the mean time, now that I have this additional information, I am preparing amended schedules, statement of financial affairs and a business income and expense statement for the Nevada house rented out by the Millers.

As Mrs. Miller made emotionally clear, it is a very substantial hardship both financially and in their lives, for the Millers to come out to California.  This is particularly so on relatively short notice.  Therefore, it is my hope that once you have reviewed this

TAB 13                                    Page 176

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 3 of 3

response, you will be able to excuse the Millers from a further appearance.  If this is not possible, I urge you to continue the next scheduled meeting for more than thirty days, to at least allow the Millers to purchase airplane tickets at a reasonable price.

Thank you in advance for your consideration in this matter.

If you have any questions or comments please do not hesitate to communicate with me.

Yours Very Truly,

Vaughn C. Taus

Enclosures

CC: Clients.

TAB 13                                    Page 177

TAB 13                    Page 178

```
                                   0010000000 01              PAGE:     1
                          ACCOUNT:          120061872  09/30/2013
                          DOCUMENTS:                0
```

```
      FIRST STAR ASSOCIATES INC                              30
      702 WHITECAP DR                                         0
      EL LAG0 TX  77586-5918                                  0
```

```
==============================================================================
    Effective December 2, 2013, the Wire Transfer fee for outbound
    international wires will decrease to $40.00 per transaction.
    For questions, please contact your customer service representative.
```

```
==============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
         DESCRIPTION            DEBITS          CREDITS    DATE         BALANCE

BALANCE LAST STATEMENT .............................. 08/30/13        3,010.96
INTEREST                                      .13 09/30/13            3,011.09
BALANCE THIS STATEMENT .............................. 09/30/13        3,011.09

TOTAL CREDITS      (1)            .13
TOTAL DEBITS       (0)            .00

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       3,010.96  INTEREST EARNED:                  .13
AVERAGE AVAILABLE BALANCE:    3,010.96  DAYS IN PERIOD:                    31
INTEREST PAID THIS PERIOD:        .13  ANNUAL PERCENTAGE YIELD EARNED:   .05%
INTEREST PAID 2013:              6.49
```

```
        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      *****************************************************************
      *                    |    TOTAL FOR    |      TOTAL           *
      *                    |   THIS PERIOD   |   YEAR TO DATE       *
      *-------------------------------------------------------------*
      * TOTAL OVERDRAFT FEES: |      $.00     |        $.00        *
      *-------------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |  $.00     |        $.00        *
      *****************************************************************
```

TAB 13                                        Page 179

```
                                   000P 000P 01            PAGE:     1
                              ACCOUNT:        120061872  08/30/2013
                              DOCUMENTS:               1




        FIRST STAR ASSOCIATES INC                          30
        702 WHITECAP DR                                     0
        EL LAG0 TX  77586-5918                              1


=============================================================================
                BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
          DESCRIPTION          DEBITS      CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ............................. 07/31/13    18,010.53
CHECK # 350                  15,000.00              08/16/13     3,010.53
INTEREST                                       .43  08/30/13     3,010.96
BALANCE THIS STATEMENT ............................. 08/30/13    3,010.96

TOTAL CREDITS     (1)           .43
TOTAL DEBITS      (1)      15,000.00


=============================================================================
                     YOUR CHECKS SEQUENCED
=============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

08/16    350   15,000.00

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        10,510.53  INTEREST EARNED:              .43
AVERAGE AVAILABLE BALANCE:     10,510.53  DAYS IN PERIOD:                30
INTEREST PAID THIS PERIOD:          .43  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                6.36
          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

          ******************************************************************
          *                      |    TOTAL FOR   |     TOTAL        *
          *                      |   THIS PERIOD  |   YEAR TO DATE   *
          *---------------------------------------------------------*
          * TOTAL OVERDRAFT FEES: |     $.00       |        $.00     *
          *---------------------------------------------------------*
          * TOTAL RETURNED ITEM FEES: |   $.00      |        $.00     *
          ******************************************************************
```

TAB 13                                           Page 180

```
                                    00:000-0.00            PAGE:    1
                                    ACCOUNT:      120061872  07/31/2013
                                    DOCUMENTS:            0




        FIRST STAR ASSOCIATES INC                          30
        702 WHITECAP DR                                     0
        EL LAG0 TX  77586-5918                              0


=============================================================================
           BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
          DESCRIPTION        DEBITS       CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 06/28/13    18,009.72
INTEREST                                  .81 07/31/13          18,010.53
BALANCE THIS STATEMENT ............................. 07/31/13    18,010.53

TOTAL CREDITS      (1)        .81
TOTAL DEBITS       (0)        .00

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      18,009.72  INTEREST EARNED:              .81
AVERAGE AVAILABLE BALANCE:   18,009.72  DAYS IN PERIOD:                33
INTEREST PAID THIS PERIOD:        .81  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:             5.93

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        *************************************************************
        *                      |   TOTAL FOR    |    TOTAL         *
        *                      |  THIS PERIOD   |  YEAR TO DATE    *
        *----------------------------------------------------------*
        * TOTAL OVERDRAFT FEES: |     $.00       |     $.00        *
        *----------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: | $.00        |     $.00        *
        *************************************************************
```

TAB 13                                    Page 181

```
                               00100000F5A1.01              PAGE:    1
                               ACCOUNT:        120061872  06/28/2013
                               DOCUMENTS:              0
```

```
       FIRST STAR ASSOCIATES INC                                30
       702 WHITECAP DR                                           0
       EL LAGO TX  77586-5918                                    0
```

```
=============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
            DESCRIPTION        DEBITS      CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 05/31/13    18,009.03
INTEREST                                       .69 06/28/13    18,009.72
BALANCE THIS STATEMENT ............................. 06/28/13    18,009.72

TOTAL CREDITS      (1)         .69
TOTAL DEBITS       (0)         .00

       - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        18,009.03  INTEREST EARNED:             .69
AVERAGE AVAILABLE BALANCE:     18,009.03  DAYS IN PERIOD:               28
INTEREST PAID THIS PERIOD:           .69  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                 5.12

       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

       ********************************************************************
       *                     |    TOTAL FOR     |      TOTAL           *
       *                     |   THIS PERIOD    |   YEAR TO DATE     *
       *--------------------------------------------------------------*
       * TOTAL OVERDRAFT FEES:    |     $.00      |      $.00        *
       *--------------------------------------------------------------*
       * TOTAL RETURNED ITEM FEES:  |     $.00      |      $.00        *
       ********************************************************************
```

TAB 13                                    Page 182

```
                             00000000.01            PAGE:     1
                        ACCOUNT:        120061872  05/31/2013
                        DOCUMENTS:              1
```

```
        FIRST STAR ASSOCIATES INC                          30
        702 WHITECAP DR                                     1
        EL LAGO TX  77586-5918                              0
```

```
==============================================================================
      Effective June 1, 2013, the following fee change will apply to
      Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
      item fee will increase to $35 from $32.50. Also the daily overdraft
      fee will apply only on business days (weekends and state/federal
      holidays are not considered business days).

==============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
            DESCRIPTION          DEBITS      CREDITS   DATE          BALANCE

BALANCE LAST STATEMENT .............................. 04/30/13      17,615.03
DEPOSIT                                393.25 05/20/13              18,008.28
INTEREST                                 .75 05/31/13              18,009.03
BALANCE THIS STATEMENT .............................. 05/31/13      18,009.03

TOTAL CREDITS     (2)        394.00
TOTAL DEBITS      (0)           .00

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       17,767.25  INTEREST EARNED:                .75
AVERAGE AVAILABLE BALANCE:    17,767.25  DAYS IN PERIOD:                  31
INTEREST PAID THIS PERIOD:          .75  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                4.43

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      ***************************************************************
      *                     |    TOTAL FOR    |      TOTAL       *
      *                     |   THIS PERIOD   |   YEAR TO DATE   *
      *---------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:  |     $.00     |       $.00       *
      *---------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES:  |   $.00    |       $.00      *
      ***************************************************************
```

TAB 13                                                    Page 183

```
                                     00710000FS 01              PAGE:    1
                                ACCOUNT:        120061872  04/30/2013
                                DOCUMENTS:              0
```

```
        FIRST STAR ASSOCIATES INC                             30
        702 WHITECAP DR                                        0
        EL LAG0 TX  77586-5918                                 0
```

```
=============================================================================
    Effective June 1, 2013, the following fee change will apply to
    Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
    item fee will increase to $35 from $32.50. Also the daily overdraft
    fee will apply only on business days (weekends and state/federal
    holidays are not considered business days).
```

```
=============================================================================
           BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
        DESCRIPTION         DEBITS      CREDITS   DATE        BALANCE
```

```
BALANCE LAST STATEMENT ............................... 03/29/13    17,614.26
INTEREST                                    .77 04/30/13    17,615.03
BALANCE THIS STATEMENT ............................... 04/30/13    17,615.03

TOTAL CREDITS      (1)          .77
TOTAL DEBITS       (0)          .00
```

```
         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        17,614.26  INTEREST EARNED:               .77
AVERAGE AVAILABLE BALANCE:     17,614.26  DAYS IN PERIOD:                 32
INTEREST PAID THIS PERIOD:           .77  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2013:                 3.68
```

```
       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        **************************************************************
        *                     |    TOTAL FOR   |     TOTAL         *
        *                     |   THIS PERIOD  |  YEAR TO DATE     *
        *---------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:   |     $.00     |      $.00       *
        *---------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |   $.00     |      $.00       *
        **************************************************************
```

TAB 13                                          Page 184

```
                                  000 5.01              PAGE:      1
                          ACCOUNT:         120061872  03/29/2013
                          DOCUMENTS:               1




       FIRST STAR ASSOCIATES INC                          30
       702 WHITECAP DR                                     0
       EL LAG0 TX  77586-5918                              1


==========================================================================
   NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
   transaction account ( including an IOLTA/IOLA ) will no longer receive
   unlimited deposit insurance coverage, but will be FDIC-insured to the
   legal maximum of $250,000 for each ownership category.
   For more information, visit:
       http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                        BANK OF NEVADA
   Effective 3/28/11, our funds availability policy has changed. Our policy
   to make funds from deposits available to you generally on the first
   business day after the date we receive your deposit has not changed.
   However, if we must postpone availability of funds you deposit by check,
   we have increased the amount that may be made available to you on the
   first business day after your deposit date from $100 to $200.

==========================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================
       DESCRIPTION          DEBITS       CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ............................... 02/28/13    20,113.51
CHECK # 349                   2,500.00              03/15/13    17,613.51
INTEREST                                    .75 03/29/13    17,614.26
BALANCE THIS STATEMENT ............................... 03/29/13    17,614.26

TOTAL CREDITS      (1)            .75
TOTAL DEBITS       (1)       2,500.00


==========================================================================
                    YOUR CHECKS SEQUENCED
==========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

03/15    349    2,500.00
                 * * *  C O N T I N U E D  * * *
```

TAB 13                              Page 185

```
                              00010000F5.01      PAGE:      2
                           ACCOUNT:      120061872  03/29/2013
                           DOCUMENTS:            1
```

```
        FIRST STAR ASSOCIATES INC

================================================================================
                BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================================

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        18,820.40   INTEREST EARNED:                    .75
AVERAGE AVAILABLE BALANCE:     18,820.40   DAYS IN PERIOD:                      29
INTEREST PAID THIS PERIOD:           .75   ANNUAL PERCENTAGE YIELD EARNED:   .05%
INTEREST PAID 2013:                 2.91

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      ********************************************************************
      *                        |    TOTAL FOR   |      TOTAL          *
      *                        |   THIS PERIOD  |   YEAR TO DATE      *
      *-----------------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:   |      $.00      |         $.00        *
      *-----------------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |    $.00      |         $.00        *
      ********************************************************************
```

TAB 13                                    Page 186

```
                                  002100005 01              PAGE:     1
                                  ACCOUNT:        120061872  02/28/2013
                                  DOCUMENTS:               4
```

```
        FIRST STAR ASSOCIATES INC                           30
        239 ESPARTO AVE                                      0
        PISMO BEACH CA  93449-1916                           4
```

```
=============================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                            BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.
```

```
=============================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
        DESCRIPTION          DEBITS        CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ...............................  01/31/13    29,012.63
CHECK # 345              2,400.00                       02/05/13    26,612.63
CHECK # 346              2,000.00                       02/07/13    24,612.63
CHECK # 347              3,000.00                       02/07/13    21,612.63
CHECK # 348              1,500.00                       02/26/13    20,112.63
INTEREST                                      .88       02/28/13    20,113.51
BALANCE THIS STATEMENT ...............................  02/28/13    20,113.51

TOTAL CREDITS        (1)          .88
TOTAL DEBITS         (4)     8,900.00
```

```
=============================================================================
                    YOUR CHECKS SEQUENCED
=============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

02/05     345   2,400.00 02/07     347   3,000.00
02/07     346   2,000.00 02/26     348   1,500.00
                    * * * C O N T I N U E D * * *
```

TAB 13                                                      Page 187

```
                              0021000F.01              PAGE:     2
                              ACCOUNT:        120061872  02/28/2013
                              DOCUMENTS:              4



         FIRST STAR ASSOCIATES INC

================================================================================
                BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================================

            - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      22,866.20  INTEREST EARNED:               .88
AVERAGE AVAILABLE BALANCE:   22,866.20  DAYS IN PERIOD:                 28
INTEREST PAID THIS PERIOD:         .88  ANNUAL PERCENTAGE YIELD EARNED: .05%
INTEREST PAID 2013:               2.16
INTEREST PAID 2012:              17.71

            - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

         ****************************************************************
         *                    |      TOTAL FOR    |      TOTAL        *
         *                    |     THIS PERIOD   |   YEAR TO DATE    *
         *--------------------------------------------------------------*
         * TOTAL OVERDRAFT FEES:  |        $.00    |          $.00     *
         *--------------------------------------------------------------*
         * TOTAL RETURNED ITEM FEES: |     $.00    |          $.00     *
         ****************************************************************
```

TAB 13                                        Page 188

```
                                             0011000152.01          PAGE:      1
                                  ACCOUNT:           120061872  01/31/2013
                                  DOCUMENTS:                 1




         FIRST STAR ASSOCIATES INC                            30
         239 ESPARTO AVE                                       0
         PISMO BEACH CA  93449-1916                            1


========================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
         http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                            BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.

========================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
========================================================================
         DESCRIPTION          DEBITS        CREDITS    DATE          BALANCE

BALANCE LAST STATEMENT ............................. 12/31/12       30,511.35
CHECK # 344                  1,500.00                 01/25/13      29,011.35
INTEREST                                      1.28    01/31/13      29,012.63
BALANCE THIS STATEMENT ............................. 01/31/13      29,012.63

TOTAL CREDITS        (1)         1.28
TOTAL DEBITS         (1)     1,500.00


========================================================================
                    YOUR CHECKS SEQUENCED
========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

01/25     344    1,500.00
               * * *  C O N T I N U E D  * * *
```

TAB 13                                           Page 189

```
                                    0000 P 01            PAGE:      2
                        ACCOUNT:          120061872   01/31/2013
                        DOCUMENTS:               1




         FIRST STAR ASSOCIATES INC

==============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      30,172.64  INTEREST EARNED:              1.28
AVERAGE AVAILABLE BALANCE:   30,172.64  DAYS IN PERIOD:                 31
INTEREST PAID THIS PERIOD:        1.28  ANNUAL PERCENTAGE YIELD EARNED:   .05%
INTEREST PAID 2013:               1.28
INTEREST PAID 2012:              17.71

         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

******************************************************************************
*                          |  TOTAL FOR   |   TOTAL     |  PREVIOUS    *
*                          | THIS PERIOD  | YEAR TO DATE |  YEAR TOTAL  *
*--------------------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:     |      $.00    |      $.00    |      $.00    *
*--------------------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES: |      $.00    |      $.00    |      $.00    *
******************************************************************************
```

TAB 13                                          Page 190

```
                                  001-000052-01        PAGE:      1
                              ACCOUNT:      120061872  12/31/2012
                              DOCUMENTS:             0
```

```
        FIRST STAR ASSOCIATES INC                      30
        239 ESPARTO AVE                                 0
        PISMO BEACH CA  93449-1916                      0
```

```
============================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                            BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.
```

```
============================================================================
        BUSINESS MONEY MARKET ACCOUNT 120061872
============================================================================
        DESCRIPTION          DEBITS        CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT .............................. 11/30/12    31,510.02
TELEPHONE TRANSFER REQUEST C/S 1,000.00              12/28/12    30,510.02
INTEREST                                    1.33 12/31/12    30,511.35
BALANCE THIS STATEMENT .............................. 12/31/12    30,511.35


TOTAL CREDITS       (1)          1.33
TOTAL DEBITS        (1)      1,000.00


        - - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:         31,380.98  INTEREST EARNED:           1.33
AVERAGE AVAILABLE BALANCE:      31,380.98  DAYS IN PERIOD:              31
INTEREST PAID THIS PERIOD:          1.33  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:                17.71
                * * *  C O N T I N U E D  * * *
```

TAB 13                                          Page 191

```
                                    0000000000001               PAGE:      2
                                    ACCOUNT:         120061872  12/31/2012
                                    DOCUMENTS:              0




          FIRST STAR ASSOCIATES INC

==============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

     ************************************************************
     *                      |  TOTAL FOR   |    TOTAL          *
     *                      | THIS PERIOD  |  YEAR TO DATE     *
     *------------------------------------------------------------*
     * TOTAL OVERDRAFT FEES: |     $.00     |       $.00        *
     *------------------------------------------------------------*
     * TOTAL RETURNED ITEM FEES: |  $.00    |       $.00        *
     ************************************************************
```

TAB 13                                    Page 192

```
                                             PAGE:     1
                            ACCOUNT:     120061872  11/30/2012
                            DOCUMENTS:           1




      FIRST STAR ASSOCIATES INC                          30
      239 ESPARTO AVE                                     0
      PISMO BEACH CA  93449-1916                          1


==============================================================================
   NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
   transaction account ( including an IOLTA/IOLA ) will no longer receive
   unlimited deposit insurance coverage, but will be FDIC-insured to the
   legal maximum of $250,000 for each ownership category.
   For more information, visit:
       http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                           BANK OF NEVADA
   Effective 3/28/11, our funds availability policy has changed. Our policy
   to make funds from deposits available to you generally on the first
   business day after the date we receive your deposit has not changed.
   However, if we must postpone availability of funds you deposit by check,
   we have increased the amount that may be made available to you on the
   first business day after your deposit date from $100 to $200.

==============================================================================
          BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
        DESCRIPTION          DEBITS       CREDITS    DATE        BALANCE

BALANCE LAST STATEMENT ............................. 10/31/12    32,008.72
CHECK # 343                  500.00                  11/02/12    31,508.72
INTEREST                                   1.30      11/30/12    31,510.02
BALANCE THIS STATEMENT ............................. 11/30/12    31,510.02

TOTAL CREDITS       (1)          1.30
TOTAL DEBITS        (1)        500.00


==============================================================================
                   YOUR CHECKS SEQUENCED
==============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

11/02     343     500.00
                   * * *  C O N T I N U E D  * * *
```

TAB 13                                                      Page 193

```
                                          00010000 F5 01         PAGE:    2
                                 ACCOUNT:        120061872  11/30/2012
                                 DOCUMENTS:              1




        FIRST STAR ASSOCIATES INC

===============================================================================
               BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       31,525.38  INTEREST EARNED:              1.30
AVERAGE AVAILABLE BALANCE:    31,525.38  DAYS IN PERIOD:                 30
INTEREST PAID THIS PERIOD:         1.30  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               16.38

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

          ****************************************************************
          *                        |   TOTAL FOR   |     TOTAL        *
          *                        |  THIS PERIOD  |  YEAR TO DATE    *
          *----------------------------------------------------------*
          * TOTAL OVERDRAFT FEES:   |    $.00      |      $.00        *
          *----------------------------------------------------------*
          * TOTAL RETURNED ITEM FEES: |   $.00     |      $.00        *
          ****************************************************************
```

TAB 13                                        Page 194

```
                                  00810000081801      PAGE:    1
                    ACCOUNT:      120061872  10/31/2012
                    DOCUMENTS:             1




      FIRST STAR ASSOCIATES INC                         30
      239 ESPARTO AVE                                    0
      PISMO BEACH CA  93449-1916                         1
```

```
==========================================================================
                          BANK OF NEVADA
     Effective 3/28/11, our funds availability policy has changed. Our policy
     to make funds from deposits available to you generally on the first
     business day after the date we receive your deposit has not changed.
     However, if we must postpone availability of funds you deposit by check,
     we have increased the amount that may be made available to you on the
     first business day after your deposit date from $100 to $200.

==========================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================
          DESCRIPTION          DEBITS        CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 09/28/12      44,086.94
TELEPHONE TRANSFER REQUEST C/S 4,000.00             10/09/12      40,086.94
CHECK # 342                    8,080.00             10/24/12      32,006.94
INTEREST                                     1.78 10/31/12      32,008.72
BALANCE THIS STATEMENT ............................. 10/31/12      32,008.72

TOTAL CREDITS     (1)          1.78
TOTAL DEBITS      (2)      12,080.00


==========================================================================
                        YOUR CHECKS SEQUENCED
==========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

10/24    342   8,080.00


           - - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        39,340.27  INTEREST EARNED:             1.78
AVERAGE AVAILABLE BALANCE:     39,340.27  DAYS IN PERIOD:                33
INTEREST PAID THIS PERIOD:         1.78  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               15.08
                    * * * C O N T I N U E D * * *
```

TAB 13                                      Page 195

```
                                   0021000Page Ct          PAGE:     2
                                   ACCOUNT:        120061872  10/31/2012
                                   DOCUMENTS:              1
```

```
          FIRST STAR ASSOCIATES INC

==============================================================================
               BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        *************************************************************
        *                        |  TOTAL FOR   |     TOTAL        *
        *                        |  THIS PERIOD |  YEAR TO DATE    *
        *-----------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:   |     $.00     |        $.00      *
        *-----------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |   $.00     |        $.00      *
        *************************************************************
```

TAB 13                          Page 196

```
                                        00710000F001    PAGE:    1
                              ACCOUNT:        120061872  09/28/2012
                              DOCUMENTS:            1
```

```
        FIRST STAR ASSOCIATES INC                          30
        239 ESPARTO AVE                                     0
        PISMO BEACH CA  93449-1916                          1
```

```
==========================================================================
                        BANK OF NEVADA
     Effective 3/28/11, our funds availability policy has changed. Our policy
     to make funds from deposits available to you generally on the first
     business day after the date we receive your deposit has not changed.
     However, if we must postpone availability of funds you deposit by check,
     we have increased the amount that may be made available to you on the
     first business day after your deposit date from $100 to $200.
```

```
==========================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================
```

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ............................ | | | 08/31/12 | 45,075.21 |
| CHECK # 341 | 990.00 | | 09/27/12 | 44,085.21 |
| INTEREST | | 1.73 | 09/28/12 | 44,086.94 |
| BALANCE THIS STATEMENT ............................ | | | 09/28/12 | 44,086.94 |

```
TOTAL CREDITS      (1)         1.73
TOTAL DEBITS       (1)       990.00
```

```
==========================================================================
                   YOUR CHECKS SEQUENCED
==========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

09/27    341     990.00
```

```
             - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        45,004.49  INTEREST EARNED:            1.73
AVERAGE AVAILABLE BALANCE:     45,004.49  DAYS IN PERIOD:               28
INTEREST PAID THIS PERIOD:         1.73  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               13.30
                   * * * C O N T I N U E D * * *
```

TAB 13                                        Page 197

```
                                       00A1 0000 F011 01      PAGE:     2
                                       ACCOUNT:       120061872  09/28/2012
                                       DOCUMENTS:              1




        FIRST STAR ASSOCIATES INC

===============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

       ****************************************************************
       *                        |  TOTAL FOR    |     TOTAL         *
       *                        |  THIS PERIOD  |  YEAR TO DATE     *
       *------------------------------------------------------------*
       * TOTAL OVERDRAFT FEES:   |     $.00      |        $.00       *
       *------------------------------------------------------------*
       * TOTAL RETURNED ITEM FEES: |   $.00      |        $.00       *
       ****************************************************************
```

TAB 13                                    Page 198

TAB 13                                    Page 199

Case: 16-55032, 08/01/2016, ID: 10071740, DktEntry: 14-2, Page 142 of 285

Case 9:13-bk-10313-RR   Doc 86   Filed 12/10/13   Entered 12/10/13 17:36:27   Desc
Entity Details - Secretary of State, Nevada   Main Document   Page 60 of 61   Page 1 of 2

Home  |  About Ross  |  Calendar  |  News  |  FAQ  |  Forms  |  Contact Us

Search...

| Home | Information Center | Election Center | Business Center | Licensing Center | Securities Center | Online Services |

My Data Reports   Commercial Recordings   Licensing

# FIRST STAR ASSOCIATES, INC.

| New Search | Printer Friendly | Calculate Reinstatement Fees |
|---|---|---|

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 3/10/1997 |
| Type: | Domestic Corporation | Entity Number: | C4844-1997 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19971121930 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | LOREN MILLER | Address 1: | 11356 MERCADO PEAK DRIVE |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89135 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

View all business entities under this registered agent

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 25,000.00 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

### President - LOREN C MILLER

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

### Secretary - LOREN C MILLER

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION OF JEREMY W. FAITH, CHAPTER 7 TRUSTEE, TO DEBTOR LOREN MILLER'S MOTION TO CONVERT CASE TO CHAPTER 11; REQUEST FOR HEARING; AND DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 10, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle    mark.estle@buckleymadole.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On December 10, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 10, 2013 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_

**F 9013-3.1.PROOF.SERVICE**

TAB 13                     Page 201

TAB 14

1  Howard I. Camhi (SBN 149194)
   **ERVIN, COHEN & JESSUP LLP**
2  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
3  Telephone  (310) 273-6333
   Facsimile  (310) 859-2325
4  hcamhi@ecjlaw.com

5  Attorneys for Andrew D. Geller and
   Andrew D. Geller and Eileen B. Geller,
6  Trustees of the Geller Trust dated September 2, 1987

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **NORTHERN DIVISION**

11  In re                              ) Case No. 9:13-bk-10313-RR
                                       )
12  LOREN MILLER AND SARAH MILLER,     ) Chapter 7
                                       )
13        Debtors.                     ) **PRELIMINARY OPPOSITION TO**
                                       ) **DEBTOR'S MOTION TO CONVERT CASE**
14                                     )
                                       ) **HEARING REQUESTED PURSUANT TO**
15                                     ) **LOCAL BANKRUPTCY RULE 9013-1(o)**
                                       )
16                                     ) **Date:**
                                       ) **Time:**
17                                     ) **Place:** Courtroom 201
                                       )          1415 State Street
18  _____)          Santa Barbara, California

19       **TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY**

20  **JUDGE; DEBTORS LOREN AND SARAH MILLER AND ALL OTHER PARTIES IN**

21  **INTEREST:**

22

23       Creditors Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the

24  Geller Trust dated September 2, 1987 (collectively referred to herein as "the Gellers") hereby file

25  their Preliminary Opposition to the Debtor's Motion to Convert Case (hereinafter, the "Motion")

26  and request a hearing on the Motion pursuant to Local Bankruptcy Rule 9013-1(o).  In support of

27  this Preliminary Opposition, the Gellers respectfully submit as follows:

28

Ervin, Cohen
& Jessup LLP

13954.10:1924867.1
_____
               OPPOSITION TO MOTION TO CONVERT CASE

TAB 14                                    Page 202

1    As a preliminary matter, it is unclear as to which of the joint Debtors in this case are

2    seeking conversion to Chapter 11.  Notably, both Debtors' names are in the caption of the Motion,

3    but the Motion does not appear to be signed by Debtor Sarah Miller.  Debtor Loren Miller is not

4    an attorney and thus cannot represent Sarah Miller.  Notwithstanding, the Gellers oppose the

5    Motion as to both of the Debtors.  In addition, the Motion fails to support the Debtors' conversion

6    request with any facts or law indicating how they will fund and ultimately confirm a Chapter 11

7    plan.  The Motion is nothing more than a "check the box" attempt to convert which provides no

8    legal or factual basis that supports conversion.

9    The Gellers are aware of the general policy of allowing honest Chapter 7 debtors to

10   convert to Chapter 11 in a good faith effort to repay debts.  Here, however, as the record in the

11   main case and the two pending adversaries[1] demonstrate, these are not honest debtors.  These

12   Debtors are not acting in good faith.  For example, these Debtors were ordered by this Court to

13   appear at their 341(a) meeting (which they did after numerous non-appearances) and to turn over

14   to the Trustee $182,000.00 scheduled as property of the estate.  See Docket #54  The Debtors have

15   failed to do so.  The debtors have testified under oath at their 341(a) meeting that they did not, and

16   cannot, comply with this Court's Order because they used much of that estate money for their own

17   post-petition personal purposes, such as moving to Texas.

18   In addition, the Debtors have filed documents in this Court indicating they are in dire

19   financial straits and even a single appearance at their 341(a) meeting caused a great financial

20   hardship on them.  Based on their admitted financial situation, it appears that the Debtors will

21   never be able to fund a Chapter 11 case and cannot confirm any plan of reorganization.

22   \ \ \

---

[1] The Trustee has sued the Debtors objecting to their discharge and the Gellers have filed an
adversary proceeding pursuant to 11 U.S.C. 523 and 727.

Ervin, Cohen
& Jessup LLP

13954.10:1924867.1

2

1  **A.    This Court Has The Power To Deny The Motion**

2      Section 706 authorizes a Chapter 7 debtor to convert a case to another chapter so long as

3  he is eligible for relief and the case has not previously been converted.  Courts have held that

4  Section 706 does not confer upon the debtor an absolute right to convert if those two conditions

5  are met.  Bankruptcy Courts are permitted to deny a debtor's motion to convert where the Court

6  determines the debtor engaged in bad faith conduct.  See, i.e., *In re: Marrama*, 430 F.3d 474 (1st

7  Cir. 2005), *aff'd*, 549 U.S. 365, 127 S.Ct. 1105.  In addition, a Bankruptcy Court does not abuse

8  its discretion in denying a debtor's motion to convert their case to Chapter 11 where the record

9  shows that the Debtor did not tell the truth and signed things under oath and penalty of perjury that

10  were not true.  *In re Levesque*, 2012 WL 2400886 (9th Cir. B.A.P. 2012).

11      Based on the foregoing authorities, it is clear this Court has the power to deny the Motion.

12  Based on the Debtors' bad faith conduct including their failure to comply with direct Orders of

13  this Court, coupled with the clear intent of the Debtors to attempt to convert in an effort to avoid

14  the adversary proceedings against them, the Court should exercise its discretion to deny the

15  Motion.

16      Alternatively, if this Court is not inclined to deny the Motion without a hearing, the Gellers

17  respectfully request this Court set a hearing on the Motion along with a briefing schedule to enable

18  the Gellers to more fully apprise the Court of the facts and circumstances that militate against

19  conversion of this case to Chapter 11.

DATED:  December 9, 2013          ERVIN COHEN & JESSUP LLP

By: _____
     Howard I. Camhi
     Attorneys for Andrew D. Geller and
     Andrew D. Geller and Eileen B. Geller,
     Trustees of the Geller Trust dated September 2,
     1987

13954.10:1924867.1                    3
OPPOSITION TO MOTION TO CONVERT CASE

TAB 14                                    Page 204

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):

PRELIMINARY OPPOSITION TO DEBTOR'S MOTION TO CONVERT CASE

HEARING REQUESTED PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 9, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On December 9, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 9, 2013 | KIMBERLY ANTHONY | /s/Kimberly Anthony |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 14                                   Page 205

# SERVICE LIST

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net,
  C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

Hon. Robin L. Riblet
U.S. Bankruptcy Court
1415 State St., 2nd Floor
Santa Barbara, CA 93101

Debtors

Sarah Miller
702 Whitecap Dr.
Seabrook, TX 77586

Loren Miller
600 E. Medical Center Blvd. #1509
Webster, TX 77598

Attorneys for Sarah Miller
Robert E. Hurlbett
Reed H. Olmstead
Hurlbett & Olmstead
3324 State St. Ste. O
Santa Barbara, CA 93105

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 14                    Page 206

TAB 15

1  Howard I. Camhi (SBN 149194)
   **ERVIN, COHEN & JESSUP LLP**
2  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
3  Telephone  (310) 273-6333
   Facsimile  (310) 859-2325
4  hcamhi@ecjlaw.com

5  Attorneys for Andrew D. Geller and
   Andrew D. Geller and Eileen B. Geller,
6  Trustees of the Geller Trust dated September 2, 1987

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **NORTHERN DIVISION**

11 In re                              ) Case No. 9:13-bk-10313-RR
                                      )
12 LOREN MILLER AND SARAH MILLER,     ) Chapter 7
                                      )
13       Debtors.                     ) **PRELIMINARY OPPOSITION TO**
                                      ) **DEBTOR'S MOTION TO TRANSFER**
14                                    ) **VENUE**
                                      )
15                                    ) **HEARING REQUESTED PURSUANT TO**
                                      ) **LOCAL BANKRUPTCY RULE 9013-1(o)**
16                                    )
                                      ) **Date:**
17                                    ) **Time:**
                                      ) **Place:**  Courtroom 201
18 _____ )            1415 State Street
                                                  Santa Barbara, California
19
      **TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY**
20
   **JUDGE; DEBTORS LOREN AND SARAH MILLER AND ALL OTHER PARTIES IN**
21
   **INTEREST:**
22

23          Creditors Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the

24 Geller Trust dated September 2, 1987 (collectively referred to herein as "the Gellers"), the largest
25
   creditors of this estate, hereby file their Preliminary Opposition to the Debtor's Motion to Transfer
26
   Venue (hereinafter, the "Motion") and request a hearing on the Motion pursuant to Local
27
   Bankruptcy Rule 9013-1(o).  In support of this Preliminary Opposition, the Gellers respectfully
28

Ervin, Cohen
& Jessup LLP        13954.10:1924983.1
                    _____
                              OPPOSITION TO MOTION TO TRANSFER VENUE

TAB 15                                          Page 207

1    submit as follows:

2
3        As a preliminary matter, it is unclear as to which of the joint Debtors in this case are

4    seeking conversion to Chapter 11.  Notably, both Debtors' names are in the caption of the Motion,

5    but the Motion does not appear to be signed by Debtor Sarah Miller.  Debtor Loren Miller is not

6    an attorney and thus cannot represent Sarah Miller.  Notwithstanding, the Gellers oppose the

7    Motion as to both of the Debtors.

8        It is apparent that the Debtors are trying to leave this Court and avoid their Chapter 7
9
10   Trustee and the Gellers, who are their largest creditors, because both the Trustee and the Gellers
11
     have objected to the Debtors receiving a discharge and both are currently litigating these issues
12
13   before this Court.  Moreover, this Court has previously ordered turnover of approximately

14   $180,000.00 and the Debtors have testified they have not done so and, having spent much of that

     money for post-petition personal needs, cannot comply with this Court's orders.
15
16       In addition, the Gellers have objected to the dischargeability of their debt in a separate but
17
     currently pending adversary proceeding.  The Debtors have also failed to produce all of the
18
19   documents requested by the Trustee.   Accordingly, and although the Motion is couched as being

20   in the interests of justice and for the convenience of the parties, the only parties that would benefit

     from a transfer would be the Debtors.
21
22       Moreover, the Motion misstates facts in attempt to convince this Court to transfer the case

23   to Texas, where apparently the Debtors now reside.  For example, the Motion argues that the

24   Debtors are "unaware of any other party in interest with either domicile or principal place of

25   business within this court's district."  Motion at page 2, ¶ 4.  This is simply false and the Debtors

26   know it.  They have scheduled the Gellers' claim at their residence which is within this judicial

27   district.  The Trustee and his counsel also are located in Los Angeles.  Moreover, the Motion

28   represents that the Debtors have terminated the services of their bankruptcy attorney, Mr. Taus, a

few weeks ago. The Motion, however, fails to remind this Court that a local attorney, Robert

Hurlbett, has substituted into the adversary proceedings in this case on behalf of at least one of the

Debtors.

Aside from the Debtors' misrepresentations, it is clear that the interests of justice require

denial of the Motion.  While the case has been pending before this Court, the Trustee and the

Gellers (the largest creditors of this estate) have employed counsel who have familiarized

themselves with the Debtors' misconduct.  Counsel for the Gellers is also uniquely qualified to

represent the Gellers in this matter due to their longstanding representation of the Gellers against

the Millers.  Accordingly, the interests of justice would be served by denial of the Motion.

A.    **Debtors Fail To Present Any Evidence In Support Of Their Motion**

The Motion, which seeks to transfer venue of this case and presumably the two pending

adversary proceedings[1], presents no evidence, admissible or otherwise, to this Court in support of

the Debtors' request to move this case to Texas.  Pursuant to 28 U.S.C. § 1412, the analysis of the

combination of the interests of justice and convenience of the parties is inherently factual and

entails the exercise of discretion.  See, *In re: Donald*, 328 B.R. 192, 204 (9th Cir. BAP 2005).

The Debtors' Motion fails to present to this Court any evidence that would tend to support

transfer of these cases.  In fact, the Debtors fail to present any evidence at all.  The Motion appears

to be nothing more that ramblings from the Debtors attempting to pay lip service to the issue of

whether to transfer this case.  The Motion should be denied on this basis alone.

\ \ \

\ \ \

---

[1] The Motion is unclear as to the requested relief because the Motion deals only with "the [main] case" whereas footnote 2 indicates that a Court can transfer an action related to a bankruptcy proceeding.  Either way, the Gellers oppose transfer of the main case or the two adversary proceedings.

TAB 15                                    Page 209

B.    **Courts Consider Interests of Justice and Convenience of the Parties In Determining Whether to Transfer Venue**

Even if this Court were to accept as true that the Debtors have moved to Texas, such fact alone does not require transfer of these cases.  Court look to "Interests of Justice" and "Convenience of the Parties" in order to make a determination whether cases should be transferred.  See, i.e., *In re Cytodyne of New Mexico, Inc.*, 374 B.R. 733 (Bankr. C.D. Cal. 2007).

1.    **Convenience Of The Parties Dictates That These Cases Should Remain Before This Court.**

In the instant case, the Debtors elected to file their case in Santa Barbara.  They have moved to Texas and their post-petition move is the <u>only</u> connection these cases have to Texas.  No witnesses live there aside from the Debtors and no counsel involved in this case are from Texas.  On the other hand, the Gellers are the largest creditors of this case and live in Los Angeles.  The Trustee, Jeremy Faith, and his counsel have invested time and effort into investigating the assets of this estate.  Such investigation includes, but is not limited to, obtaining Orders to compel attendance at the Debtors' 341(a) meeting; for turnover of approximately $180,000.00 and, further, filing an adversary proceeding against the Debtors objecting to their discharge.

The Trustee and his counsel are in Los Angeles and, along with the Gellers, would be severely prejudiced if all matters were transferred to Texas.  In addition, one of the Debtor-defendants, Sarah Geller, has obtained local counsel (Robert Hurlbett) to defend her in these matters and counsel has offices located in Santa Barbara.  Accordingly, the "convenience of the parties" supports denial of the Motion because only Loren Miller would benefit from a transfer and, conversely, transfer would severely prejudice the Trustee and largest creditors of this estate.

\ \ \

\ \ \

2.   **Interests of Justice Dictates That These Cases Should Remain Before**
**This Court.**

Courts have established certain factors to be considered in a Court's determination of whether the "interests of justice" favor transfer of a case. These factors include the location of the pending bankruptcy; whether transfer promotes economic and efficient administration of the estate; judicial economy; and, whether a plaintiff's original choice of forum should be disturbed. In these cases, the interests of justice require denial of the Motion.

These cases have been pending before this Court and have been administered by the Trustee for nearly a year. Accordingly, the first factor favors denial of the Motion. Moreover, the Trustee and his counsel have expended time and resources in attempting to compel the Debtors to comply with their responsibilities as Debtors in these cases. To this end, the Trustee has filed an adversary proceeding objecting to the Debtors' discharge. In the event these cases were transferred, a new Trustee would have to theoretically employ new counsel and bring them up to speed thus creating double administrative expenses which would otherwise be avoided. In addition, transfer of the cases and new Trustee/counsel would certainly delay the administration of these cases to the detriment of the creditors of this estate (the largest of which are the Gellers). In addition, the parties would have to hire new and/or additional counsel which would increase the cost of pursuing the Debtors for their fraudulent conduct.

In addition, this Court has previously entered Orders compelling turnover of $180,000 and the Debtors have failed to comply. One can presume this Court has an interest in maintaining this case to enforce its Order and thus the Motion should be denied.

C.   **Conclusion**

The foregoing is the Gellers' preliminary opposition to the Motion. The Gellers submit that this Court has sufficient information to deny the Motion at this juncture. Alternatively, if this

1  Court is not inclined to deny the Motion, then the Gellers respectfully request this Court set a

2  hearing on the Motion along with a briefing schedule so they can more fully advise the Court of

3  the bases upon which transfer of these cases should be denied.

4

5

6  DATED:  December 9, 2013            ERVIN COHEN & JESSUP LLP

7

8                                      By: /s/Howard I. Camhi

9                                          Howard I. Camhi
                                           Attorneys for Andrew D. Geller and
10                                         Andrew D. Geller and Eileen B. Geller,
                                           Trustees of the Geller Trust dated September 2,
11                                         1987

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ervin, Cohen
& Jessup LLP

13954.10:1924983.1                              6
                              OPPOSITION TO MOTION TO TRANSFER VENUE

TAB 15                                    Page 212

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):

PRELIMINARY OPPOSITION TO DEBTOR'S MOTION TO TRANSFER VENUE

HEARING REQUESTED PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 9, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On December 9, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 9, 2013 | KIMBERLY ANTHONY | /s/Kimberly Anthony |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**

TAB 15                                        Page 213

# SERVICE LIST

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net,
  C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithLaw.com,
  Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett    Meghann@MarguliesFaithLaw.com,
  Helen@MarguliesFaithLaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:

Hon. Robin L. Riblet
U.S. Bankruptcy Court
1415 State St., 2nd Floor
Santa Barbara, CA 93101

Debtors

Sarah Miller
702 Whitecap Dr.
Seabrook, TX 77586

Loren Miller
600 E. Medical Center Blvd. #1509
Webster, TX 77598

Attorneys for Sarah Miller
Robert E. Hurlbett
Reed H. Olmstead
Hurlbett & Olmstead
3324 State St. Ste. O
Santa Barbara, CA 93105

---

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 15                                    Page 214

TAB 16

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Loren Miller, Debtor pro se<br>600 E. Medical Center Blvd, #1509<br>Webster, TX 77598<br><br>☒ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for* | RECEIVED<br>JAN 1 4 2014<br><br>FILED<br>JAN 1 4 2014<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION** | |
| In re:<br>Loren Miller | CASE NO.: 9:13-bk-10313-RR<br><br>CHAPTER: 7 |
| | **NOTICE OF MOTION FOR ORDER**<br>**WITHOUT HEARING**<br>**PURSUANT TO LBR 9013-1(o)** |
| Debtor(s). | [No hearing unless requested in writing] |

## TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST. PLEASE TAKE NOTICE THAT:

1. Movant(s) Loren Miller _____, has filed a motion entitled
   DEBTOR'S MOTION AND DECLARATION FOR EXTENSION OF TIME TO FILE APPEAL - RULE 8002(c) _____

2. Movant(s) is requesting that the court grant the motion without a hearing, as provided for in LBR 9013-1(o).

3. The motion is based upon the legal and factual grounds set forth in the motion and briefly described in the attached description of relief sought. *(Check appropriate box below)*:
   ☒ The full motion is attached hereto; or
   ☐ The full motion has been filed with the court, and a detailed description of the relief sought is attached hereto.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party objecting to the motion may request a hearing on the motion. The deadline for filing and serving a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).  If you fail to comply with this deadline, the court may treat such failure as a waiver of your right to oppose the motion and may grant the motion without further hearing and notice.

Date:   1/9/2014                                    Respectfully submitted,


                                                    _____
                                                    Signature of Movant or attorney for Movant


                                                    Loren Miller_____
                                                    Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 2                    **F 9013-1.2.NO.HEARING.NOTICE**

TAB 16                                  Page 216

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

600 E. Medical Center Blvd, #1509
Webster, TX 77598

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _01/09/2014_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/09/2014 | Loren Miller | *[signature]* |
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 3                    **F 9013-1.2.NO.HEARING.NOTICE**

TAB 16                    Page 217

In re: Loren Miller                                 Chapter 7        Case No: 13-10313-RR

**SERVED BY US MAIL:**

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street – Courtroom 201
Santa Barbara, CA 93101

Jeremy W. Faith
Craig G. Margulies
Meghann Triplett
16030 Ventura Boulevard
Suite 470
Encino, CA 91346

Allen B. Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Sarah Miller
702 Whitecap Drive
Seabrook, TX 77586

TAB 16                                          Page 218

Loren Miller, Debtor *pro se*
**600 E. Medical Center Blvd. #1509**
**Webster, TX 77598**
281-467-8226

### UNITED STATES BANKRUPTCY COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re LOREN MILLER,<br><br>                       Debtor. | Case No.: 9:13-bk-10313-RR<br><br>Chapter 7<br>*Conversion to Chapter 11 pending*<br><br>DEBTOR'S MOTION AND DECLARATION FOR EXTENSION OF TIME TO FILE APPEAL - RULE 8002(c)<br><br>*No Oral Argument Requested* |

I move this court to allow my late filing of a notice of appeal on its "ORDER

DENYING MOTION TO TRANSFER VENUE."[1] I base this motion on Rule 8002(c), the

case record, my supporting Declaration, and:

**1. This Motion Is Timely.** Rule 8002(c)(2) mandates this motion be made "not

later than 21 days after the expiration of the time for filing a notice of appeal." The

Order I intend to appeal was entered December 12th. The deadline to file a notice of

appeal imposed by Rule 8002(a) was December 26th. According to this Rule of Law, so

long as I file and serve this no later than January 16th, this motion is timely.[2]

---

1 This Order as received bears the clerk's stamp "FILED & ENTERED DEC 12 2013"
2 "**rule of law. 1. A substantive legal principle**. . .2. The supremacy of regular as
opposed to arbitrary power. . ." - Black's Law Dictionary 1359 (8th ed. 2004). Please
note my added emphasis in all quoted text is in boldface

Page 1 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 16                    Page 219

**2. Rule 8002(c)(1).** This part of the Ruleexpressly excludes certain types of orders eligible for this extension.  I do not see anything in that section which would disqualify this motion.

**3. Lack Of Due Notice.** As my supporting Declaration shows, I did not actually receive my copy of the Order until December 23rd.  Despite the arbitrary deadlines the court may impose on this matter, I did not receive notice of the Order I am due.[3]

**4. Excusable Neglect.** Rule 8002(c)(2) allows this court to grant this motion for extension "upon a showing of excusable neglect."  This term is defined as "A failure- which the law will excuse - to take some proper step at the proper time. . ."[4]  Excusable neglect encompasses situations where the failure to comply with a filing deadline is attributable to negligence and includes omissions caused by carelessness.[5]  In considering this matter, this court must consider at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.[6] My supporting Declarations covers these factors.

---

3  "**due notice.** Sufficient and proper notice that is intended to and likely to reach a particular person. . .notice that is legally adequate given the particular circumstance. — **Also termed adequate notice;** legal notice." - same Black's at 1090.  *See also* See *Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (courts *must* provide parties "with adequate notice and an opportunity to respond."

4  Same Black's at 1061

5  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)

6  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)

Page 2 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 16                                     Page 220

**5. This Court Has Acted Inequitably And Prejudicially Against Me![7]** I suspect this on at least the points of both lack of due notice and excusable neglect. This is something forbidden by the very fundamentals of why this court exists.[8] The supporting facts are found in the Order's accompanying "NOTICE OF ENTERED ORDER AND SERVICE LIST" (*see attached true copy*):

A) This NOTICE shows all the Bar members were served the Order electronically the very same day it was entered;

B) This NOTICE also shows the court served Mr. Taus, whom my supporting Declaration shows was terminated nearly three full weeks before the Order's date (this seems to imply no one at the court actually read my motion which informed everyone in its footnote 1 Taus had been "terminated as our attorney");

C) This NOTICE also shows the debtors, including me, were served our copies by mail, with no date showing when they were actually mailed; *and*

D) This NOTICE also shows *both* debtors were served our copies by mail to "702 Whitecap Dr Seabrook, TX 77586" which ignored my motion's additional contact information *and* its footnote 1: "Also please note our updated contact information."

---

7 **"inequity** . . . *n.* **1.** Unfairness; a lack of equity. **2.** An instance of injustice." - Black's Law Dictionary 791 (8th ed. 2004); *see also* **"prejudice**. . .A preconceived judgment formed without a factual basis; a strong bias." - same Black's at 1218

8 *Bank of Marin v. England*, 385 U.S. 99, 103 (1966): "equitable principles govern the exercise of bankruptcy jurisdiction"

Page 3 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 16                                                    Page 221

## SUMMARY

As my point #5 above shows, it's evident any reasonable person would question whether *anybody* at the court actually read my motion for transfer motion!  This leads me to fear these proceedings under Judge Riblet can lead only to an inequitable result, namely 1) giving the adversaries an unfair advantage of immediate notice while forcing the debtors to rely on predictable holiday mail delays for their copies, and 2) holding me to arbitrary deadlines under the Rules[9] while ignoring the delay caused by not only the mail but my soon-to-be-ex-wife to deliver my copies.

## RELIEF SOUGHT

This court's extension to allow the late filing of my Notice of Appeal accompanying this Motion.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion.

I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on January 9, 2014*

Loren Miller, Debtor *pro se*

---

9  *See also* 28 U. S. C. §2075: "[the Bankruptcy Rules] shall not abridge, enlarge, or modify any substantive right"

Page 4 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 16                                    Page 222

## DECLARATION SUPPORTING MOTION FOR EXTENSION

STATE OF TEXAS, County of Harris } ss.

I am the Debtor for the purposes of this motion.  I declare according to the best of my knowledge and belief:

I terminated Mr. Taus as my attorney on November 22nd by email: "Your services in conjunction to my Bankruptcy case has been terminated as of today at 2:00 PM PST." I have received *nothing* from him since then, including *any* documents which the Notice states was served to him electronically.

In accordance with the "Pioneer Factors" (see footnote 6):

"(1) the danger of prejudice to the opposing party": I do not believe there could be *any* prejudice to *any* other real party in interest who have submitted lawful and equitable documents to this court.

"(2) the length of the delay and its potential impact on the proceedings": the first factor is up to the higher court, not me.  The intended "potential impact" is justice by a reviewing court which will take seriously the hardship and prejudice against me caused by "forum non conveniens," as my motion for transfer explained and this court ignored.

"(3) the reason for the delay": I did not receive a copy of Judge Riblet's Order until Sarah Miller handed it to me on December 23rd.  Recently my research discovered the due date for filing a notice of appeal to be three days later, *the day after Christmas*.  Although my new contact information was included in my motion that order disposed of, this court failed to send me a copy in time to meet that deadline.  Additionally, I work full time and

Page 5 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL

TAB 16                    Page 223

do not have the luxury of being able to afford the services of an actually competent

attorney, which it is evident from the record Mr. Taus is *not*. This is partly due to the

trustee has extorted over $100,000 from my soon-to-be-ex-wife and I. The learning curve

of what to do as a layperson in the law is far too steep to learn in such a short time.

*Again,* like the Sacketts, I'm feeling my way through this case.

      "(4) whether the movant acted in good faith":  I did not make this motion

dishonestly or for *any* improper purpose whatsoever, such as needless delay or

extraordinary expense for the other parties in interest.


     *I declare under penalty of perjury that the foregoing is true and correct. Executed*

*with all rights reserved on January 9, 2014.*


                              Loren Miller, Debtor *pro se*


Page 6 of 6 - MOTION FOR EXTENSION OF TIME TO FILE APPEAL


TAB 16                                 Page 224

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I. below:** The United States trustee and case trustee (if any) will always be in this category.
**4) Category II. below:** List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  **ORDER DENYING DEBTORS' MOTION TO TRANSFER VENUE**  was entered on the date indicated as " Entered " on the first page of this judgment or order and will be served in the manner indicated below.

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ᴮ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ____**12/12/13**____ , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
- Mark D Estle    mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies    craig@marguliesfaithlaw.com, staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
- Vaughn C Taus    tauslawyer@gmail.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

009109

84704009118026

TAB 16                                                Page 225

II. **SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Loren Miller
Sarah Miller
702 Whitecap Dr
Seabrook, TX 77586

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                            **F 9021-1.1.NOTICE.ENTERED.ORDER**

009109        84704009118026

TAB 16                                            Page 226

TAB 17

1   CRAIG MARGULIES (State Bar No. 185925)
    MEGHANN TRIPLETT (State Bar No. 268005)
2   **MARGULIES FAITH, LLP**
    16030 Ventura Blvd., Suite 470
3   Encino California 91436
    Telephone: (818) 705-2777
4   Facsimile: (818) 705-3777
    Email: Craig@MarguliesFaithLaw.com
5   Email: Meghann@MarguliesFaithLaw.com

6   Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8                **UNITED STATES BANKRUPTCY COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
9                      **NORTHERN DIVISION**

10

11  In re                                   Case No.:  9:13-bk-10313-RR

12  LOREN MILLER and SARAH MILLER,          Chapter:  7

13                            Debtors.

14                                          **OPPOSITION OF JEREMY W. FATIH,**
                                            **CHAPTER 7 TRUSTEE, TO DEBTOR**
15                                          **LOREN MILLER'S MOTION TO EXTEND**
                                            **TIME TO FILE A NOTICE OF APPEAL**
16                                          **PURSUANT TO FED. R. BANK. P 8002(c);**
                                            **DECLARATION IN SUPPORT**
17  JEREMY W. FAITH, Chapter 7 Trustee,

18                            Plaintiff,    Hearing
                                            Date:    TBD
19  vs.                                     Time:    TBD
                                            Place:   Courtroom 201
20  LOREN MILLER AND SARAH MILLER,                   1415 State Street
                                                     Santa Barbara, CA 93101
21                            Defendants.

22

23

24

25

26

27

28

TAB 17                                    Page 227

**TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; AND ALL PARTIES IN INTEREST:**

Jeremy W. Faith, Chapter 7 Trustee herein (the "Trustee") hereby submits this opposition to the motion of Loren Miller, Chapter 7 debtor[1] (the "Debtor") in the above-captioned case (the "Case") for an extension of time to file an appeal of this Court's Order denying his motion transfer venue in this Case to the Southern District of Texas, Houston Division (the "Extension Motion," Dkt. No. 99).

Debtor's Motion for Extension to file an appeal of this Court's Order Denying his Motion to Transfer Venue to the Southern District of Texas was not timely filed and Debtor is ineligible for relief under Fed. R. Bank. P. 8002(a).

A notice of appeal shall be filed with the clerk of the bankruptcy court within fourteen days of the date of the entry of the bankruptcy court's judgment, order, or decree appealed from.  Fed. Rule Bank. P. 8002(a).  The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.  *In re Mauradick*, 13 F.3d 326,327 (9th Cir. 1994); *In re Slimick*, 928 F.2d 304,306 (9th Cir. 1990); *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986).  The Bankruptcy Court strictly enforces the time provisions contained in Rule 8002.  *In re Slimick*, 929 F.2d at 306.  Parties have an affirmative duty to "monitor the dockets to inform themselves of the entry of orders they may wish to appeal."  *In re Sweet Transfer & Storage. Inc.*, 896 F.2d 1189, 1193 (9th Cir. 1990).  Lack of notice of the entry of an order does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002(c).  *See Fed. R. Bankr. P.* 9022*; Zurich Ins. Co. v. Wheeler*, 838 F.2d 338, 340 (9th Cir. 1988).

In this case, the Court's order denying Debtor's motion to transfer venue was entered on December 12, 2013 (Dkt. No. 88).  The Court's decision denying the Transfer

---

[1] Co-Debtor Sarah Miller is not a signatory to the Motion.

1  Motion is a final decision.  Thus, Debtor had fourteen days from December 12, 2013 to

2  file his Notice of Appeal pursuant to Rule 8002(a).  December 26, 2013 was the 14th

3  day, and to date, no timely Notice of Appeal has been filed by Debtor.

4        Instead, on January 14, 2014, Debtor filed the instant Extension Motion

5  requesting an order extending the time to file a Notice of Appeal of the Transfer Motion

6  pursuant to the exception clause set forth in Fed. R. Bank. P. 8002(c).  Subsection (c) of

7  Rule 8002 provides that notwithstanding the 14-day deadline, a bankruptcy court upon a

8  sufficient showing of "excusable neglect" by the moving party may extend the time for

9  filing the Notice of Appeal, so long as the moving party files a written motion not later

10  than 21 days after the initial 14–day period. Fed. R. Bankr. P. 8002(c).  Here, Debtor's

11  Extension Motion was filed on the 19th day after the expiration of the timely appeal

12  deadline (i.e., the entry of the Order denying Debtor's Motion to Transfer Venue), and

13  therefore the request for extension narrowly falls within the extension clause of Rule

14  8002(c) (i.e., by two only days).

15        Nonetheless, the Court must be convinced that there has been a showing of

16  "excusable neglect." Fed. R. Bankr. P. 8002(c).  In order to determine whether neglect

17  was excusable, a bankruptcy court must consider the following factors: (1) the danger of

18  prejudice to the non-moving party, (2) the length of delay and its potential impact on

19  judicial proceedings, (3) the reason for the delay, including whether it was within the

20  reasonable control of the movant, and (4) whether the moving party's conduct was in

21  good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

22  (2003).

23        Extension in this Case is not warranted on any grounds because not only has the

24  Debtor acted in extreme bad faith throughout this case[2], but the Debtor fails to meet any

---

25  [2] The Trustee has substantial evidence that the Debtors have concealed, depleted, and intentionally
26  undervalued assets of the Estate.  To date, among other things, the Debtors have failed to fully comply
with the Court's Order on the Trustee's Motion for Turnover (Dkt. No. 54). The Trustee was also forced to
27  obtain a court order compelling the Debtors to appear at their section 341(a) meeting of creditors and
recently Debtor improperly failed to appear for continued 341(a) meetings, failed to file complete and
28  accurate bankruptcy schedules, failed to provide the Trustee with certain requested documents, and
intentionally concealed property of the Estate.

1    of the factors required under the Supreme Court's test in *Pioneer*.

2        The Trustee submits that the Extension Motion is yet another unwarranted delay

3    tactic that will cause prejudice to the bankruptcy estate and its creditors. Debtors have

4    engaged in a pattern of abuse, interference, and delay throughout the pendency of this

5    Case and substantial work has been incurred by the Trustee and his counsel to recover

6    significant assets on behalf of the Estate against the total lack of cooperation of the

7    Debtors. The Debtor has not articulated any grounds for failing to timely file an appeal

8    other than stating that he did not receive a copy of the Order denying the transfer motion

9    until December 23, 2013 which was three days prior to the deadline to file a timely

10   appeal under Fed. R. Bakr. P. 8002(a). The Debtor's alleged lack of notice of entry of an

11   order alone is not a basis for finding an otherwise untimely appeal to be timely. *See*

12   *Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir.1994) (per curiam).

13   Similarly, in *Warrick v. Birdsell* (*In Re Warrick*) 278 B.R. 182 (9th Cir. BAP 2002), the

14   bankruptcy court denied the debtor's motion to extend time, stating that a party has an

15   affirmative duty to monitor the dockets and that "it is well settled that failure to receive

16   notice of entry of judgment or order is not an excuse for an untimely appeal." 278 B.R. at

17   187, *quoting Cahn*, 188 B.R. at 632.

18        Furthermore, the Trustee believes that granting the Extension Motion may

19   detrimentally affect the overall administration of this Case and the pending adversary

20   complaint against the Debtors for Denial of Discharge under 11 U.S.C. § 727 *et seq.*,

21   Adversary Proceeding No. 9:13-ap-01133-RR (the "Discharge Adversary Proceeding").

22   The Discharge Adversary Proceeding is set for a pre-trial conference on February 25,

23   2014 and the Trustee intends to file a Motion for Summary Judgment against Debtor

24   Loren Miller. The Trustee has also recently received information that Debtor Loren Miller

25   has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals,

26   Inc. during the period of 2011 through 2012 (the "Kitco Purchases") as well as failing to

27   turn over $6,716 from a California State 2012 income tax refund received by the Debtors

28   post-petition. The Trustee intends to pursuant a Motion for Turnover of the Kitco

1  Purchases and the tax return and believes that the Debtor's untimely appeal of the

2  Motion to Transfer Venue to Texas may cause delay in the recovery of these assets as

3  well as potentially delay the prosecution of the Discharge Adversary Proceeding to the

4  detriment of the estate's creditors.  The Trustee submits that the Debtor has not met his

5  burden to show "excusable neglect" and the Extension Motion should be denied.

6                                              **II.**

7                                        **<u>CONCLUSION</u>**

8        Based upon the foregoing, the Trustee respectfully requests that this Court deny

9  the Extension Motion, and enter any other and further relief that the Court deems just

10  and proper.

11

12  DATED: January 28, 2014                MARGULIES FAITH, LLP

13

14                                         By:  _/s/ Meghann Triplett_____
                                               Craig G. Margulies
15                                             Meghann Triplett
                                           Attorneys for Jeremy W. Faith, Chapter 7
16                                         Trustee

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### <u>DECLARATION OF JEREMY W. FAITH</u>

I, Jeremy W. Faith, declare as follows:

1.    I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Loren Miller and Sarah Miller (the "Debtors"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. This declaration is submitted in support of the foregoing *Opposition to Debtor Loren Miller's Motion to Extend time to File a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(c)* (the "Opposition"). Defined terms in the Opposition shall have the same meaning herein.

2.    I believe that Debtor's request for an extension to file a Notice of Appeal to this Court's Order Denying his Motion to Transfer Venue in this Case and the Discharge Adversary Proceeding to Texas is yet another bad faith tactic by the Debtor in a misguided attempt to avoid complying with his statutory duties under the bankruptcy code.

3.    I believe that granting the Extension Motion would prejudice the creditors of the Bankruptcy Estate and cause undue delay to the administration of this Case.

4.    Debtors have engaged in a pattern of abuse, interference, and delay throughout the pendency of this Case and substantial work has been incurred by me and my counsel to recover significant assets on behalf of the Estate against the total lack of cooperation of the Debtors.

5.    I believe that granting the Extension Motion may detrimentally affect the overall administration of this Case and the pending adversary complaint against the Debtors for Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-01133-RR (the "Discharge Adversary Proceeding").

6.    Moreover, I have recently received information that Debtor Loren Miller has concealed $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, Inc. during the period of 2011 through 2012 (the "Kitco Purchases") as well as failing to turn over $6,716 from a California State 2012 income tax refund received by the Debtors

1   post-petition.  I believe that granting the Motion for Extension may cause delay in the

2   recovery of these assets as well as potentially delay the prosecution of the Discharge

3   Adversary Proceeding to the detriment of the estate's creditors.

4        7.      Based upon the foregoing and as for the reasons detailed in the foregoing

5   Opposition, I submit that the Debtor has not met his burden to show "excusable neglect"

6   and the Extension Motion should be denied.

7        I declare under penalty of perjury under the laws of the United States of America

8   that the foregoing is true and correct and that this declaration was executed on January

9   28, 2014 at Encino, California.

10

11   _____

12                JEREMY W. FAITH

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

TAB 17                              Page 233

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION OF JEREMY W. FATIH, CHAPTER 7 TRUSTEE, TO DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c); DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 28, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi     hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle     mark.estle@buckleymadole.com
Jeremy W. Faith (TR)     jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett     bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies     craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch     frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus     tauslawyer@gmail.com
Meghann A Triplett     Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 28, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 77598

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2014 | Helen Cardoza | /s/ Helen Cardoza |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 17                                          Page 234

TAB 18

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Loren Miller, Debtor pro se<br>600 E. Medical Center Blvd., #1509<br>Webster, TX 77598<br>281-467-8226<br><br><br><br><br><br>[X] *Individual appearing without attorney*<br>[ ] *Attorney for:* | $9.00 paid<br><br>FILED<br>JAN 15 2014<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION | |
|---|---|
| In re:<br><br>Loren Miller<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 9:13-bk-10313-RR<br>CHAPTER: 7<br><br><br>AMENDED<br>**DEBTOR'S MOTION TO CONVERT CASE<br>UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1. Debtor hereby moves this court for an Order converting the above chapter _7_ case to a case under chapter _11_ on the grounds set forth below:

2. **Filing Information:**

   a. [X] A Voluntary Petition under chapter    [X] 7    [ ] 11    [ ] 12    [ ] 13    was filed on: _02/07/2013_

   b. [ ] An Involuntary Petition under chapter    [ ] 7    [ ] 11    was filed on: _____
      [ ] An Order of Relief under chapter    [ ] 7    [ ] 11    was entered on: _____

   c. [ ] An Order of Conversion to chapter    [ ] 7    [ ] 11    [ ] 12    [ ] 13    was entered on: _____

   d. [X] Other *(specify)*: _Special attached Declaration_ _____
      _____
      _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                     Page 1                    **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 18                                                              Page 235

3. **Procedural Status**

   a. Name of trustee appointed *(if any)*: __Jeremy W. Faith__

   b. Name of attorney of record for trustee *(if any)*: __The Margulies Faith Law Firm__

4. Debtor alleges that this case has not been previously converted.

5. Debtor alleges that the motion is filed in good faith, and that Debtor is eligible for relief under the chapter for which conversion is requested.

WHEREFORE, Debtor prays that this court issue an Order (the form of which is submitted herewith and has been served) converting this case from one under chapter _7_ to a case under chapter _11_ .

Date:  __01/02/2014__

Respectfully submitted,

_____
Printed name of law firm

_____
Signature

Loren Miller
_____
Printed name of Debtor/trustee

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2          **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 18                    Page 236

### DECLARATION SUPPORTING AMENDED MOTION TO CONVERT CASE TO CHAPTER 11

STATE OF TEXAS, County of Harris } ss.

I am the Debtor for the purposes of both the original and this amended motion. I submit this is an amended motion "To make right; to correct or rectify"[1] the original.

I submitted my original motion to convert this case from a Chapter 7 (liquidation) to a Chapter 11 (reorganization). Although captioned as a joint debtor, I submitted it with my signature only. The other joint debtor, my wife, has divorced me here in Texas and it is being finalized now. She would not sign that motion with me.

At the time I did not understand the Bankruptcy Code's meaning of joint debtors, and so on. I have since discovered the Code's §302 "(b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated." I do not recall the court consolidating her estate and mine. §302(b) should leave me free to pursue my own course in these cases without her participation.

I have also discovered this case's docket #79 shows the court entered my motion for conversion on November 26th. On December 23rd I received a mailed copy of Judge Riblet's order denying the motion to convert as being "defective" for not paying "the required filing fee of $922.00." I did not receive a copy of that mailed order until December 23rd.

I do not see anything in that order showing being made on the merits. Like the Sacketts I'm only beginning to feel my way through these proceedings.[2] Accordingly I am submitting this amended motion individually, with a check for the filing fee, and the court should have no problem accepting and acting on it.

I declare under penalty of perjury that the foregoing is true and correct. Executed with all rights reserved on January 2, 2014.[3]

Loren Miller, Debtor *pro se*

---

1  *See* Black's Law Dictionary 89 (8th ed. 2004)

2  *Sackett v. Environmental Protection Agency,* 132 S.Ct. 1367 (2012): "The Sacketts are interested parties feeling their way."

3  According to 28 U.S.C.A. §1746 I may submit this in lieu of affidavit, with the same force and effect as if it were an actual affidavit

TAB 18                                    Page 237

Case 9:13-bk-10313-RR    Doc 102    Filed 01/15/14    Entered 01/16/14 07:54:12    Desc
Main Document        Page 4 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

600 E. Medical Center Blvd., #1509
Webster, TX 77598

A true and correct copy of the foregoing document entitled: **DEBTOR'S MOTION TO CONVERT CASE UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 01/02/2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin Riblet
United States Bankruptcy Court
1415 State Street - Courtroom 201
Santa Barbara, CA 93101

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/02/2014 | Loren Miller | |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                              Page 3              **F 1017-1.1.MOTION.DEBTOR.CONVERT**

TAB 18                    Page 238

Main Document page 4 of 5
5

Allen B Cooper
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd
9th Floor
Beverly Hills, CA 90212


Andrew D. Geller
3297 Woodbine Street
Los Angeles, CA 90060


Cam Farenbach, Ketan D Hhirod
Lionel, Sawyer and Collins
300 South Fourth Street, Ste 1700
Las Vegas, NV 89101


Eric R Olson, ESQ.
Kenneth E Hogan, ESQ.
3960 Howard Hughes Parkway
9th Floor
Las Vegas, NV 89109


GULF NATIONAL, 6 LLC,
A Louisiana Limited Liability Co.
300 South Fourth Street, Ste 1700
Las Vegas, NV 89101


HILLS CENTER OFFICE 1, LLC
MOLINOS Prop, LLC, Andrew D Geller
an Ind, Loren Miller, Geller Trust
1510 Higuerra
San Luis Obispo, CA 93401


IndyMac Mortgage
6900 Beatrice Drive
Kalamazoo, MI 49009


San Luis Ambulance
PO Box 954
San Luis Obispo, CA 93406


Sierra Vista Regional Med Ctr.
1010 Murray St.
San Luis Obispo, CA 93401


SLO County Sheriff
Civil Enforcement Division
1050 Monterey Street
Room 236
San Luis Obispo, CA 93408


TAB 18                                          Page 239

TAB 19

1  CRAIG MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino California 91436
   Telephone: (818) 705-2777
4  Facsimile: (818) 705-3777
   Email: Craig@MarguliesFaithLaw.com
5  Email: Meghann@MarguliesFaithLaw.com

6  Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
9                      **NORTHERN DIVISION**

10

11 In re                          Case No.: 9:13-bk-10313-RR

12 LOREN MILLER and SARAH MILLER,  Chapter: 7

13                      Debtors.
                                   **OPPOSITION OF JEREMY W. FAITH,**
14                                 **CHAPTER 7 TRUSTEE, TO DEBTOR**
                                   **LOREN MILLER'S AMENDED MOTION TO**
15                                 **CONVERT CASE TO CHAPTER 11;**
                                   **REQUEST FOR HEARING; AND**
16                                 **DECLARATIONS IN SUPPORT THEREOF**

17                                 **Hearing**
                                   Date:    TBD
18                                 Time:    TBD
                                   Place:   Courtroom 201
19                                          1415 State Street
                                            Santa Barbara, CA 93101
20

21

22

23

24

25

26

27

28

TAB 19                                              Page 240

**TABLE OF CONTENTS**                                                    **Page**

I.     INTRODUCTION ...........................................................................1

II.    BACKGROUND .............................................................................3

   A.  <u>341(a) Meeting of Creditors</u>............................................4

   B.  <u>Debtor's First Conversion Motion (Chapter 13)</u> ..................5

   C.  <u>Trustee's Turn Over Motion</u> ................................................5

   D.  <u>Trustee's Complaint to Deny Debtor's Discharge</u>...............7

   E.  <u>Turnover of Undisclosed Stock</u> ..........................................7

   F.  <u>Debtors' Continued Concealment of Estate Property</u>.........8

   G.  <u>Debtor Loren Millers' Conversion and Transfer Motions</u> ...............10

III.   LEGAL ANALYSIS ......................................................................11

   A.  <u>The Motion Is Not Brought In Good Faith</u> ........................11

   B.  <u>Conversion Would Constitute An Abuse Of Process</u> .........12

V.     CONCLUSION ............................................................................13

   DECLARATION OF JEREMY W. FAITH ...................................14

i

TAB 19                                                              Page 241

# TABLE OF AUTHORITIES

**CASES**                                                                                    Page

Levesque v. Shapiro (In re Levesque),
   473 B.R. 311, 339 (B.A.P. 9th Cir. 2012) ................................................11

Marrama v. Citizens Bank,
   549 U.S. 365, 373-74 (2007) ...........................................................11, 12


**STATUES**                                                                                  Page

11 U.S.C. § 101 *et seq.* ...............................................................................3

11 U.S.C. § 105(a) ....................................................................................12

11 U.S.C. § 109(e) ................................................................................5, 16

11 U.S.C. § 341(a) ..................................................................2, 4, 12, 15

11 U.S.C. § 706. ......................................................................................12

11 U.S.C. § 706(a) ....................................................................................11

11 U.S.C. § 706(d) ....................................................................................11

11 U.S.C. § 727 *et seq.* ......................................................................1, 7, 18

11 U.S.C. § 1112(a) ............................................................................10, 20

28 U.S.C. § 1412 ................................................................................10, 21

Federal Rule of Bankruptcy Procedure 1014 ......................................10, 21

ii

TAB 19                                                        Page 242

1  **TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY JUDGE;**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTORS; AND ALL**

3  **PARTIES IN INTEREST:**

4  Jeremy W. Faith, Chapter 7 Trustee (the "Trustee") hereby submits this opposition

5  to the amended motion of Loren Miller, Chapter 7 debtor[1] (the "Debtor") in the above-

6  captioned case (the "Case") to Convert the Debtors' Chapter 7 Case to a Case under

7  Chapter 11 (the "Amended Motion," Dkt. No. 102).

8  **I.**

9  **INTRODUCTION**

10  On January 15, 2014, approximately one month after his Original Motion to

11  Convert this Case to one under Chapter 11 ("Original Motion," Dkt. No 79) was denied

12  by this Court ("Order Denying Original Motion," Dkt. No. 87), and more than ten months

13  after his first unsuccessful attempt to convert this Case to one under Chapter 13,[2] Debtor

14  Loren Miller, filed yet another unsupported skeletal form motion seeking an order

15  converting this Case to one under Chapter 11 ("Amended Motion," Dkt. No. 102).

16  The Trustee has uncovered, among other things, the Debtors' ongoing bad faith,

17  failed disclosures and refusal to turnover assets in the Case despite Court orders to do

18  so, and the Trustee has a pending Complaint against Debtors seeking to deny their

19  discharge under 11 U.S.C. § 727 *et seq.*, Adv. No. 9:13-ap-01133-RR (the "Discharge

20  Adversary Proceeding").  The Court has seen through the Debtor's prior bad faith actions

21  and has denied the Debtor's unsuccessful attempts to wrestle this Case away from the

22  Trustee.

23  The Amended Motion is a further bad faith tactic by Debtor Loren Miller in this

24  Case.  There is no evidence in support of the Amended Motion and there appears to be

25

26  [1] Co-Debtor Sarah Miller is not a signatory to the Motion.  Furthermore, Mr. Miller's Declaration in support of the Amended Motion at page 3 states that Co-Debtor Sarah Miller refused to sign the Amended Motion and the Trustee is informed that Mrs. Miller does not consent to the conversion of the Case to Chapter 11.

27  [2] *See* Debtor's Motion for Order Converting to Chapter 13 ("Chapter 13 Conversion Motion", Dkt. No.14), Trustee's Opposition to the Chapter 13 Conversion Motion (Dkt. No. 18), and the Notice of Withdrawal of

28  Motion to Convert Case from Chapter 7 to Chapter 13 (Dkt. No. 40).

1  no purpose to the request to convert other than Mr. Miller's desire to avoid cooperating

2  with the Trustee in the administration of this Case and his continued efforts to conceal

3  and deplete assets of the bankruptcy estate to the detriment of the Estate's creditors.

4      As fully briefed in the Trustee's opposition to the Original Motion to convert to

5  Chapter 11 (Dkt. No. 86), for more than eleven months, Debtors have engaged in a

6  pattern of delay, interference, and bad faith in this Case, including two unsuccessful prior

7  attempts at conversion as detailed above.  The Trustee has substantial evidence that the

8  Debtors have concealed, depleted, and intentionally undervalued assets of the Estate

9  and are not eligible to be debtors in possession.  To date, among other things, the

10  Debtors have failed to fully comply with the Court's Order on the Trustee's Motion for

11  Turnover ("Turnover Order," Dkt. No. 54). The Trustee was also forced to obtain a court

12  order compelling the Debtors to appear at their section 341(a) meeting of creditors and

13  over the past six months Debtor Loren Miller has simply refused and failed to appear at

14  any further continued 341(a) meetings.  The Debtors failed to file complete and accurate

15  bankruptcy schedules, failed to provide the Trustee with certain requested documents,

16  and intentionally concealed valuable property of the Estate.

17      The Trustee continues to uncover undisclosed assets and obtain assets of the

18  estate (despite constant obstruction from Debtor Loren Miller).  Specifically, within the

19  past month, the Trustee received information that Debtor Loren Miller has concealed

20  $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, Inc. during the

21  period of 2011 through 2012 (the "Kitco Purchases") as well as failing to turn over

22  (despite the Trustee's demand) $6,716 received post-petition from Debtors' California

23  State 2012 income tax refund.  On December 19, 2013, the Trustee, through his

24  counsel, sent a formal demand to Debtor for turnover of the Kitco Purchases and the tax

25  refund.  To date, the Debtor has failed to respond or turnover these valuable estate

26  assets to the Trustee.  Accordingly, the Trustee intends to pursue a motion for turnover

27  of the Kitco Purchases and the tax refund and believes that the Debtor's Amended

28  Motion is a further bad faith tactic to avoid complying with his statutory duties under the

1   Bankruptcy Code so he can further conceal assets of the Estate.  Moreover, as stated in

2   Debtor Loren Miller's Declaration in alleged support of the Amended Motion, the Debtors

3   are in the process of divorcing and Co-Debtor Sarah Miller does not consent to the

4   conversion of the Case and refused to be a signatory to the Original Motion or this

5   Amended Motion.

6         Based upon the foregoing and as further detailed below, the Debtors (particularly

7   Loren Miller) have acted in extreme bad faith throughout this Case.  Conversion of this

8   Case to Chapter 11 would constitute an abuse of process and only reward Debtor for his

9   constant obstruction and bad faith acts.  The Amended Motion should be denied with

10  prejudice.

11                                     **II.**

12                              <u>**BACKGROUND**</u>

13        The Debtors commenced their bankruptcy case by filing a voluntary petition for

14  relief under Chapter 7 of 11 U.S.C. § 101 *et seq.* of the United States Code (the

15  "Bankruptcy Code") on February 7, 2013 ("Petition Date").  Jeremy W. Faith was

16  subsequently appointed as the duly qualified and acting trustee of the Debtors'

17  bankruptcy estate in which capacity he continues to serve.

18        The Case has been pending for more than eleven months before this Court and

19  the Trustee has engaged in significant work to recover assets on behalf of the Estate

20  including the recovery of over $228,152.18[3] in cash for the benefit of creditors.

21        The Trustee continues, through the assistance of counsel, to recover additional

22  assets on behalf of the Estate, including but not limited to, the continued investigation of

23  undisclosed personal property assets, recovery of transferred cash, and the recovery of

24  the Kitco Purchases and the 2012 California State Income Tax return.

25  ///

26  _____

    [3] Notably in the past two months, since the denial of the Orignal Motion to Convert, the Trustee has
27  recovered an addiitonal $15,865.59 for the benefit of the Estate from the turnover by Debtor Sarah Miller
    of the Debtors' 2012 Federal Income Tax Return and the liquidation of the Debtors' non-exempt life
28  insurance policy in the name of their daughter Zoe Miller which was reached via Stipulation with Principal
    Life Ins. Co. (Dkt No. 96).

1    On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to file any

2    schedules or other documents.  On February 21, 2013, Debtors filed their Summary of

3    Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small Business

4    Monthly Operating Report for filing period, Declaration concerning debtors' schedules,

5    Statement of Financial Affairs, Disclosure of Compensation of Attorney for Debtor,

6    Declaration of attorneys limited scope of appearance, Debtor's Certification of

7    Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test

8    Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement

9    of related cases (Dkt. No. 11).

10    The Debtors' Original Schedule B disclosed $182,000 in cash on hand held by the

11    Debtors as of the Petition Date (the "Cash").  Debtors continuously refused to turnover

12    the Cash and the Trustee ultimately obtained an Order requiring turnover, as further

13    described below.

14    **A.  <u>341(a) Meeting of Creditors</u>**

15    Debtors' initial Section 341(a) meeting of creditors was held on March 18, 2013.

16    Debtors failed to appear for their examination.  Debtors failed to appear at four additional

17    continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20, 2013, and

18    June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single Section

19    341(a) meeting of creditors, or produced any documents to the Trustee.

20    Ultimately, the Court issued an Order requiring the appearances of the Debtors at

21    the July 20, 2013 meeting of creditors and all further continued meetings of creditors

22    (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013 meeting ("July

23    20 Meeting").  However, Debtor Loren Miller has again failed to appear at a required

24    meeting of creditors on November 18, 2013, December 23, 2013 and January 13, 2014

25    in direct violation of this Court's Order.[4]

26    ///

27    _____

28    [4] Co-Debtor Sarah Miller reached an agreement with the Trustee prior to the continued November,
December and January meetings and her appearance was excused by the Trustee.

1    **B. Debtor's First Conversion Motion (Chapter 13)**

2         On April 4, 2013, the Trustee sent Debtors a letter demanding turnover of the

3    nonexempt Cash in the Debtors' possession.  In response, and instead of complying with

4    their turnover obligation, on April 5, 2013, the Debtors filed a Motion to Convert the

5    Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to Chapter 13").  On April 10,

6    2013, the Trustee filed his *Opposition and Request for Hearing on Debtors' Motion to*

7    *Convert Case to Chapter 13; Declaration of Jeremy W. Faith in Support Thereof*

8    ("Opposition," Dkt. No. 18).  The Debtors were not ineligible for relief under Chapter 13

9    pursuant to 11 U.S.C. § 109(e).   The Trustee also highlighted the fact that the Motion to

10   Convert to Chapter 13 was filed in bad faith as a mere delay tactic.  The Trustee was

11   forced to file the Opposition, and on June 4, 2013, less than one week prior to the

12   scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to

13   Convert to Chapter 13 (Dkt. No. 40).

14   **C. Trustee's Turnover Motion**

15        On May 9, 2013, Trustee's counsel sent another letter requesting turnover of the

16   Cash but again received no response.  On May 15, 2013, the Trustee was forced to file

17   a Motion for Turnover of the Cash; and Directing Debtors to Appear at the Meeting of

18   Creditors (the "Turnover Motion," Dkt No. 31).  A hearing on the Turnover Motion was

19   held on June 11, 2013.  On June 18, 2013, the Court entered an Order granting the

20   Turnover Motion in its entirety (the "Turnover Order," Dkt No. 54).  A true and correct

21   copy of the Turnover Order is attached hereto as **Exhibit A** and incorporated herein by

22   this reference.

23        The Turnover Order required that the Debtors on or before June 23, 2013, turn

24   over to the Trustee the $182,000 in Cash as listed on Schedule B.  Although specifically

25   directed by the Court to comply with the Trustee's requests pursuant to the Turnover

26   Order, Debtors refused for many months thereafter to comply with the Turnover Order.

27   ///

28   ///

1    On July 12, 2013, eighteen days after the deadline set forth in the Turnover Order

2    and numerous demands[5] for turnover by Trustee's counsel, the Trustee received a

3    cashier's check in the amount of $101,731.00 from the Debtors along with a one page

4    accounting (the "Accounting") of how they alleged they used up $68,000 of the Cash in

5    the approximate five months following the Petition Date, all the while knowing it was

6    required to be turned over to the Trustee.  A true and correct copy of the letter from Mr.

7    Taus on behalf of Debtors, dated July 11, 2013, and the attached one-page Accounting

8    are attached hereto as **Exhibit B** and incorporated herein by this reference.

9    The alleged Accounting reflects payments for the following during the period of

10   January 2013 through March 2013 (Petiton Date is February 7, 2013) from the $182,000

11   in Cash ordered to be turned over by the Court:

12
- $12,040 – Mortgage payments on Debtors' Las Vegas home
- $7,200 – Rent for their home in California
13
- $5,025 – Rent and Deposit for Debtors' new home in Texas
- $13,984.00 – Paid to Moving Company for move from California to Texas
14
- $3,000 – Moving travel expenses
- $2,232 – Medical insurance premiums
15
- $2,000 – Food and gas
- $145 – Car registration California
16
- $207 – Car registration Texas
- $976 – Cell phones
17
- $949 – Replace water heater in Las Vegas Home
- $440 – Replace refrigerator module
18
- $585 – Car insurance
- $800 – Utilities (average $200 month)
19
- $5,800 – payments to Lawyer Taus
- $3,800 – payments to Lawyer Sachs
20
- $10,000 – Car purchase (for daughter)

21   Subtotal: $68,863.00

22   *See* Exhibit B.  Other than the "Accounting," the Debtors failed (despite being requested

23   by the Trustee) to provide any bank records or documentary evidence to support these

24   unauthorized expenditures from the Cash.  These expenditures were unauthorized and

25   do not excuse the Debtors from complying with this Court's Turnover Order in its entirety

26   and returning the full $182,000 to the Estate.

27   _____

28   [5]  True and correct copies of the demand letters relating to the turnover sent by Trustee's counsel to the Debtors are attached hereto as **Exhibit C** and incorporated herein by this reference.

1      On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of

2  Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph

3  18 listed the Debtors' interest in three previously undisclosed limited liability companies.

4      On August 26, 2013, counsel for the Trustee sent Debtors, through their counsel

5  Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and

6  requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of

7  the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by

8  this reference.

9      As detailed below, just recently in November 2013, co-Debtor Sarah Miller, by and

10  through communications with her new counsel, has sought to cooperate with the Trustee

11  and she has turned over certain cash items.  Co-Debtor Loren Miller still remains

12  recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code,

13  or any requests by the Trustee and his counsel.

14    **D. Trustee's Complaint to Deny Debtors' Discharge**

15      On or about August 15, 2013, the Trustee filed a Complaint against Debtors for

16  Denial of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-

17  01133-RR (the "Discharge Adversary Proceeding").

18      On October 16, 2013, Debtors filed an Answer to the Discharge Adversary

19  Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set

20  for a pre-trial conference on February 25, 2014 at 11:00 a.m.

21      As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller

22  retained new counsel in the Discharge Adversary Proceeding and entered into

23  discussions regarding cooperation with the Trustee in the administration of this Case and

24  possible settlement of outstanding issues in the Case and Discharge Adversary

25  Proceeding as to Sarah Miller.

26    **E. Turn Over of Undisclosed Stock**

27      On or about November 15, 2013, Co-Debtor Sarah Miller disclosed to the Trustee

28  (through her new counsel) a stock account not previously disclosed by the Debtors.  The

Trustee and Sarah Miller (by and through counsel) arranged for the liquidation and turnover of this undisclosed stock holdings account at the Bank of Montreal, Quebec (the "Stock Holdings").   The value of the Stock Holdings as of November 12, 2013 was $31,269.35.   Sarah Miller agreed to and has now liquidated and turned over the liquidated balance of the Stock Holdings account to the Trustee.

Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe Miller Bank Account").   The balance of the Zoe Miller Bank Account as of November 13, 2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule B.   The funds in the Zoe Miller Bank Account were also ordered by the Court to be turned over to the Trustee as part of the Cash pursuant to the Turnover Order.   On or about November 18, 2013, pursuant to the Trustee's communications with Sarah Miller through her new counsel in the Discharge Adversary Proceeding, the Trustee received a wire transfer of $76,145.45.[6]

### F.  Debtors' Continued Concealment of Estate Property

The Trustee's investigation has also revealed that the Debtors knowingly significantly undervalued their personal property on their bankruptcy schedules in an apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding the liquidation of their assets for the benefit of creditors.   Notably, the Debtors failed to disclose all entities in which they have an ownership interest in, including but not limited to First Star Associates, Inc ("First Star").

On July 29, 2013, in response to the Trustee's request for documents and additional information on First Star which was brought to light at the July 20 Meeting, Mr.

---

[6] Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B and required to be turned over by this Court's Turnover Order, there is no explanation for the additional $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to the Trustee.  Furthermore, the Trustee is still in the process of obtaining all of Debtors' bank records to confirm all pre-petition cash and bank accounts were disclosed and accounted for.

1  Taus, on behalf of Debtors, sent a letter to the Trustee, detailing the Debtors' interest in

2  First Star among other allegedly defunct corporate entities of the Debtors. A true and

3  correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is

4  incorporated herein by this reference. The July 29th letter provides as follows:

5     d. First Star Associates, Inc.  – Status Revoked – Owned
      50% -- Services only corporation that never owned anything.
6     Closed after Las Vegas real estate collapse. No tax returns
      (more than 5 years old).

7        First Star is not listed as an asset on the Debtors' amended bankruptcy schedules

8  (Dkt. No. 64).

9        On or about October 17, 2013, the Trustee received copies of the First Star bank

10  statements and cancelled checks from Bank West of Nevada in response to a subpoena

11  issued by the Trustee after it was discovered that an active bank account existed for

12  First Star and that Debtor Loren Miller was writing checks from this account for his own

13  personal benefit. True and correct copies of the First Star bank records received by the

14  Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

15  Records").

16        The First Star Bank Records reflect that Mr. Miller has been using a bank account

17  in the name of First Star solely for his own personal benefit for at least the two years

18  preceding the Petition Date. Furthermore, the First Star Bank Records show that the

19  account had at least $24,612.63 in it as of the Petition Date and had as much as

20  $44,086.94 in September 2012. The Trustee believes that these funds are additional

21  undisclosed monies, which are separate from the Cash disclosed on Schedule B and

22  ordered by the Court to be turned over to the Trustee. The First Star Bank Records also

23  reflect that the Debtors changed the address on the bank account to their new personal

24  address in Texas. This is directly at odds with the Debtors' testimony at the July 20

25  Meeting that Debtors did not have knowledge of any monies in the First Star Bank

26  Account and did not control the account. Furthermore, the Nevada corporate records for

27  First Star do not show any other members or offices and reflect that the capital amount

28

1   for the corporation's 25,000 shares was $0.00.  A true and correct copy of the First Star

2   business entity detail from the Nevada Secretary of State Website is attached hereto as

3   **Exhibit F.**

4           Additionally, a review of the Debtor's Fist Star Bank Account records subpoenaed

5   by the Trustee revealed that the Debtor had made several large payments to an entity

6   named Kitco Metals, Inc. ("Kitco") which is known for buying and selling gold and silver.

7   The Trustee subsequently subpoenaed Debtor Loren Miller's Kitco account records and

8   discovered that Debtor had concealed $27,173.38 in undisclosed gold and silver

9   purchased from Kitco during the period of 2011 through 2012 (the "Kitco Purchases").

10   On December 19, 2013, the Trustee, through his counsel, sent a formal demand to

11   Debtor for turnover of the Kitco Purchases and the tax refund.  A true and correct copy of

12   the December 19 Letter is attached hereto as **Exhibit G**.  To date, the Debtor has failed

13   to respond or turnover these valuable estate assets to the Trustee.  Accordingly, the

14   Trustee intends to pursue a Motion for Turnover of the Kitco Purchases for the benefit of

15   the Estate.

16       **G. Debtor Loren Millers' Conversion and Transfer Motions**

17           On November 26, 2013, Debtor Loren Miller (pro se) filed the Original form Notice

18   of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. § 1112(a)

19   ("Original Motion," Dkt. Nos. 79 and 80).  The Trustee and creditor Andrew Geller, *et al.*

20   both filed oppositions to the Original Motion (Dkt. Nos. 86 and 82, respectively).  On

21   December 12, 2014, prior to any hearing on the Original Motion, the Court entered its

22   Order denying the Original Motion as defective for failure to pay the $922 conversion-

23   filing fee (Dkt. No. 87).

24           Mr. Miller also filed Motions to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 to

25   the Southern District of Texas, Houston Division in both the Case ("Transfer Motion,"

26   Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas, Houston

27   Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv. Dkt. No.

28   16).  The Trustee and Creditor Geller opposed the Transfer Motions (Dkt. Nos. 81, 82,

1   85 and Adv. Dkt. Nos. 17) and the Court entered its order denying Debtor's Transfer

2   Motions on December 12, 2013 (Dkt. No. 88).  On January 14, 2014, one day prior to

3   filing the Amended Motion to Convert, Debtor filed a motion for an extension of time to

4   file an appeal of this Court's Order denying his motion transfer venue in this Case to the

5   Southern District of Texas, Houston Division (the "Extension Motion," Dkt. No. 99).  The

6   Trustee timely filed an Opposition to the Extension Motion (Dkt. No. 105).

7          Co-Debtor Sarah Miller is not a signatory to the instant Amended Motion to

8   convert the case or the Extension Motion.  The Trustee is further informed that Sarah

9   Miller does not consent to the conversion of the Case to Chapter 11.

10                                              III.

11                                    **LEGAL ANALYSIS**

12   **A.        The Motion Is Not Brought In Good Faith**

13          The language of section 706(a) is qualified by "may" and thus, does not mandate

14   the conversion of Debtors' case to Chapter 11.  The Supreme Court has determined that

15   the right to covert is not absolute, and a motion to convert can be denied if it is found

16   that conversion is based on the debtor's fraudulent conduct, or if conversion would be an

17   abuse of process.  *Marrama v. Citizens Bank*, 549 U.S. 365, 373-74 (2007).[7]

18          In this Case, Mr. Miller's unilateral attempts to convert this Case to one under

19   Chapter 11 are made both in bad faith and constitute as an abuse of process.  As

20   outlined above, the Trustee has diligently worked for more than eleven months, against

21   the total lack of cooperation and deliberate interference by the Debtors to recover assets

22   in this Case for the benefit of creditors of the Estate.  The Supreme Court in *Marrama*

23   recognized that "[t]he text of § 706(d) . . . provides adequate authority for the denial of [a]

24   motion to convert [on the grounds of bad faith]." *Id.* at 374.  Given the lack of cooperation

25   with the Trustee, the evidence of undisclosed and concealed assets, the Debtors' failure

26   _____

27   [7] While the Court in *Marrama* dealt with a request to convert from Chapter 7 to Chapter 13, rather than to Chapter 11, the language of Section 706(a) applies the same whether the chosen chapter for conversion is chapter 11 or chapter 13.  *See Levesque v. Shapiro (In re Levesque)*, 473 B.R. 311, 339 (B.A.P. 9th Cir.

28   2012).

1  to appear for multiple Section 341(a) meetings, the failure to timely comply with the

2  Court's Turnover Order and the Debtor Loren Miller's steadfast refusal to cooperate with

3  the Trustee in the administration of this Case, it is clear that the Motion was filed in bad

4  faith.  Accordingly, the Court should deny the Motion as there is substantial evidence

5  that the Motion was not brought in "good faith" – a required assertion under the form

6  motion.

7      Notwithstanding the Debtors' total lack of compliance in this Case and bad faith

8  as detailed above, the Amended Motion is yet again, an unsupported skeletal one-page

9  form motion.  The Debtor has provided no evidence in support of the Motion and there is

10  no explanation or evidence that the Debtors will (or are able to) perform any of the

11  required duties of a debtor-in-possession.  For all the reasons described above, it is

12  clear that these Debtors cannot be trusted as debtors-in-possession" ("DIP") and are

13  ineligible for relief under Chapter 11.

14      **B.    Conversion Would Constitute An Abuse of Process**

15      The Trustee also submits that conversion of the Case would constitute an abuse

16  of process and only serve to delay the administration of the Estate to the harm and

17  detriment of the unsecured creditors who stand to receive a dividend from the

18  administration of the Cash and liquidation of the personal property assets by the

19  Trustee.  The Court in *Marrama* also emphasized "the broad authority granted to

20  bankruptcy judges to take any action that is necessary or appropriate 'to prevent an

21  abuse of process' described in § 105(a) of the Code . . . is . . . adequate to authorize an

22  immediate denial of a motion to convert filed under § 706 in lieu of a conversion order

23  that merely postpones the allowance of equivalent relief and may provide a debtor with

24  an opportunity to take action prejudicial to creditors." *Id.* at 375.  As detailed above, the

25  Debtors admittedly concealed assets and failed to turnover personal property of the

26  Estate.

27      Because Debtors cannot be trusted to perform their duties as a DIP for the benefit

28  of creditors in a Chapter 11 case, conversion in this instance would constitute an abuse

1 of process and the creditors are better served with the current Trustee administering the

2 Estate.

3                                                        **IV.**

4                                           <u>**CONCLUSION**</u>

5          Based upon the foregoing, the Trustee respectfully requests that this Court deny

6 the Amended Motion to Convert the Debtors' Chapter 7 Case to a Case under Chapter

7 11 with prejudice, and enter any other and further relief that the Court deems just and

8 proper.

9

10 DATED: January 29, 2014                    MARGULIES FAITH, LLP

11
                                             By*:    /s/ Meghann Triplett*
12                                              Craig G. Margulies
                                                Meghann Triplett
13                                           Attorneys for Jeremy W. Faith, Chapter 7
                                             Trustee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **DECLARATION OF JEREMY W. FAITH**

2          I, Jeremy W. Faith, declare as follows:

3          1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the

4    bankruptcy estate of Loren Miller and Sarah Miller (the "Debtors").  I have personal

5    knowledge of the matters set forth herein and if called as a witness could and would

6    testify competently thereto.  This declaration is submitted in support of the foregoing

7    *Opposition and Request for Hearing on Debtor Loren Miller's Amended Motion to*

8    *Convert Case to Chapter 11* (the "Opposition").  Defined terms in the Opposition shall

9    have the same meaning herein.

10         2.      I believe that the Motion and Debtor's most recent request to convert from

11   Chapter 7 to 11 is yet another bad faith tactic by Mr. Miller in a misguided attempt to

12   avoid complying with his statutory duties under the bankruptcy code.

13         3.      Since the February 7, 2013 Petition Date, the Debtors have engaged in a

14   pattern of delay, interference, and bad faith in this Case and it is clear to me that the

15   Debtors are utilizing the bankruptcy process in a fraudulent manner at the expense and

16   harm to the unsecured creditors of this Estate.  I have substantial evidence that the

17   Debtors have concealed, depleted, and intentionally undervalued assets of the Estate.

18         4.      The Case has been pending for more than eleven months before this Court

19   and my counsel and I have engaged in significant work to recover assets on behalf of

20   the Estate including the recovery of over $228,152.18 in cash for the benefit of creditors.

21         5.      I continue, to investigate and recover additional assets on behalf of the

22   Estate, including but not limited to, the continued investigation of undisclosed personal

23   property assets, recovery of transferred cash, recovery of Debtors' 2012 State Income

24   Tax refund which was received post-petition by the Debtors, and the recent discovery of

25   $27,173.38 in undisclosed gold and silver purchased from Kitco Metals, Inc. during the

26   period of 2011 through 2012 (the "Kitco Purchases").

27         6.      On the Petition Date, Debtors only filed a "Skeletal Petition" and failed to

28   file any schedules or other documents.  On February 21, 2013, Debtors filed their

1  Summary of Schedules, Statistical Summary of Certain Liabilities, Schedules A-J, Small

2  Business Monthly Operating Report for filing period, Declaration concerning debtors'

3  schedules, Statement of Financial Affairs, Disclosure of Compensation of Attorney for

4  Debtor, Declaration of attorneys limited scope of appearance, Debtor's Certification of

5  Employment Income, Chapter 7 Statement of Current Monthly Income and Means Test

6  Calculation - Form 22A, Statement of Intent, verification of creditor matrix and Statement

7  of related cases (Dkt. No. 11).

8       7.     The Debtors' Original Schedule B disclosed $182,000 in cash on hand held

9  by the Debtors as of the Petition Date (the "Cash").  Debtors continuously refused to

10  turnover the Cash and I ultimately obtained an Order requiring turnover, as further

11  described below.

12       8.     Debtors' initial Section 341(a) meeting of creditors was held on March 18,

13  2013.  Debtors failed to appear for their examination.  Debtors failed to appear at four

14  additional continued Section 341(a) meetings on April 8, 2013, April 29, 2013, May 20,

15  2013, and June 10, 2013.  In fact, Debtors have never voluntarily appeared for a single

16  Section 341(a) meeting of creditors, or produce any documents to my counsel or me.

17       9.     Ultimately, the Court issued an Order requiring the appearances of the

18  Debtors at the July 20, 2013 meeting of creditors and all further continued meetings of

19  creditors (Dkt. No. 54).  Debtors appeared and were examined at the July 20, 2013

20  meeting ("July 20 Meeting").  However, Debtor Loren Miller has again failed to appear at

21  a required meeting of creditors on November 18, 2013 in violation of this Court's Order.

22  Prior to the continued November 18 meeting, I reached an agreement with Co-Debtor

23  Sarah Miller in exchange for turnover of certain assets as detailed in the Opposition and

24  I excused her appearance.

25       10.    On April 4, 2013, I sent Debtors a letter demanding turnover of the

26  nonexempt Cash in their possession.  In response, on April 5, 2013, the Debtors filed a

27  Motion to Convert the Chapter 7 Case to a Chapter 13 Case ("Motion to Convert to

28  Chapter 13").  On April 10, 2013, through counsel, I filed an *Opposition and Request for*

*Hearing on Debtors' Motion to Convert Case to Chapter 13; Declaration of Jeremy W. Faith in Support Thereof* ("Opposition," Dkt. No. 18).  The Debtors were not ineligible for relief under Chapter 13 pursuant to 11 U.S.C. § 109(e).  The Opposition also highlighted the fact that the Motion to Convert to Chapter 13 was filed in bad faith as a delay tactic.  I was forced to file the Opposition, and on June 4, 2013, less than one week prior to the scheduled hearing date, the Debtors filed a Notice of Withdrawal of the Motion to Convert to Chapter 13 (Dkt. No. 40).

11.    On May 9, 2013, my counsel sent another letter requesting turnover of the Cash but again received no response.  On May 15, 2013, I was forced to file a Motion for Turnover of the Cash; and Directing Debtors to Appear at the Meeting of Creditors (the "Turnover Motion," Dkt No. 31).  A hearing on the Turnover Motion was held on June 11, 2013.  On June 18, 2013, the Court entered an Order granting the Turnover Motion in its entirety (the "Turnover Order," Dkt No. 54).  A true and correct copy of the Turnover Order is attached hereto as **Exhibit A** and incorporated herein by this reference.

12.    The Turnover Order required that the Debtors on or before June 23, 2013, turn over to the Trustee the $182,000 in Cash as listed on Schedule B.  Although specifically directed by the Court to comply with my requests pursuant to the Turnover Order, Debtors refused for many months to fully comply with the turnover.

13.    On July 12, 2013, eighteen days after the deadline set forth in the Turnover Order and numerous demands for turnover by my counsel, I received a cashier's check in the amount of $101,731.00 from the Debtors along with a one page accounting (the "Accounting") of how they used up $68,000 of the Cash in the approximate five months since the Petition Date.  A true and correct copy of the letter from Mr. Taus on behalf of Debtors dated July 11, 2013 and attached one-page Accounting is attached hereto as **Exhibit B** and incorporated herein by this reference.

14.    The Accounting reflects payments for the following during the period of January 2013 through March 2013 from the $182,000 in Cash ordered to be turned over by the Court:

- $12,040 – Mortgage payments on Debtors' Las Vegas home
- $7,200 – Rent for their home in California
- $5,025 – Rent and Deposit for Debtors' new home in Texas
- $13,984.00 – Paid to Moving Company for move from California to Texas
- $3,000 – Moving travel expenses
- $2,232 – Medical insurance premiums
- $2,000 – Food and gas
- $145 – Car registration California
- $207 – Car registration Texas
- $976 – Cell phones
- $949 – Replace water heater in Las Vegas Home
- $440 – Replace refrigerator module
- $585 – Car insurance
- $800 – Utilities (average $200 month)
- $5,800 – payments to Lawyer Taus
- $3,800 – payments to Lawyer Sachs
- $10,000 – Car purchase (daughter)

Subtotal: $68,863.00

*See* Exhibit B.   Other than the "Accounting," the Debtors failed to provide any bank records or documentary evidence to support these unauthorized expenditures from the Cash.   These expenditures were unauthorized and do not excuse the Debtors from complying with this Court's Turnover Order in its entirety and returning the full $182,000 to the Estate.

15.    On August 9, 2013, Debtors filed Amended Schedules B, C and Statement of Financial Affairs ("Amended SOFA") (Dkt. No. 64).  The Amended SOFA at paragraph 18, listed the Debtors' interest in three previously undisclosed limited liability companies.

16.    On August 26, 2013, my counsel sent Debtors, through their counsel Vaughn C. Taus, a renewed demand for full compliance with the Turnover Order and requiring turnover of the remaining $80,269 from the Debtors.  A true and correct copy of the August 26, 2013 letter is attached hereto as **Exhibit C** and incorporated herein by this reference.

17.    As detailed below, just recently in November 2013, Co-Debtor Sarah Miller, by and through communications with her new counsel, has sought to cooperate with me and she has turned over certain cash items.   Co-Debtor Loren Miller still remains recalcitrant and refusing to comply with Court orders, duties under the Bankruptcy Code, or any requests by my counsel or me.

1      18.    On or about August 15, 2013, I filed a Complaint against Debtors for Denial

2 of Discharge under 11 U.S.C. § 727 *et seq.*, Adversary Proceeding No. 9:13-ap-01133-

3 RR (the "Discharge Adversary Proceeding").

4      19.    On October 16, 2013, Debtors filed an Answer to the Discharge Adversary

5 Proceeding denying the allegations therein.  The Discharge Adversary Proceeding is set

6 for a pre-trial conference on February 25, 2014 at 11:00 a.m.

7      20.    As provided above, on or about November 5, 2013, Co-Debtor Sarah Miller

8 retained new counsel in the Discharge Adversary Proceeding and entered into

9 discussions regarding cooperation with me in the administration of this Case and

10 possible settlement of outstanding issues in the Case and Discharge Adversary

11 Proceeding as to Sarah Miller.

12      21.    On or about November 15, 2013, Sarah Miller disclosed to me (through her

13 new counsel) a stock account not previously disclosed by the Debtors.  Sarah Miller and

14 I (by and through counsel) arranged for the liquidation and turnover of this undisclosed

15 stock holdings account at the Bank of Montreal, Quebec (the "Stock Holdings").  The

16 value of the Stock Holdings as of November 12, 2013 was $31,269.35.  Sarah Miller

17 agreed to and has now liquidated and turned over the liquidated balance of the Stock

18 Holdings account to me.

19      22.    Co-Debtor Sarah Miller also holds a joint bank account with Debtors' minor

20 daughter Zoe Miller at JSC Federal Credit Union, Account No. Ending in 5193 ("Zoe

21 Miller Bank Account").  The balance of the Zoe Miller Bank Account as of November 13,

22 2013 was $76,145.45. The funds in the Zoe Miller Bank Account were transferred from a

23 pre-petition bank account at Wells Fargo and were listed on Debtors Original Schedule

24 B.  The funds in the Zoe Miller Bank Account were also ordered by the Court to be

25 turned over to me as part of the Cash pursuant to the Turnover Order.  On or about

26 November 18, 2013, pursuant to my counsel's communications with Sarah Miller through

27 her new counsel in the Discharge Adversary Proceeding, I received a wire transfer of

28 $76,145.45.

23.     Although the recent turnover of the approximate $76,145.45 by co-debtor Sarah Miller from the Zoe Miller Bank Account technically provides the remaining Cash disclosed on Debtors' Original Schedule B and required to be turned over by this Court's Turnover Order, there is no explanation for the additional $68,863.00 in pre-petition Cash spent by the Debtors as detailed above which was never turned over to the Trustee.  Furthermore, I am still in the process of obtaining all of Debtors bank records to confirm all pre-petition cash and bank accounts were disclosed and accounted for.

24.     My investigation has also revealed that the Debtors knowingly significantly undervalued their personal property on their bankruptcy schedules in an apparent attempt to "sneak by" in a Chapter 7 and discharge their debts while avoiding the liquidation of their assets for the benefit of creditors.  Notably, the Debtors failed to disclose all entities in which they have an ownership interest in, including but not limited to First Star Associates, Inc ("First Star").

25.     On July 29, 2013, in response to my request for documents and additional information on First Star which was brought to light at the July 20 Meeting, Mr. Taus, on behalf of Debtors, sent a letter to me, detailing the Debtors' interest in First Star among other allegedly defunct corporate entities of the Debtors.  A true and correct copy of the July 29, 2013 letter is attached hereto as **Exhibit D** and is incorporated herein by this reference.  The July 29th letter provides as follows:

> d.  First Star Associates, Inc.  – Status Revoked – Owned 50% -- Services only corporation that never owned anything. Closed after Las Vegas real estate collapse.  No tax returns (more than 5 years old).

26.     First Star is not listed as an asset on the Debtors' amended bankruptcy schedules (Dkt. No. 64).

27.     On or about October 17, 2013, I received copies of the First Star bank statements and cancelled checks from Bank West of Nevada in response to a subpoena issued by my office after it was discovered that an active bank account existed for First Star and that Debtor Loren Miller was writing checks from this account for his own

1  personal benefit.  True and correct copies of the First Star bank records received by the

2  Trustee pursuant to his subpoena are attached hereto as **Exhibit E** (the "First Star Bank

3  Records").

4       28.    The First Star Bank Records reflect that Mr. Miller has been using a bank

5  account in the name of First Star solely for his own personal benefit for at least the two

6  years preceding the Petition Date.  Furthermore, the First Star Bank Records show that

7  the account had at least $24,612.63 in it as of the Petition Date and had as much as

8  $44,086.94 in September 2012.  I believe that these funds are additional undisclosed

9  monies, which are separate from the Cash disclosed on Schedule B and ordered by the

10  Court to be turned over to me.

11       29.    The First Star Bank Records also reflect that the Debtors changed the

12  address on the bank account to their new personal address in Texas.  This is directly at

13  odds with the Debtors' testimony at the July 20 Meeting that Debtors did not have

14  knowledge of any monies in the First Star Bank Account and did not control the account.

15  Furthermore, the Nevada corporate records for First Star do not show any other

16  members or offices and reflect that the capital amount for the corporation's 25,000

17  shares was $0.00.  A true and correct copy of the First Star business entity detail from

18  the Nevada Secretary of State Website is attached hereto as **Exhibit F.**

19       30.    I am also informed that Debtor Loren Miller has concealed $27,173.38 in

20  undisclosed gold and silver purchased from Kitco Metals, Inc. during the period of 2011

21  through 2012 (the "Kitco Purchases").  On December 19, 2013, through my counsel,

22  sent a formal demand to Debtor for turnover of the Kitco Purchases and the tax return.

23  A true and correct copy of the December 19 Letter to Debtor Loren Miller is attached

24  hereto as **Exhibit G**.

25       31.    On November 26, 2013, Debtor Loren Miller (pro se) filed the Original form

26  Notice of Motion and Motion to Convert Case to Chapter 11 pursuant to 11 U.S.C. §

27  1112(a) ("Orignal Motion," Dkt. Nos. 79 and 80).  My counsel and counsel for creditor

28  Andrew Geller, et al. both filed oppositions to the Original Motion (Dkt. Nos. 86 and 82,

1    respectively).  On December 12, 2014, prior to any hearing on the Original Motion, the

2    Court entered its Order denying the Original Motion as defective for failure to pay the

3    $922 conversion-filing fee (Dkt. No. 87).

4          32.     Mr. Miller also filed Motions to Transfer Venue – Rule 1014; 28 U.S.C. §

5    1412 to the Southern District of Texas, Houston Division in both the Case ("Transfer

6    Motion," Dkt. No. 78) and a Motion to Transfer Venue to the Southern District of Texas,

7    Houston Division in the Discharge Adversary Proceeding ("Adv. Transfer Motion," Adv.

8    Dkt. No. 16).  Both my counsel and counsel for Creditor Geller opposed the Transfer

9    Motions (Dkt. Nos. 81, 82, 85 and Adv. Dkt. Nos. 17) and the Court entered its order

10   denying Debtor's Transfer Motions on December 12, 2013 (Dkt. No. 88).  On January

11   14, 2014, one day prior to filing the Amended Motion to Convert, Debtor filed a motion

12   for an extension of time to file an appeal of this Court's Order denying his motion transfer

13   venue in this Case to the Southern District of Texas, Houston Division (the "Extension

14   Motion," Dkt. No. 99).  Through counsel, I timely filed an Opposition to the Extension

15   Motion (Dkt. No. 105).

16         33.     Co-Debtor Sarah Miller is not a signatory to the instant Amended Motion to

17   Convert the Case to one under Chapter 11 and I am informed and believe that Sara

18   Miller opposes the Amended Motion.

19         34.     Based on the foregoing Opposition, the Debtor Loren Miller's Amended

20   Motion to convert the Case to Chapter 11 should be denied with prejudice.

21         I declare under penalty of perjury under the laws of the United States of America

22   that the foregoing is true and correct and that this declaration was executed on January

23   29, 2014 at Encino, California.

24

25                              JEREMY W. FAITH

26

27

28

TAB 19                                          Page 264

1  CRAIG G. MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino, California 91436
   Telephone: (818) 705-2777
4  Facsimile: (818) 705-3777
   Email: Craig@MarguliesFaithLaw.com
5  Email: Meghann@MarguliesFaithlaw.com

6  Attorney for Jeremy W. Faith, Chapter 7 Trustee

7

| FILED & ENTERED |
| JUN 18 2013 |
| CLERK U.S. BANKRUPTCY COURT |
| Central District of California |
| BY RUST    DEPUTY CLERK |

8                    **UNITED STATES BANKRUPTCY COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
9                          **NORTHERN DIVISION**

10

11  In re                              Case No.: 9:13-bk-10313-RR

12  LOREN MILLER AND SARAH MILLER,     Chapter: 7

13                           Debtor.    **ORDER GRANTING CHAPTER 7**
14                                      **TRUSTEE'S MOTION FOR TURNOVER**
                                        **OF PROPERTY OF THE ESTATE AND**
15                                      **ORDER DIRECTING DEBTORS TO**
                                        **APPEAR AT CONTINUED 11 U.S.C. §**
16                                      **341(a) MEETINGS OF CREDITORS**

17
                                        Hearing Date:
18                                      Date:    June 11, 2013
                                        Time:    10:00 am
19                                      Place:   Courtroom  201

20

21

22

23

24

25

26

27

28

TAB 19                                    Page 265

1    At the above date and time, the hearing on the Trustee's Motion for order

2    compelling the above-captioned debtors Loren Miller And Sarah Miller (collectively, the

3    "Debtors") to turn over property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 521,

4    541, and 542, and for an order directing the Debtors to appear at their 11 U.S.C. §

5    341(a) Meetings of Creditors (the "Motion," Dkt. No. 31) was held before the Honorable

6    Robin L. Riblet, United States Bankruptcy Judge, in Courtroom 201of the United States

7    Bankruptcy Court, 1415 State Street, Santa Barbara, California.  Meghann Triplett, Esq.

8    of Margulies Faith, LLP appeared on behalf of the Trustee, and all other appearances

9    were as stated on the record at the hearing.

10    The Court, having read and considered the moving papers, no opposition having

11    been filed, and the Court finding that Notice of the Motion was proper, and for the

12    reasons stated on the record at the hearing on the Motion and good cause appearing,

13    **IT IS HEREBY ORDERED THAT:**

14    1.    The Motion is granted;

15    2.    The Debtors are directed to immediately, but no later than five (5) days

16    after entry of this Order, turn over to the Trustee, by and through his counsel Margulies

17    Faith, LLP ("MF"), $182,000, the amount listed in the Debtors' Schedule B filed on

18    February 21, 2013 (Dkt. No.11) by way of a Cashier's Check made payable to "Jeremy

19    W. Faith, Chapter 7 Trustee."

20    3.    The Debtors are directed to immediately, but no later than five (5) days

21    after entry of this Order, turn over to the Trustee by and through his counsel MF, copies

22    of all monthly bank statements and canceled checks (front and back sides), including

23    documentation for all bank records and financial statements, for the two years preceding

24    the Petition Date through the date of the hearing on the Motion (i.e., June 11, 2013) for

25    all bank accounts existing in the Debtors' name, including all individual and joint-

26    accounts.  Specifically, the Debtors are required to provide monthly bank statements and

27    cancelled checks (front and back sides) for the time period described in this paragraph

28    above.

1

TAB 19    Page 266

1    4.    The Debtors are directed to immediately, but in no event later than five (5)

2   days after entry of this Order, turn over to the Trustee by and through his counsel MF,

3   copies of Debtors' 2010, 2011, and 2012 State and Federal Tax Returns.

4    **IT IS FURTHER ORDERED** that:

5    5.    The Debtors are ordered to appear and testify under oath at their 11 U.S.C.

6   § 341(a) Meeting of Creditors on July 15, 2013, at 2:30 p.m. at the Office of the United

7   States Trustee, 128 E. Carrillo Street, Santa Barbara, California and are also required to

8   appear at any and all additional continued § 341(a) Meeting of Creditors until the Trustee

9   has concluded the Section 341(a) Meeting of Creditors in this Case.

10

11

12

13   ###

14

15

16

17

18

19

20

21

22

23   Date: June 18, 2013

24   Robin L. Riblet
United States Bankruptcy Judge

25

26

27

28

2

TAB 19                                          Page 267

Case 9:13-bk-10313-RR    Doc 54    Filed 06/18/13    Entered 06/18/13 15:10:23    Desc
Main Document    Page 4 of 4

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND ORDER DIRECTING DEBTORS TO APPEAR AT CONTINUED 11 U.S.C. § 341(A) MEETINGS OF CREDITORS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of June 13, 2013, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtors: Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586

☐ Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9021-1.1.NOTICE.ENTERED.ORDER**

TAB 19                                Page 268

TAB 19                                    Page 269

**VAUGHN C. TAUS**
ATTORNEY AT LAW

Telephone 805-542-0155

1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
tauslawyer@gmail.com

Facsimile 805-542-0234

July 11, 2013

Craig Margulies
Margulies Faith LLP
16030 Ventura Boulevard, Suite 470
Encino, CA 91436

Re: Loren and Sarah Miller 9:13-bk-10313-RR

Dear Mr. Margulies:

I attach a variety of documents responsive to Mr. Faith's request. My clients have purchased airplane tickets from their home in Texas to appear at the §341a meeting in Santa Barbara on July 15, 2013.

I attach my clients' cashier's check in the sum of $101,731.00, which is the balance of money in my clients' accounts. I also attach an accounting created by my clients reflecting their expenditures since the filing of the bankruptcy case. Mr. Miller was unemployed and had no income through April, 2013. The Millers had to move to Texas for Mr. Miller to start his new job.

The accounting reflects initial balances totaling $170,594. These were the actual balances at the time the emergency petition was filed in this case. I am having my clients obtain documentation evidencing the accurate balance in accounts at the time the case was filed. Once I have that evidence I will provide it to you and I will file amended schedules on my clients' behalf.

My clients' banking was conducted exclusively on line for the two years preceding the filing of the bankruptcy case. They do not have statements. However, they are attempting to obtain information concerning the accounts that is responsive to the court's order and the trustee's inquiry.

I also include complete state and federal tax returns for Mr. and Mrs. Miller, for the years 2010, 2011 and 2012.

If additional responsive information becomes available before the hearing, I will provide that information, either in advance or at the hearing, itself.

TAB 19                                    Page 270

Craig Margulies
Re: Loren and Sarah Miller
July 11, 2013
Page 2 of 2

If you have any questions or comments, please do not hesitate to communicate with
me.

Yours Very Truly,

Vaughn C. Taus

Enclosures
CC: Clients

TAB 19                                                    Page 271

| Date | Description | Amount | |
|------|-------------|--------|---|
| Jan-13 | Sarah Account | $ 100,000.00 | |
| Jan-13 | Zoe Account | $ 70,594.00 | |
| | Subtotal | $ 170,594.00 | |
| | | | |
| Jan - Apr | Mortgage - LV Home | $ 12,040.00 | |
| Jan - Apr | Rent - CA | $ 7,200.00 | |
| Mar - Apr | Rent & Deposit - TX | $ 5,025.00 | |
| Mar | Moving - CA to TX | $ 13,984.00 | Moving company |
| Mar | Moving - Travel | $ 3,000.00 | Personal Moving Costs |
| Jan - Apr | Medical Insurance Premiums | $ 2,332.00 | |
| Jan - Apr | Food & Gas | $ 2,000.00 | |
| Feb | Car Registration - CA | $ 145.00 | |
| Mar | Car Registration - TX | $ 207.00 | |
| Jan - Apr | Cell Phones | $ 976.00 | |
| Mar | Replace Water Heater - LV | $ 949.00 | |
| Mar | Replace Refrigerator Module | $ 440.00 | |
| Jan - Apr | Car Insurance | $ 585.00 | |
| Jan - Apr | Utilities (Average $200 Month) | $ 800.00 | |
| Feb | Lawyer (Taus) | $ 2,880.00 | |
| Mar | Lawyer (Taus) | $ 2,500.00 | |
| Mar | Lawyer (Sachs) | $ 3,800.00 | |
| Mar | Car Purchase (Daughter) | $ 10,000.00 | |
| | Subtotal | $ 68,863.00 | |
| | Total | $ 101,731.00 | Balance |

**NOTE: Unemployed from September 2012
through April 2013.  No Income during this period.**

TAB 19                                    Page 272

TAB 19                                    Page 273



AUGUST 26, 2013
Meghann@MarguliesFaithlaw.com

**Sent VIA U.S. Mail & Email**
Vaughn C. Taus
Law Offices of Vaughn C. Taus
1042 Pacific Street, Suite D
San Luis Obispo, CA 93401
Email: tauslawyer@gmail.com
Fax: (805) 542-0234

Re:    In re Loren Miller and Sarah Miller, Case No. 9:13-bk-10313-RR

Dear Mr. Taus:

As you know, this firm is counsel to Jeremy W. Faith, Chapter 7 Trustee ("Trustee"), in regard to the above-referenced bankruptcy case (the "Case") of Loren and Sarah Miller ("Debtors").

This letter constitutes a demand for turnover of the remaining $68,863 from the Debtors pursuant to the Turnover Order entered by the Court on June 18, 2013.  As you are aware, the Debtors were required to turn over to my office on behalf of the Trustee $182,000 in cash, the amount listed on original Schedule B no later than five (5) days after entry of the Turnover Order or on or before June 23, 2013.

On July 11, 2013, we received a cashier's check from your office on behalf of the Debtors in the amount of $101,731 along with a one page accounting prepared by the Debtors for their improper use of pre-petition Cash ordered to be turned over to the Trustee.  The accounting includes various unauthorized expenditures from Estate funds including payments to your office in the total amount of $5,300, which were specifically ordered to be returned to the Trustee as set forth in a separate letter sent concurrently with this correspondence; $3,800 to an attorney "Sachs"; $10,000 for the purchase of a vehicle as well as other purported living and moving expenses totaling $68,863.  These funds are assets of the Bankruptcy Estate and were required to be returned to the Trustee pursuant to the Court's Turnover Order.

To date, your clients have failed to make any effort and/or arrangements to turnover the remaining $68,863 pursuant to the Court's Turnover Order.  Debtors must return the $68,863 immediately to the bankruptcy estate pursuant to their obligations under the Turnover Order or the Trustee will be left with no alternative but to move the Court to hold the Debtors in contempt.

Please contact me immediately in response to the above compliance.  Thank you.

Very truly yours,

*Meghann Triplett*

Meghann Triplett

cc:  Jeremy W. Faith, Chapter 7 Trustee

16030 Ventura Boulevard, Suite 470, Encino, California  91436
T:  818-705-2777  |  F:  818-705-3777  |  www.marguliesfaithlaw.com

TAB 19                                      Page 274

TAB 19                    Page 275

**VAUGHN C. TAUS**
ATTORNEY AT LAW
Telephone 805-542-0155        1042 Pacific Street, Suite D        Facsimile 805-542-0234
San Luis Obispo, CA 93401
tauslawyer@gmail.com

July 29, 2013

Jeremy Faith
21550 Oxnard Street
Woodland Hills, Ca 91367

Re: Loren and Sarah Miller: Case No. 13-10313

Dear Mr. Faith:

At the Miller's §341 meeting of creditors you requested substantial additional information from the debtors.  This letter responds to those requests.  Mr. Miller has diligently attempted to gather whatever responsive documents he could.  The documents you requested often had to do with entities that have been out of business for quite a while.  For example, Mr. Miller testified about his involvment with a number of corporate entities.  These companies have, in many cases, been defunct for many years.

Additionally, the debtors testified about their recent move to Texas so that Mr. Miller could be re-employed, after many months of un-employment.  As necessitated by such a move, documents were either packed or if the documents were old, thrown out.

With respect to the corporate entities, Mr. Miller performed a search for information at the office of the Nevada Secretary of State and was able to obtain the information for each company reflected on the first attachment to this letter.  In addition, Mr. Miller provides the following narrative with respect the various entities:

a. Molinos Properties, LLC – Status Default – Owned 100% by debtor-Entity owned a portion of Hills Center Office 1, LLC that was bankrupted by Andrew Geller in 2008.  The final tax return is attached;

b. Winmill Development, Inc. –Status Revoked – Owned 100% by debtor-Services only corporation that never owned anything.  Closed after Las Vegas real estate collapse.  The final tax return is attached;

c. Hills Center Office 1, LLC – Status Dissolved – Molinos Properties owned 21% - Hills Center Office 1, LLC was bankrupted by Andrew Geller in 2008.  Geller would have tax returns;

TAB 19        Page 276

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 2 of 3

d. First Star Associates, Inc. – Status Revoked – Owned 50% - Services only corporation that never owned anything.  Closed after Las Vegas real estate collapse. No Tax returns (more than 5 years old);

e. Mohave Minerals & Mining, LLC – Status Permanently Revoked – Mining company closed over 9 years ago.  No Tax returns (more than 5 years old);

F. Flamingo Cambridge, LLC – Status Permanently Revoked – Owned 33% - Sold real estate back in 2004 and closed permanently – No Tax returns (more than 5 years old)

g. Luxin Limited – Status Revoked – Resident Agent only – Did not own any position.

Next, I forward documents from Mr. Miller that refer to six Wells Fargo accounts and three Bank of America accounts.  The statement for Mr. Miller's Nevada Wells Fargo Bank account ending in 0403 is separated out.

Next, I attach, as a group, statements for: Mrs. Miller's Wells Fargo Bank accounts ending in 4710 and 8753; and Zoe Miller's Wells Fargo Bank account ending in 2685. Next in the group, Mr. Miller only had correspondence from Wells Fargo Bank that I attach, for the California accounts in his name ending in 9591 and 8548.  In addition, I provide correspondence for Mr. Miller's Bank of America accounts ending in 5983, 3794 and 0765.  As indicated on the letters, these accounts were drained by Mr. Geller and were closed after the levy.

I next attach as a packet the complete application by debtors for re-imbursement for damages caused by Mayflower Moving Company.

I next attach policy summaries for three Principal Life Insurance Policies insuring the lives of Mr. Miller, Mrs. Miller and Zoe Miller.

The information in this letter and the attachments provide the most complete response the Millers are able to provide to your inquiries, at this time.  Mr. Miller will continue to search for additional responsive material, as they continue to unpack.

In the mean time, now that I have this additional information, I am preparing amended schedules, statement of financial affairs and a business income and expense statement for the Nevada house rented out by the Millers.

As Mrs. Miller made emotionally clear, it is a very substantial hardship both financially and in their lives, for the Millers to come out to California.  This is particularly so on relatively short notice.  Therefore, it is my hope that once you have reviewed this

TAB 19                                                    Page 277

Jeremy Faith
Re: Loren and Sarah Miller
July 29, 2013
Page 3 of 3

response, you will be able to excuse the Millers from a further appearance.  If this is not
possible, I urge you to continue the next scheduled meeting for more than thirty days,
to at least allow the Millers to purchase airplane tickets at a reasonable price.

Thank you in advance for your consideration in this matter.

If you have any questions or comments please do not hesitate to communicate with
me.

Yours Very Truly,

Vaughn C. Taus

Enclosures

CC: Clients.

TAB 19                                    Page 278

TAB 19                                    Page 279

```
                                         000000000 00        PAGE:    1
                              ACCOUNT:       120061872  09/30/2013
                              DOCUMENTS:             0
```

```
        FIRST STAR ASSOCIATES INC                          30
        702 WHITECAP DR                                     0
        EL LAG0 TX  77586-5918                              0
```

```
================================================================================
   Effective December 2, 2013, the Wire Transfer fee for outbound
   international wires will decrease to $40.00 per transaction.
   For questions, please contact your customer service representative.

================================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================================
        DESCRIPTION            DEBITS       CREDITS    DATE        BALANCE

BALANCE LAST STATEMENT ............................. 08/30/13      3,010.96
INTEREST                                      .13 09/30/13      3,011.09
BALANCE THIS STATEMENT ............................. 09/30/13      3,011.09

TOTAL CREDITS      (1)         .13
TOTAL DEBITS       (0)         .00

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      3,010.96  INTEREST EARNED:              .13
AVERAGE AVAILABLE BALANCE:   3,010.96  DAYS IN PERIOD:                31
INTEREST PAID THIS PERIOD:       .13  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:             6.49
```

```
        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ******************************************************************
        *                       |                |                      *
        *                       | TOTAL FOR       | TOTAL                *
        *                       | THIS PERIOD     | YEAR TO DATE    *
        *-----------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:  |      $.00       |         $.00    *
        *-----------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |   $.00       |         $.00    *
        ******************************************************************
```

TAB 19                                    Page 280

```
                                                          PAGE:      1
                              ACCOUNT:      120061872  08/30/2013
                              DOCUMENTS:           1




          FIRST STAR ASSOCIATES INC                     30
          702 WHITECAP DR                                0
          EL LAG0 TX  77586-5918                         1


==============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
           DESCRIPTION         DEBITS      CREDITS    DATE         BALANCE

BALANCE LAST STATEMENT ............................ 07/31/13     18,010.53
CHECK # 350                  15,000.00              08/16/13      3,010.53
INTEREST                                       .43  08/30/13      3,010.96
BALANCE THIS STATEMENT ............................ 08/30/13      3,010.96

TOTAL CREDITS      (1)          .43
TOTAL DEBITS       (1)     15,000.00


==============================================================================
                     YOUR CHECKS SEQUENCED
==============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

08/16    350   15,000.00


          - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        10,510.53  INTEREST EARNED:              .43
AVERAGE AVAILABLE BALANCE:     10,510.53  DAYS IN PERIOD:                30
INTEREST PAID THIS PERIOD:          .43  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                6.36

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***********************************************************
        *                    |   TOTAL FOR   |    TOTAL        *
        *                    |  THIS PERIOD  |  YEAR TO DATE   *
        *--------------------------------------------------------
        * TOTAL OVERDRAFT FEES:  |    $.00    |      $.00      *
        *--------------------------------------------------------
        * TOTAL RETURNED ITEM FEES: |  $.00   |      $.00      *
        ***********************************************************
```

TAB 19                                          Page 281

```
                             000000 04                          PAGE:     1
                             ACCOUNT:        120061872  07/31/2013
                             DOCUMENTS:              0
```

```
        FIRST STAR ASSOCIATES INC                               30
        702 WHITECAP DR                                          0
        EL LAG0 TX  77586-5918                                   0
```

```
=============================================================================
         BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
          DESCRIPTION         DEBITS        CREDITS    DATE          BALANCE

BALANCE LAST STATEMENT ............................... 06/28/13     18,009.72
INTEREST                                    .81 07/31/13            18,010.53
BALANCE THIS STATEMENT ............................... 07/31/13     18,010.53

TOTAL CREDITS     (1)           .81
TOTAL DEBITS      (0)           .00

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:     18,009.72  INTEREST EARNED:              .81
AVERAGE AVAILABLE BALANCE:  18,009.72  DAYS IN PERIOD:                33
INTEREST PAID THIS PERIOD:        .81  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:             5.93
```

```
       - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

     ************************************************************
     *                   |       TOTAL FOR    |      TOTAL     *
     *                   |     THIS PERIOD     |  YEAR TO DATE  *
     *-----------------------------------------------------------*
     * TOTAL OVERDRAFT FEES:   |     $.00     |      $.00       *
     *-----------------------------------------------------------*
     * TOTAL RETURNED ITEM FEES:  |   $.00     |      $.00       *
     ************************************************************
```

TAB 19                                        Page 282

Case: 16-55032, 08/01/2016, ID: 10071740, DktEntry: 14-2, Page 231 of 285

```
                                                            PAGE:       1
                        ACCOUNT:        120061872   06/28/2013
                        DOCUMENTS:              0
```

```
        FIRST STAR ASSOCIATES INC                           30
        702 WHITECAP DR                                      0
        EL LAG0 TX  77586-5918                               0
```

```
===============================================================================
          BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================
          DESCRIPTION        DEBITS        CREDITS   DATE         BALANCE

BALANCE LAST STATEMENT ............................. 05/31/13     18,009.03
INTEREST                                       .69 06/28/13       18,009.72
BALANCE THIS STATEMENT ............................. 06/28/13     18,009.72

TOTAL CREDITS      (1)            .69
TOTAL DEBITS       (0)            .00

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      18,009.03  INTEREST EARNED:              .69
AVERAGE AVAILABLE BALANCE:   18,009.03  DAYS IN PERIOD:                28
INTEREST PAID THIS PERIOD:         .69  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:              5.12

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***********************************************************
        *                 |   TOTAL FOR    |    TOTAL            *
        *                 |  THIS PERIOD   |  YEAR TO DATE    *
        *-----------------------------------------------------*
        * TOTAL OVERDRAFT FEES:   |    $.00     |      $.00    *
        *-----------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |  $.00     |      $.00    *
        ***********************************************************
```

TAB 19                                      Page 283

```
                                        000    00 00        PAGE:       1
                            ACCOUNT:          120061872   05/31/2013
                            DOCUMENTS:               1
```

```
         FIRST STAR ASSOCIATES INC                          30
         702 WHITECAP DR                                     1
         EL LAG0 TX  77586-5918                              0
```

```
================================================================================
    Effective June 1, 2013, the following fee change will apply to
    Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
    item fee will increase to $35 from $32.50. Also the daily overdraft
    fee will apply only on business days (weekends and state/federal
    holidays are not considered business days).

================================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================================
            DESCRIPTION          DEBITS        CREDITS    DATE          BALANCE

BALANCE LAST STATEMENT ............................... 04/30/13      17,615.03
DEPOSIT                                  393.25 05/20/13              18,008.28
INTEREST                                    .75 05/31/13              18,009.03
BALANCE THIS STATEMENT ............................... 05/31/13      18,009.03

TOTAL CREDITS      (2)        394.00
TOTAL DEBITS       (0)           .00

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        17,767.25  INTEREST EARNED:                .75
AVERAGE AVAILABLE BALANCE:     17,767.25  DAYS IN PERIOD:                  31
INTEREST PAID THIS PERIOD:           .75  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                 4.43

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***********************************************************************
        *                          |   TOTAL FOR    |      TOTAL        *
        *                          |  THIS PERIOD   |   YEAR TO DATE    *
        *--------------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:     |     $.00       |       $.00        *
        *--------------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |     $.00       |       $.00        *
        ***********************************************************************
```

TAB 19                                    Page 284

```
                                     000000 00 04             PAGE:    1
                                ACCOUNT:        120061872  04/30/2013
                                DOCUMENTS:              0




        FIRST STAR ASSOCIATES INC                              30
        702 WHITECAP DR                                         0
        EL LAG0 TX  77586-5918                                  0



==============================================================================
   Effective June 1, 2013, the following fee change will apply to
   Business Accounts: The Non-Sufficient Funds (NSF) paid/returned
   item fee will increase to $35 from $32.50. Also the daily overdraft
   fee will apply only on business days (weekends and state/federal
   holidays are not considered business days).

==============================================================================
          BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
          DESCRIPTION          DEBITS       CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 03/29/13      17,614.26
INTEREST                                      .77 04/30/13      17,615.03
BALANCE THIS STATEMENT ............................. 04/30/13      17,615.03

TOTAL CREDITS      (1)         .77
TOTAL DEBITS       (0)         .00


        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:      17,614.26  INTEREST EARNED:              .77
AVERAGE AVAILABLE BALANCE:   17,614.26  DAYS IN PERIOD:                32
INTEREST PAID THIS PERIOD:         .77  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:               3.68

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -
```

```
        ************************************************************
        *                  |               |                      *
        *                  |   TOTAL FOR    |     TOTAL            *
        *                  |  THIS PERIOD   |   YEAR TO DATE       *
        *------------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:    |    $.00    |        $.00       *
        *------------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES: |   $.00    |        $.00       *
        ************************************************************
```

TAB 19                                        Page 285

```
                                  PAGE:    1
ACCOUNT:          120061872  03/29/2013
DOCUMENTS:                1
```

```
        FIRST STAR ASSOCIATES INC                        30
        702 WHITECAP DR                                   0
        EL LAG0 TX  77586-5918                            1
```

```
=============================================================================
NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                          BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.
```

```
=============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================
        DESCRIPTION          DEBITS      CREDITS    DATE        BALANCE

BALANCE LAST STATEMENT ............................ 02/28/13   20,113.51
CHECK # 349                  2,500.00              03/15/13   17,613.51
INTEREST                                    .75   03/29/13   17,614.26
BALANCE THIS STATEMENT ............................ 03/29/13   17,614.26

TOTAL CREDITS      (1)            .75
TOTAL DEBITS       (1)       2,500.00
```

```
=============================================================================
                      YOUR CHECKS SEQUENCED
=============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

03/15     349    2,500.00
               * * * C O N T I N U E D * * *
```

TAB 19                              Page 286

```
                                    000000304         PAGE:     2
                        ACCOUNT:         120061872  03/29/2013
                        DOCUMENTS:             1




     FIRST STAR ASSOCIATES INC

==============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

       - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        18,820.40  INTEREST EARNED:                  .75
AVERAGE AVAILABLE BALANCE:     18,820.40  DAYS IN PERIOD:                    29
INTEREST PAID THIS PERIOD:           .75  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                 2.91

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

      **********************************************************************
      *                          |   TOTAL FOR   |      TOTAL        *
      *                          |  THIS PERIOD  |   YEAR TO DATE    *
      *-------------------------------------------------------------------*
      * TOTAL OVERDRAFT FEES:     |     $.00     |       $.00        *
      *-------------------------------------------------------------------*
      * TOTAL RETURNED ITEM FEES: |     $.00     |       $.00        *
      **********************************************************************
```

TAB 19                                    Page 287

```
                                            PAGE:        1
                        ACCOUNT:     120061872  02/28/2013
                        DOCUMENTS:            4




        FIRST STAR ASSOCIATES INC                        30
        239 ESPARTO AVE                                   0
        PISMO BEACH CA  93449-1916                        4


===============================================================================
        NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
        transaction account ( including an IOLTA/IOLA ) will no longer receive
        unlimited deposit insurance coverage, but will be FDIC-insured to the
        legal maximum of $250,000 for each ownership category.
        For more information, visit:
             http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                           BANK OF NEVADA
        Effective 3/28/11, our funds availability policy has changed. Our policy
        to make funds from deposits available to you generally on the first
        business day after the date we receive your deposit has not changed.
        However, if we must postpone availability of funds you deposit by check,
        we have increased the amount that may be made available to you on the
        first business day after your deposit date from $100 to $200.

===============================================================================
           BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================
        DESCRIPTION            DEBITS       CREDITS    DATE        BALANCE

BALANCE LAST STATEMENT ............................. 01/31/13     29,012.63
CHECK # 345               2,400.00                   02/05/13     26,612.63
CHECK # 346               2,000.00                   02/07/13     24,612.63
CHECK # 347               3,000.00                   02/07/13     21,612.63
CHECK # 348               1,500.00                   02/26/13     20,112.63
INTEREST                                        .88  02/28/13     20,113.51
BALANCE THIS STATEMENT ............................. 02/28/13     20,113.51

TOTAL CREDITS       (1)           .88
TOTAL DEBITS        (4)      8,900.00


===============================================================================
                     YOUR CHECKS SEQUENCED
===============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

02/05    345   2,400.00 02/07    347   3,000.00
02/07    346   2,000.00 02/26    348   1,500.00
                    * * * C O N T I N U E D * * *
```

TAB 19                                           Page 288

```
                                                        PAGE:       2
                            ACCOUNT:         120061872  02/28/2013
                            DOCUMENTS:               4
```

```
        FIRST STAR ASSOCIATES INC

==============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:          22,866.20  INTEREST EARNED:                    .88
AVERAGE AVAILABLE BALANCE:       22,866.20  DAYS IN PERIOD:                      28
INTEREST PAID THIS PERIOD:             .88  ANNUAL PERCENTAGE YIELD EARNED:    .05%
INTEREST PAID 2013:                   2.16
INTEREST PAID 2012:                  17.71

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

        ***********************************************************
        *                     |     TOTAL FOR    |     TOTAL      *
        *                     |    THIS PERIOD    |  YEAR TO DATE  *
        *---------------------------------------------------------*
        * TOTAL OVERDRAFT FEES:    |      $.00     |      $.00     *
        *---------------------------------------------------------*
        * TOTAL RETURNED ITEM FEES:|      $.00     |      $.00     *
        ***********************************************************
```

TAB 19                                    Page 289

```
                                    PAGE:      1
ACCOUNT:         120061872  01/31/2013
DOCUMENTS:               1
```

```
        FIRST STAR ASSOCIATES INC                              30
        239 ESPARTO AVE                                         0
        PISMO BEACH CA  93449-1916                              1
```

```
==============================================================================
NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
For more information, visit:
    http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                        BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.
```

```
==============================================================================
                 BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
        DESCRIPTION              DEBITS        CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................ 12/31/12      30,511.35
CHECK # 344                     1,500.00              01/25/13    29,011.35
INTEREST                                        1.28 01/31/13    29,012.63
BALANCE THIS STATEMENT ............................ 01/31/13    29,012.63

TOTAL CREDITS         (1)            1.28
TOTAL DEBITS          (1)        1,500.00
```

```
==============================================================================
                        YOUR CHECKS SEQUENCED
==============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

01/25     344    1,500.00
                * * * C O N T I N U E D * * *
```

TAB 19                                    Page 290

```
                                        000P01 04            PAGE:        2
                            ACCOUNT:         120061872   01/31/2013
                            DOCUMENTS:              1
```

```
        FIRST STAR ASSOCIATES INC

================================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================================

        - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        30,172.64  INTEREST EARNED:              1.28
AVERAGE AVAILABLE BALANCE:     30,172.64  DAYS IN PERIOD:                 31
INTEREST PAID THIS PERIOD:          1.28  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2013:                 1.28
INTEREST PAID 2012:                17.71

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

*********************************************************************************
*                          |    TOTAL FOR   |    TOTAL     |   PREVIOUS    *
*                          |  THIS PERIOD   | YEAR TO DATE |  YEAR TOTAL   *
*--------------------------------------------------------------------------*
* TOTAL OVERDRAFT FEES:     |       $.00     |     $.00     |      $.00     *
*--------------------------------------------------------------------------*
* TOTAL RETURNED ITEM FEES: |       $.00     |     $.00     |      $.00     *
*********************************************************************************
```

TAB 19                                    Page 291

```
                                      PAGE:    1
                    ACCOUNT:   120061872  12/31/2012
                    DOCUMENTS:         0
```

```
         FIRST STAR ASSOCIATES INC                         30
         239 ESPARTO AVE                                    0
         PISMO BEACH CA  93449-1916                         0
```

```
================================================================
NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
transaction account ( including an IOLTA/IOLA ) will no longer receive
unlimited deposit insurance coverage, but will be FDIC-insured to the
legal maximum of $250,000 for each ownership category.
For more information, visit:
         http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                        BANK OF NEVADA
Effective 3/28/11, our funds availability policy has changed. Our policy
to make funds from deposits available to you generally on the first
business day after the date we receive your deposit has not changed.
However, if we must postpone availability of funds you deposit by check,
we have increased the amount that may be made available to you on the
first business day after your deposit date from $100 to $200.
```

```
================================================================
         BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================
```

| DESCRIPTION | DEBITS | CREDITS | DATE | BALANCE |
|---|---|---|---|---|
| BALANCE LAST STATEMENT ......................... | | | 11/30/12 | 31,510.02 |
| TELEPHONE TRANSFER REQUEST C/S | 1,000.00 | | 12/28/12 | 30,510.02 |
| INTEREST | | 1.33 | 12/31/12 | 30,511.35 |
| BALANCE THIS STATEMENT ......................... | | | 12/31/12 | 30,511.35 |

```
TOTAL CREDITS     (1)          1.33
TOTAL DEBITS      (1)      1,000.00
```

```
         - - - - - - - - - - I N T E R E S T - - - - - - - - - -
```

```
AVERAGE LEDGER BALANCE:       31,380.98  INTEREST EARNED:                1.33
AVERAGE AVAILABLE BALANCE:    31,380.98  DAYS IN PERIOD:                   31
INTEREST PAID THIS PERIOD:         1.33  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               17.71
                 * * * C O N T I N U E D * * *
```

TAB 19                                    Page 292

```
                                        00-0000-00          PAGE:      2
                              ACCOUNT:         120061872  12/31/2012
                              DOCUMENTS:                0



         FIRST STAR ASSOCIATES INC

================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
================================================================

        - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

    ******************************************************************
    *                        |   TOTAL FOR    |     TOTAL          *
    *                        |  THIS PERIOD   |  YEAR TO DATE      *
    *-----------------------------------------------------------------*
    * TOTAL OVERDRAFT FEES:   |      $.00      |        $.00        *
    *-----------------------------------------------------------------*
    * TOTAL RETURNED ITEM FEES:|     $.00      |        $.00        *
    ******************************************************************
```

TAB 19                                    Page 293

```
                                           PAGE:      1
                         ACCOUNT:      120061872  11/30/2012
                         DOCUMENTS:           1




        FIRST STAR ASSOCIATES INC                         30
        239 ESPARTO AVE                                    0
        PISMO BEACH CA  93449-1916                         1


==============================================================================
    NOTICE: By federal law, as of 1/1/2013, funds in a noninterest-bearing
    transaction account ( including an IOLTA/IOLA ) will no longer receive
    unlimited deposit insurance coverage, but will be FDIC-insured to the
    legal maximum of $250,000 for each ownership category.
    For more information, visit:
        http://www.fdic.gov/deposit/deposits/unlimited/expiration.html
                          BANK OF NEVADA
    Effective 3/28/11, our funds availability policy has changed. Our policy
    to make funds from deposits available to you generally on the first
    business day after the date we receive your deposit has not changed.
    However, if we must postpone availability of funds you deposit by check,
    we have increased the amount that may be made available to you on the
    first business day after your deposit date from $100 to $200.

==============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================
        DESCRIPTION            DEBITS        CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................. 10/31/12     32,008.72
CHECK # 343                     500.00                11/02/12     31,508.72
INTEREST                                      1.30    11/30/12     31,510.02
BALANCE THIS STATEMENT ............................. 11/30/12     31,510.02

TOTAL CREDITS       (1)         1.30
TOTAL DEBITS        (1)       500.00


==============================================================================
                         YOUR CHECKS SEQUENCED
==============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

11/02     343     500.00
                    * * *  C O N T I N U E D  * * *
```

TAB 19                                          Page 294

```
                                    000    00        PAGE:     2
                       ACCOUNT:        120061872  11/30/2012
                       DOCUMENTS:              1



         FIRST STAR ASSOCIATES INC

==============================================================================
            BUSINESS MONEY MARKET ACCOUNT 120061872
==============================================================================

         - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        31,525.38  INTEREST EARNED:                1.30
AVERAGE AVAILABLE BALANCE:     31,525.38  DAYS IN PERIOD:                   30
INTEREST PAID THIS PERIOD:          1.30  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:                16.38


         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

         ***************************************************************
         *                      |     TOTAL FOR  |     TOTAL         *
         *                      |   THIS PERIOD  |  YEAR TO DATE     *
         *----------------------------------------------------------*
         * TOTAL OVERDRAFT FEES: |      $.00      |      $.00        *
         *----------------------------------------------------------*
         * TOTAL RETURNED ITEM FEES: |   $.00      |      $.00        *
         ***************************************************************
```

TAB 19                                    Page 295

```
                                   000 000 00        PAGE:      1
                           ACCOUNT:        120061872 10/31/2012
                           DOCUMENTS:              1
```

```
          FIRST STAR ASSOCIATES INC                              30
          239 ESPARTO AVE                                         0
          PISMO BEACH CA  93449-1916                              1
```

```
==========================================================================
                          BANK OF NEVADA
     Effective 3/28/11, our funds availability policy has changed. Our policy
     to make funds from deposits available to you generally on the first
     business day after the date we receive your deposit has not changed.
     However, if we must postpone availability of funds you deposit by check,
     we have increased the amount that may be made available to you on the
     first business day after your deposit date from $100 to $200.

==========================================================================
                 BUSINESS MONEY MARKET ACCOUNT 120061872
==========================================================================
          DESCRIPTION          DEBITS       CREDITS   DATE       BALANCE

BALANCE LAST STATEMENT ............................. 09/28/12     44,086.94
TELEPHONE TRANSFER REQUEST C/S 4,000.00              10/09/12     40,086.94
CHECK # 342                    8,080.00              10/24/12     32,006.94
INTEREST                                     1.78 10/31/12        32,008.72
BALANCE THIS STATEMENT ............................. 10/31/12     32,008.72

TOTAL CREDITS       (1)           1.78
TOTAL DEBITS        (2)      12,080.00

==========================================================================
                        YOUR CHECKS SEQUENCED
==========================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

10/24    342   8,080.00

           - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:       39,340.27  INTEREST EARNED:              1.78
AVERAGE AVAILABLE BALANCE:    39,340.27  DAYS IN PERIOD:                 33
INTEREST PAID THIS PERIOD:        1.78  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:              15.08
                     * * * C O N T I N U E D * * *
```

TAB 19                                          Page 296

```
                                                      0000 0000 00    PAGE:      2
                                          ACCOUNT:        120061872  10/31/2012
                                          DOCUMENTS:               1



          FIRST STAR ASSOCIATES INC

=============================================================================
              BUSINESS MONEY MARKET ACCOUNT 120061872
=============================================================================

          - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

       *****************************************************************
       *                          |     TOTAL FOR  |     TOTAL         *
       *                          |   THIS PERIOD  |  YEAR TO DATE     *
       *-----------------------------------------------------------------*
       * TOTAL OVERDRAFT FEES:     |        $.00    |         $.00      *
       *-----------------------------------------------------------------*
       * TOTAL RETURNED ITEM FEES: |        $.00    |         $.00      *
       *****************************************************************
```

TAB 19                                      Page 297

```
                                                    PAGE:      1
                              ACCOUNT:      120061872  09/28/2012
                              DOCUMENTS:            1
```

```
        FIRST STAR ASSOCIATES INC                        30
        239 ESPARTO AVE                                   0
        PISMO BEACH CA  93449-1916                        1
```

```
============================================================================
                          BANK OF NEVADA
     Effective 3/28/11, our funds availability policy has changed. Our policy
     to make funds from deposits available to you generally on the first
     business day after the date we receive your deposit has not changed.
     However, if we must postpone availability of funds you deposit by check,
     we have increased the amount that may be made available to you on the
     first business day after your deposit date from $100 to $200.

============================================================================
             BUSINESS MONEY MARKET ACCOUNT 120061872
============================================================================
          DESCRIPTION          DEBITS       CREDITS   DATE        BALANCE

BALANCE LAST STATEMENT ............................... 08/31/12    45,075.21
CHECK # 341                      990.00                09/27/12    44,085.21
INTEREST                                     1.73      09/28/12    44,086.94
BALANCE THIS STATEMENT ............................... 09/28/12    44,086.94

TOTAL CREDITS      (1)        1.73
TOTAL DEBITS       (1)      990.00

============================================================================
                       YOUR CHECKS SEQUENCED
============================================================================
DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT DATE...CHECK #......AMOUNT

09/27    341    990.00

             - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:        45,004.49  INTEREST EARNED:                1.73
AVERAGE AVAILABLE BALANCE:     45,004.49  DAYS IN PERIOD:                   28
INTEREST PAID THIS PERIOD:         1.73  ANNUAL PERCENTAGE YIELD EARNED:  .05%
INTEREST PAID 2012:               13.30
                  * * * C O N T I N U E D * * *
```

TAB 19                                      Page 298

```
                                             000P01         PAGE:     2
                              ACCOUNT:        120061872  09/28/2012
                              DOCUMENTS:              1




       FIRST STAR ASSOCIATES INC

===============================================================================
                 BUSINESS MONEY MARKET ACCOUNT 120061872
===============================================================================

         - - - ITEMIZATION OF OVERDRAFT AND RETURNED ITEM FEES - - -

       *****************************************************************
       *                        |   TOTAL FOR   |     TOTAL          *
       *                        |  THIS PERIOD  |  YEAR TO DATE      *
       *--------------------------------------------------------------*
       * TOTAL OVERDRAFT FEES:   |     $.00      |       $.00         *
       *--------------------------------------------------------------*
       * TOTAL RETURNED ITEM FEES:|    $.00      |       $.00         *
       *****************************************************************
```

TAB 19                                          Page 299

TAB 19                    Page 300

Entity Details - Secretary of State, Nevada                                    Page 1 of 2

Home  |  About Ross  |  Calendar  |  News  |  FAQ  |  Forms  |  Contact Us

Search...

Home          Information        Election         Business         Licensing        Securities        Online
              Center            Center           Center           Center           Center           Services
                                                                  My Data Reports   Commercial Recordings   Licensing

# FIRST STAR ASSOCIATES, INC.

| New Search | | Printer Friendly | | Calculate Reinstatement Fees |
|---|---|---|---|---|

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Revoked | File Date: | 3/10/1997 |
| Type: | Domestic Corporation | Entity Number: | C4844-1997 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2010 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19971121930 | Business License Exp: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | LOREN MILLER | Address 1: | 11356 MERCADO PEAK DRIVE |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89135 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

View all business entities under this registered agent

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 25,000.00 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers

☐ Include Inactive Officers

### President - LOREN C MILLER

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

### Secretary - LOREN C MILLER

| | | | |
|---|---|---|---|
| Address 1: | 11356 MERADO PEAK DRIVE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89135 | Country: | |
| Status: | Active | Email: | |

TAB 19                                    Page 301

TAB 19                                    Page 302



DECEMBER 19, 2013
Craig@MarguliesFaithlaw.com

Sent Via U.S. Mail & Email (*winmill@cox.net*)
Loren Miller, Chapter 7 Debtor
600 E. Medical Center Blvd., #1509
Webster, TX 77598

702 Whitecap Drive
Seabrook, TX 77586

Re:   In re Loren Miller and Sarah Miller ("Debtors"), Case No. 9:13-bk-10313-RR

Dear Mr. Miller:

As you are aware, this firm represents Jeremy W. Faith, Chapter 7 Trustee in the above-referenced case.  This letter will serve as a formal demand for **immediate** turnover of the below items purchased by you from Kitco Metals, Inc. ("Kitco") as well as the $6,716 received by you for the 2012 state income tax refund.  You failed to disclose these items to the Trustee and our firm; however, we have uncovered their existence through our discovery processes.

We have in our possession information that you purchased a total of $27,173.38 in undisclosed gold and silver from Kitco during the period of 2011 through 2012.  The below is a chart outlining the transactions, which are hereinafter referred to as the "Kitco Purchases."  Itemized invoices of the Kitco Purchases are also attached as Exhibit 1 for your reference.

| Item Purchased | Transaction Date | Quantity | Total Amount |
|---|---|---|---|
| Silver – 1 oz. American Eagle Coin | 1/23/2011 | 50 | $   1,540.00 |
| Silver – 1 oz. Maple Leaf Coin | 1/23/2011 | 50 | $   1,515.00 |
| Gold – 1 oz. American Eagle Coin | 2/17/2011 | 1 | $   1,461.07 |
| Gold – 1 oz. Maple Leaf Coin | 2/17/2011 | 1 | $   1,443.76 |
| Silver – 1 oz. Kitco Round Wafer 2010 | 3/11/2011 | 25 | $     931.50 |
| Gold – ½ oz. American Eagle Coin | 4/18/2011 | 1 | $     808.49 |
| Silver – 1 oz. American Eagle Coin | 4/18/2011 | 20 | $     948.60 |
| Silver – 1 oz. Maple Leaf Coin | 4/18/2011 | 25 | $   1,182.00 |
| Silver - $100 Bag of Coins | 4/27/2011 | 1 | $   3,497.78 |
| Gold – 1 oz. Perth Mint Bar | 8/4/2011 | 1 | $   1,680.90 |
| Gold – 1 oz. Bar | 8/4/2011 | 1 | $   1,673.80 |
| Gold – 1 oz. Maple Leaf Coin | 11/18/2011 | 1 | $   1,780.97 |
| Silver – 1 oz. Maple Leaf Coin | 11/18/2011 | 20 | $     707.80 |
| Silver - 1 oz. Mexican Libertad Coin | 11/6/2012 | 5 | $     172.15 |
| Gold – 1 oz. American Eagle Coin | 11/6/2012 | 4 | $   7,135.96 |
| Silver – 1 oz. American Eagle Coin | 11/6/2012 | 20 | $     693.60 |
| | | TOTAL | $27,173.38 |

16030 Ventura Boulevard, Suite 470, Encino, California 91436
T:  818-705-2777 | F:  818-705-3777 | www.marguliesfaithlaw.com

TAB 19                                                      Page 303

Debtor Loren Miller
December 19, 2013
Page 2

The Kitco Purchases are assets of the bankruptcy estate and must be immediately turned over to the Trustee.  *See Fontaine v. Conn (In re Fontaine),* 472 Fed. Appx. 738, 739 (9th Cir. 2012)(Pursuant to 11 U.S.C. § 541(a)(1), 'property of the estate' includes all legal and equitable interests that the debtor has in property as of the commencement of the bankruptcy).  Moreover, to the extent that some or all of the Kitco Purchases are not in your possession, the Trustee requires documents and information detailing the location of the individual items listed in the chart above.  The Trustee is concurrently sending a turnover demand to Debtor Sarah Miller for any of the Kitco Purchases that may be in her possession.

Secondly, we are informed that you recently received $6,716 from a California State 2012 income tax refund.  These funds are also property of the bankruptcy estate and must be immediately turned over to the Trustee.  Please immediately turnover the $6,716 by way of cashier's check made payable to: "Jeremy W. Faith, Chapter 7 Trustee," and sent to my attention at Margulies Faith LLP, 16030 Ventura Blvd., Ste. 470, Encino, CA  91436.

Finally, a continued mandatory 11 U.S.C. § 341(a) Meeting of Creditors is scheduled for December 23, 2013 at 11:00 a.m.  Please be advised that this hearing has not been continued and you are under a Court Order to appear at the meeting and to cooperate with the Trustee in the administration of this case.  You have failed to appear at the prior § 341(a) Meetings of Creditors on August 26, 2013, September 16, 2013, October 28, 2013 and November 18, 2013, all of which you were required to appear and your appearance was not excused by the Trustee.  Please immediately confirm to me whether you will appear at the December 23, 2013 Meeting of Creditors at the email listed on the first page of this letter.

Your failure to comply with the above obligations will cause the Trustee to be forced to file a further Motion to Compel your attendance as you are already in direct violation of the Bankruptcy Court's *Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at a Continued 11 U.S.C. § 341(a) Meeting of Creditors,* entered on June 18, 2013 as Dkt. No. 54 ("Turnover Order") for your failure to appear at the continued meeting on November 18, 2013.  A copy of the Turnover Order is attached as Exhibit 2 for your reference.

The Kitco Purchases and a certified cashier's check $6,716 for the 2012 state tax refund must be received by the Trustee no later than Monday, December 23, 2013 at the continued meeting of creditors at the Office of the United States Trustee, 128 E. Carrillo Street, Santa Barbara, California.  If you fail to appear at this scheduled Meeting of Creditors and comply with the foregoing turnover demands, the Trustee will bring a Motion for Turnover with the bankruptcy court, and seek to hold you in contempt of the Turnover Order, including among other things, a request for sanctions and to compel your attendance and cooperation.

Please immediately contact me and respond regarding your continued obligations, and the request for turnover and compliance provided above.  Please be informed that nothing stated or omitted hereinabove constitutes a waiver of any of the Trustee's rights, remedies and/or claims.  Thank you for your anticipated cooperation.

Very truly yours,

Craig G. Margulies

Enclosures
cc:  Jeremy W. Faith, Chapter 7 Trustee
     Meghann Triplett, Esq.

TAB 19                                    Page 304

# EXHIBIT 1

TAB 19                                                                Page 305



| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

*Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**       20110123T60823
**Transaction Date:**    January 23, 2011 - 16:13

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3004 - Silver - 1 oz American Eagle Coin .999 | 30.80 | 50 | $ 1,540.00 |
| 3104 - Silver - 1 oz Maple Leaf Coin .9999 | 30.30 | 50 | $ 1,515.00 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 73.32 | 1 | $ 73.32 |

| | |
|---|---|
| Subtotal (before taxes) | $ 3,158.32 |
| Total in $US Dollars | $ 3,158.32 |
| *Bank Wire* | *$ 3,158.32* |
| Total Payments Received in $US Dollars | $ 3,158.32 |

**Total Amount Due in $US Dollars**                        **$ 0.00**

**RS - SP**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                    Page 306



| | | |
|---|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:     ( 281 ) 4678226
Fax:
**Transaction #:**        20110217T02173
**Transaction Date:**    February 17, 2011 - 18:07

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3000 - Gold - 1 oz American Eagle Coin .9167 | 1,461.07 | 1 | $ 1,461.07 |
| 3110 - Gold - 1 oz Maple Leaf Coin .9999 | 1,443.76 | 1 | $ 1,443.76 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 11.62 | 1 | $ 11.62 |

| | |
|---|---|
| **Subtotal (before taxes)** | **$ 2,946.45** |
| **Total in $US Dollars** | **$ 2,946.45** |
| *Bank Wire* | *$ 2,946.45* |
| **Total Payments Received in $US Dollars** | **$ 2,946.45** |
| **Total Amount Due in $US Dollars** | **$ 0.00** |

**RS - RM**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                                              Page 307



| | Phone: | 514-875-4820 |
|---|---|---|
| | Toll Free: | 1-877-775-4826 |
| | Internet: | www.kitco.com |
| | Email: | info@kitco.com |
| | Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**      20110311T02413
**Transaction Date:**   March 11, 2011 - 16:44

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 1117 - Silver - 1 oz Kitco Round Wafer 2010 .9999 | 37.26 | 25 | $ 931.50 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 22.36 | 1 | $ 22.36 |

| | |
|---|---|
| Subtotal (before taxes) | $ 983.86 |

| | |
|---|---|
| Total in $US Dollars | $ 983.86 |
| Bank Wire | $ 983.86 |
| Total Payments Received in $US Dollars | $ 983.86 |

| | |
|---|---|
| Total Amount Due in $US Dollars | $ 0.00 |

**AO - CD**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                      Page 308



| | | |
|---|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

*Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:     ( 281 ) 4678226
Fax:
**Transaction #:**          20110418T02760
**Transaction Date:**     April 18, 2011 - 14:50

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3001 - Gold - 1/2 oz American Eagle Coin .9167 | 808.49 | 1 | $ 808.49 |
| 3004 - Silver - 1 oz American Eagle Coin .999 | 47.43 | 20 | $ 948.60 |
| 3104 - Silver - 1 oz Maple Leaf Coin .9999 | 47.28 | 25 | $ 1,182.00 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 19.21 | 1 | $ 19.21 |

| | |
|---|---|
| Subtotal (before taxes) | $ 2,988.30 |
| Total in $US Dollars | $ 2,988.30 |
| *Cashier's Check* | *$ 2,988.30* |
| Total Payments Received in $US Dollars | $ 2,988.30 |

| | |
|---|---|
| **Total Amount Due in $US Dollars** | **$ 0.00** |

**TV - SP**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                    Page 309



620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

Thursday, December 5, 2013

## *Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**      20110427T05565
**Transaction Date:**   April 27, 2011 - 20:44

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 881 - Silver - $100 Bag of Coins .900 | 3,497.78 | 1 | $ 3,497.78 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 26.23 | 1 | $ 26.23 |

| | |
|---|---|
| Subtotal (before taxes) | $ 3,554.01 |
| Total in $US Dollars | $ 3,554.01 |
| *Cashier's Check* | *$ 3,554.01* |
| Total Payments Received in $US Dollars | $ 3,554.01 |
| Total Amount Due in $US Dollars | $ 0.00 |

**TV - SP**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                    Page 310



620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

Thursday, December 5, 2013

*Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:     ( 281 ) 4678226
Fax:
**Transaction #:**        20110804T02994
**Transaction Date:**    August 4, 2011 - 13:14

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 101202 - Gold - 1 oz Perth Mint Bar .9999 | 1,680.90 | 1 | $ 1,680.90 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 6.72 | 1 | $ 6.72 |

| | |
|---|---|
| **Subtotal (before taxes)** | **$ 1,717.62** |
| **Total in $US Dollars** | **$ 1,717.62** |
| *Cashier's Check* | *$ 1,717.62* |
| **Total Payments Received in $US Dollars** | **$ 1,717.62** |
| **Total Amount Due in $US Dollars** | **$ 0.00** |

**TV - SP**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                Page 311



620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

| | | |
|---|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

Thursday, December 5, 2013

## *Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**      20110804T05569
**Transaction Date:**   August 4, 2011 - 16:44

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 1009 - Gold - 1 oz Bar .9999 | 1,673.80 | 1 | $ 1,673.80 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 6.70 | 1 | $ 6.70 |

| | |
|---|---|
| **Subtotal (before taxes)** | **$ 1,710.50** |
| **Total in $US Dollars** | **$ 1,710.50** |
| *Cashier's Check* | *$ 1,710.50* |
| **Total Payments Received in $US Dollars** | **$ 1,710.50** |
| **Total Amount Due in $US Dollars** | **$ 0.00** |

TV - RM

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                          Page 312



620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

| | |
|---|---|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

Thursday, December 5, 2013

*Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**       20111118T01477
**Transaction Date:**   November 18, 2011 - 13:12

| Products | Unit Price | Quantity | Total |
|---|---|---|---|
| 3110 - Gold - 1 oz Maple Leaf Coin .9999 | 1,780.97 | 1 | $ 1,780.97 |
| 3104 - Silver - 1 oz Maple Leaf Coin .9999 | 35.39 | 20 | $ 707.80 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 12.43 | 1 | $ 12.43 |

| | |
|---|---|
| **Subtotal (before taxes)** | **$ 2,531.20** |
| **Total in $US Dollars** | **$ 2,531.20** |
| *Personal Check* | *$ 2,531.20* |
| **Total Payments Received in $US Dollars** | **$ 2,531.20** |
| **Total Amount Due in $US Dollars** | **$ 0.00** |

**AO - AL**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                                    Page 313



|  |  |  |
|--|--|--|
| Phone: | 514-875-4820 |
| Toll Free: | 1-877-775-4826 |
| Internet: | www.kitco.com |
| Email: | info@kitco.com |
| Fax: | 514-875-6484 |

620 Cathcart #900, Montreal, Quebec  CANADA  H3B 1M1

Thursday, December 5, 2013

## *Invoice*

**Loren Miller**
702 Whitecap Drive
Seabrook, TX  77586
USA

Phone:    ( 281 ) 4678226
Fax:
**Transaction #:**        20121106T00982
**Transaction Date:**    November 6, 2012 - 14:12

| Products | Unit Price | Quantity | Total |
|----------|-----------:|---------:|------:|
| 813 - 1 oz Silver Mexican Libertad Coin .999 (>=1996) | 34.43 | 5 | $ 172.15 |
| 3000 - 1 oz Gold American Eagle Coin .9167 | 1,783.98989 | 4 | $ 7,135.96 |
| 3004 - 1 oz Silver American Eagle Coin .999 | 34.68 | 20 | $ 693.60 |
| Shipping | 30.00 | 1 | $ 30.00 |
| Insurance | 35.04 | 1 | $ 35.04 |

|  |  |
|--|--|
| **Subtotal (before taxes)** | **$ 8,066.75** |
| **Total in $US Dollars** | **$ 8,066.75** |
| *Funds on Account* | *$ 8,066.75* |
| **Total Payments Received in $US Dollars** | **$ 8,066.75** |
| **Total Amount Due in $US Dollars** | **$ 0.00** |

**CI - FS**

Thank you for ordering from Kitco. Please keep your customer ID (300170228) accessible for faster service on your next order.
Check your account status at http://www.kitco.com/service.

TAB 19                                Page 314



**KITCO ACCOUNT:**
**300170228**

**Date: December 6, 2013**

**Loren Miller**

| Transaction Date | KITCO Transaction Number | Transaction Description | Customer Payment Method | Kitco Payment Method | Transaction Currency | Transaction Amount | UPS Tracking Number(s) | FEDEX Tracking Number (s) |
|---|---|---|---|---|---|---|---|---|
| 23-Jan-11 | 20110123T60823 | Purchase | Bank Wire | | USD | $ 3,158.32 | 1ZE6F8993594462728 | |
| 17-Feb-11 | 20110217T02173 | Purchase | Bank Wire | | USD | $ 2,946.45 | 1ZE6F8993592128647 | |
| 11-Mar-11 | 20110311T02413 | Purchase | Bank Wire | | USD | $ 983.86 | 1ZE6F8993595239854 | |
| 18-Apr-11 | 20110418T02760 | Purchase | Cashier's Check | | USD | $ 2,988.30 | 1ZE6F8993991804026 1ZE6F8993996242517 | |
| 27-Apr-11 | 20110427T05565 | Purchase | Cashier's Check | | USD | $ 3,554.01 | 1ZE6F8993593716394 | |
| 4-Aug-11 | 20110804T02994 | Purchase | Cashier's Check | | USD | $ 1,717.62 | | 7950 9280 6310 |
| 4-Aug-11 | 20110804T05569 | | | | USD | $ 1,710.50 | | |
| 16-Aug-11 | G10011628 | Shipping Credit | | | USD | $ 30.00 | N/A | |
| 18-Nov-11 | 20111118T01477 | Purchase | Company Business Check | | USD | $ 2,531.20 | | 7954 8859 5517 |
| 23-Oct-12 | FOA140109 | Funds on Account | Company Business Check | | USD | $ 8,080.00 | N/A | |
| 6-Nov-12 | 20121106T00982 | Purchase | Company Business Check | | USD | $ 8,066.75 | 1Z728648A746714531 | |
| 6-May-13 | FOA158835 | Check Refund | | Company Business Check | USD | $ 43.25 | N/A | |

TAB 19

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **OPPOSITION OF JEREMY W. FAITH, CHAPTER 7 TRUSTEE, TO DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE TO CHAPTER 11; REQUEST FOR HEARING; AND DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 29, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle    mark.estle@buckleymadole.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett    bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies    craig@marguliesfaithlaw.com
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 29, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 77598
Office of the United States Trustee, 915 Wilshire blvd., Suite 1850, Los Angeles CA

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2014 | Helen Cardoza | /s/ Helen Cardoza |
| --- | --- | --- |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

TAB 19                                Page 316

TAB 20

1  Howard I. Camhi (SBN 149194)
   **ERVIN, COHEN & JESSUP LLP**
2  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
3  Telephone  (310) 273-6333
   Facsimile  (310) 859-2325
4  hcamhi@ecjlaw.com

5  Attorneys for Andrew D. Geller and
   Andrew D. Geller and Eileen B. Geller,
6  Trustees of the Geller Trust dated September 2, 1987

7

8                 **UNITED STATES BANKRUPTCY COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10                        **NORTHERN DIVISION**

11 In re                          ) Case No. 9:13-bk-10313-RR
                                  )
12 LOREN MILLER AND SARAH MILLER,  ) Chapter 7
                                  )
13         Debtors.               ) **PRELIMINARY OPPOSITION TO**
                                  ) **DEBTOR'S AMENDED MOTION TO**
14                                 ) **CONVERT CASE**
                                  )
15                                 ) **HEARING REQUESTED PURSUANT TO**
                                  ) **LOCAL BANKRUPTCY RULE 9013-1(o)**
16                                 )
                                  ) **Date:**
17                                 ) **Time:**
                                  ) **Place:**  Courtroom 201
18 _____)              1415 State Street
                                                  Santa Barbara, California
19

20     **TO THE HONORABLE ROBIN RIBLET, UNITED STATES BANKRUPTCY**

21 **JUDGE; DEBTORS LOREN AND SARAH MILLER, JEREMY FAITH, CHAPTER 7**

22 **TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

23     Creditors Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the

24 Geller Trust dated September 2, 1987 (collectively referred to herein as "the Gellers") hereby file

25

26

27

28

Ervin, Cohen
& Jessup LLP

13954.10:1944931.1
_____
                OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 20                                              Page 317

1   their Preliminary Opposition to the Debtor Loren Miller's Amended Motion to Convert Case[1]

2   (hereinafter, the "Motion") and request a hearing on the Motion pursuant to Local Bankruptcy

3   Rule 9013-1(o).  In support of this Preliminary Opposition, the Gellers respectfully submit as

4   follows:

5

6          Once again, Debtor Loren Miller has submitted a "check the box" motion which fails to

7   provide any basis or admissible evidence regarding the Debtors' ability to operate in a Chapter 11

8   much less how they can confirm a Plan of Reorganization.

9          The Gellers are aware of the general policy of allowing honest Chapter 7 debtors to

10  convert to Chapter 11 in a good faith effort to repay debts.  Here, however, as the record in the

11  main case and the two pending adversaries[2] demonstrate, these are not honest debtors.  These

12  Debtors are not acting in good faith.  For example, these Debtors were ordered by this Court to

13  appear at their 341(a) meeting (which they did after numerous non-appearances) and to turn over

14  to the Trustee $182,000.00 scheduled as property of the estate.  See Docket #54  The Debtors have

15  failed to do so.  The debtors have testified under oath at their 341(a) meeting that they did not, and

16  cannot, comply with this Court's Order because they used much of that estate money for their own

17  post-petition personal purposes, such as moving to Texas.

18         In addition, the Debtors have filed documents in this Court indicating they are in dire

19  financial straits and even a single appearance at their 341(a) meeting caused a great financial

20  hardship on them.  Based on their admitted financial situation, it appears that the Debtors will

21

22

23

24  [1] The Gellers' counsel received a copy of the Debtor's Amended Notice of Motion and Amended Motion to Convert
    Case. The Amended Notice and Motion are not listed on the Court's Docket and may never have actually be
25  filed by the Debtors. Therefore, counsel will be linking this Opposition to the Debtor's original Motion to
    Convert, listed as Docket #79.  Upon request, the Gellers will submit a copy of the Amended Notice and
26  Amended Motion their counsel received.

27  [2] The Trustee has sued the Debtors objecting to their discharge and the Gellers have filed an adversary proceeding
    pursuant to 11 U.S.C. 523 and 727.
28

Ervin, Cohen
& Jessup LLP

13954.10:1944931.1                                          2
                              OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 20                                    Page 318

1    never be able to fund a Chapter 11 case and cannot confirm any plan of reorganization.

2        **A.**    **This Court Has The Power To Deny The Motion**

3        Section 706 authorizes a Chapter 7 debtor to convert a case to another chapter so long as

4    he is eligible for relief and the case has not previously been converted.  Courts have held that

5
6    Section 706 does <u>not</u> confer upon the debtor an <u>absolute</u> right to convert even if those two

7    conditions are met.  Bankruptcy Courts are permitted to deny a debtor's motion to convert where

8    the Court determines the debtor engaged in bad faith conduct.  See, i.e., *In re: Marrama*, 430 F.3d

9    474 (1st Cir. 2005), *aff'd*, 549 U.S. 365, 127 S.Ct. 1105.  In addition, a Bankruptcy Court does not

10   abuse its discretion in denying a debtor's motion to convert their case to Chapter 11 where the

11   record shows that the Debtor did not tell the truth and signed things under oath and penalty of

12   perjury that were not true.  *In re Levesque*, 2012 WL 2400886 (9th Cir. B.A.P. 2012).

13       Based on the foregoing authorities, it is clear this Court has the power to deny the Motion.

14   Based on the Debtors' bad faith conduct including their failure to comply with direct Orders of

15
16   this Court, coupled with the clear intent of the Debtors to attempt to convert in an effort to avoid

17   the adversary proceedings against them, the Court should exercise its discretion to deny the

18   Motion.  Denial of the Motion is additionally supported due to the utter lack of any admissible

19   evidence suggesting that Debtors can sustain a Chapter 11 or eventually confirm a Plan of

20   Reorganization.

21   \\\

22   \\\

23   \\\

24   \\\

25   \\\

26   \\\

27   \\\

28

Ervin, Cohen
& Jessup LLP

13954.10:1944931.1

3

OPPOSITION TO AMENDED MOTION TO CONVERT CASE

TAB 20                                                   Page 319

1          Alternatively, if this Court is not inclined to deny the Motion without a hearing, the Gellers

2    respectfully request this Court set a hearing on the Motion along with a briefing schedule to enable

3    the Gellers to more fully apprise the Court of the facts and circumstances that militate against

4    conversion of this case to Chapter 11.

5    DATED:  January 14, 2014                    ERVIN COHEN & JESSUP LLP

6

7

8                                          By: _____
                                               Howard I. Camhi
9                                              Attorneys for Andrew D. Geller and
                                               Andrew D. Geller and Eileen B. Geller,
10                                             Trustees of the Geller Trust dated September 2,
                                               1987
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9401 Wilshire Blvd., 9th Floor, Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):

PRELIMINARY OPPOSITION TO DEBTOR'S AMENDED MOTION TO CONVERT CASE

HEARING REQUESTED PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 14, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2014 | KIMBERLY ANTHONY | /s/Kimberly Anthony |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

TAB 20                                          Page 321

# SERVICE LIST

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Mark D Estle  -  mark.estle@buckleymadole.com
- Jeremy W. Faith (TR)  -  jfaith@7trustee.net,
  C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
- Robert E Hurlbett  -  bob@hurlbettlaw.com, reed@hurlbettlaw.com
- Craig G Margulies  -  craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Craig G Margulies  -  craig@marguliesfaithlaw.com,
  staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
- Vaughn C Taus  -  tauslawyer@gmail.com
- Meghann A Triplett  -  Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- Meghann A Triplett  -  Meghann@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
- United States Trustee (ND)  -  ustpregion16.nd.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**:

Hon. Robin L. Riblet
U.S. Bankruptcy Court
1415 State St., 2nd Floor
Santa Barbara, CA 93101

<u>Debtor</u>
Loren Miller
600 E. Medical Center Blvd. #1509
Webster, TX 77598

<u>Debtor</u>
Sarah Miller
702 Whitecap Dr.
Seabrook, TX 77586

13954.10:1781102.1This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 20                          Page 322

TAB 21

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>CRAIG MARGULIES (State Bar No. 185925)<br>MEGHANN TRIPLETT (State Bar No. 268005)<br>**MARGULIES FAITH, LLP**<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile:  (818) 705-3777<br>Email:  Craig@MarguliesFaithLaw.com<br>Email:  Meghann@MarguliesFaithLaw.com | FOR COURT USE ONLY |
| ☐    Individual *appearing without an attorney*<br>☒    *Attorney for: Jeremy W. Faith, Chapter 7 Trustee* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>LOREN MILLER and SARAH MILLER<br><br><br><br><br>Debtor(s) | CASE NO.: 9:13-bk-10313-RR<br><br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER DENYING DEBTOR LOREN MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. § 706(a)** |

PLEASE TAKE NOTE that the order titled **ORDER DENYING DEBTOR LOREN MILLER'S CONVERT CASE UNDER 11 U.S.C. § 706(a)** was lodged on February 18, 2014 and is attached.  This order relates to the motion which is docket number 102.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                         Page 1                                         **F 9021-1.2.BK.NOTICE.LODGMENT**

TAB 21                                                                                                  Page 323

TAB 21                                    Page 324

1   CRAIG MARGULIES (State Bar No. 185925)
    MEGHANN TRIPLETT (State Bar No. 268005)
2   **MARGULIES FAITH, LLP**
    16030 Ventura Blvd., Suite 470
3   Encino California 91436
    Telephone: (818) 705-2777
4   Facsimile:  (818) 705-3777
    Email:  Craig@MarguliesFaithLaw.com
5   Email:  Meghann@MarguliesFaithLaw.com
    Attorneys for Jeremy W. Faith, Chapter 7 Trustee
6

7                 **UNITED STATES BANKRUPTCY COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**
8                          **NORTHERN DIVISION**

9

10  In re                                Case No.:  9:13-bk-10313-RR

11  LOREN MILLER and SARAH MILLER,       Chapter:  7

12                          Debtors.     **ORDER DENYING DEBTOR LOREN**
                                         **MILLER'S AMENDED MOTION TO**
13                                       **CONVERT CASE UNDER 11 U.S.C. §**
                                         **706(a)**
14
                                         [No Hearing Required]
15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAB 21                                    Page 325

The court having read and considered debtor Loren Miller's[1] "Amended Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)" (the "Amended Motion," Dkt. No. 102), the Opposition to the Amended Motion filed by Jeremy W. faith, Chapter 7 Trustee (Dkt. No. 106), the Preliminary Opposition to Debtor's Amended Motion to Convert Case (Dkt. No. 98) filed by creditor Andrew D. Geller, the evidentiary record in this case, Debtor's failure to comply with Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing date within 14 days of service of the Trustee and Geller Oppositions, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Debtor's Motion Amended Motion is denied.

###

---

[1] Co-Debtor Sarah Miller is not a signatory to the Motion.

1

TAB 21                                    Page 326

Case 9:13-bk-10313-PC    Doc 110    Filed 02/18/14    Entered 02/18/14 16:57:33    Desc
Main Document       Page 5 of 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino California 91436

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  2/18/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle mark.estle@buckleymadole.com
Jeremy W. Faith (TR) jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus tauslawyer@gmail.com
Meghann A Triplett Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 2/18/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 77598

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/18/2014 | Staci McFadden | /s/ Staci McFadden |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

TAB 22

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| CRAIG MARGULIES (State Bar No. 185925)<br>MEGHANN TRIPLETT (State Bar No. 268005)<br>**MARGULIES FAITH, LLP**<br>16030 Ventura Blvd., Suite 470<br>Encino California 91436<br>Telephone: (818) 705-2777<br>Facsimile: (818) 705-3777<br>Email: Craig@MarguliesFaithLaw.com<br>Email: Meghann@MarguliesFaithLaw.com<br><br><br>☐   Individual *appearing without an attorney*<br>☒   *Attorney for: Jeremy W. Faith, Chapter 7 Trustee* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION | | |
|---|---|---|
| In re:<br><br>LOREN MILLER and SARAH MILLER<br><br><br><br><br><br><br><br>Debtor(s) | CASE NO.: 9:13-bk-10313-RR<br><br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)** |

PLEASE TAKE NOTE that the order titled **ORDER DENYING DEBTOR LOREN MILLER'S MOTION TO EXTEND TIME TO FILE A NOTICE OF APPEAL PURSUANT TO FED. R. BANK. P 8002(c)** was lodged on <u>February 18, 2014</u> and is attached.  This order relates to the motion which is docket number <u>99</u>.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9021-1.2.BK.NOTICE.LODGMENT**

TAB 22                                                      Page 328

TAB 22                                           Page 329

1  CRAIG MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino California 91436
   Telephone: (818) 705-2777
4  Facsimile: (818) 705-3777
   Email: Craig@MarguliesFaithLaw.com
5  Email: Meghann@MarguliesFaithLaw.com
   Attorneys for Jeremy W. Faith, Chapter 7 Trustee
6

7                **UNITED STATES BANKRUPTCY COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
8                     **NORTHERN DIVISION**

9

10  In re                              Case No.:  9:13-bk-10313-RR

11  LOREN MILLER and SARAH MILLER,     Chapter:  7

12                          Debtors.   **ORDER DENYING DEBTOR LOREN
                                       MILLER'S MOTION TO EXTEND TIME TO
13                                     FILE A NOTICE OF APPEAL PURSUANT
                                       TO FED. R. BANK. P 8002(c)**
14
                                       [No Hearing Required]
15

16        The court having read and considered debtor Loren Miller's "Motion and

17  Declaration for Extension of Time to File Appeal – rule 8002(c)" (the "Extension Motion,"

18  Dkt. No. 99), the Opposition to the Extension Motion filed by Jeremy W. faith, Chapter 7

19  Trustee (Dkt. No. 105), the evidentiary record in this case, Debtor's failure to comply with

20  Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing date within 14 days of service

21  of the Trustee's Opposition, and for good cause appearing,

22        **IT IS HEREBY ORDERED** that the Extension Motion is denied.

23  ###

24

25

26

27

28

TAB 22                                    Page 330

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino California 91436

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  2/18/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard Camhi hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Mark D Estle mark.estle@buckleymadole.com
Jeremy W. Faith (TR) jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Robert E Hurlbett bob@hurlbettlaw.com, reed@hurlbettlaw.com
Craig G Margulies craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;mhillel@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus tauslawyer@gmail.com
Meghann A Triplett Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com;Marta@MarguliesFaithLaw.com
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On 2/18/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Robin L. Riblet, U.S. Bankruptcy Judge, 1415 State Street, Santa Barbara, CA 93101
Debtor: Loren Miller and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586
Debtor: Loren Miller 600 E. Medical Center Blvd. #1509, Webster, TX 775

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/18/2014 | Staci McFadden | /s/ Staci McFadden |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9021-1.2.BK.NOTICE.LODGMENT**

TAB 22

TAB 23

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## APPEAL DEFICIENCY NOTICE



**FILED**

MAR 0 7 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

**TO: APPELLANT**

| |
|---|
| **Case Name:** Loren Miller and Sarah Miller |
| **Case Number:** 9:13-bk-10313-RR |
| **Adversary Number:** |
| **Notice of Appeal Filed:** 03/05/14 |

The Notice of Appeal is being transmitted to either the Bankruptcy Appellate Panel of the Ninth Circuit or the U. S. District Court, as required by paragraph 2(a) of the Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit and paragraph 3.a) of the Order Continuing Bankruptcy Appellate Panels of the Ninth Circuit, as appropriate.

However, please be advised that the Appeal is "deficient" for the following reason(s):

| | |
|---|---|
| [ ] | $298.00 Filing Fee for Appeal was not included |
| [ ] | $298.00 Filing Fee for Cross-Appeal was not included |
| [ ] | Does not comply with Official Form Number 17* |
| [✔] | Does not state title of Order, Judgment, or Decree* |
| [✔] | Does not state entry date of Order, Judgment, or Decree* |
| [✔] | Does not include entered stamped copy of Order, Judgment, or Decree* |
| [✔] | Does not state Opposing Party(ies):* [✔] Name [✔] Address [✔] Telephone Number |
| [ ] | Not signed* |

*An Amended Notice of Appeal is required to correct those items marked with an asterisk and must be submitted to the Bankruptcy Court within 14 days from the date of this Notice, together with all other items required to cure the indicated deficiency(ies). Please submit original plus 3 copies for the Court of the Amended Notice of Appeal, plus 1 additional copy for each party listed in the Amended Notice of Appeal, including the U. S. Trustee. There is no filing fee for an Amended Notice of Appeal.

DATED: 3-7-14

KATHLEEN J. CAMPBELL
**Clerk of Court**

By: _____
Deputy Clerk

cc: [ ] Bankruptcy Appellate Panel of the Ninth Circuit   [ ] San Fernando   [ ] Santa Barbara
    [✔] U.S. District Court:   [✔] Los Angeles   [ ] Riverside   [ ] Santa Ana

If you have any questions regarding this Deficiency Notice, please call:

Deputy Clerk Ryan Zink at telephone number 805-884-4883

## APPEAL DEFICIENCY NOTICE TO APPELLANT

*Revised 2/2010*

TAB 23                                   Page 332

# CERTIFICATE OF SERVICE
## CASE NO. 16-55032
## LOREN MILLER VS. JEREMY W. FAITH, TRUSTEE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on August 1, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
11356 Merado PeakDrive
Las Vegas, NV 89135
**Appellant/Debtor**

Helen Cardoza