# Case No. 16-55032

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

---

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

C.D. Cal. District Case No. 2:14-cv-01681-DOC

---

# EXCERPTS OF RECORD
# SUBMITTED BY APPELLEE
# JEREMY W. FAITH, CHAPTER 7 TRUSTEE

# VOLUME 3

---

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

---

## EXCERPTS OF THE RECORD SUBMITTED BY APPELLEE

Attached hereto are the excerpts of the record identified by Appellee Jeremy

W. Faith, pursuant to F. R. Appellate P. 30 and Circuit Rule 30.

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 1 | 12/12/2013 | Order Denying Motion to Transfer Venue [Bankruptcy Case No. 9:13-bk-10313, Docket No. 88] | 1 | 1-4 |
| 2 | 12/12/2013 | Order Denying Motion to Convert Case to Chapter 11 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 87] | 1 | 5-7 |
| 3 | 3/5/2014 | Debtor's Notice of Appeal – 28 U.S.C. § 158; FRBP 8001 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 116] | 1 | 8 |
| 4 | 3/21/2014 | Debtor's Amended Notice of Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No. 129] | 1 | 9-15 |
| 5 | 3/26/2014 | Order Denying Amended Motion to Convert Case to Chapter 11 [Bankruptcy Case No. 9:13-bk-10313, Docket No. 131] | 1 | 16-21 |
| 6 | 3/26/2014 | Order Granting Motion for Extension of Time to File Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No. 132] | 1 | 22-30 |
| 7 | 4/10/2014 | Debtor-Appellant's Second Amended Notice of Appeal [Bankruptcy Case No. 9:13-bk-10313, Docket No 138] | 1 | 31-52 |
| 8 | 12/2/2015 | Order Affirming Bankruptcy Court's Denial of Debtor's Motion to Convert; Affirming Bankruptcy Court's Denial of Debtor's Motion to Transfer; Denying Debtor's Motion to Withdraw Reference [District Case No. 2:14-cv-01681-DOC, Docket No. 38] | 1 | 53-66 |
| 9 | 1/4/2016 | Notice of Appeal – 28 U.S.C. § 158; § 1291 [District Case No. 2:14-cv-01681-DOC, Docket No. 39] | 1 | 67-68 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 10 | 11/26/2013 | Debtors' Motion to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 [Bankruptcy Case No. 9:13-bk-10313, Docket Nt. 78] | 2 | 69-72 |
| 11 | 11/26/2013 | Debtors' Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 79] | 2 | 73-76 |
| 12 | 12/10/2013 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motions to Transfer Venue to Southern District of Texas; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 85] | 2 | 77-140 |
| 13 | 12/10/2013 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 86] | 2 | 141-201 |
| 14 | 12/9/2013 | Preliminary Opposition to Debtor's Motion to Convert Case; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 82] | 2 | 202-206 |
| 15 | 12/9/2013 | Preliminary Opposition to Debtor's Motion to Transfer Venue; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 81] | 2 | 207-214 |
| 16 | 1/14/2014 | Debtor's Motion and Declaration for Extension of Time to File Appeal – Rule 8002(c) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 99] | 2 | 215-226 |
| 17 | 1/28/2014 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c); Declaration in Support [Bankruptcy Case No. 9:13-bk-10313, Docket No. 105] | 2 | 227-234 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 18 | 1/15/2014 | Amended Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 102] | 2 | 235-239 |
| 19 | 1/29/2014 | Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Amended Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof [Bankruptcy Case No. 9:13-bk-10313, Docket No. 106] | 2 | 240-316 |
| 20 | 1/14/2014 | Preliminary Opposition to Debtor's Amended Motion to Convert Case; Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 98] | 2 | 317-322 |
| 21 | 2/18/2014 | Notice of Lodgment of Order Denying Debtor Loren Miller's Amended Motion to Convert Case Under 11 U.S.C. §706(a) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 110] | 2 | 323-327 |
| 22 | 2/18/2014 | Notice of Lodgment of Order Denying Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c) [Bankruptcy Case No. 9:13-bk-10313, Docket No. 111] | 2 | 328-331 |
| 23 | 3/7/2014 | Appeal Deficiency Notice [Bankruptcy Case No. 9:13-bk-10313, Docket No. 121] | 2 | 332 |
| 24 | 1/22/2015 | Debtor-Appellant's Motion to Transfer Venue – Rule 1014; 28 U.S.C. § 1412 [District Case No. 2:14-cv-01681-DOC, Docket No. 10] | 3 | 333-338 |
| 25 | 1/28/2015 | Order to Show Cause Why Case Should Not Be Dismissed for Lack of Prosecution [District Case No. 2:14-cv-01681-DOC, Docket No. 11] | 3 | 339-340 |
| 26 | 2/10/2015 | Debtor-Appellant's Cause Shown [District Case No. 2:14-cv-01681-DOC, Docket No. 12] | 3 | 341-345 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|-----|------|----------|------|------|
| 27 | 4/9/2015 | Order Re: Dismissal for Failure to Prosecute [District Case No. 2:14-cv-01681-DOC, Docket No. 16] | 3 | 346-347 |
| 28 | 4/24/2015 | Debtor-Appellant's Motion to Extend Times to File Brief – FRBP 8011(a) [District Case No. 2:14-cv-01681-DOC, Docket No. 17] | 3 | 348-360 |
| 29 | 5/13/2015 | Debtor-Appellant's Motion for Relief from Order – FRCP 60 [District Case No. 2:14-cv-01681-DOC, Docket No. 19] | 3 | 361-365 |
| 30 | 6/16/2015 | Debtor-Appellant's Opening Brief [District Case No. 2:14-cv-01681-DOC, Docket No. 22] | 3 | 366-377 |
| 31 | 6/16/2015 | Debtor-Appellant's Motion to Withdraw Reference for Cause – 28 U.S.C. § 157(d) [District Case No. 2:14-cv-01681-DOC, Docket No. 21] | 3 | 378-381 |
| 32 | 6/29/2015 | Opening Brief of Appellee Jeremy W. Faith, Chapter 7 Trustee [District Case No. 2:14-cv-01681-DOC, Docket No. 23] | 3 | 382-405 |
| 33 | 9/15/2015 | Debtor-Appellant's Reply Brief [District Case No. 2:14-cv-01681-DOC, Docket No. 33] | 3 | 406-419 |
| 34 | 1/20/2016 | Order [Ninth Circuit Case No. 16-55032, Docket No. 6] | 3 | 420-421 |
| 35 | 2/16/2016 | Appellant's Cause Shown [Ninth Circuit Case No. 16-55032, Docket No. 8] | 3 | 422-427 |
| 36 | 4/7/2016 | Appellee's Response to Appellant's Cause Shown Re: Jurisdiction of Appellate Court [Ninth Circuit Case No. 16-55032, Docket No. 10] | 3 | 428-436 |
| 37 | 5/2/2016 | Order [Ninth Circuit Case No. 16-55032, Docket No. 11] | 3 | 437-438 |
| 38 | 6/18/2013 | Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors [Bankruptcy Case No. 9:13-bk-10313, Docket No. 54] | 3 | 439-442 |

| TAB | DATE | DOCUMENT | Vol. | Page |
|---|---|---|---|---|
| 39 | 3/19/2014 | Order Granting Chapter 7 Trustee's Motion for Turnover of Property of the Estate [Bankruptcy Case No. 9:13-bk-10313, Docket No. 124] | 3 | 443-444 |
| 40 | 7/5/2016 | Appellant's Informal Opening Brief | 3 | 445-453 |
| 41 | 6/12/2015 | Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Loren Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) [Adversary Case No. 9:13-ap-01133, Docket No 71] | 3 | 454 |
| 42 | | Docket as of August 1, 2016 of Bankruptcy Case No. 9:13-bk-10313-PC | 3 | 455-484 |

DATED:  August 1, 2016          MARGULIES  FAITH, LLP

/s/ Meghann  Triplett
Meghann  A. Triplett, Esq.
Noreen  A. Madoyan, Esq.
Attorneys for Jeremy  W. Faith,
Chapter 7 Trustee

TAB 24



Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
#### (Western Division - Los Angeles)

| | |
|---|---|
| In re LOREN MILLER,<br><br>                Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S MOTION TO TRANSFER VENUE - RULE 1014; 28 U.S.C.A. § 1412<br><br>No Oral Argument Requested |

     I move this court to transfer venue from this court to the United States District and Bankruptcy Court for the Southern District of Texas, Houston Division.  This motion is based on the case record and:

     **1.** Federal Rule of Bankruptcy Procedure ("FRBP") 1014(a) gives this court authority to "transfer the case to any other district **if the court determines that the transfer is in the interest of justice or for the convenience of the parties.**"[1]

---

1 The bankruptcy court "in the interests of justice" may even *sua sponte* transfer an action related to a bankruptcy proceeding. *See In re Donald*, 328 B.R. 192, 198 (B.A.P. 9th Cir. 2005); please note my added emphasis to quoted text is in boldface

Page 1 - MOTION TO TRANSFER VENUE

**2.** 28 U.S.C.A. § 1412 provides "A district court may transfer a case or proceeding under title 11 to a district court for another district, **in the interest of justice or for the convenience of the parties.**" The Ninth Circuit has said:[2]

> "**. . . the ultimate § 1412 analysis, which entails a balancing of due process concerns** of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case. While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in interest, **the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court.**"

**3.** I had previously informed the bankruptcy court and the other parties I had been forced by necessity to move to Seabrook, Texas, a distance of nearly 1,600 miles from this court, and that it is a substantial hardship every time I am required to personally attend any proceeding, including the creditors' meetings and hearings, in Los Angeles.[3] The case record shows numerous of hearings continued literally the day before the scheduled date, etc. I will provide the details of those events at the court's request.

**4.** The only qualification for the transfer seems to be this court's ruling this transfer is justified "in the interest of justice **or** for the convenience of the parties." I am not aware of any other party in interest with either domicile or principal place of business within this court's district. There is sure to be a U.S. Trustee in the United States Bankruptcy Court for the Southern District of Texas. All other parties are participating

---

2  *See In re Donald* at 204
3  *See* bankruptcy docket #41, notice of changed domicile; *see also* PACER, beginning @ *Case 9:13-bk-10313-RR Doc 65 Filed 08/15/13 Entered 08/15/13 13:17:52 Desc Main Document Page 25 of 65* through *Page 60 of 65*

Page 2 - MOTION TO TRANSFER VENUE

TAB 24                                                                     Page 334

by attorney, not in person.  I'm certain there are competent Houston area attorneys just as eager for their business as Los Angeles area attorneys.

**5.**  Because I seek transfer only to the district and its bankruptcy court in Texas, there sghould not be any law favoring any party over any other there.[4]

**6.**  Another consideration for transferring venue "for the convenience of the parties" is the common-law doctrine of *forum non conveniens*.[5]  The Ninth Circuit has said in considering a motion to transfer for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, **case-by-case consideration of convenience and fairness.**"[6]  The U.S. Supreme Court described "the interests which bear on *forum non conveniens* decision" as "most notably the convenience to the parties **and the practical difficulties that can attend the adjudication of a dispute in a certain locality.**"[7]

*IN CONCLUSION*, I submit this court should transfer venue first "the practical difficulties that can attend the adjudication of a dispute in a certain locality," with "in the interest of justice" as the alternative basis for ordering this transfer.[8]

---

4  *See* our federal Constitution, Article I, § 8, clause 4, which provides that Congress shall have power "To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."

5  "[Latin "an unsuitable court"] *Civil procedure.* The doctrine that an appropriate forum — even though competent under the law — may divest itself of jurisdiction **if, for the convenience of the litigants and the witnesses, it appears that the action should proceed in another forum** in which the action might also have been properly brought in the first place." - Black's Law Dictionary 680 (8th ed. 2004)

6  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)

7  *Quackenbush v. Allstate Ins. Co.*, 517 US 706, 723 (1996)

8  Another authority for doing so is found in Rule 1001:  "These rules shall be construed

Page 3 - MOTION TO TRANSFER VENUE

TAB 24                                    Page 335

RELIEF SOUGHT

This court's finding the Debtors' domicile is in the vicinity of Houston, Texas, and the current venue is an inconvenient forum for the purposes of transfer, then an order transferring all cases to the Southern District of Texas, Houston Division.

I make this motion in good faith and not for any improper purposes, such as needless delay or extraordinary expense for the other parties in interest.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion.  I also expressly invoke FRBP 1001 to apply to this and all our written submissions to this court.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on January 15, 2015*

Loren Miller, Debtor-Appellant *pro se*

---

to secure the just, speedy, and inexpensive determination of every case and proceeding."

Page 4 - MOTION TO TRANSFER VENUE

TAB 24                                    Page 336

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
600 E. Medical Center Blvd, #1509
Webster, TX 77598

A true and correct copy of the foregoing document entitled (*specify*): _____
__Debtor – Appellant's Motion To Transfer Venue – Rule 1014: 28 U.S.C.A. 1412_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____01/15/15_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/15 | Loren Miller | _Jon Miller_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

TAB 24                                          Page 337

Main Document page 2 of 2
In RE: Loren Miller

Chapter 7      Case No: 13-10313-RR

**SERVED BY US MAIL:**


United States District Court
Western Division – Los Angeles
Court Clerk / 255 East Temple Street
Los Angeles, CA 90012-3332

Jeremy Faith
Craig Margulies
Meghann Triplett
16030 Ventura Boulevard
Suite 470
Encino, CA 91346

Allen Cooper
Ervin Cohen & Jessup, LLP
9401 Wilshire Blvd, 9th Floor
Beverly Hills, CA 90212

Robert Hurlbett
3324 State Street, Suite O
Santa Barbara, CA 93105

TAB 24                                    Page 338

TAB 25

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.  CV 14-1681-DOC                                    Date:  January 28, 2015
              BK 13-10313

Title: IN RE. LOREN AND SARAH MILLER

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>          Deborah Goltz          </u>                    <u>          Not Present          </u>
          Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
            PLAINTIFF:                                              DEFENDANT:
          None Present                                              None Present

PROCEEDINGS (IN CHAMBERS):   **ORDER TO SHOW CAUSE WHY
                                                         CASE SHOULD NOT BE
                                                         DISMISSED FOR LACK OF
                                                         PROSECUTION**

        Appellant Loren Miller attempts to appeal two orders from the Bankruptcy Court:
the Order Denying Amended Motion to Convert Case to Chapter 11, and the Order
Denying Motion to Transfer Venue. Second Amended Notice of Appeal (Dkt. 9).

        On April 7, 2014, Appellant was mailed a deficiency letter noting that appeal
commencement documents including a statement of issues, designation of records and
notice of transcripts have not been filed. Fed. R. Bankr. P. 8006.[1]

        Appellant failed to file these documents, the record was never completed, and no
briefing was filed. The record before the District Court therefore is not complete.

_____

[1] The Rules have since been amended. The applicable Rule is now Fed. R. Bankr. P. 8009.

TAB 25                                    Page 339

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. BK 13-10313                                           Date: January 28, 2015
     CV 14-1681-DOC

     Accordingly, Appellant is hereby ordered to show cause in writing, on or before **February 9, 2015**, why this appeal should not be dismissed for lack of prosecution. [2]

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                           Initials of Deputy Clerk:  djg
CIVIL-GEN

---

[2] Appellant has also filed a motion styled as a Motion to Transfer Venue. This topic is the subject of Miller's appeal. This Court is not acting as a district court in this instance. Fed. R. Bankruptcy P. 8001. Instead it is acting in its capacity as a court of appeals. Under 28 U.S.C. 158(a), a district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. Apparently, the Appellant has included in his Motion arguments in support of his desire to transfer venue, but has not stated the basis for the Court's jurisdiction to hear this Motion. The Motion is DENIED.

TAB 25                                           Page 340

TAB 26

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 1 0 2015

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 1 0 2015

CEN...      ...FORNIA
            DEPUTY

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

|  |  |
|---|---|
| In re LOREN MILLER,<br><br>　　　　　　　　Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S CAUSE SHOWN<br><br>*No Oral Argument Requested* |

     I recently received this court's "ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION."[1]  That Minute Order instructed me "to show cause in writing why, on or before **February 9, 2015**, why this appeal should not be dismissed for lack of prosecution."[2]  Accordingly:

    **1.**  So long as I file and serve this no later than Monday, February 9th it should be considered by this court to be timely.

    **2.**  The court's reasoning for that Minute Order appears to be I "failed to file" documents this court's "deficiency letter" mailed to me "On April 7, 2014."  I received no such letter, and my review of this case's docket shows the *only* April 2014 event was my "SECOND AMENDED NOTICE OF APPEAL."[3]

---

1 Docket #11
2 Boldface emphasis in original
3 Docket #9

Page 1 - CAUSE SHOWN

TAB 26                                                    Page 341

**3.** Because I cannot act on a deficiency letter from the court I did not receive and the docket shows was not sent, and because I am meeting this court's deadline, this appeal should be allowed.[4]

**4.** Regardless of what may have been sent and not received, as I understand the Minute Order, this court wishes me to cure a deficiency by filing "documents including a statement of issues, designation of records and notice of transcripts" in compliance with Rule 8006, which seems to have been renumbered 8009. Accordingly, at the same time I am filing and serving this Cause Shown, I am filing and serving that "statement of issues," etc., with the bankruptcy court.

**5.** I see the court also summarily denied my "motion styled as a Motion to Transfer Venue." The court then complained it was acting only as an appellate court, and my motion "has not stated the basis for the Court's jurisdiction to hear this Motion," If the court had actually read my motion it would have seen that basis was shown in the caption as "RULE 1014; 28 U.S.C.A. § 1412." Each was explained in my Motion's #1 and #2, with the following numbered points discussing supporting grounds and authorities, including Ninth Circuit case law.

**6.** I would also call the court's attention to the fact although I mailed the original *and* the service copies the same day, January 15th,[5] I have received no responses whatsoever from the other parties, nor do I see anything on the docket showing any have been filed as of the date I sign this. I must then assume the other parties, including the Trustee, do not oppose this court ordering the venue being transferred as I moved.

***IN CONCLUSION***, for cause shown here, I submit this court "should not be dismissed for lack of prosecution," I am curing the "deficiency," and the court should

---

4 *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992): "dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Factors to be considered "are the failure to consider less drastic alternatives and the lack of warning of imminent dismissal of the case."

5 I've attached a copy of the Post Office receipt of mailing for proof of this; please note the original itself is barely legible

Page 2 - CAUSE SHOWN

TAB 26                                          Page 342

reconsider my Motion for transfer.  Additionally, I have Shown Cause in good faith and not for any improper purposes, such as needless delay or extraordinary expense for the other parties.

I expressly reserve the right to amend or supplement this Cause Shown if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

I expressly reserve the right to amend or supplement this Cause Shown if I believe it is necessary.  I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on February 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 3 - CAUSE SHOWN

TAB 26                                    Page 343

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE (281) 467-9226

LOREN MILLER
600 E MEDICAL CENTER BLVD
#1509
WEBSTER   TX   77598

EK 751285748 US

JAN 15 2015

**UNITED STATES POSTAL SERVICE** ®

**PRIORITY**
★ MAIL ★
**EXPRESS**™

**PAYMENT BY ACCOUNT (if applicable)**
USPS™ Corporate Acct. No.     Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED  Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE (   )

US DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
COURT CLERK
255 E TEMPLE ST
LOS ANGELES, CA
ZIP + 4® (U.S. ADDRESSES ONLY)
90012-3332

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | | |
|---|---|---|---|
| ☑ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |

PO ZIP Code: 77598   Scheduled Delivery Date (MM/DD/YY): 1-16   Postage: 19.99

Date Accepted (MM/DD/YY): 1-15-15   Scheduled Delivery Time ☐ 10:30 AM ☑ 3:00 PM ☐ 12 NOON   Insurance Fee   COD Fee

Time Accepted: 1225 ☐ AM ☐ PM   10:30 AM Delivery Fee   Return Receipt Fee   Live Animal Transportation Fee

Weight   ☑ Flat Rate   Sunday/Holiday Premium Fee   Total Postage & Fees: 19.99

lb   oz   Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

Delivery Attempt (MM/DD/YY)   Time ☐ AM ☐ PM   Employee Signature

LABEL 11-B, JANUARY 2014   PSN 7690-02-000-9996   **2-CUSTOMER COPY**

---

```
                    WEBSTER
                 WEBSTER, Texas
                    775989998
          4841490598-0096
01/15/2015 (800)275-8777 12:26:56 PM

    =========================================
    Product        Sale Unit      Final
    Description     Qty Price      Price

MISSION HILLS CA 91346           $0.70
Zone-6
First-Class Mail Letter
    1.20 oz.
Expected Delivery: Tue 01/20/15

        Issue Postage:           $0.70

BEVERLY HILLS CA 90212           $0.70
Zone-6
First-Class Mail Letter
    1.20 oz.
Expected Delivery: Tue 01/20/15

        Issue Postage:           $0.70

SANTA BARBARA CA 93105           $0.70
Zone-7
First-Class Mail Letter
    1.20 oz.
Expected Delivery: Tue 01/20/15

        Issue Postage:           $0.70

    LOS ANGELES CA 90012-3332    $19.99
Zone-6
Priority Mail Express 1-Day
Flat Rate Env
    2.50 oz.
USPS Tracking #:
EK751285748US
Scheduled Delivery Day: Fri
01/16/15 03:00PM - Money Back
Guarantee
```

TAB 26                                    Page 344

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee, represented by:

    Meghann A Triplett
    Margulies Faith LLP
    16030 Ventura Blvd Ste 470
    Encino, CA 91436

Sarah Miller, Joint Debtor, represented by:

    Reed H Olmstead
    Hurlbett & Olmstead
    3324 State St Ste O
    Santa Barbara, CA 93105

"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987," represented by:

    Howard Camhi
    Ervin Cohen & Jessup LLP
    9401 Wilshire Blvd 9th Floor
    Beverly Hills, CA 90212

*Submitted with all rights reserved on February 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 4 - CAUSE SHOWN

TAB 26                         Page 345

TAB 27

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC                           Date:  April 9, 2015

Title: IN RE. LOREN MILLER AND SARAH MILLER

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE**

This action was appealed to this Court from the Bankruptcy Court on March 7, 2014 (Dkt. 1). A notice of discrepancy was filed on March 7, 2014 (Dkt. 5). It noted the Appeal was deficient for a variety of reasons, including failure to state the title of the order or judgment, failure to include copies of the same, and failure to state the opposing parties. *Id*. On March 25, 2014, Debtor/Appellant Loren Miller ("Miller") filed an amended notice of appeal (Dkt. 8). On April 7, 2014, the Clerk entered a notice of discrepancy related to the Notice of Appeal (Bk. Dkt. 135). It noted the failure to file the statement of issues, designation of record, and notice of transcript required by Federal Rule of Bankruptcy Procedure 8006. On April 10, 2014, Miller filed a second amended notice of appeal. Miller again failed to file a designation of record or a statement of issues (Dkt. 9).

On January 28, 2015, this Court issued an Order to Show Cause why this appeal should not be dismissed for failure to prosecute because Appellant had not filed the documents required under Rule 8006 of the Bankruptcy Rules.  The Court ordered Appellant to file a written response on or before February 9, 2015.  *See* Order (Dkt. 11). Miller responded and filed the required documents. After receiving the Appellant's response, the Court wrote:

TAB 27                              Page 346

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 14-1681-DOC                                        Date:  April 9, 2015
                                                                                    Page 2

> The Court will ACCEPT the untimely filings, as it appears Miller's error was due to inadvertence and excusable neglect. Miller is advised to follow the Federal Rules of Bankruptcy Procedure and the deadlines set by the Bankruptcy Court and this Court. Failure to abide by the procedural rules in a timely manner will result in dismissal.  As noted by the Bankruptcy Court, the transmission of designation is **due by March 11, 2015** (Bk. Dkt. 193). **Miller shall file his opening brief thereafter, according to the briefing schedule set by the court.**

Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

A certificate of readiness was issued on March 18, 2015, indicating that the record was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals).

As such, this appeal is DISMISSED for failure to prosecute.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                        Initials of Deputy Clerk:  djg

TAB 27                                                        Page 347

TAB 28

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

```
FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 2 4 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

| | |
|---|---|
| In re LOREN MILLER,<br><br>                      Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S MOTION TO EXTEND TIMES TO FILE BRIEF – FRBP 8011(a)<br><br>*No Oral Argument Requested* |

I move this court in good faith to extend the deadline to file and serve my opening

brief to May 18, 2015.  I base this motion on the case records and:

As my supporting Declaration proves, I recently received this court's

"PROCEEDINGS (IN CHAMBERS): ORDER RE: DISMISSAL FOR FAILURE TO

PROSECUTE" by regular mail.  That Order said on its page 2:[1]

> "As noted by the Bankruptcy Court, the transmission of designation is
> due by **March 11, 2015** (Bk. Dkt. 193). **Miller shall file his
> opening brief thereafter, according to the briefing schedule
> set by the court.**

"Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

---

1  All emphasis original

Page 1 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                                                Page 348

"A certificate of readiness was issued on March 18, 2015, indicating that the record was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

"Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals).

"As such, this appeal is DISMISSED for failure to prosecute.

"The Clerk shall serve this minute order on the parties."

<u>Why this Order is presumptive and violates substantive due process</u>

As my supporting Declaration makes evident, I did receive the bankruptcy court's "certificate of readiness" this Order.  I did *not* receive your "Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15)," nor anything else resembling a "briefing schedule set by the court."  As is also evident from my supporting Declaration, that would be because until this Order arrived last Wednesday, I have received *nothing else* from either this or the lower court regarding this since the "certificate of readiness."

The Order went on to say:

"**Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable**. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. ***See Greco v. Stubenberg***, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals)." (my emphasis added)

Page 2 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                                           Page 349

Judge Carter evidently failed to heed this part of *Greco* found on the same page (my emphasis added):

> "In determining whether to dismiss an appeal on such grounds, **a district court must consider (1) alternative measures in lieu of dismissal, and (2) whether the conduct giving rise to the dismissal was caused entirely by the party's attorney.** *See Myers v. Shekter (In Re Hill)*, 775 F.2d 1385, 1386 (9th Cir. 1985). We review the district court's determination for an abuse of discretion. . . . ."

Since I obviously have no attorney, I submit "(2)" has only the limited application offered by what "caused" "the dismissal." As my supporting Declaration proves, assuming that briefing schedule includes proof of mailing to me, unless it was lost in the mail to me, it's obvious this dismissal's *true* "cause" would be *this court's own* failure to provide me with due notice of its briefing schedule.[2]

Back to "(1)," I don't believe this court has adequately considered alternatives, such as this motion for extension, my first.

I see the court has also cited page 1386 of *"Myers v. Shekter (In Re Hill)."* I was able to find it on Google Scholar.[3] On the *next* page *Hill v. Shekter (In re Hill)*, 775 F.2d 1387 says (my emphasis again):

---

2  "**due notice.** Sufficient and proper notice that is intended to and likely to reach a particular person. . .notice that is legally adequate given the particular circumstance. — **Also termed adequate notice**; legal notice." - Black's Law Dictionary 1090 (8th ed. 2004). *See also Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004); *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001): courts *must* provide parties "with adequate notice and an opportunity to respond." *See also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (the essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner)

3  @ *http://scholar.google.com/scholar_case?case=616012650734519982&q=In+re+Hill,+775+F.2d+1385&hl=en&as_sdt=6,29*

Page 3 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                    Page 350

"We do, however, believe that **when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.**"

If you *truly* consider "the history of this appeal," I have demonstrated my good faith previously with my Shown Cause. This being the very first extension I have requested, and it should be ordered or allowed.

*IN CONCLUSION*, Judge Carter, you have made assumptions not supported by fact, and the only thing "not excusable" here is your hostile attitude towards me! As my Declaration also makes evident, this court offers no free access to this case docket. I must rely on the U.S. Postal Service for case communication. Evidently you expect me to live by your absurdly short and arbitrary deadline *whether you give me actual notice of it or not, and whether or not it appears in my mailbox!!*

All of which *again* puts a spotlight on my original *motions* for changing venue to here, where the parties actually are and have been for the past two years.

REQUEST FOR RELIEF

This court's order or other allowance to extend the deadline to file and serve my opening brief to May 18, 2015. If I receive nothing contrary from the court I intend to so file and serve.

I expressly reserve the right to amend or supplement this Cause Shown if I believe it is necessary. I also expressly invoke FRBP 1001 to apply to this and all my written

Page 4 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                          Page 351

submissions to this court.

*Submitted with all rights reserved on April 21, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 5 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                    Page 352

DECLARATION SUPPORTING MOTION FOR EXTENSION[4]

STATE OF TEXAS, County of Harris  } ss.

I am the Debtor and Appellant for the purposes of this motion.  I declare according to the best of my personal knowledge and belief:

**1.** I work Mondays to Fridays every week in a demanding job as a project manager in an economically-fragile industry.  This leaves me little time to devote to anything else, such as the demands of this and the *three* bankruptcy court cases.

**2.** I received my copy of this court's "PROCEEDINGS (IN CHAMBERS): ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE" by regular mail last Wednesday, April 15th.

**3.** I had received, by regular mail, the bankruptcy court's "certificate of readiness" this court's "PROCEEDINGS (IN CHAMBERS): ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE" referred to.  A true copy of what I received is attached. However, I have *not* received the "Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15)," nor anything else resembling a "briefing schedule set by the court," by mail nor any other delivery.  It is my sworn fact I have received *nothing* between that "certificate of readiness" and the Order.

**4.** It is also a sworn fact I have received nothing from the other parties to this appeal at any time under this appellate case.

**5.** It seems to me this court is not interested in giving "pro se" parties like me free access to the case record.  According to this court's website, I have found nothing offering free access to even this case docket equal to attorneys.  Your "E-Filing"/"CM/ECF" features expressly says "**Currently, only attorneys are authorized to file documents electronically.  If you are not represented by a lawyer, please continue to file documents in paper.**"  See @ *http://www.cacd.uscourts.gov/e-filing* It is evident, then, those without attorney representation are expressly and unfairly

_____

4 *See generally* 28 U.S.C. §1746

Page 6 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                    Page 353

barred from equal access to their own cases, giving lawyers an unfair advantage.
Because I live and work nearly 1,600 miles from this court, I must rely on the U.S. Postal
Service (or its private competitors – I prefer the USPS because its tracking becomes part
of the federal record) for case communication.

**6.** I also see the court's website offers "People without Lawyers (Pro Se) may
request CM/ECF Accounts." The message is "Pro Se Litigants, or people without lawyers,
are now eligible to receive a CM/ECF login and password which will enable them to
receive notification by e-mail when documents are filed in their case." But when I
attempted to register and clicked on the link below this message @
*http://www.cacd.uscourts.gov/e-filing/pro-se-litigants-can-now-request-cmecf-accounts*
your website started to load but would not give me the actual request form for
non-attorneys.

*I declare under penalty of perjury that the foregoing is true and correct. Executed
with all rights reserved on April 21, 2015.*

Loren Miller, Debtor-Appellant *pro se*

Page 7 - MOTION TO EXTEND TIMES TO FILE BRIEF

TAB 28                                                    Page 354

Case: 2:14cv1681  Doc: 16

Loren  Miller
600 E. Medical Center Blvd. &#035;1509
Webster, TX 77598



TAB 28                                    Page 355

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc: Loren Miller
600 E. Medical Center Blvd. #1509
Webster TX 77598
--Case Participants: Craig G Margulies (craig@marguliesfaithlaw.com,
helen@marguliesfaithlaw.com, victoria@marguliesfaithlaw.com), Judge David O. Carter
(crd_carter@cacd.uscourts.gov)
--Non Case Participants: Meghann A Triplett (helen@marguliesfaithlaw.com,
meghann@marguliesfaithlaw.com), ADR Coordinator (adr_coordinator@cacd.uscourts.gov)
--No Notice Sent:
Message-Id:<19266731@cacd.uscourts.gov>Subject:Activity in Case 2:14-cv-01681-DOC In re:
Loren Miller and Sarah Miller Minutes of In Chambers Order/Directive - no proceeding held
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 4/9/2015 at 1:37 PM PDT and filed on 4/9/2015

| | |
|---|---|
| **Case Name:** | In re: Loren Miller and Sarah Miller |
| **Case Number:** | 2:14-cv-01681-DOC |
| **Filer:** | |
| **WARNING: CASE CLOSED on 04/09/2015** | |
| **Document Number:** | 16 |

**Docket Text:**
**MINUTE (IN CHAMBERS) ORDER Re: Dismissal for Failure to Prosecute by Judge David O.
Carter: This action was appealed to this Court from the Bankruptcy Court on March 7, 2014
(Dkt. 1). Considering the history of this appeal, and the fact that Miller was explicitly
admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned
by this Court that failure to abide by deadlines in this matter would result in dismissal. See
Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir. 1988)(district courts may impose sanctions,
including dismissal, against appellants for failure to prosecute bankruptcy appeals). As such,
this appeal is DISMISSED for failure to prosecute. The Clerk shall serve this minute order on
the parties. (Made JS-6. Case Terminated.)(lwag)**

**2:14-cv-01681-DOC Notice has been electronically mailed to:**
Craig G Margulies    victoria@marguliesfaithlaw.com, craig@marguliesfaithlaw.com,
helen@marguliesfaithlaw.com



TAB 28                                    Page 356

**2:14-cv-01681-DOC** Notice has been delivered by First Class U. S. Mail or by other means **BY THE FILER** to :
Loren Miller
600 E. Medical Center Blvd. #1509
Webster TX 77598



TAB 28                                    Page 357

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC                              Date:  April 9, 2015

Title: IN RE. LOREN MILLER AND SARAH MILLER

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

|                    |                    |
|--------------------|--------------------|
| Julie Barrera      | Not Present        |
| Courtroom Clerk    | Court Reporter     |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|----------------------------------|----------------------------------|
| None Present                     | None Present                     |

**PROCEEDINGS (IN CHAMBERS):   ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE**

This action was appealed to this Court from the Bankruptcy Court on March 7, 2014 (Dkt. 1). A notice of discrepancy was filed on March 7, 2014 (Dkt. 5). It noted the Appeal was deficient for a variety of reasons, including failure to state the title of the order or judgment, failure to include copies of the same, and failure to state the opposing parties. *Id.* On March 25, 2014, Debtor/Appellant Loren Miller ("Miller") filed an amended notice of appeal (Dkt. 8). On April 7, 2014, the Clerk entered a notice of discrepancy related to the Notice of Appeal (Bk. Dkt. 135). It noted the failure to file the statement of issues, designation of record, and notice of transcript required by Federal Rule of Bankruptcy Procedure 8006. On April 10, 2014, Miller filed a second amended notice of appeal. Miller again failed to file a designation of record or a statement of issues (Dkt. 9).

On January 28, 2015, this Court issued an Order to Show Cause why this appeal should not be dismissed for failure to prosecute because Appellant had not filed the documents required under Rule 8006 of the Bankruptcy Rules.  The Court ordered Appellant to file a written response on or before February 9, 2015. *See* Order (Dkt. 11). Miller responded and filed the required documents. After receiving the Appellant's response, the Court wrote:




TAB 28                                    Page 358

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 14-1681-DOC

Date:  April 9, 2015
Page 2

The Court will ACCEPT the untimely filings, as it appears Miller's error was due to inadvertence and excusable neglect. Miller is advised to follow the Federal Rules of Bankruptcy Procedure and the deadlines set by the Bankruptcy Court and this Court. Failure to abide by the procedural rules in a timely manner will result in dismissal. As noted by the Bankruptcy Court, the transmission of designation is **due by March 11, 2015** (Bk. Dkt. 193). **Miller shall file his opening brief thereafter, according to the briefing schedule set by the court.**

Order, Feb. 18, 2015 (Dkt. 13) (second emphasis added).

A certificate of readiness was issued on March 18, 2015, indicating that the record was complete (Dkt. 14). However, according to the Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (Dkt. 15), Miller's opening brief was due on April 1, 2015. As of this date, Miller has not filed his opening Brief.

Considering the history of this appeal, and the fact that Miller was explicitly admonished to follow the briefing schedule, the delay is not excusable. Miller has been warned by this Court that failure to abide by deadlines in this matter would result in dismissal. *See Greco v. Stubenberg*, 859 F.2d 1401, 1404 (9th Cir. 1988) (district courts may impose sanctions, including dismissal, against appellants for failure to prosecute bankruptcy appeals).

As such, this appeal is DISMISSED for failure to prosecute.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk:  djg



TAB 28                                    Page 359

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee, represented by:    Meghann A Triplett
                                          Margulies Faith LLP
                                          16030 Ventura Blvd Ste 470
                                          Encino, CA 91436


Sarah Miller, Joint Debtor, represented by:    Reed H Olmstead
                                               Hurlbett & Olmstead
                                               3324 State St Ste O
                                               Santa Barbara, CA 93105


"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987," represented by:

                        Howard Camhi
                        Ervin Cohen & Jessup LLP
                        9401 Wilshire Blvd 9th Floor
                        Beverly Hills, CA 90212


*Submitted with all rights reserved on April 21, 2015*


Loren Miller, Debtor-Appellant *pro se*


Page 8 - MOTION TO EXTEND TIMES TO FILE BRIEF


TAB 28                                    Page 360

TAB 29

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 1 3 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

In re LOREN MILLER,
                              Debtor.

Case No.: 9:13-bk-10313-RR

**Case 2:14-cv-01681-DOC**

Chapter 7 (conversion to Chapter 11 denied)

**DEBTOR-APPELLANT'S MOTION FOR RELIEF FROM ORDER – FRCP 60**

*No Oral Argument Requested*

---

    I move this court for relief from its "ORDER RE: DISMISSAL FOR FAILURE TO

PROSECUTE."  I base this motion on FRCP 60(b),[1] the case record and:

<u>This Motion is Timely</u>

    This Motion is timely filed according to FRCP 60 *and* FRAP 4(a)(4)(A)(vi).

According to this Appellate Rule, to preserve my right of appeal I must file this Motion

for Relief within 28 days of the date the Orders were entered.  Because Judge Carter's

order was entered April 9th, so long as this motion is delivered to this court for filing no

later than May 7th that right is preserved.

---

[1] Or if the court insists, it can base its authority on FRBP 9024, which expressly
    provides "Rule 60 F.R.Civ.P. applies in cases under the Code. . ."

Page 1 - MOTION FOR RELIEF FROM ORDER

TAB 29                                                      Page 361

<u>Why this Motion should be sufficient for the relief requested</u>l

FRCP 60(b) provides "**On motion and just terms, the court may relieve a party** . . . from a final judgment, order, or proceeding for the following reasons. . ." I make this motion according to this Rule's 60(b)(4), (5) and (6).

Black's Law Dictionary defines a void judgment as:

> "**A judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally.** • From its inception, a void judgment continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree."[2]

I recently moved this court in good faith to extend the deadline to file and serve my opening brief.  Much of that motion applies here, and I expressly incorporate that motion into this with this reference. I believe I adequately explained a sound basis for that motion, including authorities reminding this court of its duty to ensure this proceeding complies with due process.

As that motion and my supporting declaration provided, not only did I *not* receive any schedule for briefing, this court provides no adequate access to its docket and documents to non-attorneys, even to parties like myself.  Therefore I'm at the mercy of what the mail man delivers to me and what I send through the USPS.

Since sending that motion I recently obtained a copy of that "NOTICE RE: BANKRUPTCY RECORD COMPLETE, BRIEFING SCHEDULE AND NOTICE OF ENTRY"[3] through an acquaintance *and not from this court*.  Not being clairvoyant, this is

---

2  Page 861 (8th ed. 2004); please note my emphasis on any quoted text is in boldface
3  The copy I was provided shows across the top "Case 2:14-cv-01681-DOC Document 15

Page 2 - MOTION FOR RELIEF FROM ORDER

TAB 29                    Page 362

the first time I've seen it.  Judge Carter's Order dismissing this appeal seems to have

insisted I had somehow received or been made aware of the Order.  He said:

> "Considering the history of this appeal, and the fact that Miller was explicitly
> admonished to follow the briefing schedule, **the delay is not excusable**. Miller
> has been warned by this Court that failure to abide by deadlines in this matter
> would result in dismissal."

Now that I've read the actual "Notice Re: Bankruptcy Record Complete, Briefing

Schedule and Notice of Entry (Dkt. 15)," *again,* what is inexcusable is Judge Carter's

attitude.  Grounds are plain on that Schedule's face:

*FIRST*, it said "Appellant's opening brief must be e-filed in the District

Court and served on other parties not later than   4/1/15   ."  As my recent

supporting #5 proved, this court itself has locked me out of "e-filing" and in fact

instructs me as a non-attorney to "please continue to file documents in paper."

*SECOND*, *nothing* of "Notice Re: Bankruptcy Record Complete, Briefing

Schedule and Notice of Entry (Dkt. 15)" shows *anybody* there even attempted to

provide a copy to me.

***IN CONCLUSION***, obviously, this court and Judge Carter himself have set me up

to fail by not serving me with the Schedule its dismissal was based on, *and* ensuring I do

*not* have free access to its dockets and documents on par with attorneys.  What a blatant

and manifest miscarriage of justice.

I remind the court it has the obligation to accept my submissions "however

---

Filed 03/18/15 Page 1 of 1 Page ID #:70"

Page 3 - MOTION FOR RELIEF FROM ORDER

TAB 29                                   Page 363

inartfully pleaded."[4]  Like the Sacketts I'm just feeling my way through this case as best as I am able.[5]

All of which *again* puts a spotlight on my original *motions* for changing venue to here, where the parties actually are and have been for the past two years.

REQUEST FOR RELIEF

This court's order relieving me of its "ORDER RE: DISMISSAL FOR FAILURE TO PROSECUTE" *then* serving me with a copy of its Order with a new and fair briefing schedule allowing at least thirty days from that Order for the filing of my Opening Brief.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary.  I also expressly invoke FRBP 1001/FRCP 1 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on May 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

---

4 The Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980): "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'"
5 *Sackett v. Environmental Protection Agency,* 132 S.Ct. 1367 (U.S. 03/21/2012)

Page 4 - MOTION FOR RELIEF FROM ORDER

TAB 29                    Page 364

<u>Certificate of Service by Mail on "Opposing Party(ies)"</u>

I certify on this date I did serve these parties by mail:

Jeremy Faith, Trustee, represented by:

Meghann A Triplett
Margulies Faith LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436

Sarah Miller, Joint Debtor, represented by:

Reed H Olmstead
Hurlbett & Olmstead
3324 State St Ste O
Santa Barbara, CA 93105

"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987," represented by:

Howard Camhi
Ervin Cohen & Jessup LLP
9401 Wilshire Blvd 9th Floor
Beverly Hills, CA 90212

*Submitted with all rights reserved on May 5, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 5 - MOTION FOR RELIEF FROM ORDER

TAB 29                    Page 365

TAB 30

Case #: **2:14-cv-01681-DOC**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 1 6 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)

## IN RE LOREN MILLER, Debtor-Appellant

An appeal from the Bankruptcy Court of Nevada

Chapter 7 case No.  9:13-bk-10313

DEBTOR-APPELLANT'S OPENING BRIEF

Appellant:          Loren Miller, Debtor-Appellant *pro se*
                    600 E. Medical Center Blvd. #1509, Webster, TX 77598
                    281-467-8226

For Appellee, Jeremy W. Faith, *Chapter 7 only* Trustee:
                    Craig G Margulies, Margulies Faith LLP
                    16030 Ventura Boulevard, Suite 470, Encino, CA 91436
                    818-705-2777

                    "United States Trustee (ND)"
                    915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

For Party in Interest Sarah Miller:
                    Hurlbett & Olmstead
                    3324 State St Ste O, Santa Barbara, CA 93105
                    805-963-9111

For "Party in Interest" Andrew and Eileen Geller:
                    Howard Camhi, Ervin Cohen & Jessup LLP
                    9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212
                    310-281-6375

TAB 30                                          Page 366

## TABLE OF CONTENTS

BASIS OF APPELLATE JURISDICTION                    Page 2

ISSUES PRESENTED AND THE APPLICABLE STANDARD       Page 3

STATEMENT OF THE CASE                              Page 3

ARGUMENT                                           Page 4

    "1.  The bankruptcy court erred by denying my motion for Chapter 11

conversion"                                        Page 5

    "2.  The bankruptcy court erred by denying my motion to transfer venue"

Page 7

    "3.  The bankruptcy court's final Order as appealed was inequitable"

Page 10

CONCLUSION                                         Page 10

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED

*Bank of Marin v. England*, 385 U.S. 99, 103 (1966)          Footnote 28

*Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008)
Footnote 4

*Ellsworth v. Lifescape Med. Assocs. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP
2011)                                                       Footnote 5

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)                Footnote 11

*In re BankVest Capital Corp.*, 360 F.3d 291, 297 (1st Cir.), *cert. denied*, 124 S.Ct.
2874 (2004)                                                 Footnote 16

*In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005)    Footnotes 19, 20

*In re Tucson Yellow Cab Co.*, 789 F.2d 701, 704 (9th Cir. 1986)    Footnote 29
*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)    Footnote 24
*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)             Footnote 26
*Sackett v. Environmental Protection Agency*, 132 S.Ct. 1367 (2012)    Footnote 12

TAB 30                                              Page 367

- 2 of 11

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)        Footnote 25

*United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)      Footnote 5

*United States v. Jannotti*, 673 F.2d 578 (3rd Cir. 1982)           Footnote 18

*Wilborn v. Gallagher (In re Wilborn)*, 205 B.R. 202, 206 (9th Cir. BAP 1996)

                                                                    Footnote 13

*Wright v. Union Central life Insurance Company*, 304 U.S. 502 (1938)  Footnote 10

11 U.S.C. §706                                                      Page 5

28 U.S.C. §158                                                      Page 2

28 U.S.C. §1412                                                     Page 7

28 U.S.C. §2072                                                     Page 7, 7

28 U.S.C. §2075                                                     Page 7

FRBP (Federal Rules of Bankruptcy Procedure) 1001        Footnote 30, Page 11

FRBP 1014                                                          Pages 7, 8, 8

Black's Law Dictionary (8th ed. 2004)                    Footnotes 23, 27

As ordered by this court, I submit my opening brief.[1]

## BASIS OF APPELLATE JURISDICTION

This court has jurisdiction as provided by 28 U.S.C. §158(a).  I timely filed my

Notice of Appeal to activate that law.[2]  I then timely filed an amended Notice as

instructed by the court, then a timely *second* amended Notice to include the

bankruptcy court's later "ORDER DENYING AMENDED MOTION TO CONVERT

---

1  *See* this court's docket #20 "ORDER RE: MOTION FOR RELIEF FROM ORDER
   [19]"
2  Docket #116

TAB 30                                              Page 368

- 3 of 11

CASE TO CHAPTER 11" and "ORDER DENYING MOTION TO TRANSFER VENUE."[3]

### ISSUES PRESENTED AND THE APPLICABLE STANDARD OF APPELLATE REVIEW

Among other errors and abuse of discretion, the bankruptcy court:

1.  Erred by denying my motion for Chapter 11 conversion;

2.  Erred by denying my motion to transfer venue; *and*

3.  As appealed, its orders were inequitable.

I believe the "applicable standard of appellate review" is "de novo."[4]  And a bankruptcy court abuses its discretion if it bases a decision on an erroneous view of the law, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.[5]

### STATEMENT OF THE CASE

This case originated with my joint filing with my now ex-wife.  During its course we moved to the greater Houston, Texas, area, making the bankruptcy court an inconvenient forum.[6]  I filed and served a motion to transfer the venue and at the

---

3  Docket ##129, 88

4  *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008) (*de novo* review is independent, **with no deference given to the lower courts' conclusions**); please note my added emphasis to quoted text is in boldface

5  *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009); also *Ellsworth v. Lifescape Med. Assocs. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011)

6  *See* my Motion to transfer, docket #78

TAB 30                                                    Page 369

same time filed and served a motion *and paid the $922 fee* to convert the case to a

Chapter 11,[7] which I believed more suited our circumstances at the time, and

because of the misconduct of the assigned trustee.

Judge Riblet gave these defendants everything they asked for,[8] I appealed

her orders,[9] and here we are.

## ARGUMENTS

All bankruptcy courts are obligated to construe bankruptcy law liberally to

accord debtors the full measure of the relief afforded by Congress.[10]  As this court

can see from the record and what follows here, it has failed to do so.

Regardless of how "inartful" I may be, my papers filed and served under this

case are as important as anything my adversaries have given this court.[11]  Like the

Sacketts I have beenm feeling my way through this case as best as I am able.[12]  I

remind all defendants/appellees and this court whether a person's due process

rights have been violated in a bankruptcy proceeding is a mixed question of law and

fact, which this as an appellate court must review *de novo*.[13]

---

7  Docket #82
8  Docket #45
9  Docket #53
10  *Wright v. Union Central life Insurance Company*, 304 U.S. 502 (1938)
11  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007): "document filed pro se is 'to be
    liberally construed'. . .however inartfully pleaded"
12  *Sackett v. Environmental Protection Agency*, 132 S.Ct. 1367 (2012)
13  *Wilborn v. Gallagher (In re Wilborn)*, 205 B.R. 202, 206 (9th Cir. BAP 1996)
    (whether a person's due process rights have been violated in a bankruptcy
    proceeding is a mixed question of law and fact, which this as an appellate court

TAB 30                                            Page 370

- 5 of 11

### "1. The bankruptcy court erred by denying my motion for Chapter 11 conversion"

The bankruptcy court said in its "ORDER DENYING DEBTOR LOREN

MILLER'S AMENDED MOTION TO CONVERT CASE UNDER 11 U.S.C. §

706(a)":[14]

> "The court having read and considered debtor Loren Miller's "Amended
> Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)" (the "Amended
> Motion," Dkt. No. 102), the Opposition to the Amended Motion filed by
> Jeremy W. faith, Chapter 7 Trustee (Dkt. No. 106), the Preliminary
> Opposition to Debtor's Amended Motion to Convert Case (Dkt. No. 98) filed
> by creditor Andrew D. Geller, the evidentiary record in this case, **Debtor's
> failure to comply with Local Bankruptcy Rule 9013-1(o)(4) and obtain
> a hearing date within 14 days of service of the Trustee and Geller
> Oppositions**, and for good cause appearing,

> "IT IS HEREBY ORDERED that the Debtor's Motion Amended Motion
> is denied."

I moved the court to convert this case from Chapter 7 to Chapter 11 in

accordance with the Bankruptcy Code's §706(a).[15]  That law says:

> "The debtor may convert a case under this chapter to a case under chapter
> 11, 12, or 13 of this title **at any time**, if the case has not been converted
> under section 1112, 1208, or 1307 of this title.  **Any waiver of the right to
> convert a case under this subsection is unenforceable.**"[16]

---

must review *de novo*)

14  Docket #110, footnote omitted; the court later fleshed out the denial in docket
    #131. Please note my added emphasis to quoted text is in boldface

15  The "or 1112(a)" was on the form, I did not choose that law

16  *See also In re BankVest Capital Corp.*, 360 F.3d 291, 297 (1st Cir.), *cert. denied*,
    124 S.Ct. 2874 (2004) (the court must first inquire whether the plain language of

TAB 30                                    Page 371

- 6 of 11

Federal Rules of Bankruptcy Procedure (FRBP) 1017(f)(2) provides

"Conversion or dismissal under §§ 706(a) . . . shall be on motion filed and served as

required by Rule 9013."  FRBP 9013 requires only this conversion "be by written

motion . . . shall state with particularity the grounds therefor, and shall set forth

the relief or order sought . . .shall be served by the moving party on the trustee . . .

and on those entities specified by these rules. . ."  The court's mandatory form did

not provide for any way to "state with particularity the grounds therefor."  I believe

I provided the grounds in the declaration attached to my amended motion to

convert.[17]  Of particular interest is the fact I paid for my first motion for conversion

with my personal check instead of certified funds.  The court failed to refund the

nearly thousand dollars of my hard-earned personal funds when it so casually

denied my motion for conversion, I find it hard to give this court the benefit of the

doubt it is interested in either impartiality or justice.  "There is no more cruel

tyranny than that which is exercised under cover of law, and with the colors of

justice."[18]

Here I zero in on the denial order's reason being my "failure to comply with

Local Bankruptcy Rule 9013-1(o)(4) and obtain a hearing date within 14 days of

---

    subsection 706(a) resolves the interpretive issue, and, if so, its manifest meaning
    must control)

17 Docket #110

18 *United States v. Jannotti*, 673 F.2d 578 (3rd Cir. 1982), quoting baron de
    Montesquieu "The Spirit of the Laws" (1748)

- 7 of 11

service of the Trustee and Geller Oppositions."

The court's order, and apparently its Local Rule, are in defiance of 28 U.S.C. §2075, which limits the rulemaking power under § 2075 in the same way as the rulemaking power under the Rules Enabling Act, § 2072(b). Both sections provide, "Such rules shall not abridge, enlarge, or modify any substantive right." As my motion for transfer shows, what kind of logic is it I would ask for a hearing, implying I would be there, when my substantive right invoked is *not* being required to personally attend the court's hearings when travel is such a hardship?

This is explained in my next point.

<u>"2.  The bankruptcy court erred by denying my motion to transfer venue"</u>

I moved the court to transfer venue to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  The motion was based on the case record at that time, 28 U.S.C. §1412 and FRBP 1014.

28 U.S.C. §1412 provides:

> "A district court may transfer a case or proceeding under title 11 to a district court for another district, **in the interest of justice or for the convenience of the parties**."

The Ninth Circuit has pre-determined this point:

> **"the ultimate § 1412 analysis, which entails a balancing of due process concerns of assuring appropriate access to the court for all parties** in interest against the economic and efficient administration of the case. While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in

TAB 30                                                Page 373

- 8 of 11

interest, **the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court.**"[19]

Rule 1014(a) also gives the court authority to "transfer the case to any other district **if the court determines that the transfer is in the interest of justice or for the convenience of the parties.**"[20]

As a joint-debtor I had previously informed the court and the other parties we have been forced by necessity to move to Seabrook, Texas, a distance of nearly 1,600 miles from the court, and that it is a substantial hardship on us to be required to personally attend *any* proceeding, including the creditors' meetings and hearings, in Los Angeles.[21]

According to these authorities, the only qualification for the transfer is the court's determination according to Rule 1014, or *this* court's ruling this transfer is justified "in the interest of justice **or** for the convenience of the parties."

I am still not aware of any other party in interest with either domicile or principal place of business within this court's district. There is sure to be a U.S. Trustee in the United States Bankruptcy Court for the Southern District of Texas. All other parties are participating by attorney, not in person. I'm certain the

---

19 *In re Donald*, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005)

20 The bankruptcy court "in the interests of justice" may even *sua sponte* transfer an action related to a bankruptcy proceeding. *See again In re Donald*, 328 B.R. page 198

21 *See* docket #41, our notice we had changed our domicile

TAB 30                                     Page 374

Houston area attorneys are as eager for their business as Los Angeles area attorneys.

Because I sought transfer *only* to another bankruptcy court, there could not be any law favoring any party over any other in the Texas court.[22]

Another consideration for transferring venue "for the convenience of the parties" is the common-law doctrine of *forum non conveniens*.[23] The Ninth Circuit has said in considering a motion to transfer for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, **case-by-case consideration of convenience and fairness**."[24] The U.S. Supreme Court described "the interests which bear on *forum non conveniens* decision" as "**most notably the convenience to the parties** and the practical difficulties that can attend the adjudication of a dispute in a certain locality."[25]

"The essence of due process is the opportunity to be heard at a meaningful

---

22 *See* our federal Constitution, Article I, § 8, clause 4, which provides that Congress shall have power "To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."

23 "[Latin "an unsuitable court"] *Civil procedure.* The doctrine that an appropriate forum — even though competent under the law — may divest itself of jurisdiction **if, for the convenience of the litigants and the witnesses, it appears that the action should proceed in another forum** in which the action might also have been properly brought in the first place." - Black's Law Dictionary 680 (8th ed. 2004)

24 *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)

25 *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)

TAB 30                                                                    Page 375

time and in a meaningful manner."[26]  The bankruptcy court should have made the finding our domicile is in Texas and this court is an inconvenient forum for the purposes of transfer, then ordered this case be transferred to the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

<u>"3.  The bankruptcy court's final Order as appealed was inequitable"</u>

Clearly the bankruptcy court has acted inequitably and prejudicially against me.[27]  This is something forbidden by the very fundamentals of why bankruptcy courts exist.[28]  The substantive law favors me in this, not the bankruptcy court nor the Trustee.  As the Ninth Circuit has said: "The old equity notions – equity loves equality, equity loves equality, equity considers done what ought to be done – still have vitality."[29]

I submit this court should have transferred venue in late 2013 first "for the convenience of the parties," with "in the interest of justice" as the alternative basis for ordering the transfer.[30]

CONCLUSION

_____

26 *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)
27 **"inequity** . . . *n.* **1.** Unfairness; a lack of equity. **2.** An instance of injustice." - same Black's at 791;; *see also* **"prejudice** . . .A preconceived judgment formed without a factual basis; a strong bias." - same Black's at 1218
28 *Bank of Marin v. England*, 385 U.S. 99, 103 (1966): "equitable principles govern the exercise of bankruptcy jurisdiction"
29 *In re Tucson Yellow Cab Co.*, 789 F.2d 701, 704 (9ᵗʰ Cir. 1986)
30 Another authority for doing so is found in Rule 1001:  "These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

TAB 30                                    Page 376

- 11 of 11

Since FRBP 8010(a)(1)(F) mandates this conclusion be "short. . .stating the precise relief sought," I seek this court's order or other affirmation nullifying the bankruptcy court's orders denying conversion and transfer, and to provide an appropriate order to preserve the case's status quo – rewind the state of the case to December 2013 before the court ruled on my motions to convert and for transfer of venue.

I expressly reserve the right to amend or supplement this Brief if I believe it is needed.  I also reserve my right to to have the court liberally construe this paper equitably and in compliance with applicable law, beginning with FRBP 1001.

CERTIFICATE OF SERVICE:  I certify that on this date a true copy of this brief was mailed to Appellees' attorneys and the Trustee.

*Submitted with all rights reserved on June 13, 2015*

Loren Miller, Debtor-Appellant *pro se*

TAB 30                                    Page 377

TAB 31

Loren Miller, Debtor-Appellant *pro se*
600 E. Medical Center Blvd. #1509
Webster, TX 77598
281-467-8226

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 1 6 2015

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

| | |
|---|---|
| In re LOREN MILLER,<br><br>                              Debtor. | Case No.: 9:13-bk-10313-RR<br><br>**Case 2:14-cv-01681-DOC**<br><br>Chapter 7 (conversion to Chapter 11 denied)<br><br>DEBTOR-APPELLANT'S MOTION TO WITHDRAW REFERENCE FOR CAUSE – 28 U.S.C.A. § 157(d)<br><br>*No Oral Argument Requested* |

    I move this court to withdraw the reference of all matters in the bankruptcy court's adversary proceeding case #9:13-ap-01133-PC.  I base my motion on that case record and:

<u>Authority for this Order</u>

    The court's authority to issue this Order is provided by 28 U.S.C.A. § 157(c).  This court has original, but not exclusive, jurisdiction over bankruptcy cases.[1]  Although such cases are automatically referred to the bankruptcy court,[2] "for cause shown," this court may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court.[3]

---

1  28 U.S.C. § 1334
2  28 U.S.C. § 157(a)
3  28 U.S.C. § 157(d)

Page 1 -  MOTION TO WITHDRAW REFERENCE FOR CAUSE

TAB 31                                    Page 378

<u>"Cause shown"</u>

The case I seek to remove is a core adversary proceeding which the assigned

trustee commenced "FOR DENIAL OF DISCHARGE [11 U.S.C. § 727]."[4]  In the nearly

two years since commencing that case in August 2013 it's become obvious to me 1) the

bankruptcy court cannot be trusted with administering that case equitably, and 2) the

trustee is actively gutting the estate to enrich his own law firm.[5]  Most of this is detailed

in my recent Opposition and Objection.[6]

Additionally, 11 U.S.C. § 704(a) provides in its relevant parts "**(a) The trustee**

**shall**. . . .(2) **be accountable for all property received**. . . .(6) **if advisable, oppose**

**the discharge of the debtor**. . . ."

Recently I have been able to have more access to the court's dockets through a

PACER account.  I was shocked to discover the trustee's law firm gave notice of a fee

increase which I have never received.[7]  I also see in reviewing this AP docket scheduled

hearings were unilaterally "continued" by this trustee at least nine times, *without* prior

notice, *without* any motion to the court, *without* a usual docket number, and it seems

*without* participation by the assigned judge at all.  The obvious conclusion then being the

trustee is in charge of this case, *not* the assigned judge.  This is significant because

---

4  AP case docket #1
5  *See generally Mayer, Glassman & Gaines v. Washam (In re Hanson)*, 172 B.R. 67, 74
   (9th Cir. BAP 1997) (the bankruptcy court has an independent duty to scrutinize
   professional fee requests)
6  AP docket ##63, 66
7  Bankruptcy case docket #198

Page 2 -  MOTION TO WITHDRAW REFERENCE FOR CAUSE

TAB 31                                    Page 379

attending events scheduled by the court means I would have to take the time off work, travel the 1,600+ miles to the court, book a room, etc., all of which is a hardship for me.[8]

### RELIEF REQUESTED

This court's order to withdraw the reference of all matters in the bankruptcy court's adversary proceeding case #9:13-ap-01133-PC, for cause shown.

I do not make this Motion for any improper purpose whatsoever.  I reserve my right to have the court construe this motion according to 7008(a) and FRBP 1001.

I expressly reserve the right to amend or supplement this Motion if I believe it is necessary.

*Submitted with all rights reserved on June 9, 2015*

Loren Miller, Debtor-Appellant *pro se*

---

8  See generally my Motion to Transfer Venue AP docket #16

Page 3 -  MOTION TO WITHDRAW REFERENCE FOR CAUSE

TAB 31                      Page 380

<u>Certificate of Service</u>

I certify on this date I did serve these parties by regular mail:

Jeremy Faith, Trustee, represented by:

    Meghann A Triplett
    Margulies Faith LLP
    16030 Ventura Blvd Ste 470
    Encino, CA 91436

Sarah Miller, Joint Debtor, represented by:

    Reed H Olmstead
    Hurlbett & Olmstead
    3324 State St Ste O
    Santa Barbara, CA 93105

"Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987," represented by:

    Howard Camhi
    Ervin Cohen & Jessup LLP
    9401 Wilshire Blvd 9th Floor
    Beverly Hills, CA 90212

*Submitted with all rights reserved on June 9, 2015*

Loren Miller, Debtor-Appellant *pro se*

Page 4 -  MOTION TO WITHDRAW REFERENCE FOR CAUSE

TAB 31                              Page 381

TAB 32

# United States District Court
# Central District of California
# Western Division

---

Case No. CV 14-1681-DOC
C.D. Cal. Bankr. Case No. 9:13-bk-10313- PC

---

In re: Loren Miller and Sarah Miller

Debtors.

---

Loren Miller,

Appellant,

*-against-*

Jeremy W. Faith, Chapter 7 Trustee,

Appellees.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

---

## Opening Brief of Appellee
## Jeremy W. Faith, Chapter 7 Trustee

---

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

---

TAB 32                                    Page 382

# TABLE OF CONTENTS

**PAGE**

I.  SUMMARY OF ARGUMENT ............................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND .......................................1

III. AGRUMENT ...............................................................................7

    A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to

       Convert..................................................................................7

    B. The Motion to Transfer Order Should be Affirmed .........................9

      i.   Venue is Proper in the United States Bankruptcy Court, Central District

          of California, Northern Division ............................................10

      ii.  Conversion of this Case or Change of Venue at this Stage of the

          Bankruptcy Would be Inequitable to All Parties Involved ....................11

IV. CONCLUSION .................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*In re Frame,*
   120 B.R. 718, 722-723 (S. D. Bankr. Ct. 1990) ...................................................7

*Marrama v. Citizens Bank of Mass,*
   549 U.S. 365 (2007)...............................................................................................7

**STATUTES**                                                                 **PAGE**

11 U.S.C. § 706(a) ......................................................................................................7

28 U.S.C. § 1408(1) ..................................................................................................10

Central District of California, Local Bankruptcy Rule 1071-1(a)(1) .....................10

Central District of California, Local Bankruptcy Rule 9013-1(o)............................2

Central District of California, Local Bankruptcy Rule 9013-1(o)(4)......................3

## I.     SUMMARY OF ARGUMENT

Debtor Loren Miller's ("Debtor") opening appellate brief ("Opening Brief") does not cite any evidence or legal basis supporting a reversal of the Motion to Transfer Order or the Amended Motion to Convert Order (defined, *infra*).  Instead, Debtor's Opening Brief focuses on laws that are outdated or inapplicable to the facts at hand, and more importantly, ignores the reasoning provided by the Court in denying the Motion to Transfer Order and the Amended Motion to Convert Order. Debtor argues that his move to the Southern District of Texas automatically qualifies him and requires the Court to move this Case to a location most convenient for the Debtor. However, this is not correct and the Debtor has misinterpreted the applicable laws, and furthermore the Debtor's actions demonstrate that this appeal is simply another delay tactic.  Additionally, Debtor's form motion to convert was filed in bad faith. As evidenced below, the Debtor's conduct in this case makes him ineligible to serve as a debtor-in-possession, and there is no basis for conversion to a chapter 11. Finally, all of Debtor's arguments and legal arguments are inapplicable in the current context.  Therefore, Debtor has not asserted any appropriate grounds to appeal any of the underlying orders and the appeal should be denied.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Loren and Sarah Miller (together the "Debtors") commenced this bankruptcy

1

TAB 32                                    Page 385

case by the filing of a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on February 7, 2013 (the "Petition Date"), fashioned as Case No. 9:13-bk-10313-PC (the "Case") in the Central District of California, Northern Division. Appellee Jeremy W. Faith is the duly-appointed, qualified, and acting Chapter 7 Trustee in this Bankruptcy Case ("Trustee").

On November 26, 2013, more than ten months after the Petition Date and following the Trustee's significant work to recover assets on behalf of the Estate, including the recovery of over $200,000 for the benefit of creditors, the Debtor filed a motion to change venue/intra-district venue (the "Motion to Transfer"), seeking to change venue because Debtor had recently moved from California to Texas (Appellant's Excerpts of Record ("ER"), Tab 1) and an unsupported, one page form Motion to Convert Case from a Chapter 7 to Chapter 11 (the "Motion to Convert") (ER, Tab 2).[1]  Both motions were filed on negative notice without a hearing pursuant to Local Bankruptcy Rule ("LBR") 9013-1(o). On December 10, 2013, the Trustee timely filed an opposition to both the Motion to Transfer (ER, Tab 3) and the Motion to Convert (ER, Tab 4). Creditor Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated

---

[1] The Trustee is informed that following the Petition Date, the Debtors initiated divorce proceedings. Joint-Debtor Sarah Miller was not a party to either the Motion to Convert or the Motion to Transfer, and did not join or consent to either motion.

September 2, 1987 (together the "Gellers") filed an opposition to the Motion to Convert and the Motion to Transfer on December 9, 2013 (ER, Tab 5 and 6). Pursuant to LBR 9013-1(o)(4), the Debtor was required to set the Motion to Convert and the Motion to Transfer for hearing within fourteen (14) days and failure to do so may be deemed independent grounds for denial (ER, Tab 7). On December 12, 2013, the Honorable Robin Riblet (Ret.) ("Judge Riblet") entered an order denying the Motion to Transfer (the "Motion to Transfer Order") (ER, Tab 8) and an order denying the Motion to Convert (ER, Tab 9). The Motion to Convert was denied based on the Debtor's failure to pay the required conversion filing fee. The Motion to Transfer was denied because the Court found that the Case was appropriately filed in the Central District of California and venue was appropriate in the Northern Division of the U.S. Bankruptcy Court for the Central District of California.

On January 14, 2014, over one month after the December 12, 2013 order denying the Motion to Transfer, the Debtor filed a Notice and Motion to Extend Time to File an Appeal of the Motion to Transfer ("Motion to Extend Time") (ER, Tab 10).  On January 28, 2014, the Trustee filed an opposition to Debtor's Motion to Extend Time (ER, Tab 11).

On January 15, 2014, the Debtor filed an amended motion to convert under 11 U.S.C. §§ 706(a) or 1112(a) (the "Amended Motion to Convert") (ER, Tab 12).

On January 29, 2014, the Trustee filed an opposition to the Amended Motion to Convert (ER, Tab 13).  The Geller's filed an opposition to the Amended Motion to Covert as well (ER, Tab 14).  The Debtor again failed to set the Amended Motion to Convert for hearing, after the Trustee filed his opposition, as required by Local Bankruptcy Rule 9013-1(o)(4).

On March 5, 2014, the Debtor filed a notice of the Appeal of the Motion to Extend Time and the Amended Motion to Convert (ER, Tab 15) although no final order on either motion had been entered. Debtor elected to have the Appeal heard by the United States District Court, Central District of California, Western Division (the "District Court"). While Debtor asserted that orders on the Amended Motion to Convert and the Motion to Extend Time were entered on February 18, 2015, an order on either motion had not been entered. The Appeal was in response to the Trustee's Notice of Lodgment of proposed orders for the Amended Motion to Convert and the Motion to Extend Time (ER, Tab 16 and 17) based on the Debtor's failure to comply with the LBR's and not an order of the Court.

On March 7, 2014, the District Court issued an Appeal Deficiency Notice, indicating that the Appeal is deficient, for the following reasons: (1) Appeal does not state the title of the order; (2) Appeal does not state entry date of order; (3) Appeal does not include entered stamped copy of Order; and (4) Appeal does not state opposing parties name, address, or telephone number (the "Appeal Deficiency

Notice") (ER, Tab 18). In addition, the District Court issued a Memorandum re: Lack of Jurisdiction because the orders being appealed was never entered on the Bankruptcy Court docket.

On March 21, 2014, the Debtor filed an Amended Notice of Appeal addressing the Appeal Deficiency Notice (ER, Tab 19). Debtor reasserts that he is appealing the Amended Motion to Convert and the Motion to Extend Time, although orders on such motions had not been entered.

On March 26, 2014, Judge Riblet entered an order denying the Amended Motion to Convert (the "Amended Motion to Convert Order") (ER, Tab 20) and granting the Motion to Extend Time (the "Motion to Extend Time Order") (ER, Tab 21).

On April 10, 2014, the Debtor filed a Second Amended Notice of Appeal (the "Second Notice of Appeal"), clarifying that the Debtor is appealing the Amended Motion to Convert Order and asserting, that Debtor is appealing the Motion to Transfer Order (ER, Tab 22).  The Second Notice of Appeal does not address the Motion to Extend Time.

On May 9, 2014, by administrative order 14-05, the Case was assigned from Judge Riblet to the Honorable Peter Carroll.

On January 22, 2015, the Debtor filed a second Motion to Transfer Venue to the Southern District of Texas, Houston in the District Court (ER, Tab 23). On

January 28, 2015, the District Court issued an order to show cause why this case should not be dismissed for lack of prosecution (the "OSC") (ER, Tab 24). The Debtor filed a response to the OSC, asserting that cause has been shown (ER, Tab 25).

On March 18, 2015, the Bankruptcy Court issued a certificate of readiness and completion of record, and instructed Debtor to file an opening brief by April 1, 2015. Debtor failed to do so, and on April 9, 2015, the District Court entered an order dismissing the Appeal for failure to prosecute (the "Dismissal Order") (ER, Tab 26).

On April 24, 2015, the Debtor filed a Motion to Extend Time to File Brief, which the District Court granted by order entered on May 6, 2015 (ER, Tab 27). Debtor was instructed to file an opening brief by May 26, 2015.  On May 13, 2015, the Debtor filed a Motion for Relief pursuant to Rule 60(b) from the Dismissal Order (the "Motion for Relief") (ER, Tab 28). The District Court granted the Motion for Relief, and allowed the Debtor one final extension for filing his opening brief to June 16, 2015.

Debtor filed his Opening Brief in the Appeal without any accompanying Excerpts of Record or declaration on June 16, 2015.  Debtor's failure in his Opening Brief to provide any evidence or credible argument in support of this Appeal, supports the complete denial of the Appeal.

## III.   ARGUMENT

### A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to Convert Order

Debtor argues that the Court improperly denied his Amended Motion to Convert because it misconstrued the laws governing motions to convert. (Opening Brief, page 5 at ¶5). Debtor's position is that there is an unequivocal right to convert a case from a Chapter 7 to a Chapter 11. (*Id.*).  However, the right to convert to Chapter 11 is not absolute and any party in interest may object to such conversion as evidenced by the laws governing conversion, which state: A debtor "may convert a case under this chapter to a case under chapter 11 . . . at any time, if the case has not been converted." 11 U.S.C. § 706(a) *(emphasis added).* Furthermore, the Court may curtail the conversion of a case from a chapter 7 to a chapter 11, if there is fraudulent or 'bad faith' actions by a Debtor, and to prevent an abuse of power. *Marrama v. Citizens Bank of Mass,* 549 U.S. 365 (2007).

Here, the Debtor's actions since the inception of this case have been to delay and interfere with the bankruptcy process. Debtor has not demonstrated that he can act as a debtor-in-possession, and further that he can be entrusted with preserving assets of the estate. The Trustee has had to engage in extensive work to recover assets on behalf of the estate, both before and after the Amended Motion to Convert Order. To date, the Trustee has recovered approximately $229,000 in cash,

most of which the Debtor failed to disclose on his schedules. Additionally, the above figure does not consider the more than $100,000 Debtor has failed to turn over, pursuant to the First and Second Turnover Orders (defined, *infra*).  Further, the Trustee's investigation has revealed significant undisclosed personal property assets including but not limited to gold coins, Debtors' 2014 federal and state income tax refunds received post-petition, undisclosed cash and an interest in at least four corporations, which had activity both pre- and post-petition.

In addition, the Court entered two turnover orders. The first turnover order, entered on June 18, 2013 required the Debtor to turn over to the Trustee $182,000 of cash on hand, and appear at the 341(a) meeting of creditors (the "First Turnover Order") (ER, Tab 29). The Debtors only partially complied with the First Turnover Order by turning over $101,731.00 and claiming that the remaining $68,000 was spent despite knowledge of the Trustee's collection efforts and turnover demands. On March 19, 2014, the Court entered a second motion for turnover against Debtor for (i) $6,716 received post-petition from the 2012 state tax refund and (ii) the undisclosed gold and silver coin purchases, or their cash value of $27,173.38 (the "Second Turnover Motion") (ER, Tab 30) . However, to date, and despite multiple demands from the Trustee and his counsel, Debtor has failed to fully comply with the First Turnover Order or respond to the Second Turnover Order.  Further, there is only one unsecured creditor in this case who vehemently opposes conversion

(*See* Geller Opposition, ER, Tab 14).

Finally, Debtor incorrectly asserts that the Court denied the Amended Motion to Convert for failure to set the matter for hearing within 14 days of service of the opposition, pursuant to Local Bankruptcy Rule 9013-1(o)(4). However, this is incorrect and the Court's order denying the Amended Motion to Convert does not address or reference such an issue. Rather, Judge Riblet provides a detailed analysis with respect to the history of this case and the Debtor's behavior in absconding Estate assets. Specifically, the Court found that the "Debtors have failed to file complete and accurate bankruptcy schedules[,] . . . have failed to provide the Trustee with certain requested documents" (ER, Tab 20, p. 4:12-13) and the Trustee "has continuously made efforts to uncover assets (disclosed and undisclosed) for the benefit of the estate in the face of the debtors' consistent failure and/or refusal to cooperate" (ER, Tab 20, p. 3:26-28). Further, the Debtor's bad acts have only continued since entry of the Amended Motion to Convert Order. Given the Debtor's actions over the course of this case, this Appeal is simply another tactic to delay this Case and the Court's Amended Motion to Convert order should be affirmed.

## B. <u>The Motion to Transfer Order Should be Affirmed</u>

Debtor's Opening Brief provides no grounds in support of his request to transfer venue, beyond Debtor's assertion that his personal circumstances have

changed and he has moved to the Southern District of Texas, Houston Division. The circumstances of this case and the applicable law do not support a transfer of this Case.

### i.     Venue is Proper in the United States Bankruptcy Court, Central District of California, Northern Division

Venue for cases filed in the Bankruptcy Court is governed by 28 U.S.C. §1408(1), which provides:

> [T]he domicile, residence, . . . or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eight days immediately proceeding such commencement, or for a longer portion of such one-hundred-and-eighty-day period . . .

For individuals, "domicile" is generally defined as "residence" in fact along with the intent to remain there or to return when absent." A person can have only one domicile at a time  … so that, once established, domicile remains until a new one is acquired. *In re Frame*, 120 B.R. 718, 722-723 (S. D. Bankr. Ct. 1990). Additionally, for bankruptcy venue purposes, "residence" means "a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *Id*. at 723.

Further, Local Bankruptcy Rule 1071-1(a)(1) provides that the applicable division for filing a bankruptcy case is determined by "the location of the debtor's residence at the time the petition was filed."

Here, at the time of the Case filing, the Debtor, along with his former wife, were residents of Pismo Beach, California, an address that falls within the jurisdiction of the United States Bankruptcy Court, Central District of California, Northern Division. Further, the only creditor in this Case is located in California, making any conversion inequitable.

### ii.     Conversion of this Case or Change of Venue at this Stage of the Bankruptcy Would be Inequitable to All Parties Involved

Debtor is incorrect in assuming the convenience of the parties is the only relevant analysis in determining proper venue. The Court must examine the totality of the circumstances, including the interest of justice. Here, as evidenced above, the Debtor has engaged in a pattern of behavior that does not warrant a transfer of venue. Debtor is merely trying to forum shop, by filing the Motion to Transfer Venue. Throughout the entire bankruptcy process, the Debtor has been defiant and refuses to comply with Court orders and duties under the Bankruptcy Code, or any requests by the Trustee, and has in turn caused the Trustee to expend significant funds in order to trace and recover Debtor's undisclosed assets for the benefit of creditors.

Moreover, conversion of this case or transfer of venue would cause significant inequitable results. As a preliminary matter, this Case has been pending for over two (2) years. With the exception of executing the Second Turnover

Order, the Trustee is ready to finalize administration of this Case. Furthermore, the Trustee has obtained an order denying the Debtor's discharge (ER, Tab 31).  To unwind the clock, and more than two years of work by the Trustee and his counsel in this Case, would cause significant delays to the administration of this Estate and additional unnecessary expense for the Estate at the expense of the creditors. Finally, the only unsecured creditor in this action, is domiciled in the Central District of California, and strongly opposes a change of venue or conversion to chapter 11.

As such, Debtor's arguments as to the Motion to Transfer Venue are meritless and do not warrant a change of venue at this late stage.

## IV.   <u>CONCLUSION</u>

There is little question that the Court should deny the entirety of Debtor's Appeal, as Debtor fails to present any factual or legal grounds to appeal the Amended Motion to Convert Order or the Motion to Change Venue Order. Instead, without any accountability for his own conduct in this Case, the Debtor has used the Opening Brief to rant about his perceived inequities of the legal system, and the wrongdoings of the Court and the Trustee, all of which are unsupported by any evidence.  Finally, addressing the issues that are actually on Appeal, and a review of the laws governing the Motion to Transfer Venue and the Amended Motion to Convert, the Appeal should be denied in its entirety.

CERTIFICATE OF SERVICE

CASE NO. CV 14-1681-DOC

DEBTOR: LOREN MILLER AND SARAH MILLER

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on June 29, 2015.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Craig G. Margulies, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
600 E. Medical Center Blvd., #1509
Webster, TX 77598
**Appellant/Debtor**

Howard I. Camhi, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
**Attorneys for Interested Party, Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987**

Helen Cardoza

TAB 32                                    Page 397

### CERTIFICATE OF COMPLIANCE, STATEMENT OF RELATED CASES

### AND PARTIES IN INTEREST

### CASE NO. CV 14-1681-DOC

### DEBTOR: LOREN MILLER AND SARAH MILLER

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, that the attached Opening Brief is proportionally spaced, has a type face of 14 points or more and, pursuant to the word-count feature of the word processing program used to prepare this brief, contains 2,918 words, exclusive of the matters that may be omitted under Rule 32(a)(7)(B)(iii).

Furthermore, the undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable Judge to evaluate possible disqualification or recusal.

| Parties | Interest |
|---|---|
| Loren Miller | Debtor/Appellant |
| Jeremy W. Faith | Chapter 7 Trustee/Appellee |
| Andrew W. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987 | Interested Party |

TAB 32                                                                 Page 398

Furthermore, the undersigned certifies that the following are known related

cases and appeals:

| BAP Appeal No. Unknown (Notice of Appeal filed 6/26/2015) | Loren Miller vs. Jeremy W. Faith, Chapter 7 Trustee |
|---|---|
| Bankruptcy Case No. 9:13-bk-10313-PC | Debtors: Loren Miller and Sarah Miller |
| Adversary Case No. 9:13-ap-01133-PC | Jeremy W. Faith, Chapter 7 Trustee vs. Loren Miller and Sarah Miller |

DATED:  June 29, 2015                MARGULIES FAITH, LLP

                                          /s/ Meghann Triplett
                                      Meghann Triplett, Esq.
                               Attorneys for Jeremy W. Faith,
                                        Chapter 7 Trustee

TAB 32                                    Page 399

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

Case No. CV 14-1681-DOC
C.D. Cal. Bankr. Case No. 9:13-bk-10313-PC

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

## ADDENDUM TO OPENING BRIEF OF APPELLEE
## JEREMY W. FAITH, CHAPTER 7 TRUSTEE

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

TAB 32                                                    Page 400

# TABLE OF CONTENTS

PAGE

**Relevant Bankruptcy Code Sections** ...................................................................1

    11 U.S.C. § 706(a) ..............................................................................1

    28 U.S.C. § 1408(1) ...........................................................................1

**Relevant Central District Of California Local Bankruptcy Rules**.......................1

    Local Bankruptcy Rule 1071-1(a)(1)..............................................1

    Local Bankruptcy Rule 9013-1(o) ..................................................2

    Local Bankruptcy Rule 9013-1(o)(4) .............................................2

# RELEVANT BANKRUPTCY CODE SECTIONS

## 11 U.S.C. § 706. Conversion

    (a)    The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable

11 U.S.C. § 706(a).

## 28 U.S.C. §1408. Venue of Cases Under Title 11

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district –

    (1)    in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district

28 U.S.C. § 1408(1).

## RELEVANT CENTRAL DISTRICT OF CALIFORNIA LOCAL BANKRUPTCY RULES

## Rule 1071-1. Divisions – Place of Filing

    (a)    Filing of Petition. Unless otherwise ordered by the court, a petition commencing a case under the Bankruptcy Code must be filed with the Clerk of the United States Bankruptcy Court for the Central District of California in the "applicable division."

(1)     The "applicable division" is determined by the location of the debtor's residence, principal offices, officers, and books and records, or where the majority of the debtor's assets are located based on a book value determination as set forth on the debtor's most current balance sheet.

Central District of California Local Bankruptcy Rule 1071-1(a)(1)


## Rule 9013-1. Motion Practice and Contested Matters

(o)     <u>Motions and Matters Determined After Notice of Opportunity to Request Hearing</u>

(1) <u>Matters That May Be Determined Upon Notice of Opportunity to Request Hearing.</u> Except as to matters specifically noted in subsection (o)(2) below, and as otherwise ordered by the court, any matter that may be set for hearing in accordance with LBR 9013-1(d) may be determined upon notice of opportunity to request a hearing.

(A) <u>Notice.</u> When the notice of opportunity for hearing procedure is used, the notice must:

(i)     Succinctly and sufficiently describe the nature of the relief sought and set forth the essential facts necessary for a party in interest to determine whether to file a response and request a hearing;

(ii)    State that LBR 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 14 days after the date of service of the notice; and

(iii)   Be filed with the court and served by the moving party on all creditors and other parties in interest who are entitled to notice of the particular matter.

(B) <u>Motion.</u> The motion and supporting documents must be filed with the notice, but must be served only on the United States trustee and those parties who are directly affected by the requested relief.

(2) <u>Matters that May Not be Determined Upon Notice of Opportunity to Request Hearing</u>. Unless otherwise ordered by the court, the following matters may <u>not</u> be determined by the procedure set forth in subsection (o)(1) above:

(A) Objections to claims;

(B) Motions regarding the stay of 11 U.S.C. § 362;

(C) Motions for summary judgment and partial summary adjudication;

(D) Motions for approval of cash collateral stipulations;

(E) Motions for approval of postpetition financing;

(F) Motions for continuance;

(G) Adequacy of chapter 11 disclosure statements; 117 1/15 LBR 9013-1

(H) Confirmation of plans in chapter 9, chapter 11, chapter 12, and chapter 13 cases;

(I) Motions for orders establishing procedures for the sale of the estate's assets under LBR 6004-1(b);

(J) Motions for recognition of a foreign proceeding as either a main or a nonmain proceeding;

(K) Motions for the adoption of a chapter 15 administrative order;

(L) Motions for the adoption of a cross-border protocol;

(M) Motions to value collateral and avoid liens under 11 U.S.C. § 506 in chapter 11, 12, and 13 cases; and

(N) Motions for issuance of a TRO or preliminary injunction.

3

TAB 32                                            Page 404

(3) No Response and Request for Hearing. If the response period expires without the filing and service of any response and request for hearing, the moving party must do all of the following:

    (A) <u>File Declaration of Service and Non-response</u>. Promptly file a declaration attesting that no timely response and request for hearing was served upon the moving party. A copy of the motion, notice, and proof of service of the notice and motion must be attached as exhibits to the declaration. No service is required prior to filing the declaration.

    (B) <u>Lodge Proposed Order</u>. Lodge a proposed order in accordance with LBR 9021-1 and the Court Manual, except that the proposed order need not be served prior to lodging, except as otherwise required in these rules.

    (C) Deliver Copies to Court. Promptly deliver a judge's copy of the declaration as required by LBR 5005-2(d).

(4) <u>Response and Request for Hearing Filed</u>. If a timely response and request for hearing is filed and served, within 14 days from the date of service of the response and request for hearing the moving party must schedule and give not less than 14 days notice of a hearing to those responding and to the United States trustee. If movant fails to obtain a hearing date, the court may deny the motion without prejudice, without further notice or hearing.

Central District of California Local Bankruptcy Rule 9013-1(o).
Central District of California Local Bankruptcy Rule 9013-1(o)(4).

TAB 33

Case #: **2:14-cv-01681-DOC**

UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(Western Division - Los Angeles)

IN RE LOREN MILLER, Debtor-Appellant

An appeal from the Bankruptcy Court of Nevada

Chapter 7 case No.  9:13-bk-10313

DEBTOR-APPELLANT'S REPLY BRIEF

Appellant:   Loren Miller, Debtor-Appellant *pro se*
             **1302 Marina Bay Drive #309A, Clear Lake Shores, TX 77565**
             281-467-8226

For Appellee, Jeremy W. Faith, *Chapter 7 only* Trustee:

              Craig G Margulies, Margulies Faith LLP
              16030 Ventura Boulevard, Suite 470, Encino, CA 91436
              818-705-2777

              "United States Trustee (ND)"
              915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

For Party in Interest Sarah Miller:

              Hurlbett & Olmstead
              3324 State St Ste O, Santa Barbara, CA 93105
              805-963-9111

For "Party in Interest" Andrew and Eileen Geller, aka "Trustees of the Geller Trust"

              Howard Camhi, Ervin Cohen & Jessup LLP
              9401 Wilshire Blvd 9th Floor, Beverly Hills, CA 90212
              310-281-6375

TAB 33                                    Page 406

## TABLE OF CONTENTS

*Reply to* "I. SUMMARY OF ARGUMENT"                                     Page 2

"does not cite any evidence or legal basis supporting. . ."             Page 3

"ignores the reasoning provided by the Court in denying. . . the Amended Motion to
Convert Order"                                                          Page 3

"ignores the reasoning provided by the Court in denying the Motion to Transfer
Order"                                                                  Page 5

Reply to "A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to
Convert Order"                                                          Page 6

The bankruptcy court's blatant inequity                                 Page 8

Reply to "B. The Motion to Transfer Order Should be Affirmed"           Page 9

Reply to "IV. CONCLUSION"                                               Page 12

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED

*In re Donald,* 328 B.R. 192 (B.A.P. 9th Cir. 2005)                   Page 5

*Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857-58 (2001)            Page 10

*Mathews v. Eldridge,* 424 U.S. 319 (1976)                            Footnote 23

*Terenkian v. the Republic of Iraq,* 686 F.3d 1061 (2012)             Footnote 13

11 U.S.C. §706                                                          Page 4

28 U.S.C. §1412                                                         Page 5

28 U.S.C. §2075                                                         Page 4

FRBP 1001                                                              Page 2

FRBP 1014                                                              Page 5

FRBP 1017                                                              Page 4

FRBP 9013                                                              Page 4

Black's Law Dictionary                                    Page 7, Footnotes 4, 5, 19

TAB 33                                                      Page 407

- 2 of 13

As ordered by this court, I submit my brief in reply to Trustee's *423-page* "OPENING BRIEF OF APPELLEE JEREMY W. FAITH, CHAPTER 7 TRUSTEE.[1] I would call attention to the fact although served, no other creditor/party has participated in this appeal in any way.

Federal Rules of Bankruptcy Procedure (FRBP) 1001 mandates "These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." I file and serve this brief accordingly.

### *Reply to* "I. SUMMARY OF ARGUMENT"

Trustee began his brief with:[2]

> "Debtor Loren Miller's ("Debtor") opening appellate brief ("Opening Brief") **does not cite any evidence or legal basis supporting a reversal of the Motion to Transfer Order or the Amended Motion to Convert Order** (defined, infra). Instead, Debtor's Opening Brief focuses on laws that are outdated or inapplicable to the facts at hand, and more importantly, **ignores the reasoning provided by the Court in denying the Motion to Transfer Order and the Amended Motion to Convert Order.**

> "Debtor argues that his move to the Southern District of Texas **automatically qualifies him and requires the Court to move this Case to a location most convenient for the Debtor. . . . .**"

---

1  *See* this court's docket #30 "ORDER RE: MOTION FOR RELIEF FROM ORDER [29]"

2  My emphasis added in any quoted text is in boldface unless otherwise noted

TAB 33                                          Page 408

- 3 of 13

Breaking down these allegations down for a reasonable analysis:

<u>"does not cite any evidence or legal basis supporting. . ."</u>

Evidently Trustee's arrogance goes so far as to ignoring what my opening brief plainly provided in its "TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED" and no less than nine footnotes pointing this court to the parts of the record where what I think to be relevant evidence and other proof can be found.[3] Whether Trustee made these false or misleading statements intentionally or with deliberate recklessness I leave to this court's exercise of sound discretion in its review.

<u>"ignores the reasoning provided by the Court in denying. . .</u>

<u>the Amended Motion to Convert Order"</u>

Again Trusteee has proven either he didn't bother to read my Brief, or has deliberately lied to this court.  I did not "ignore the reasoning."[4]  I *refuted* it.[5]  Evidently in preparing his *423-page* Brief Trustee couldn't be bothered to look at a dictionary, either.

Later in his brief Trustee opined *another* reason Judge Riblet denied my motion was "based on the Debtor's failure to pay the required conversion filing fee."[6]

---

3  *See* Footnotes 3, 6-9, 14-15,17, and 21
4  "To refuse to notice, recognize, or consider." - Black's Law Dictionary 76 (8th ed. 2004)
5  "**1.** To prove (a statement) to be false. **2.** To prove (a person) to be wrong." - same Black's, page 1308 (boldface in original)
6  PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 6 of 24*

TAB 33                                                Page 409

- 4 of 13

*Again* Trustee shows he didn't bother to read my Brief.  There I said "Of particular

interest is the fact I paid for my first motion for conversion with my personal check

instead of certified funds."[7]  He neither bothered to mention this, nor comment on

this court's blatant discrimination against self-representing parties like me.[8]  More

on this below under the subheading "The bankruptcy court's blatant inequity."[9]

I directly quoted "the Court's" "reasoning" on my Brief's page "5 of 11."  I

based this point on four authorities – FRBP 1017(f)(2) and 9013, 11 U.S.C. §706(a)

and 28 U.S.C. §2075 – and briefed the court on how I have complied with each to

the best of my understanding and ability, including pertinent caselaw.  That's

hardly ignoring "the reasoning provided by the Court in denying. . .the Amended

Motion to Convert Order."

The only one of these four authorities Trustee bothered to cite and discuss in

his brief was 11 U.S.C. §706(a), and that to support his allegation I have been

acting in bad faith in the same way that *Marrama* case could apply.  This was the

cause of Trustee's adversary proceeding against me, which is currently before the

Bankruptcy Appellate Panel to determine.[10]  My opening brief in that appeal is due

---

*Page ID #:118*

7  My Brief's page "6 of 11"; that I *did* pay the filing fee in a manner acceptable to
   the court clerk is a matter of that court's record, docket #110

8  That blatant discrimination extends to *this* court – *see* docket ##17-20,
   particularly concerning the e-filing and ECF issues

9  Page 8

10 BAP No. CC-15-1208

TAB 33                                                    Page 410

- 5 of 13

September 28th. Is it appropriate for this court to decide this point of law before the

Panel decides it?

<u>"ignores the reasoning provided by the Court in denying</u>

<u>the Motion to Transfer Order"</u>

Again, Trustee twisted both the case record and my Brief when he said:

"Debtor argues that his move to the Southern District of Texas
**automatically qualifies him and requires the Court to move
this Case to a location most convenient for the Debtor. . ."**

As anyone who actually read my Brief can plainly see, I used no form of

"automatic" *anywhere* in my Brief.

Even though Trustee devoted an entire section to this point,[11] Trustee offered

little beyond his conclusory pronouncement "The circumstances of this case and the

applicable law do not support a transfer of this Case."[12] That conclusion *might* hold

water if this court follows his lead and *also* ignores my *controlling* authorities on

this point – 28 U.S.C. §1412 and FRBP 1014.  Trustee "ignored" both, failing to cite

either even once in his Brief.  Nor did Trustee bother to explain the guidance

provided by my citation of the Bankruptcy Appellate Panel's very helpful *In re*

---

11 Found under the heading "B. The Motion to Transfer Order Should be Affirmed";
    on PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 12 of
    24 Page ID #:124*
12 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 13 of 24
    Page ID #:125*

TAB 33                                    Page 411

- 6 of 13

*Donald*, in Footnotes 19 and 20.[13]  There, the same Panel expecting my Brief later this month from Trustee's adversary proceeding, analyzed §1412 and said:[14]

> **"the ultimate § 1412 analysis, which entails a balancing of due process concerns of assuring appropriate access to the court for all parties in interest against the economic and efficient administration of the case.** While it may be economically efficient for those in control of a bankruptcy case to administer it in a location that handicaps parties in interest, **the integrity of the bankruptcy process requires that the natural enemies have reasonable access to the court."**

I will be bringing up this "reasonable access to the court" below under the heading "The bankruptcy court's blatant inequity."[15]

I submit the only reasonable conclusion on this point is Judge Riblet ignored *my* "reasoning," as well as persuasive authorities.[16]

### *Reply to* "A. The Bankruptcy Court Did Not Err in Denying the Amended Motion to Convert Order"

I covered the meat of this point above under the subheading "ignores the

---

13 328 B.R. 192 (B.A.P. 9th Cir. 2005).  The Ninth Circuit itself has cited this case favorably, the latest being as a supporting authority in *Terenkian v. the Republic of Iraq,* 686 F.3d 1061 (2012)

14 Starts on my Brief's page "7 of 11" and flows to page "8 of 11"

15 Begins on page 8

16 *See* this court's docket #24 "APPENDIX (EXCERPTS OF THE RECORD) SUBMITTED BY APPELLEE JEREMY W. FAITH, CHAPTER 7 TRUSTEE," "TAB 1"; *also on* PACER, beginning @ *Case 2:14-cv-01681-DOC Document 24 Filed 06/29/15 Page 7 of 165 Page ID #:143*

TAB 33                                        Page 412

reasoning provided by the Court in denying the Amended Motion to Convert Order."[17]  Trustee made several more points in this section in need of rebutting.

Trustee said "Debtor's position is that there is an unequivocal right to convert a case from a Chapter 7 to a Chapter 11."[18]  Again, Trustee shows he neglected to read my brief.  Beginning with the fact I did *not* use the word "unequivocal" *anywhere* in my brief, Black's Law Dictionary defines it as "Unambiguous; clear; free from uncertainty."[19]  As I believe my Brief said, I'm aware the courts are required to balance more than one factor.

Perhaps Trustee misinterpreted where I quoted from §706(a) and emphasized "Any waiver of the right to convert a case under this subsection is unenforceable."[20] Although Trustee quoted the same law himself under his "RELEVANT BANKRUPTCY CODE SECTIONS,"[21] he doesn't seem to have bothered to analyze it.

Trustee also said "On March 19, 2014, the Court entered a second motion for turnover against Debtor."[22]  With this Trustee has opened the door to only one

_____

17 Begins on page 3
18 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 10 of 24 Page ID #:122*
19 Same Black's, page 1563
20 Page "5 of 11"
21 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 21 of 24 Page ID #:133*
22 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 11 of 24 Page ID #:122*

TAB 33                                             Page 413

- 8 of 13

example of the bankruptcy court's inequitable behavior, and a gross violation of my

right to be heard in a meaningful time and in a meaningful manner.[23]

<u>The bankruptcy court's blatant inequity</u>

The Order Trustee refers to are found in his "Appendix/Excerpts" under "Tab

30." There all may read what Judge Riblet said: "There were no other

appearances"[24] and "no opposition having been filed, and the Court finding that

Notice of the Motion was proper."[25]

What Trustee *and* Judge Riblet failed to consider was my motion for an

extension to oppose Trustee's *82-page motion*[26] based on *Trustee's* failure to provide

me with due notice to timely oppose his motion (I had *two days* to write an

opposition to his *82-page motion and* file it with that court).[27]  When I called Judge

Riblet's office before the hearing time hoping to participate, all I got was a

voicemail, and although I left a message with my name and phone number, my call

was never returned.  One of several examples of the bankruptcy court first under

Judge Riblet, then Judge Carroll, not being interested in hearing my side of

whatever was before the court.

_____

23*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976): ". . .due process is flexible and
calls for such procedural protections as the particular situation demands."
24"TAB 30 Page 356," line 27
25"TAB 30 Page 357," lines 1-2
26BK docket #114
27BK docket #127; unfortunately for me, *again* the Post Office delivered it to the
     courthouse a day later than scheduled

TAB 33                                    Page 414

Part of the problem is the incompetence of the court itself. Even now I see the docket shown on PACER shows I am still represented by Mr. Taus, whom I fired *in November 2013*.[28]

Additionally both the court and the other parties have served *my* papers on my ex-wife at our old address, and I often don't receive "service" unless my teenage daughter happens to see it and brings it to me. *And* there have been problems with timely mail delivery, such as when I express-mailed a critical paper to the court, but it wasn't delivered until two weeks later.

Trustee's "order denying the Debtor's discharge (ER, Tab 31)" is a prime example of blatant extreme inequity by Judge Carroll, now before both the Bankruptcy Appellate Panel and, to a lesser extent, this court. As I said above, my opening brief to that Panel is due later this month. As before, I moved the court for an extension to provide my opposition, then called the court early to at least participate in the hearing by telephone. Again, only voicemail, I left the appropriate message, but my call was never returned.

### *Reply to* "B. The Motion to Transfer Order Should be Affirmed"

Most of what needs to be said here I've covered above under the subheading "ignores the reasoning provided by the Court in denying the Motion to Transfer Order."[29]

---

28 *See* "TAB 1 Page 1," Footnote 1
29 Page 5

TAB 33                                                    Page 415

- 10 of 13

I add only to correct Trustee's rambling bits on domicile.  The original motion to transfer requested "This court's finding our domicile is in Texas."[30]  The record shows we had been living in the Houston, Texas, area since *March* 21, 2013,[31] and we had notified the court of such.[32]  My motion for transfer to this court summarized the situation:[33]

> "3. I had previously informed the bankruptcy court and the other parties I had been forced by necessity to move to Seabrook, Texas, a distance of nearly 1,600 miles from this court, and that it is a substantial hardship every time I am required to personally attend any proceeding, including the creditors' meetings and hearings, in Los Angeles.' The case record shows numerous of hearings continued literally the day before the scheduled date, etc. I will provide the details of those events at the court's request."

I have received no requests, not even from Trustee.

We don't need to go to "S. D. Bankr. Ct. 1990" for authority.

In *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857-58 (2001) "A person's domicile is his permanent home, where. . .he resides with the intention to remain or to which. . .he intends to return."

---

30"TAB 1 Page4"; *see also* my renewed motion for transfer to this court, *see* docket #10
31PACER @ *Case 9:13-bk-10313-RR Doc 65 Filed 08/15/13 Entered 08/15/13 13:17:52 Desc Main Document Page 25 of 65 through Page 53 of 65*
32"TAB 1 Page 2," Footnote 4; *see also* "TAB 23 Page 320." Footnote 3
33"TAB 23 Page 320"

TAB 33                                    Page 416

- 11 of 13

Trustee said "the only creditor in this Case is located in California, making any conversion inequitable."[34]  In all fairness I misspoke in my Brief: "I am still not aware of any other party in interest with either domicile or principal place of business within this court's district."[35]  However, Trustee has *again* misrepresented the case facts.  His own Appendix/Excerpts provides lists of creditors showing not only more than "only" one creditor, but not all are within this court's district.[36]

Finally, under his subheading "ii. Conversion of this Case or Change of Venue at this Stage of the Bankruptcy Would be Inequitable to All Parties Involved"[37] Trustee said I'm "merely trying to forum shop, by filing the Motion to Transfer Venue," and:

> ". . .conversion of this case or transfer of venue would cause significant inequitable results. As a preliminary matter, this Case has been pending for over two (2) years. With the exception of executing the Second Turnover Order, the Trustee is ready to finalize administration of this Case. Furthermore, the Trustee has obtained an order denying the Debtor's discharge (ER, Tab 31). To unwind the clock, and more than two years of work by the Trustee and his counsel in this Case, would cause significant delays to the administration of this Estate and

---

34 PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 14 of 24 Page ID #:126*

35 Page "8 of 11"

36 *See also* the creditors/parties listed in Trustee's Appendix/Excerpts "TAB 2 Page 8" and "TAB 12 Page 180"

37 Begins on PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 14 of 24 Page ID #:126*

TAB 33                                                    Page 417

- 12 of 13

additional unnecessary expense for the Estate at the expense of the creditors."

The docket shows Trustee proceeded as if I had never moved to convert – which would oust him from taking and controlling "$229,000 in cash,"[38] *including my daughter's entire college fund unilaterally turned over from her mentally unstable mother* – and at least to me his obvious efforts to ensure much of that nearly quarter million "in cash" ends up in his own law firm's pocket.

### Reply to "IV. CONCLUSION"

Here Trustee said:

> "There is little question that the Court should deny the entirety of Debtor's Appeal, as Debtor fails to present any factual or legal grounds to appeal the Amended Motion to Convert Order or the Motion to Change Venue Order."

As I believe I've shown here, there is a *huge* "question" why this court should allow what I moved for nearly *two years ago,* notwithstanding Trustee's deliberate attempts to skew the case to justify his grab for what he is not entitled to.

I continue to seek this court's order or other affirmation nullifying the bankruptcy court's orders denying conversion and transfer, and to provide an appropriate order to preserve the case's status quo – rewind the state of the case to December 2013 before the court ruled on my motions to convert and for transfer of

---

38PACER @ *Case 2:14-cv-01681-DOC Document 23 Filed 06/29/15 Page 10 of 24 Page ID #:122*

TAB 33                                                    Page 418

- 13 of 13

venue.

I expressly reserve the right to amend or supplement this Brief if I believe it is needed. I also reserve my right to to have the court liberally construe this paper equitably and in compliance with applicable law, beginning with FRBP 1001.

CERTIFICATE OF SERVICE: I certify that on this date a true copy of this brief was mailed to the other parties shown on the title page.

*Submitted with all rights reserved on September 12, 2015*

Loren Miller, Debtor-Appellant *pro se*

TAB 33                                        Page 419

TAB 34

# FILED

UNITED STATES COURT OF APPEALS

JAN 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LOREN MILLER; et al., | No. 16-55032 |
| Debtors. | D.C. No. 2:14-cv-01681-DOC<br>Central District of California,<br>Los Angeles |
| LOREN MILLER, | |
| Appellant, | ORDER |
| v. | |
| JEREMY W. FAITH, Trustee, | |
| Appellee. | |

This appeal challenges the district court's order affirming two interlocutory orders of the bankruptcy court and denying appellant's motion to withdraw the reference. A review of the record suggests that this court may lack jurisdiction over the appeal because the underlying bankruptcy court proceedings are ongoing and the order challenged on appeal does not appear to be final or appealable. *See In re Lievsay*, 118 F.3d 661, 662 (9th Cir. 1997) (per curiam) ("[i]f the underlying bankruptcy court decision is interlocutory, the BAP order affirming or reversing it is also interlocutory"); *see also In re Kissel*, 105 F.3d 1324, 1325 (9th Cir. 1997)

MF/Pro Se

TAB 34                    Page 420

(order) (order denying motion to withdraw reference to bankruptcy court is not final or appealable).

Within 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellant elects to show cause, a response may be filed within 10 days after service of the memorandum.

If appellant does not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1.

Briefing is suspended pending further order of the court.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT


By: Monica Fernandez
Motions Attorney/Deputy Clerk

TAB 35



Loren Miller, Debtor-Appellant *pro se*
1302 Marina Bay Drive No 309A
Clear Lake Shores, TX 77565
281-467-8226

## UNITED STATE COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| "In re LOREN MILLER; et al., | No. 16-55032 |
| Debtors." | D.C. No. 2:14-cv-01681-DOC<br>Central District of California,<br>Los Angeles |
| LOREN MILLER, | |
| Appellant, | |
| v. | APPELLANT'S CAUSE SHOWN |
| JEREMY W. FAITH, Trustee, | |
| Appellee. | |

I recently received this court's "ORDER."[1]  That Order instructed me:

> "Within 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal **or show cause why it should not be dismissed for lack of jurisdiction**."[2]

I choose to "show cause why."  Accordingly:

**1.**  This "show cause" is timely filed and served.  The case record shows your Order was "Entered: 01/20/2016."  The 21st day is February 10th.  Because I received service of that Order by regular mail, three days are automatically added to your deadline.[3]  The 24th day is a Saturday, a day the clerk's office is "inaccessible."[4]  It is also inaccessible on

---

1  Docket #6

2  Please note the boldface is my added emphasis to quoted text

3  FRAP 26(c)

4  FRAP 26(a)(3)

-1-

TAB 35      Page 422

Monday, February 15th due to Presidents' Day.[5] Accordingly, so long as I file and serve this "show cause" no later than Tuesday February 16th it is timely as a matter of law.

    **2.** As a preliminary point I did not see anything in this Order stating by what authority does the clerk, a mere ministerial officer, make this order and not a judge?[6] That Order threatened:

> "If appellant does not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1."

But "Ninth Circuit Rule 42-1" does not support such an action by the clerk. That Rule says in its relevant part:

> "When an appellant fails to. . .**otherwise comply with rules requiring processing the appeal for hearing**, an order may be entered by the clerk dismissing the appeal."

The clerk cited no other "rules" nor is this a matter of "requiring processing the appeal for hearing." It therefore appears the clerk has acted *ultra vires*.[7]

    **3.** The Order said:

> "A review of the record suggests that this court may lack jurisdiction over the appeal **because the underlying bankruptcy court proceedings are ongoing and the order challenged on appeal does not appear to be final or appealable**."

This court has jurisdiction as an appellate court hearing an interlocutory appeal

---

5  FRAP 26(a)(6): Legal holiday" means: (A). . . Washington's Birthday. . ." Which is now known as "Presidents' Day"

6  According to the doctrine of *coram non judice*, judicial authority may not be present on this point. *See* Black's Law Dictionary 362 (8th ed. 2004): "[Latin "not before a judge"]. . .Outside the presence of a judge."

7  "Unauthorized; beyond the scope of power allowed or granted. . .by law" - same Black's, page 1559

-2-

from a district court that is sitting in bankruptcy by application of 28 U.S.C. § 1292.[8] §
1292(a) provides:

> ". . .the courts of appeals shall have jurisdiction of appeals from: (1)
> **Interlocutory orders of the district courts of the United States. . .or**
> **of the judges thereof. . ."**

Judge Carter's final order was titled "PROCEEDINGS (IN CHAMBERS): ORDER
AFFIRMING BANKRUPTCY COURT'S DENIAL OF DEBTOR'S MOTION TO
CONVERT; AFFIRMING BANKRUPTCY COURT'S DENIAL OF DEBTOR'S MOTION
TO TRANSFER; DENYING DEBTOR'S MOTION TO WITHDRAW REFERENCE [21]
("Order"). He denied *all* my matters on appeal. However, he expressly found each
"underlying bankruptcy court decision" was *not* "interlocutory." He said "The Court finds
that review of both orders is warranted."[9] He then concluded:[10]

> ". . .following the Ninth Circuit's "pragmatic approach," the Court will
> exercise its discretion and review both orders from the Bankruptcy Court.
> The Court will consider (1) whether the bankruptcy court erred in denying
> Debtor's motion for Chapter 11 conversion, and (2) whether the bankruptcy
> court erred in denying Debtor's motion to transfer venue."

Judge Carter explained this "pragmatic approach" earlier in the Order:[11]

> "The Ninth Circuit has adopted a "pragmatic approach" to finality in
> bankruptcy, which "emphasizes the need for immediate review, rather than
> whether the order is technically interlocutory." *In re Rosson*, 545 F.3d 764,
> 769 (9th Cir. 2008) (citing *In re Bonham*, 229 F.3d 750, 761 (9th Cir. 2000)).
> "A bankruptcy court order is considered final where it 1) resolves and

---

8  *Connecticut National Bank v. Germain*, 503 U.S. 249, 254 (1992)

9  Order page 7

10 Order page 8, footnote omitted

11 Order page 6

-3-

TAB 35                                                    Page 424

seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (internal quotations and citation omitted)."[12]

I cannot say it better than Judge Carter's thorough and thoughtful analysis on this point.[13] I incorporate that portion here by this reference.

Because Judge Carter did not remand the matters on appeal, this court's precedent applies that two-part finality test here:

#### "1) resolves and seriously affects substantive rights"

So far as the bankruptcy court's order denying my motion to transfer venue to the bankruptcy court in Houston, Texas, that court and the other parties may consider the matter resolved. However, the record shows my substantive right to be heard at a meaningful time and in a meaningful manner was disregarded.[14]

The bankruptcy court's order denying my motion to convert to Chapter 11 may have "resolved" the issue for the other parties, particularly Trustee Faith.[15] Now, more than two years after the bankruptcy court took my substantial filing fee then denied my motion, the case record shows Trustee Faith proceeded to gut the estate, including my daughter's entire college fund.[16] So yes, that court's order on this matter "seriously affects substantive rights."

#### "2) finally determines the discrete issue to which it is addressed"

---

12 *See also In re Perl*, case #14-60039, decided 01/08/2016), under the subheading "A. Jurisdiction – Finality": "**Because this case did not involve a remand, application of the two-part finality test is appropriate.** *See In re SK Foods*, 676 F.3d at 802. . . ." *In re Perl*, **page 11**

13 Order pages 6-8 under the subheading "A. Debtor's Appeals from the Bankruptcy Court"

14 *See* District Court docket #22, my Opening Brief, beginning on page 9; my Reply Brief, docket #33, beginning on page 7

15 *See* again the District Court docket #22, my Opening Brief, beginning on page 5 under "1. The bankruptcy court erred by denying my motion for Chapter 11 conversion"

16 *See also* Trustee Faith's adversary proceeding, currently on appeal to this court from the Bankruptcy Appellate Panel, case #BAP No. CC-15-1208

-4-

TAB 35                    Page 425

This is self-evident. The bankruptcy case record shows nothing is pending. I request the court take judicial notice of the case record from PACER under its "Deadlines/Hearings" and "Pending Statuses" options. The case appears to remain open only because of this pending appeal.[17]

**4.** The final point is my motion to withdraw the reference. I submit because Judge Carter denied that motion, for the purposes of this Cause Shown it is a moot point. I will address the matter in my opening brief.

I expressly reserve the right to amend or supplement this Notice if I believe it is necessary, including adequate notice to reply to all other parties' in interest responses to this motion. I also expressly invoke FRBP 1001 to apply to this and all my written submissions to this court.

*Submitted with all rights reserved on February 13, 2016*

Loren Miller, Appellant *pro se*

_____

17 This court can and does take judicial notice of the lower courts' case dockets *and* the imaged documents attached thereto. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989)

-5-

TAB 35                    Page 426

## CERTIFICATE OF SERVICE

**I certify I mailed a true copy of this document to:**

Jeremy W. Faith, Trustee, represented by:

**Margulies Faith LLP**
**16030 Ventura Boulevard, Suite 470**
**Encino, CA 91436**



*Submitted with all rights reserved on February 13, 2016*

Loren Miller, Appellant pro se

-6-

TAB 35                                   Page 427

TAB 36

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH DISTRICT

---

Case No. 16-55032
C.D. Cal. District Case No. 2:14-cv-01681-DOC

---

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

---

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE,

Appellees.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

---

### APPELLEE'S RESPONSE TO APPELLANT'S CAUSE
### SHOWN RE: JURISDICTION OF APPELLATE COURT

---

MARGULIES FAITH, LLP
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

---

TAB 36      Page 428

## TABLE OF CONTENTS

**P**AGE

A.  BACKGROUND ..................................................................................1

B.  LEGAL ANALYSIS ...........................................................................2

   1.  Grounds for Exercising Jurisdiction of the Order Denying Conversion ..........2

   2.  Grounds for Exercising Jurisdiction of the Order Denying Venue

     Transfer ..........................................................................................2

C.  CONCLUSION ...................................................................................2

# TABLE OF AUTHORITIES

**S**TATUTES                                                             **P**AGE

28 U.S.C. § 1292(b) ....................................................................................2

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:**

Appellee Jeremy W. Faith, Chapter 7 Trustee for the bankruptcy estate of Loren and Sarah Miller ("Appellee" or "Trustee"), hereby submits his response to the Statement re: Cause Shown (Dkt. No. 8, the "Cause Statement") field by appellant and debtor Loren Miller ("Debtor" or "Appellant").

For the reasons set forth below, Appellee asserts that the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") has jurisdiction over the instant appeal and the matter can proceed to the briefing stage.

## A.     BACKGROUND

This appeal originates from two orders entered by the United States Bankruptcy Court in the Appellants underlying Chapter 7 bankruptcy case, specifically: (1) the Order Denying the Debtor's Amended Motion to Convert the Bankruptcy Case from a Case under Chapter 7 to one under Chapter 11 (the "Order Denying Conversion") and (2) the Order Denying Debtor's Motion to Transfer Venue (the "Order Denying Venue Transfer") (together, the "Bankruptcy Court Orders").  The Debtor appealed the Bankruptcy Court Orders to the District Court for the Central District of California, Western Division (the "District Court"), on April 10, 2015.

On December 2, 2015, the District Court entered an order, affirming the Bankruptcy Court Orders (the "District Court Order").  On January 4, 2016, Appellant appealed the District Court Order to the Ninth Circuit, thus initiating the Appeal.  On January 20, 2016, the Ninth Circuit issued an order requesting Appellant show cause why the Appeal should not be dismissed for lack of jurisdiction based on the interlocutory nature of the

TAB 36                    Page 431

Bankruptcy Court Orders and the District Court Order (Dkt. No. 6, the "Order re: Cause").  On February 16, 2016, Appellant filed his Cause Statement.

## B.  LEGAL ANALYSIS

Appellant's Cause Statement asserts that the District Court found the Bankruptcy Court Orders were "not interlocutory".  This assertion is incorrect.  The District Court found that the Bankruptcy Court Orders are technically interlocutory orders, but exercising appellate jurisdiction over such orders was appropriate pursuant to 28 U.S.C. § 1292(b).

1. Grounds for Exercising Jurisdiction of the Order Denying Conversion

The District Court rightfully concluded that the Order Denying Conversion involved a "controlling question of law: whether the Bankruptcy Court could deny Debtor's conversion under §706(a) of the Code because Debtor engaged in bad faith conduct." (District Court Order, p.7).  The Court also found ruling on such an order is an efficient use of judicial resources and will materially advance the termination of the litigation.

2. Grounds for Exercising Jurisdiction of the Order Denying Venue Transfer

With respect to the Order Denying Venue Transfer, again the District Court found that the review of such order was necessary given that a determination at the end of the case, after the case was administered closed, would frustrate the expectations of the debtors, creditors, and the trustee.

## C.  CONCLUSION

As evidenced by the District Court docket, the Debtor's bad faith delay tactics and attempts to further hinder the Trustee from finalizing his

administration of this case.  The Trustee agrees with the District Court's conclusion that review of the Bankruptcy Court Orders is timely and appropriate.  Therefore, the Trustee asks that the Ninth Circuit also exercise its discretion and review the Bankruptcy Court Orders for a final determination with respect to these matters.

DATED:  April 7, 2016                    **MARGULIES FAITH, LLP**


                                        By: */s/ Noreen A. Madoyan*
                                            Noreen A. Madoyan
                                            Attorneys for Appellee,
                                            Jeremy W. Faith, Chapter 7
                                            Trustee

CERTIFICATE OF SERVICE

CASE NO. 16-55032

LOREN MILLER, ET. AL. VS. JEREMY W. FAITH, TRUSTEE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 7, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
1302 Marina Bay Drive, Unit #309A
Clear Lake Shores, TX 77565
**Appellant/Debtor**

Howard I. Camhi, Esq.
Ervin, Cohen & Jessup, LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
**Attorneys for Interested Party, Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987**

Helen Cardoza

TAB 36                                    Page 434

### CERTIFICATE OF COMPLIANCE, STATEMENT OF RELATED CASES

### AND PARTIES IN INTEREST

### CASE NO. 16-55032

### LOREN MILLER, ET. AL. VS. JEREMY W. FAITH, TRUSTEE

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of

Appellate Procedure and Ninth Circuit Rule 32-1, that the attached Opening Brief

is proportionally spaced, has a type face of 14 points or more and, pursuant to the

word-count feature of the word processing program used to prepare this brief,

contains 572 words, exclusive of the matters that may be omitted under

Rule 32(a)(7)(B)(iii).

Furthermore, the undersigned certifies that the following parties have an

interest in the outcome of this appeal. These representations are made to enable

Judge to evaluate possible disqualification or recusal.

| Parties | Interest |
|---|---|
| Loren Miller | Debtor/Appellant |
| Jeremy W. Faith | Chapter 7 Trustee/Appellee |
| Andrew W. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust dated September 2, 1987 | Interested Party |

TAB 36                    Page 435

Furthermore, the undersigned certifies that the following are known related

cases and appeals:

| | |
|---|---|
| CA Central Bankruptcy 9:13-bk-10313-PC | Debtors: Loren Miller and Sarah Miller |
| CA Central Bankruptcy Adversary 9:13-ap-01133-PC | Jeremy W. Faith, Chapter 7 Trustee vs. Loren Miller and Sarah Miller |
| CA Central District Court Appeal 2:14-cv-01681-DOC | Loren Miller vs. Jeremy W. Faith, Trustee |
| Ninth Circuit BAP Appeal No. CC-15-1208 | Loren Miller vs. Jeremy W. Faith, Trustee |
| Ninth Circuit Court of Appeals 16-60011 | Loren Miller vs. Jeremy W. Faith, Trustee |
| CA Central District Court Appeal 2:16-cv-02008 BRO | Loren Miller vs. Jeremy W. Faith, Trustee |

DATED:  April 7, 2016          MARGULIES FAITH, LLP

                         /s/ Noreen A. Madoyan
                           Noreen A. Madoyan, Esq.
                      Attorneys for Jeremy W. Faith,
                             Chapter 7 Trustee

TAB 37

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LOREN MILLER; et al., | No. 16-55032 |
| Debtors. | D.C. No. 2:14-cv-01681-DOC |
| | Central District of California, |
| | Los Angeles |
| LOREN MILLER, | |
| Appellant, | ORDER |
| v. | |
| JEREMY W. FAITH, Trustee, | |
| Appellee. | |

Before: Peter L. Shaw, Appellate Commissioner.

The January 20, 2016 order to show cause is discharged. However, in addition to all other issues the parties wish to raise in their briefs, the parties shall address this court's jurisdiction to review the district court's December 2, 2015 order. *See* 28 U.S.C. 158(d); *In re Rains*, 428 F.3d 893, 900-01 (9th Cir. 2005) (court of appeals lacks jurisdiction to hear interlocutory appeals in bankruptcy cases); *In re Lievsay*, 118 F.3d 661, 662 (9th Cir. 1997) (per curiam) ("[i]f the underlying bankruptcy court decision is interlocutory, the BAP order affirming or

DA/Pro Se

TAB 37                    Page 437

reversing it is also interlocutory"); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,  339 F.3d 782, 787 (9th Cir. 2003) (determination of whether a bankruptcy court's decision is final is a question of law reviewed de novo).

The opening brief and excerpts of record are due July 1, 2016; the answering brief is due August 1, 2016; and the optional reply brief is due within 14 days after service of the answering brief.

TAB 38

1  CRAIG G. MARGULIES (State Bar No. 185925)
   MEGHANN TRIPLETT (State Bar No. 268005)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
3  Encino, California 91436
   Telephone: (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email:  Craig@MarguliesFaithLaw.com
5  Email:  Meghann@MarguliesFaithlaw.com

6  Attorney for Jeremy W. Faith, Chapter 7 Trustee

7

8                  **UNITED STATES BANKRUPTCY COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
9                          **NORTHERN DIVISION**

10

11  In re                              Case No.:  9:13-bk-10313-RR

12  LOREN MILLER AND SARAH MILLER,     Chapter:  7

13                          Debtor.    **ORDER GRANTING CHAPTER 7**
14                                     **TRUSTEE'S MOTION FOR TURNOVER**
                                       **OF PROPERTY OF THE ESTATE AND**
15                                     **ORDER DIRECTING DEBTORS TO**
                                       **APPEAR AT CONTINUED 11 U.S.C. §**
16                                     **341(a) MEETINGS OF CREDITORS**

17
                                       Hearing Date:
18                                     Date:    June 11, 2013
                                       Time:    10:00 am
19                                     Place:    Courtroom  201

20

21

22

23

24

25

26

27

28

| | | |

FILED & ENTERED

JUN 18 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST    DEPUTY CLERK

TAB 38                                    Page 439

1    At the above date and time, the hearing on the Trustee's Motion for order

2  compelling the above-captioned debtors Loren Miller And Sarah Miller (collectively, the

3  "Debtors") to turn over property of the Bankruptcy Estate pursuant to 11 U.S.C. §§ 521,

4  541, and 542, and for an order directing the Debtors to appear at their 11 U.S.C. §

5  341(a) Meetings of Creditors (the "Motion," Dkt. No. 31) was held before the Honorable

6  Robin L. Riblet, United States Bankruptcy Judge, in Courtroom 201of the United States

7  Bankruptcy Court, 1415 State Street, Santa Barbara, California.  Meghann Triplett, Esq.

8  of Margulies Faith, LLP appeared on behalf of the Trustee, and all other appearances

9  were as stated on the record at the hearing.

10    The Court, having read and considered the moving papers, no opposition having

11  been filed, and the Court finding that Notice of the Motion was proper, and for the

12  reasons stated on the record at the hearing on the Motion and good cause appearing,

13    **IT IS HEREBY ORDERED THAT:**

14    1.    The Motion is granted;

15    2.    The Debtors are directed to immediately, but no later than five (5) days

16  after entry of this Order, turn over to the Trustee, by and through his counsel Margulies

17  Faith, LLP ("MF"), $182,000, the amount listed in the Debtors' Schedule B filed on

18  February 21, 2013 (Dkt. No.11) by way of a Cashier's Check made payable to "Jeremy

19  W. Faith, Chapter 7 Trustee."

20    3.    The Debtors are directed to immediately, but no later than five (5) days

21  after entry of this Order, turn over to the Trustee by and through his counsel MF, copies

22  of all monthly bank statements and canceled checks (front and back sides), including

23  documentation for all bank records and financial statements, for the two years preceding

24  the Petition Date through the date of the hearing on the Motion (i.e., June 11, 2013) for

25  all bank accounts existing in the Debtors' name, including all individual and joint-

26  accounts.  Specifically, the Debtors are required to provide monthly bank statements and

27  cancelled checks (front and back sides) for the time period described in this paragraph

28  above.

1        4.       The Debtors are directed to immediately, but in no event later than five (5)

2    days after entry of this Order, turn over to the Trustee by and through his counsel MF,

3    copies of Debtors' 2010, 2011, and 2012 State and Federal Tax Returns.

4        **IT IS FURTHER ORDERED** that:

5        5.       The Debtors are ordered to appear and testify under oath at their 11 U.S.C.

6    § 341(a) Meeting of Creditors on July 15, 2013, at 2:30 p.m. at the Office of the United

7    States Trustee, 128 E. Carrillo Street, Santa Barbara, California and are also required to

8    appear at any and all additional continued § 341(a) Meeting of Creditors until the Trustee

9    has concluded the Section 341(a) Meeting of Creditors in this Case.

10

11

12

13   ###

14

15

16

17

18

19

20

21

22

23   Date: June 18, 2013

24                                                  Robin L. Riblet
                                                    United States Bankruptcy Judge

25

26

27

28

2

TAB 38                                                    Page 441

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE AND ORDER DIRECTING DEBTORS TO APPEAR AT CONTINUED 11 U.S.C. § 341(A) MEETINGS OF CREDITORS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of <u>June 13, 2013</u>, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Howard Camhi    hcamhi@ecjlaw.com, kanthony@ecjlaw.com
Jeremy W. Faith (TR)    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com
Craig G Margulies    craig@marguliesfaithlaw.com,
staci@marguliesfaithlaw.com;denisse@marguliesfaithlaw.com;fahim@marguliesfaithlaw.com
Faye C Rasch    frasch@ecjlaw.com, kanthony@ecjlaw.com
Vaughn C Taus    tauslawyer@gmail.com
Meghann A Triplett    Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;MF_ecf@ecf.inforuptcy.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtors: Loren and Sarah Miller, 702 Whitecap Drive, Seabrook, TX 77586

☐ Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

TAB 39

1   CRAIG G. MARGULIES (State Bar No. 185925)
    MEGHANN TRIPLETT (State Bar No. 268005)
2   **MARGULIES FAITH, LLP**
    16030 Ventura Blvd., Suite 470
3   Encino, California 91436
    Telephone: (818) 705-2777
4   Facsimile:  (818) 705-3777
    Email:  Craig@MarguliesFaithLaw.com
5   Email:  Meghann@MarguliesFaithlaw.com

6   Attorneys for Jeremy W. Faith, Chapter 7 Trustee

7

8                       **UNITED STATES BANKRUPTCY COURT**
                          **CENTRAL DISTRICT OF CALIFORNIA**
9                              **NORTHERN DIVISION**

10

11  In re                                      Case No.:  9:13-bk-10313-RR

12  LOREN MILLER AND SARAH MILLER,             Chapter:  7

13                                             **ORDER GRANTING CHAPTER 7**
                                    Debtor.    **TRUSTEE'S MOTION FOR TURNOVER**
14                                             **OF PROPERTY OF THE ESTATE**

15

16
                                               Hearing Date:
17                                             Date:      March 19, 2014
                                               Time:      10:00 am
18                                             Place:     Courtroom  201

19

20

21         At the above date and time, the hearing on the Trustee's Motion for order

22  compelling debtor Loren Miller ("Debtor") to turn over undisclosed property of the

23  Bankruptcy Estate pursuant to 11 U.S.C. §§ 541, and 542, (the "Motion," Dkt. No. 114)

24  was held before the Honorable Robin L. Riblet, United States Bankruptcy Judge, in

25  Courtroom 201 of the United States Bankruptcy Court, 1415 State Street, Santa

26  Barbara, California.  Meghann Triplett, Esq. of Margulies Faith, LLP appeared on behalf

27  of the Trustee.  There were no other appearances

28  ///

---

**FILED & ENTERED**

MAR 19 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zick         DEPUTY CLERK

---

TAB 39                                    Page 443

1    The Court, having read and considered the moving papers, no opposition having

2  been filed, and the Court finding that Notice of the Motion was proper, and for the

3  reasons stated on the record at the hearing on the Motion and good cause appearing,

4    **IT IS HEREBY ORDERED** that:

5    1.    The Motion is granted;

6    2.    The Debtor is directed to immediately, but no later than ten (10) days after

7  entry of this Order, turn over to the Trustee, by and through his counsel Margulies Faith,

8  LLP, (i) $6,716 received post-petition from the 2012 State Refund; and (ii) the Kitco

9  Purchases (as detailed in <u>Exhibit A</u> to the Motion), or their cash value of $27,173.38; and

10    3.    All monetary funds to be turned over (as described in paragraph 2 above)

11  must be made by Cashier's Check made payable to "Jeremy W. Faith, Chapter 7

12  Trustee" and delivered to Margulies Faith, LLP, 16030 Ventura Blvd., Suite 470, Encino,

13  CA  91436.

14                                    ###

15

16

17

18

19

20

21

22

23

24  Date: March 19, 2014

Robin L. Riblet
United States Bankruptcy Judge

25

26

27

28

2

TAB 39                                            Page 444

TAB 40

9ᵗʰ Cir. Case No. 16-55032

Page 1

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUL 0 5 2016

FILED
DOCKETED _____
DATE                  INITIAL

LOREN MILLER,,

        Appellant,

9th Cir. Case No. **16-55032**
Originating Courts Case Numbers:
*Appealed from Central District of California,*
Case No.: 2:14-cv-01681-DOC, which was an
appeal from the bankruptcy court, Case No.
9:13-bk-10313

vs.

Jeremy W. Faith, Chapter 7 Trustee, Appellee.

APPELLANT'S INFORMAL OPENING BRIEF

I request the court take judicial notice of the case record from PACER.[1]

1. **Jurisdiction**

    a. **Timeliness of Appeal:**

        (i) Date of entry of judgment or order of originating court:
        12/05/2015

        (ii) Date of service of any motion made after judgment (other
        than for fees and costs): ***None***

        ~~(iii) Date of entry of order deciding motion:~~



        (iv) Date notice of appeal filed: 03/05/2014, 03/21/2014

---

1 This court can and does take judicial notice of the lower courts' case
dockets *and* the imaged documents attached thereto. *See O'Rourke v.
Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9ᵗʰ Cir.
1989)

9th Cir. Case No. 16-55032                                Page 2

~~(v)   For prisoners, date you gave notice of appeal to prison authorities~~

**b.    "This court's jurisdiction to review the district court's December 2, 2015 order"**

As instructed by the "Peter L. Shaw, Appellate Commissioner," I "address this court's  jurisdiction to review the district court's December 2, 2015 order."[2]

I have already so addressed in my Cause Shown, which this Appellate Commissioner declared to be "discharged."[3]  I incorporate it into this brief by this reference.

The "ORDER" also instructed the parties to consider several additional Ninth Circuit cases.  In light of the U.S. Supreme Court's recent decision in *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015) *and* this court's far more recent decisions based on that case, I submit here the *only* authority that "ORDER" cited relevant here is the statute giving this court jurisdiction, 28 U.S.C. 158(d).  That law provides in its relevant parts:

> "(1) The courts of appeals shall have jurisdiction of appeals
> from all final decisions, judgments, orders, and decrees entered

---

2  This court's docket #11
3  Docket #8, beginning on page 2 with my point #3

TAB 40                                Page 446

9th Cir. Case No. 16-55032                                    Page 3

under subsections (a) and (b) of this section."

Without directly citing this statute, my Cause Shown did cite your

most recent case on point here, *In re Perl,* 811 F. 3d 1120, (1/08/2016).[4]  This

court said beginning on page 1125 (footnotes omitted):

> "In *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1692 (2015), the
> Supreme Court reaffirmed the principle that, for jurisdictional
> purposes, "[t]he rules are different in bankruptcy. . . ." In an
> ordinary civil case, a party may appeal the district court's
> judgment only under 28 U.S.C. § 1291 and only if the decision
> "ends the litigation on the merits and leaves nothing for the court
> to do but execute the judgment." *Firestone Tire & Rubber Co. v.
> Risjord*, 449 U.S. 368, 373–74 (1981) (citation and internal
> quotation marks omitted). In bankruptcy cases, though, which
> typically are appealed (as this one is) under 28 U.S.C. § 158(d), a
> pragmatic approach is warranted; the court uses a more flexible
> standard. Orders in bankruptcy cases may be appealed
> immediately "if they finally dispose of discrete disputes within
> the larger case. . . ." *Bullard*, 135 S.Ct. at 1692 (citation
> omitted)."

My Cause Shown has already addressed the main points expressed by

---

4  Docket #8, footnote 12

TAB 40                                    Page 447

9th Cir. Case No. 16-55032                                            Page 4

*In re Perl's* "pragmatic approach" and finality tests.[5] And it seems that is

correct approach, as you said in *In re Perl*, footnote 3:

> "Before *Bullard*, we had made the same point.
>
>     "We have adopted a pragmatic approach to finality in
>     bankruptcy because certain proceedings in a bankruptcy case
>     are so distinctive and conclusive either to the rights of
>     individual parties or the ultimate outcome of the case that
>     final decisions as to them should be appealable as of right.
>     Our approach emphasizes the need for immediate review,
>     rather than whether the order is technically interlocutory."

The court should note the trustee is the only other party who

responded on this matter, and his Response did *not* cite 28 U.S.C. 158(d),

*Bullard*, nor *In re Perl*.[6]

## 2.     What are the facts of your case?

As stated above in the caption, for the purposes of this brief, there are

two "originating courts": the United States Bankruptcy Court For The

Central District Of California Northern Division ("BK"), which I appealed to

the United States District Court, Central District Of California, Western

---

5  *See again* my Cause Shown, pages 4-5
6  Docket #10

TAB 40                                                    Page 448

9th Cir. Case No. 16-55032                                    Page 5

Division ("DC"). This appeal is obviously from the latter.

The BK case originated with my joint filing with my now ex-wife.

During its course we had moved to the greater Houston, Texas, area, making

the bankruptcy court an inconvenient forum.[7] I filed and served a motion to

transfer the venue and at the same time filed and served a motion *and paid*

*the $922 fee* to convert the case to a Chapter 11,[8] which I believed more

suited our circumstances at the time, *and* because of the assigned Chapter 7

trustee's misconduct.

The bankruptcy judge gave the other parties everything they asked

for,[9] I appealed her orders to the appropriate district court,[10] which affirmed,

and I timely appealed to this court.

**3.     What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?**

Specifically, as stated in the last section, transfer the BK case to the

same court in Houston, Texas, and convert to Chapter 11. Besides appealing

these matters to the District Court, I moved that court to transfer venue,

---

7  *See* my Motion to Transfer, BK docket #78
8  BK docket #79
9  BK docket ##87-88, 131-132
10 BK docket ##116, 129

TAB 40                                                      Page 449

9th Cir. Case No. 16-55032                                        Page 6

then to withdraw the reference from the BK court.

This is shown in the case record, which I believe this court reviews

anew, without deference to the lower courts' decisions.

**4.    State the claim or claims you raised at the originating court.**

As detailed under my Opening Brief's heading "Issues Presented And

The Applicable Standard Of Appellate Review":[11]

"Among other errors and abuse of discretion, the bankruptcy court:

1.    Erred by denying my motion for Chapter 11 conversion;

2.    Erred by denying my motion to transfer venue; *and*

3.    *As appealed, its orders were inequitable.*"

**5.    What issues are you raising on appeal? What do you think the
originating court did wrong?**

So far as the BK court is concerned, those are detailed in my Opening

and Reply Briefs.[12]

Although Judge Carter took the time and care to express his analysis

of my appeal, especially the interlocutory issues, his decision to affirm the

bankruptcy court was reversible error.

**6.    Did you present all issues listed in #5 to the originating court?
Yes**

---

11 DC docket #22, page 3
12 DC docket ##22, 33

TAB 40                                        Page 450

9th Cir. Case No. 16-55032                                    Page 7

~~_____   If not, why not?~~
~~_____  Yes/No~~

**7.    What law supports these issues on appeal?**

These were provided in my briefs.[13]  I have not yet updated each

citation since submitting those briefs.

**8.    Do you have any other cases pending in this court?  YES**

Court of Appeals Docket #: 16-60011
*In re: Loren MIller v. Jeremy Faith, et al*
"Appeal From: BAP, Santa Barbara Bankruptcy Court"

Court of Appeals Docket #: 16-55732
*In re: Loren Miller, et al v. Andrew Geller, et al*
"Appeal From: U.S. District Court for Central California, Los
Angeles"

**9.    Have you filed any previous cases which have been decided by
this court?  NO**

~~10.  For prisoners, did you exhaust all administrative remedies for each
claim prior to filing your complaint in the district court?~~

---

13 DC docket ##22, 33

TAB 40                                    Page 451

9th Cir. Case No. 16-55032                                          Page 8

I expressly reserve the right to amend or supplement this brief if I

believe it is needed.


*Submitted with all rights reserved on June 29, 2016*


Loren Miller, Debtor-Appellant *pro se*
1302 Marina Bay Drive No 309A
Clear Lake Shores, TX 77565
281-467-8226

TAB 40                                                            Page 452

9th Cir. Case No. 16-55032                                    Page 9

## CERTIFICATE OF SERVICE

I certify that a true copy of this opening informal brief is being served by mail on the other parties listed below at the same time I mail this brief to this court.

Chapter 7 Trustee, represented by:

> Margulies Faith LLP
> 16030 Ventura Boulevard, Suite 470
> Encino, CA 91436

Sarah Miller, represented by:

> Hurlbett & Olmstead
> 3324 State St. Suite O
> Santa Barbara, CA 93105

*Submitted with all rights reserved on June 29, 2016*

*Loren Miller, Debtor-Appellant pro se*

TAB 40                                    Page 453

TAB 41

FILED & ENTERED

JUN 12 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST        DEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

#### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LOREN MILLER AND<br>SARAH MILLER,<br>　　　　　　　　Debtors.<br><br>_____<br><br>JEREMY W. FAITH,<br>CHAPTER 7 TRUSTEE,<br>　　　　　　　　Plaintiff,<br>v.<br><br>LOREN MILLER AND<br>SARAH MILLER,<br>　　　　　　　　Defendants.<br>_____ | Case. No. 9:13-bk-10313-PC<br>Chapter 7<br><br>Adversary No. 9:13-ap-01133-PC<br><br>**ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AGAINST<br>DEFENDANT LOREN MILLER<br>UNDER 11 U.S.C. § 727(a)(2)(A),<br>(a)(2)(B), (a)(4)(A), AND (a)(6)(A)**<br><br>Date:   June 11, 2015<br>Time:   10:00 a.m.<br>Place:  United States Bankruptcy Court<br>　　　　Courtroom # 201<br>　　　　1415 State Street<br>　　　　Santa Barbara, CA  93101 |

Based on the memorandum of even date herewith, it is

ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Loren

Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) is granted.

                              ###

Date: June 12, 2015

                                    Peter H. Carroll
                                    United States Bankruptcy Judge

TAB 41                                    Page 454

TAB 42

**727OBJ, DEFER, APPEAL, NODISCH, APLDIST, NoFeeRequired**

# U.S. Bankruptcy Court
## Central District of California (Santa Barbara)
## Bankruptcy Petition #: 9:13-bk-10313-PC

|  |  |
|---|---|
| *Date filed:* | 02/07/2013 |
| *341 meeting:* | 08/25/2014 |
| *Deadline for filing claims:* | 10/25/2013 |
| *Deadline for filing claims (govt.):* | 08/06/2013 |
| *Deadline for objecting to discharge:* | 08/15/2013 |
| *Deadline for financial mgmt. course (db):* | 05/17/2013 |
| *Deadline for financial mgmt. course (jdb):* | 05/17/2013 |

*Assigned to:* Peter Carroll
Chapter 7
Voluntary
Asset
[Show Associated Cases](#)
[Claims Register](#)

| **Debtor** | represented by **Vaughn C Taus** |
|---|---|
| **Loren Miller** | 1042 Pacific St Ste D |
| 1302 Marina Bay Drive #309A | San Luis Obispo, CA 93401 |
| Clear Lake Shores, TX 77565 | 805-542-0155 |
| SAN LUIS OBISPO-CA | Fax : 805-542-0234 |
| SSN / ITIN: xxx-xx-1734 | Email: [tauslawyer@gmail.com](mailto:tauslawyer@gmail.com) |

**Meghann A Triplett**
Margulies Faith LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436
818-705-2777
Fax : 818-705-3777
Email: [Meghann@MarguliesFaithlaw.com](mailto:Meghann@MarguliesFaithlaw.com)

| **Joint Debtor** | represented by **Reed H Olmstead** |
|---|---|
| **Sarah Miller** | Hurlbert & Olmstead |
| 702 Whitecap Dr | 3324 State St Ste O |
| Seabrook, TX 77586 | Santa Barbara, CA 93105 |
| SAN LUIS OBISPO-CA | 805-963-9111 |
| SSN / ITIN: xxx-xx-6836 | Fax : 805-963-2209 |
|  | Email: [reed@olmstead.law](mailto:reed@olmstead.law) |

**Vaughn C Taus**
(See above for address)

**Meghann A Triplett**
(See above for address)

| **Trustee** | represented by **Noreen A Madoyan** |
|---|---|
| **Jeremy W. Faith (TR)** | 16030 Ventura Blvd #470 |
| 16030 Ventura Blvd., Suite 470 | Encino, CA 91436 |
| Encino, CA 91436 | 818-705-2777 |
| (818) 705-2777 | Fax : 818-705-3777 |
|  | Email: [Noreen@MarguliesFaithLaw.com](mailto:Noreen@MarguliesFaithLaw.com) |

TAB 42                                                        Page 455

**Craig G Margulies**
Margulies Faith LLP
16030 Ventura Blvd Ste 470
Encino, CA 91436
818-705-2777
Fax : 818-705-3777
Email: Craig@MarguliesFaithlaw.com

**Meghann A Triplett**
(See above for address)

*U.S. Trustee*
**United States Trustee (ND)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

| Filing Date | # | Docket Text |
|---|---|---|
| 02/07/2013 | [1](#)<br>(15 pgs; 2 docs) | Chapter 7 Voluntary Petition . Fee Amount $306 Filed by Loren Miller, Sarah Miller Statement of Intent due 03/11/2013. Schedule A due 02/21/2013. Schedule B due 02/21/2013. Schedule C due 02/21/2013. Schedule D due 02/21/2013. Schedule E due 02/21/2013. Schedule G due 02/21/2013. Schedule H due 02/21/2013. Schedule I due 02/21/2013. Schedule J due 02/21/2013. Statement of Financial Affairs due 02/21/2013. Statement - Form 22A Due: 02/21/2013. Incomplete Filings due by 02/21/2013. (Taus, Vaughn) WARNING: Item subsequently amended at docket entry no 5. Also deficient for Statement of Related Cases due 02/21/2013. Notice of Available Chapters due 02/21/2013. Summary of Schedules due 02/21/2013. Statistical Summary due 02/21/2013. Declaration Re Schedules due 02/21/2013. Attorney Disclosure Statement due 02/21/2013. Declaration of Attorney's Limited Scope of Appearance due 02/21/2013. Debtor's Certification of Employment Income due 02/21/2013. Section 316 Incomplete Filings Due by 03/25/2013. Modified on 2/8/2013 (Laforte, Shelley). (Entered: 02/07/2013) |
| 02/07/2013 | [3](#)<br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 03/18/2013 at 10:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. Objections for Discharge due by 05/17/2013. Cert. of Financial Management due by 05/17/2013 for Debtor and Joint Debtor (if joint case) (Taus, Vaughn) (Entered: 02/07/2013) |
| 02/07/2013 | [2](#) | Statement of Social Security Number(s) Form B21 Filed by Debtor Loren Miller, Joint Debtor Sarah Miller. (Taus, Vaughn) (Entered: 02/07/2013) |
|  |  | Receipt of Voluntary Petition (Chapter 7)(9:13-bk-10313) [misc,volp7] ( 306.00) Filing Fee. Receipt number |

| 02/08/2013 | | 31531379. Fee amount 306.00. (U.S. Treasury) (Entered: 02/08/2013) |
|---|---|---|
| 02/08/2013 | [4](1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)[1] Voluntary Petition (Chapter 7) filed by Debtor Loren Miller, Joint Debtor Sarah Miller) (Laforte, Shelley) (Entered: 02/08/2013) |
| 02/08/2013 | 5 | Notice to Filer of Correction Made: **Petition was filed as incomplete, however additional schedules or statements are deficient. RE: Also deficient for Statement of Related Cases. Notice of Available Chapters. Summary of Schedules. Statistical Summary. Declaration Re Schedules. Attorney Disclosure Statement. Declaration of Attorney's Limited Scope of Appearance. Debtor's Certification of Employment Income. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)[1] Voluntary Petition (Chapter 7) filed by Debtor Loren Miller, Joint Debtor Sarah Miller) (Laforte, Shelley) (Entered: 02/08/2013) |
| 02/08/2013 | [6](3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Laforte, Shelley) (Entered: 02/08/2013) |
| 02/10/2013 | [7](4 pgs) | BNC Certificate of Notice (RE: related document(s)[3] Meeting (AutoAssign Chapter 7)) No. of Notices: 6. Notice Date 02/10/2013. (Admin.) (Entered: 02/11/2013) |
| 02/10/2013 | [8](3 pgs) | BNC Certificate of Notice (RE: related document(s)[1] Voluntary Petition (Chapter 7) filed by Debtor Loren Miller, Joint Debtor Sarah Miller) No. of Notices: 1. Notice Date 02/10/2013. (Admin.) (Entered: 02/11/2013) |
| 02/10/2013 | [9](3 pgs) | BNC Certificate of Notice (RE: related document(s)[4] Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 02/10/2013. (Admin.) (Entered: 02/11/2013) |
| 02/10/2013 | [10](5 pgs) | BNC Certificate of Notice (RE: related document(s)[6] Notice of Requirement to Complete Course in Financial Management (BNC) No. of Notices: 1. Notice Date 02/10/2013. (Admin.) (Entered: 02/11/2013) |
| | [11](48 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities, Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Small Business Monthly Operating Report for Filing Period, Declaration concerning debtor's schedules , Statement of Financial Affairs , Disclosure of Compensation of Attorney for Debtor , Declaration of attorney's limited scope of appearance , Debtor's |

| | | |
|---|---|---|
| 02/21/2013 | | Certification of Employment Income , Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A , Statement of Intent. , Verification of creditor matrix , Statement of related cases Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Taus, Vaughn) (Entered: 02/21/2013) |
| 03/20/2013 | 12 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/8/2013 at 02:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 03/20/2013) |
| 03/21/2013 | 13 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 03/21/2013) |
| 04/05/2013 | 14 (5 pgs) | Motion to Convert Case From Chapter 7 to 13. Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (Taus, Vaughn) (Entered: 04/05/2013) |
| 04/09/2013 | 15 (2 pgs) | Request for courtesy Notice of Electronic Filing (NEF) *with proof of service* Filed by Camhi, Howard. (Camhi, Howard) (Entered: 04/09/2013) |
| 04/09/2013 | 16 (9 pgs) | Notice of motion/application*and Debtors Motion to Convert Case* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (RE: related document(s)14 Motion to Convert Case From Chapter 7 to 13. Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Taus, Vaughn) (Entered: 04/09/2013) |
| 04/09/2013 | 17 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/29/2013 at 03:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 04/09/2013) |
| 04/10/2013 | 18 (26 pgs) | Opposition to (related document(s): 14 Motion to Convert Case From Chapter 7 to 13. filed by Debtor Loren Miller, Joint Debtor Sarah Miller, 16 Notice of motion/application filed by Debtor Loren Miller, Joint Debtor Sarah Miller) Filed by Trustee Jeremy W. Faith (TR) (Margulies, Craig) (Entered: 04/10/2013) |
| 04/10/2013 | 19 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 04/10/2013) |
| 04/10/2013 | 20 (5 pgs) | Notice of Hearing *For Debtors Motion to Convert Case* Filed by Debtor Loren Miller, Joint Debtor Sarah |

| | | |
|---|---|---|
| 04/16/2013 | | Miller (RE: related document(s)14 Motion to Convert Case From Chapter 7 to 13. Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Taus, Vaughn) WARNING: Item subsequently amended by docket no.21, Modified on 4/17/2013 (Handy, Brad). (Entered: 04/16/2013) |
| 04/17/2013 | 21 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. Date is unavailable. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)20 Notice of Hearing filed by Debtor Loren Miller, Joint Debtor Sarah Miller) (Handy, Brad) (Entered: 04/17/2013) |
| 04/18/2013 | 22 (5 pgs) | Notice of Hearing Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (RE: related document(s)14 Motion to Convert Case From Chapter 7 to 13. Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Taus, Vaughn) (Entered: 04/18/2013) |
| 04/18/2013 | 23 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Triplett, Meghann. (Triplett, Meghann) (Entered: 04/18/2013) |
| 04/18/2013 | 24 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)22 Notice of Hearing filed by Debtor Loren Miller, Joint Debtor Sarah Miller) (Zick, Ryan) (Entered: 04/18/2013) |
| 04/23/2013 | 25 (5 pgs) | Notice of Hearing *on Debtors Motion to Convert Case* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (RE: related document(s)14 Motion to Convert Case From Chapter 7 to 13. Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Taus, Vaughn) (Entered: 04/23/2013) |
| 04/24/2013 | 26 | Hearing Set (RE: related document(s)14 Motion to Convert Case filed by Debtor Loren Miller, Joint Debtor Sarah Miller) The Hearing date is set for 6/11/2013 at 10:00 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Robin Riblet (Zick, Ryan) (Entered: 04/24/2013) |
| | 27 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 5/20/2013 at 2:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: |

| | | |
|---|---|---|
| 05/01/2013 | | 05/01/2013) |
| 05/02/2013 | [28](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 05/02/2013) |
| 05/07/2013 | [29](#)<br>(11 pgs) | Application to Employ Margulies Faith, LLP as General Counsel *for Jeremy W. Faith, Chapter 7 Trustee; Declaration in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 05/07/2013) |
| 05/07/2013 | [30](#)<br>(5 pgs) | Notice of motion/application *to Employ Margulies Faith, LLP as General Counsel for Jeremy W. Faith, Chapter 7 Trustee* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[29](#) Application to Employ Margulies Faith, LLP as General Counsel *for Jeremy W. Faith, Chapter 7 Trustee; Declaration in Support Thereof* Filed by Trustee Jeremy W. Faith (TR)). (Triplett, Meghann) (Entered: 05/07/2013) |
| 05/15/2013 | [31](#)<br>(21 pgs) | Motion for Turnover of Property *Chapter 7 Trustee's Notice of Motion and Motion for Turnover of Property; and Directing Debtors to Appear at the Meeting of Creditors; Memorandum of Points and Authorities nd Declaration of Jeremy W. Faith in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 05/15/2013) |
| 05/15/2013 | [32](#)<br>(12 pgs) | Motion for extension of time to file a complaint objecting to discharge *Motion for Extension of Time for Filing Complaint Objecting to Debtors' Discharge; Memorandum of Points and Authorities; Declaration of Meghann Triplett in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 05/15/2013) |
| 05/15/2013 | [33](#)<br>(4 pgs) | Notice of motion/application *for Extension of Time for Filing Complaint Objecting to Debtors' Discharge; Memorandum of Points and Authorities; Declaration of Meghann Triplett in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[32](#) Motion for extension of time to file a complaint objecting to discharge *Motion for Extension of Time for Filing Complaint Objecting to Debtors' Discharge; Memorandum of Points and Authorities; Declaration of Meghann Triplett in Support Thereof* Filed by Trustee Jeremy W. Faith (TR)). (Triplett, Meghann) (Entered: 05/15/2013) |
| 05/16/2013 | 34 | Hearing Set (RE: related document(s)[31](#) Motion for Turnover of Property filed by Trustee Jeremy W. Faith (TR)) The Hearing date is set for 6/11/2013 at 10:00 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Robin Riblet (Zick, Ryan) (Entered: 05/16/2013) |
| | [35](#) | Adversary case 9:13-ap-01092. Complaint by Andrew and |

| | | |
|---|---|---|
| 05/16/2013 | (10 pgs) | Eileen Geller against Loren Miller, Sarah Miller. Fee Amount $293 *Complaint to Determine Nondischargeability of Debt and Objecting to Discharge of Debtors* Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) (Rasch, Faye) (Objection to Discharge - 727) CLERK'S NOTE: nature of suit amended to conform with complaint, Modified on 5/21/2013 (McNabb, Jim). (Entered: 05/16/2013) |
| 05/21/2013 | 36 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/1/2013 at 02:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 05/21/2013) |
| 05/24/2013 | 37 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 05/24/2013) |
| 05/29/2013 | 38 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. PLEASE RE-NOTICE FOR A WEDNESDAY AT 2PM CALENDAR. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION**. (RE: related document(s)31 Motion for Turnover of Property filed by Trustee Jeremy W. Faith (TR)) (Zick, Ryan) CORRECTION: ENTERED DUE TO CLERICAL ERROR. PLEASE SEE BELOW ENTRY. Modified on 5/29/2013 (Zick, Ryan). (Entered: 05/29/2013) |
| 05/29/2013 | 39 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. PLEASE RENOTICE FOR AN AVAILABLE WEDNESDAY AT 2PM HEARING TIME.THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)14 Motion to Convert Case filed by Debtor Loren Miller, Joint Debtor Sarah Miller) (Zick, Ryan) (Entered: 05/29/2013) |
| | 40 (4 pgs) | Notice *of Withdrawal of Motion to Convert Case* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (RE: related document(s)20 Notice of Hearing *For Debtors Motion to Convert Case* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (RE: related document(s)14 Motion to Convert Case From Chapter 7 to 13. Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Taus, Vaughn) WARNING: Item subsequently amended by docket no.21. Modified on |

| | | |
|---|---|---|
| 06/04/2013 | | 4/17/2013.). (Taus, Vaughn) (Entered: 06/04/2013) |
| 06/04/2013 | [41](#)<br>(4 pgs) | Notice of Change of AddressFiled by Debtor Loren Miller, Joint Debtor Sarah Miller. (Taus, Vaughn) (Entered: 06/04/2013) |
| 06/05/2013 | [42](#)<br>(19 pgs) | Declaration re: non opposition*Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o)* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[29](#)Application to Employ Margulies Faith, LLP as General Counsel *for Jeremy W. Faith, Chapter 7 Trustee; Declaration in Support Thereof*). (Triplett, Meghann) (Entered: 06/05/2013) |
| 06/05/2013 | [43](#)<br>(5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Application to Employ Margulies Faith, LLP as General Counsel for Jeremy W. Faith, Chapter 7 Trustee* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[29](#) Application to Employ Margulies Faith, LLP as General Counsel *for Jeremy W. Faith, Chapter 7 Trustee; Declaration in Support Thereof*). (Triplett, Meghann) (Entered: 06/05/2013) |
| 06/05/2013 | [44](#)<br>(19 pgs) | Declaration re: non opposition*Declaration Re: Entry of Order Without Hearing Pursuant to LBR 9013-1(o)* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[32](#) Motion for extension of time to file a complaint objecting to discharge *Motion for Extension of Time for Filing Complaint Objecting to Debtors' Discharge; Memorandum of Points and Authorities; Declaration of Meghann Triplett in Support Thereof* |
| 06/05/2013 | [45](#)<br>(5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion for Extension of Time for Filing a Complaint Objecting to Debtors' Discharge* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[32](#)Motion for extension of time to file a complaint objecting to discharge *Motion for Extension of Time for Filing Complaint Objecting to Debtors' Discharge; Memorandum of Points and Authorities; Declaration of Meghann Triplett in Support Thereof* |
| 06/05/2013 | [46](#)<br>(3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 06/05/2013) |
| 06/08/2013 | [47](#)<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)[46](#) Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 06/08/2013. (Admin.) (Entered: 06/08/2013) |
| | [48](#) | ORDER GRANTING MOTION FOR EXTENSION OF |

| 06/11/2013 | (3 pgs) | TIME FOR FILING COMPLAINT OBJECTING TO DEBTORS? DISCHARGE (Related Doc # 32 ) Signed on 6/11/2013 (Zick, Ryan) (Entered: 06/11/2013) |
| 06/11/2013 | 49 (3 pgs) | Order Granting Application to Employ Margulies Faith, LLP (BNC-PDF) (Related Doc # 29) Signed on 6/11/2013. (Zick, Ryan) (Entered: 06/11/2013) |
| 06/11/2013 | 50 | Hearing Held , Granted (RE: related document(s)31 Motion for Turnover of Property filed by Trustee Jeremy W. Faith (TR)) (Rust, Kam) (Entered: 06/11/2013) |
| 06/13/2013 | 51 (3 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Chapter 7 Trustee's Motion for Turnover of Property of the Estate and Order Directing Debtors to Appear at Continued 11 U.S.C. § 341(a) Meetings of Creditors*Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)31 Motion for Turnover of Property *Chapter 7 Trustee's Notice of Motion and Motion for Turnover of Property; and Directing Debtors to Appear at the Meeting of Creditors; Memorandum of Points and Authorities nd Declaration of Jeremy W. Faith in Supp). (Triplett, Meghann) (Entered: 06/13/2013)* |
| 06/13/2013 | 52 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)48 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/13/2013. (Admin.) (Entered: 06/13/2013) |
| 06/13/2013 | 53 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)49 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 06/13/2013. (Admin.) (Entered: 06/13/2013) |
| 06/18/2013 | 54 (4 pgs) | Order Granting Motion for Turnover of Property (BNC-PDF) (Related Doc # 31 ) Signed on 6/18/2013 (Rust, Kam) (Entered: 06/18/2013) |
| 06/20/2013 | 55 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)54 Order on Motion for Turnover of Property (BNC-PDF)) No. of Notices: 1. Notice Date 06/20/2013. (Admin.) (Entered: 06/20/2013) |
| 07/02/2013 | 56 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/15/2013 at 02:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 07/02/2013) |
| 07/03/2013 | 57 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 07/03/2013) |

| | 58 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/5/2013 at 2:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 07/15/2013) |
| 07/15/2013 | | |
| 07/22/2013 | 59 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 07/22/2013) |
| 07/22/2013 | 60 (4 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) *with proof of service*. Filed by Trustee Jeremy W. Faith (TR). Proofs of Claims due by 10/25/2013. Government Proof of Claim due by 8/6/2013. (Faith (TR), Jeremy) (Entered: 07/22/2013) |
| 07/26/2013 | 61 (3 pgs) | BNC Certificate of Notice (RE: related document(s)60 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Jeremy W. Faith (TR)) No. of Notices: 6. Notice Date 07/26/2013. (Admin.) (Entered: 07/26/2013) |
| 08/08/2013 | 62 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/26/2013 at 1:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 08/08/2013) |
| 08/08/2013 | 63 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 08/08/2013) |
| 08/09/2013 | 64 (16 pgs) | Amended Schedule B , Amended Schedule C , Statement of Financial AffairsFiled by Debtor Loren Miller, Joint Debtor Sarah Miller. (Taus, Vaughn) (Entered: 08/09/2013) |
| 08/15/2013 | 65 (65 pgs) | Adversary case 9:13-ap-01133. Complaint by Jeremy W. Faith, Chapter 7 Trustee against Loren Miller, Sarah Miller. (Charge To Estate). *Complaint Against Debtors Loren Miller and Sarah Miller for Denial of Discharge* Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) (Triplett, Meghann) (Entered: 08/15/2013) |
| 08/28/2013 | 66 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/16/2013 at 1:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 08/28/2013) |
| | 67 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith |

| 08/28/2013 | | (TR). (Faith (TR), Jeremy) (Entered: 08/28/2013) |
|---|---|---|
| 09/17/2013 | 68 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/7/2013 at 2:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 09/17/2013) |
| 09/18/2013 | [69](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 09/18/2013) |
| 10/08/2013 | 70 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/28/2013 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 10/08/2013) |
| 10/09/2013 | [71](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 10/09/2013) |
| 10/30/2013 | 72 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/18/2013 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 10/30/2013) |
| 10/31/2013 | [73](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 10/31/2013) |
| 10/31/2013 | [74](#) (51 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 11356 Merado Peak Dr, Las Vegas, NV 89135, with Proof of Service . Fee Amount $176, Filed by Creditor OneWest Bank, FSB (Attachments: # [1](#)Exhibit) (Estle, Mark) (Entered: 10/31/2013) |
| 10/31/2013 | | Receipt of Motion for Relief from Stay - Real Property(9:13-bk-10313-RR) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 35184883. Fee amount 176.00. (re: Doc# [74](#)) (U.S. Treasury) (Entered: 10/31/2013) |
| 11/01/2013 | | Hearing Set (RE: related document(s) [74](#) Motion for Relief from Stay - Real Property filed by OneWest Bank, FSB) Hearing to be held on 12/10/2013 at 09:00 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101. The hearing judge is Robin Riblet (Zick, Ryan) (Entered: 11/01/2013) |
| | 75 | Continuance of Meeting of Creditors (Rule 2003(e)) |

| | | |
|---|---|---|
| 11/19/2013 | | (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/23/2013 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 11/19/2013) |
| 11/21/2013 | [76](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 11/21/2013) |
| 11/26/2013 | [77](#) (8 pgs) | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): [74](#) Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 11356 Merado Peak Dr, Las Vegas, NV 89135, with Proof of Service . Fee Amount $176, filed by Creditor OneWest Bank, FSB) Filed by Debtor Loren Miller , Joint Debtor Sarah Miller (Handy, Brad) (Entered: 11/26/2013) |
| 11/26/2013 | [78](#) (4 pgs) | Motion to Change Venue/Inter-district Transfer - Bankruptcy Filed by Debtor Loren Miller , Joint Debtor Sarah Miller (Handy, Brad) (Entered: 11/26/2013) |
| 11/26/2013 | [79](#) (4 pgs) | Motion to Convert Case From Chapter 7 to 11. Fee Not Paid (Pending Transfer of Case to Another District) Filed by Debtor Loren Miller , Joint Debtor Sarah Miller (Handy, Brad) (Entered: 11/26/2013) |
| 11/26/2013 | [80](#) (3 pgs) | Notice of Debtor's Motion to Convert Case to Ch.11 Filed by Debtor Loren Miller , Joint Debtor Sarah Miller (RE: related document(s)[79](#) Motion to Convert Case From Chapter 7 to 11. Fee Not Paid (Pending Transfer of Case to Another District) Filed by Debtor Loren Miller , Joint Debtor Sarah Miller). (Handy, Brad) (Entered: 11/26/2013) |
| 12/09/2013 | [81](#) (8 pgs) | Opposition to (related document(s): [78](#) Motion to Change Venue/Inter-district Transfer - Bankruptcy filed by Debtor Loren Miller, Joint Debtor Sarah Miller)*Preliminary Opposition to Debtor's Motion to Transfer Venue - Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 12/09/2013) |
| 12/09/2013 | [82](#) (5 pgs) | Opposition to (related document(s): [79](#) Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 filed by Debtor Loren Miller, Joint Debtor Sarah Miller)*Preliminary Opposition to Debtor's Motion to Convert Case - Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 12/09/2013) |
| | [83](#) | Order Granting Motion for relief from the automatic stay |

| 12/10/2013 | (5 pgs) | REAL PROPERTY (BNC-PDF) (Related Doc # 74 ) Signed on 12/10/2013 (Klassen, Meredith) (Entered: 12/10/2013) |
| --- | --- | --- |
| 12/10/2013 | 84 | Hearing Held , Granted (RE: related document(s)74 Motion for Relief from Stay - Real Property filed by Creditor OneWest Bank, FSB) (Rust, Kam) (Entered: 12/10/2013) |
| 12/10/2013 | 85 (64 pgs) | Opposition to (related document(s): 78 Motion to Change Venue/Inter-district Transfer - Bankruptcy filed by Debtor Loren Miller, Joint Debtor Sarah Miller)*Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motions to Transfer Venue to Southern District of Texas; Request for Hearing; and Declarations in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 12/10/2013) |
| 12/10/2013 | 86 (61 pgs) | Opposition to (related document(s): 79 Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 filed by Debtor Loren Miller, Joint Debtor Sarah Miller)*Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 12/10/2013) |
| 12/12/2013 | 87 (3 pgs) | ORDER DENYING MOTION TO CONVERT CASE TO CHAPTER 11 Signed on 12/12/2013 (Zick, Ryan) (Entered: 12/12/2013) |
| 12/12/2013 | 88 (4 pgs) | ORDER DENYING MOTION TO TRANSFER VENUE signed on 12/12/2013 (Zick, Ryan) (Entered: 12/12/2013) |
| 12/12/2013 | 89 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)83 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2013. (Admin.) (Entered: 12/12/2013) |
| 12/14/2013 | 90 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)87 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/14/2013. (Admin.) (Entered: 12/14/2013) |
| 12/14/2013 | 91 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)88 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/14/2013. (Admin.) (Entered: 12/14/2013) |
| | 92 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/13/2014 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: |

| | | |
|---|---|---|
| 12/23/2013 | | 12/23/2013) |
| 12/23/2013 | [93](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 12/23/2013) |
| 01/06/2014 | [94](#)<br>(22 pgs) | Stipulation By Jeremy W. Faith (TR) and *Principal Life Insurance Company for Turnover of Estate Property* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 01/06/2014) |
| 01/06/2014 | [95](#)<br>(6 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Stipulation Between Chapter 7 Trustee and Principal Life Insurance Company for Turnover of Estate Property* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[94](#) Stipulation By Jeremy W. Faith (TR) and *Principal Life Insurance Company for Turnover of Estate Property*). (Triplett, Meghann) (Entered: 01/06/2014) |
| 01/10/2014 | [96](#)<br>(2 pgs) | Order Approving Stipulation Between Chapter 7 Trustee and Principal Life Insurance Company for Turnover of Estate Property (Related Doc #[94](#) ) Signed on 1/10/2014 (Handy, Brad) (Entered: 01/10/2014) |
| 01/12/2014 | [97](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[96](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 01/12/2014. (Admin.) (Entered: 01/12/2014) |
| 01/14/2014 | [98](#)<br>(6 pgs) | Opposition to (related document(s): [79](#)Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 filed by Debtor Loren Miller, Joint Debtor Sarah Miller) *Preliminary Opposition to Debtor's Amended Motion to Convert Case Hearing Requested Pursuant to Local Bankruptcy Rule 9013-1(o) with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 01/14/2014) |
| 01/14/2014 | [99](#)<br>(12 pgs) | Notice of Motion and Motion for Extension of Time to File Appeal Filed by Debtor Loren Miller (Zick, Ryan) (Entered: 01/14/2014) |
| 01/14/2014 | 100 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/3/2014 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 01/14/2014) |
| 01/15/2014 | [101](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 01/15/2014) |
| 01/15/2014 | [102](#)<br>(5 pgs) | Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 Filed by Debtor Loren Miller (Zick, Ryan) (Entered: 01/16/2014) |

| 01/15/2014 | [103](#)<br>(3 pgs) | Notice of motion/application Filed by Debtor Loren Miller (RE: related document(s)[102](#) Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 Filed by Debtor Loren Miller). (Zick, Ryan) (Entered: 01/16/2014) |
| 01/15/2014 | [104](#)<br>(1 pg) | Notice of Change of Address Filed by Debtor Loren Miller . (Zick, Ryan) (Entered: 01/16/2014) |
| 01/28/2014 | [105](#)<br>(8 pgs) | Opposition to (related document(s): [99](#)Motion filed by Debtor Loren Miller)*Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Motion to Extend Time to File a Notice of Appeal Pursuant to Fed. R. Bank. P. 8002(c); Declaration in Support* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 01/28/2014) |
| 01/29/2014 | [106](#)<br>(77 pgs) | Opposition to (related document(s):[102](#) Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 filed by Debtor Loren Miller)*Opposition of Jeremy W. Faith, Chapter 7 Trustee, to Debtor Loren Miller's Amended Motion to Convert Case to Chapter 11; Request for Hearing; and Declarations in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 01/29/2014) |
| 02/04/2014 | 107 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/24/2014 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 02/04/2014) |
| 02/04/2014 | [108](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 02/04/2014) |
| 02/05/2014 | 109 | Notice to Filer of Error and/or Deficient Document **Other - PLEASE PROSECUTE MOTION TO CONVERT CASE AND MOTION FOR EXTENSION TO FILE APPEAL** (RE: related document(s)[99](#)Generic Motion filed by Debtor Loren Miller, [102](#) Motion to Convert Case filed by Debtor Loren Miller) (Zick, Ryan)Case ad note: Paper copy of this notice mailed to debtor Modified on 2/5/2014 (Zick, Ryan). (Entered: 02/05/2014) |
| 02/18/2014 | [110](#)<br>(5 pgs) | Notice of lodgment Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[102](#) Motion to Convert Case From Chapter 7 to 11. Fee Amount $922 Filed by Debtor Loren Miller). (Triplett, Meghann) (Entered: 02/18/2014) |
| 02/18/2014 | [111](#)<br>(4 pgs) | Notice of lodgment Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[99](#) Notice of Motion and Motion for Extension of Time to File Appeal Filed by Debtor Loren Miller). (Triplett, Meghann) (Entered: 02/18/2014) |
| | 112 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 |

| | | |
|---|---|---|
| 02/25/2014 | | Filings) 341(a) Meeting Continued to be held on 3/17/2014 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 02/25/2014) |
| 02/26/2014 | 113<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 02/26/2014) |
| 02/26/2014 | 114<br>(94 pgs) | Motion for Turnover of Property *Notice of Motion and Motion for Order Compelling Debtors to Turnover Property of the Estate; Memorandum of Points and Authorities and Declarations in Support Thereof* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 02/26/2014) |
| 02/27/2014 | 115 | Hearing Set (RE: related document(s)114 Motion for Turnover of Property filed by Trustee Jeremy W. Faith (TR)) The Hearing date is set for 3/19/2014 at 10:00 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Robin Riblet (Zick, Ryan) (Entered: 02/27/2014) |
| 03/05/2014 | 116<br>(1 pg) | Notice of Appeal USDC Court. . Fee Amount $298 Filed by Debtor Loren Miller . Appellant Designation due by 3/19/2014. (Zick, Ryan) (Entered: 03/05/2014) |
| 03/05/2014 | 117<br>(1 pg) | Election to Appeal to District Court Filed by Debtor Loren Miller (RE: related document(s)116 Notice of Appeal). (Zick, Ryan) (Entered: 03/05/2014) |
| 03/05/2014 | 118<br>(2 pgs) | Proof of service Filed by Debtor Loren Miller (RE: related document(s)116Notice of Appeal, 117 Election to Appeal). (Zick, Ryan) (Entered: 03/05/2014) |
| 03/05/2014 | | Receipt of Appeal/Cross Appeal Filing Fee - $298.00 by 07. Receipt Number 90021250 (admin) (Entered: 03/06/2014) |
| 03/06/2014 | 119<br>(4 pgs) | Notice of Proposed Abandonment of Property of the Estate *11356 Merado Peak, Las Vegas, Nevada* Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 03/06/2014) |
| 03/07/2014 | 120<br>(11 pgs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)116Notice of Appeal filed by Debtor Loren Miller) (Zick, Ryan) (Entered: 03/07/2014) |
| 03/07/2014 | 121<br>(1 pg) | Deficiency letter to Appellant (RE: related document(s)116 Notice of Appeal filed by Debtor Loren Miller) (Zick, Ryan) (Entered: 03/07/2014) |
| 03/19/2014 | 122 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/7/2014 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 03/19/2014) |

TAB 42                                                        Page 470

| | | |
|---|---|---|
| 03/19/2014 | [123](#)<br>(6 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Chapter 7 Trustee's Motion for Order Compelling Debtors to Turnover Property of the Estate* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[114](#) Motion for Turnover of Property *Notice of Motion and Motion for Order Compelling Debtors to Turnover Property of the Estate; Memorandum of Points and Authorities and Declarations in Support Thereof*). (Triplett, Meghann) (Entered: 03/19/2014) |
| 03/19/2014 | [124](#)<br>(2 pgs) | Order Granting Motion for Turnover of Property (BNC-PDF) (Related Doc #[114](#) ) Signed on 3/19/2014 (Zick, Ryan) (Entered: 03/19/2014) |
| 03/19/2014 | 125 | Hearing Held. Granted (RE: related document(s)[114](#) Motion for Turnover of Property filed by Trustee Jeremy W. Faith (TR)) (Rust, Kam) (Entered: 03/19/2014) |
| 03/20/2014 | [126](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 03/20/2014) |
| 03/20/2014 | [127](#)<br>(6 pgs) | Motion For Extension of Time to File Opposition Filed by Debtor Loren Miller (Zick, Ryan) (Entered: 03/20/2014) |
| 03/20/2014 | [128](#)<br>(4 pgs) | Notice of motion/application Filed by Debtor Loren Miller (RE: related document(s)[127](#) Motion For Extension of Time to File Opposition Filed by Debtor Loren Miller). (Zick, Ryan) (Entered: 03/20/2014) |
| 03/21/2014 | [129](#)<br>(7 pgs) | Amended notice of appeal Filed by Debtor Loren Miller (RE: related document(s)[116](#) Notice of Appeal). (Zick, Ryan) (Entered: 03/21/2014) |
| 03/21/2014 | [130](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[124](#) Order on Motion for Turnover of Property (BNC-PDF)) No. of Notices: 2. Notice Date 03/21/2014. (Admin.) (Entered: 03/21/2014) |
| 03/26/2014 | [131](#)<br>(6 pgs) | ORDER DENYING AMENDED MOTION TO CONVERT CASE TO CHAPTER 11 (Related Doc # [102](#) ) Signed on 3/26/2014 (Zick, Ryan) (Entered: 03/26/2014) |
| 03/26/2014 | [132](#)<br>(9 pgs) | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL (Related Doc # [99](#) ) Signed on 3/26/2014 (Zick, Ryan) (Entered: 03/26/2014) |
| 03/28/2014 | [133](#)<br>(7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[131](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 03/28/2014. (Admin.) (Entered: 03/28/2014) |

| 03/28/2014 | [134](#)<br>(10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[132](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 03/28/2014. (Admin.) (Entered: 03/28/2014) |
| --- | --- | --- |
| 04/07/2014 | [135](#)<br>(1 pg) | Appeal deficiency letter to Statement of issues; designation of record; and notice of transcripts (RE: related document(s)[116](#) Notice of Appeal filed by Debtor Loren Miller) (Zick, Ryan) (Entered: 04/07/2014) |
| 04/09/2014 | 136 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/28/2014 at 11:00 AM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 04/09/2014) |
| 04/10/2014 | [137](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 04/10/2014) |
| 04/10/2014 | [138](#)<br>(22 pgs) | Second Amended notice of appeal Filed by Debtor Loren Miller (RE: related document(s)[116](#) Notice of Appeal). (Zick, Ryan) (Entered: 04/10/2014) |
| 04/23/2014 | [139](#)<br>(1 pg) | Correspondance Filed by Debtor Loren Miller (RE: related document(s)[138](#)Amended notice of appeal filed by Debtor Loren Miller) (Zick, Ryan) (Entered: 04/23/2014) |
| 04/30/2014 | 140 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 5/12/2014 at 1:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 04/30/2014) |
| 04/30/2014 | [141](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 04/30/2014) |
| 04/30/2014 | [142](#)<br>(39 pgs) | Motion RE: Objection to Claim Number 1 by Claimant Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987. *Notice of Motion and Motion for Order Disallowing in Part and Reclassifying Proof of Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987; Declaration of Jeremy W. Faith in Support* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 04/30/2014) |
| 05/01/2014 | 143 | Hearing Set (RE: related document(s)[142](#) Motion RE: Objection to Claim filed by Trustee Jeremy W. Faith (TR)) The Hearing date is set for 6/3/2014 at 10:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Robin Riblet (Zick, Ryan) (Entered: 05/01/2014) |
|  | 144 | In accordance with the Administrative Order 14-05 dated |

| 05/09/2014 | | 05/09/2014, this case is hereby reassigned from Judge Robin Riblet to Judge Peter Carroll. (Klassen, Meredith) (Entered: 05/12/2014) |
|---|---|---|
| 05/13/2014 | 145 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 6/2/2014 at 1:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 05/13/2014) |
| 05/14/2014 | 146 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 05/14/2014) |
| 05/28/2014 | 147 (4 pgs) | Stipulation By Andrew and Eileen Geller and *Stipulation to Continue Hearing on the Trustee's Motion for Order Disallowing in Part and Reclassifying Proof of Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 05/28/2014) |
| 05/28/2014 | 148 (5 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case Re: Stipulation to Continue Hearing on the Trustee's Motion for Order Disallowing in Part and Reclassifying Proof of Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)147 Stipulation By Andrew and Eileen Geller and *Stipulation to Continue Hearing on the Trustee's Motion for Order Disallowing in Part and Reclassifying Proof of Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 with proof of service* Filed by Interested Party Andrew and Eileen Geller). (Camhi, Howard) (Entered: 05/28/2014) |
| 05/29/2014 | 149 (2 pgs) | ORDER APPROVING STIPULATION TO CONTINUE HEARING ON THE TRUSTEE?S MOTION FOR ORDER DISALLOWING IN PART AND RECLASSIFYING PROOF OF CLAIM NO. 1 FILED BY ANDREW D. GELLER AND EILEEN B. GELLER, TRUSTEES OF THE GELLER TRUST DATED SEPTEMBER 2, 1987 (Related Doc #147 ) Signed on 5/29/2014 (Zick, Ryan) (Entered: 05/29/2014) |
| 05/29/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 142 MOTION RE: OBJECTION TO CLAIM filed by Jeremy W. Faith (TR)) Hearing to be held on 07/22/2014 at 10:30 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for 142 , (Zick, Ryan) (Entered: 05/29/2014) |
| 05/31/2014 | 150 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)149 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 05/31/2014. (Admin.) (Entered: 05/31/2014) |
| | 151 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 |

| 06/04/2014 | | Filings) 341(a) Meeting Continued to be held on 6/23/2014 at 01:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 06/04/2014) |
|---|---|---|
| 06/05/2014 | 152 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 06/05/2014) |
| 06/26/2014 | 153 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/21/2014 at 01:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 06/26/2014) |
| 06/27/2014 | 154 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 06/27/2014) |
| 07/18/2014 | 155 (6 pgs) | Stipulation By Andrew and Eileen Geller and *Stipulation Resolving Trustee's Objection to Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 07/18/2014) |
| 07/18/2014 | 156 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Stipulation Resolving Trustee's Objection to Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)155 Stipulation By Andrew and Eileen Geller and *Stipulation Resolving Trustee's Objection to Claim No. 1 Filed by Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 with proof of service*Filed by Interested Party Andrew and Eileen Geller). (Camhi, Howard) (Entered: 07/18/2014) |
| 07/18/2014 | 157 (3 pgs) | Order Approving Stipulation Resolving Trustee's Objection to Claim No.1 (Related Doc # 155 ) Signed on 7/18/2014 (Handy, Brad) (Entered: 07/18/2014) |
| 07/20/2014 | 158 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)157 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 07/20/2014. (Admin.) (Entered: 07/20/2014) |
| 07/24/2014 | 159 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/25/2014 at 01:30 PM at 128 E Carrillo St., Santa Barbara, CA 93101. (Faith (TR), Jeremy) (Entered: 07/24/2014) |
| 07/25/2014 | 160 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 07/25/2014) |

| | | |
|---|---|---|
| 08/11/2014 | [161](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Weisman, Gilbert. (Weisman, Gilbert) (Entered: 08/11/2014) |
| 08/26/2014 | [162](#)<br>(30 pgs) | Motion to Approve Compromise Under Rule 9019 *Notice Of Motion And Motion For Order Authorizing Trustee To Compromise Controversy With Sarah Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller (Triplett, Meghann) (Entered: 08/26/2014) |
| 08/27/2014 | 163 | Trustee's Initial Report & First Meeting Held (Faith (TR), Jeremy) (Entered: 08/27/2014) |
| 08/28/2014 | 164 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Jeremy W. Faith (TR). (Faith (TR), Jeremy) (Entered: 08/28/2014) |
| 09/10/2014 | [165](#)<br>(13 pgs) | Objection (related document(s): [162](#)Motion to Approve Compromise Under Rule 9019 *Notice Of Motion And Motion For Order Authorizing Trustee To Compromise Controversy With Sarah Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof* filed by Debtor Loren Miller, Joint Debtor Sarah Miller) *Objection of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 to the Trustee's Motion to Compromise Controversy with Sarah Miller and Request for a Hearing with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 09/10/2014) |
| 09/24/2014 | [166](#)<br>(12 pgs) | Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 09/24/2014) |
| 09/24/2014 | [167](#)<br>(4 pgs) | Notice of motion/application *Notice of Motion for: Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)[166](#)Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller). (Camhi, Howard) (Entered: 09/24/2014) |
| | [168](#)<br>(63 pgs) | Declaration re: *Declaration of Jeremy W. Faith Filed in Support of Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)[166](#) Motion *of Andrew D. Geller and Andrew D.* |

| | | |
|---|---|---|
| 09/24/2014 | | *Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service*). (Camhi, Howard) (Entered: 09/24/2014) |
| 09/24/2014 | 169 (4 pgs) | Request for judicial notice *filed in Support of Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller 166 Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service*). (Camhi, Howard) (Entered: 09/24/2014) |
| 09/24/2014 | 170 | Hearing Set (RE: related document(s)166 Objection to Debtor's Claim of Exemption filed by Interested Party Andrew and Eileen Geller) The Hearing date is set for 11/18/2014 at 10:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Peter Carroll (Handy, Brad) (Entered: 09/24/2014) |
| 09/24/2014 | 171 (4 pgs) | Notice of Hearing *on Motion for Order Authorizing Trustee to Compromise Controversy with Sarah Miller* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)162 Motion to Approve Compromise Under Rule 9019 *Notice Of Motion And Motion For Order Authorizing Trustee To Compromise Controversy With Sarah Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Triplett, Meghann) (Entered: 09/24/2014) |
| 09/25/2014 | 172 | Hearing Set (RE: related document(s)162 Motion to Approve Compromise Under Rule 9019 filed by Debtor Loren Miller, Joint Debtor Sarah Miller) The Hearing date is set for 10/14/2014 at 10:30 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Peter Carroll (Handy, Brad) (Entered: 09/25/2014) |
| 10/07/2014 | 173 (17 pgs) | Reply to (related document(s): 165Objection filed by Interested Party Andrew and Eileen Geller) *Trustee's Reply to Objection of Creditor Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 to the Trustee's Motion to Compromise Controversy with Sarah Miller* Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 10/07/2014) |
| 10/14/2014 | 174 | Hearing Held - Denied (RE: related document(s)162 Motion to Approve Compromise Under Rule 9019 filed by Debtor Loren Miller, Joint Debtor Sarah Miller) (Handy, Brad) (Entered: 10/14/2014) |
| | 175 (6 pgs) | Objection to (related document(s): 162Motion to Approve Compromise Under Rule 9019 *Notice Of Motion And Motion For Order Authorizing Trustee To Compromise Controversy With Sarah |

| | | |
|---|---|---|
| 10/14/2014 | | *Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof* filed by Debtor Loren Miller, Joint Debtor Sarah Miller) Filed by Debtor Loren Miller (Zick, Ryan) (Entered: 10/14/2014) |
| 10/21/2014 | [176](#) (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion for Order Authorizing Trustee to Compromise Controversy with Sarah Miller; Memorandum of Points and Authorities; Declaration of Jeremy W. Faith in Support Thereof with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)[162](#) Motion to Approve Compromise Under Rule 9019 *Notice Of Motion And Motion For Order Authorizing Trustee To Compromise Controversy With Sarah Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof* Filed by Debtor Loren Miller, Joint Debtor Sarah Miller). (Camhi, Howard) (Entered: 10/21/2014) |
| 10/21/2014 | [177](#) (2 pgs) | ORDER DENYING WITHOUT PREJUDICE CHAPTER 7 TRUSTEES MOTION TO COMPROMISE CONTROVERSY WITH SARAH MILLER (BNC-PDF) (Related Doc # [162](#)) Signed on 10/21/2014. (Zick, Ryan) (Entered: 10/21/2014) |
| 10/23/2014 | [178](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[177](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 2. Notice Date 10/23/2014. (Admin.) (Entered: 10/23/2014) |
| 11/04/2014 | [179](#) (4 pgs) | Opposition to (related document(s):[166](#) Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* filed by Interested Party Andrew and Eileen Geller Filed by Joint Debtor Sarah Miller (Olmstead, Reed) (Entered: 11/04/2014) |
| 11/10/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) [166](#) GENERIC MOTION filed by Andrew and Eileen Geller) Hearing to be held on 12/02/2014 at 10:30 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for [166](#) , (Zick, Ryan) (Entered: 11/10/2014) |
| 11/12/2014 | [180](#) (4 pgs) | Notice *of Continued Hearing on the Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objection to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s) Hearing (Bk Motion) Continued (RE: related document(s) [166](#) GENERIC MOTION filed by Andrew and Eileen Geller) Hearing to be held on 12/02/2014 at 10:30 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for[166](#),). (Camhi, Howard) (Entered: 11/12/2014) |
| | [181](#) (8 pgs) | Reply to (related document(s): [179](#)Opposition filed by Joint Debtor Sarah Miller) *[Reply To Sarah Millers Opposition To Motion Of* |

| 11/25/2014 | | *Andrew D. Geller And Andrew D. Geller And Eileen B. Geller, Trustees Of The Geller Trust Dated September 2, 1987 Objection To The Debtors Claim Of Exemption]* Filed by Interested Party Andrew and Eileen Geller (Camhi, Howard) (Entered: 11/25/2014) |
|---|---|---|
| 12/01/2014 | 182 (4 pgs) | Notice *of Continued Hearing on the Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objection to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)166 Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service*Filed by Interested Party Andrew and Eileen Geller). (Camhi, Howard) (Entered: 12/01/2014) |
| 12/02/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 166 GENERIC MOTION filed by Andrew and Eileen Geller) Hearing to be held on 01/13/2015 at 10:00 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for 166 , (Handy, Brad) (Entered: 12/02/2014) |
| 01/09/2015 | 183 (4 pgs) | Notice *of Continued Hearing on the Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objection to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s) Hearing (Bk Motion) Continued (RE: related document(s) 166 GENERIC MOTION filed by Andrew and Eileen Geller) Hearing to be held on 01/13/2015 at 10:00 AM 1415 State Street Courtroom 201 Santa Barbara, CA 93101 for166,). (Camhi, Howard) (Entered: 01/09/2015) |
| 01/09/2015 | 184 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)183 Notice filed by Interested Party Andrew and Eileen Geller) (Handy, Brad) (Entered: 01/09/2015) |
| 01/09/2015 | 185 (4 pgs) | Notice *(Amended) Notice of Continued Hearing on the Motion of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objection to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller (RE: related document(s)166Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller). (Camhi, Howard) (Entered: 01/09/2015) |
| | 186 (36 pgs) | Motion to Approve Compromise Under Rule 9019 *Notice of Motion and Motion For Order Authorizing Trustee To Compromise* |

| | | |
|---|---|---|
| 01/16/2015 | | *Controversy With Sarah Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof*Filed by Trustee Jeremy W. Faith (TR) (Triplett, Meghann) (Entered: 01/16/2015) |
| 02/02/2015 | [187](#) (7 pgs) | Motion to Extend Time to File Opposition (Re:[185](#) Motion to Approve Compromise) Filed by Debtor Loren Miller (Handy, Brad) (Entered: 02/02/2015) |
| 02/02/2015 | [188](#) (2 pgs) | Order Denying Motion to Extend Time to File Opposition (BNC-PDF) (Related Doc # [187](#) ) Signed on 2/2/2015 (Handy, Brad) (Entered: 02/02/2015) |
| 02/03/2015 | [189](#) (41 pgs) | Declaration re: non opposition*Declaration Re: Entry Of Order Without Hearing Pursuant To LBR 9013-1(O)* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)[186](#) Motion to Approve Compromise Under Rule 9019 *Notice of Motion and Motion For Order Authorizing Trustee To Compromise Controversy With Sarah Miller; Memorandum Of Points And Authorities; Declaration Of Jeremy W. Faith In Support Thereof*). (Triplett, Meghann) (Entered: 02/03/2015) |
| 02/03/2015 | [190](#) (2 pgs) | Order Granting Motion to Approve Compromise under Rule 9019 (BNC-PDF) (Related Doc # [186](#)) Signed on 2/3/2015. (Handy, Brad) (Entered: 02/03/2015) |
| 02/04/2015 | [191](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[188](#) Order on Motion to Extend Time (BNC-PDF)) No. of Notices: 2. Notice Date 02/04/2015. (Admin.) (Entered: 02/04/2015) |
| 02/04/2015 | | Receipt of Certification Fee - $11.00 by 05. Receipt Number 10063665. (admin) (Entered: 02/05/2015) |
| 02/05/2015 | [192](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[190](#) Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 2. Notice Date 02/05/2015. (Admin.) (Entered: 02/05/2015) |
| 02/09/2015 | [193](#) (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues on Appeal Filed by Debtor Loren Miller (RE: related document(s)[116](#) Notice of Appeal). Appellee designation due by 2/23/2015. Transmission of Designation Due by 3/11/2015. (Chackel, Danielle) (Entered: 02/09/2015) |
| 02/17/2015 | 194 | Hearing Held - Granted (RE: related document(s)[166](#) Generic Motion filed by Interested Party Andrew and Eileen Geller) (Handy, Brad) (Entered: 02/17/2015) |
| | [195](#) | Notice of lodgment *of Order Sustaining Objection of Andrew D.* |

| 02/20/2015 | (5 pgs) | *Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objection to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller[166] Motion *of Andrew D. Geller and Andrew D. Geller and Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 Objecting to the Debtors' Claim of Exemption with proof of service* Filed by Interested Party Andrew and Eileen Geller). (Camhi, Howard) (Entered: 02/20/2015) |
|---|---|---|
| 02/20/2015 | [196] (2 pgs) | ORDER SUSTAINING OBJECTION OF ANDREW D. GELLER AND ANDREW D. GELLER AND EILEEN B. GELLER, TRUSTEES OF THE GELLER TRUST DATED SEPTEMBER 2, 1987 OBJECTION TO THE DEBTORS CLAIM OF EXEMPTION (BNC-PDF) (Related Doc # [166] ) Signed on 2/20/2015 (Rust, Kam) (Entered: 02/20/2015) |
| 02/22/2015 | [197] (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[196] Order on Generic Motion (BNC-PDF)) No. of Notices: 2. Notice Date 02/22/2015. (Admin.) (Entered: 02/22/2015) |
| 03/04/2015 | [198] (2 pgs) | Notice *Notice of Increased Hourly Rates for Margulies Faith, LLP* Filed by Trustee Jeremy W. Faith (TR). (Triplett, Meghann) (Entered: 03/04/2015) |
| 03/17/2015 | [199] (1 pg) | Certificate of readiness of record on appeal to District Court. Case Number: (RE: related document(s)[116] Notice of Appeal filed by Debtor Loren Miller) (Chackel, Danielle) (Entered: 03/17/2015) |
| 04/01/2015 | [200] (1 pg) | Notice from the USDC re: bankruptcy record complete briefing schedule and notice of entry. (RE: related document(s)[116] Notice of Appeal USDC Court. . Fee Amount $298 Filed by Debtor Loren Miller . Appellant Designation due by 3/19/2014.). (Chackel, Danielle) (Entered: 04/01/2015) |
| 07/15/2015 | [201] (1 pg) | Notice of order denying discharge (BNC) (Zick, Ryan) (Entered: 07/15/2015) |
| 07/17/2015 | [202] (3 pgs) | BNC Certificate of Notice (RE: related document(s)[201] Notice of order denying discharge (BNC)) No. of Notices: 14. Notice Date 07/17/2015. (Admin.) (Entered: 07/17/2015) |
| 07/30/2015 | [203] (4 pgs) | Third Amended notice of appeal Filed by Debtor Loren Miller (RE: related document(s)[116] Notice of Appeal). (Chackel, Danielle) (Entered: 07/30/2015) |
| 07/30/2015 | [204] (2 pgs) | Appellant Statement of Election to Proceed in U.S. District Court Filed by Debtor Loren Miller (RE: related document(s)[203] Third Amended Notice of Appeal). (Chackel, Danielle) (Entered: 07/30/2015) |
| | [205] | Notice of Change of Address Filed by Debtor Loren Miller |

| | | |
|---|---|---|
| 09/17/2015 | (1 pg) | (Handy, Brad) (Entered: 09/17/2015) |
| 09/17/2015 | 206 (17 pgs) | Adversary case 9:15-ap-01068. Adversary case 9:15-ap-01068. Notice of Removal filed by Debtor Loren Miller. Plaintiff Andrew and Eileen Geller against Defendant Loren Miller . (Fee Not Required). Nature of Suit: (01 (Determination of removed claim or cause)) (Handy, Brad) (Entered: 09/17/2015) |
| 12/04/2015 | 207 (14 pgs) | Order affirming bankruptcy court's denial of debtor's motion to convert; affirming bankruptcy court's denial of debtor's motion to transfer; denying debtor's motion to withdraw reference re: USDC case no. LACV 14-1681-DOC (entered on USDC docket on 12/2/15) (RE: related document(s)116Notice of Appeal filed by Debtor Loren Miller). (Chackel, Danielle) (Entered: 12/04/2015) |
| 01/15/2016 | 208 (3 pgs) | Notice *to Professionals to File Fee Applications* Filed by Trustee Jeremy W. Faith (TR). (Madoyan, Noreen) (Entered: 01/15/2016) |
| 02/16/2016 | 209 (92 pgs) | Application for Compensation *First Interim Application for Payment of Fees and Reimbursement of Expenses of Margulies Faith, LLP; Declarations of Craig G. Margulies and Jeremy W. Faith in Support Thereof* for Craig G Margulies, Trustee's Attorney, Period: 4/8/2013 to 2/10/2016, Fee: $185173.50, Expenses: $5700.35. Filed by Attorney Craig G Margulies (Margulies, Craig) (Entered: 02/16/2016) |
| 02/16/2016 | 210 (5 pgs) | Notice of Hearing *on First Interim Application for Payment of Fees and Reimbursement of Expenses of Margulies Faith, LLP* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)209 Application for Compensation *First Interim Application for Payment of Fees and Reimbursement of Expenses of Margulies Faith, LLP; Declarations of Craig G. Margulies and Jeremy W. Faith in Support Thereof* for Craig G Margulies, Trustee's Attorney, Period: 4/8/2013 to 2/10/2016, Fee: $185173.50, Expenses: $5700.35. Filed by Attorney Craig G Margulies). (Margulies, Craig) (Entered: 02/16/2016) |
| 02/17/2016 | 211 | Hearing Set (RE: related document(s)209 Application for Compensation filed by Trustee Jeremy W. Faith (TR)) The Hearing date is set for 3/8/2016 at 10:00 AM at Crtrm 201, 1415 State St., Santa Barbara, CA 93101. The case judge is Peter Carroll (Handy, Brad) (Entered: 02/17/2016) |
| 02/17/2016 | 212 (4 pgs) | Original signature page to Declaration of Jeremy W. Faith in Support of First Interim Application for Payment of Fees and Reimbursement of Expenses of Margulies Faith, LLP Filed by Trustee Jeremy W. Faith (TR). (Margulies, Craig) (Entered: 02/17/2016) |
| 02/19/2016 | 213 (2 pgs) | Notice *of Increased Hourly Rates for Margulies Faith LLP* Filed by Trustee Jeremy W. Faith (TR). (Madoyan, Noreen) (Entered: 02/19/2016) |

| 03/07/2016 | 214 (7 pgs) | Motion to Extend Time to File Objection (Re:209 Application for Payment of Interim or Final Fees and/or Expenses) Filed by Debtor Loren Miller (Handy, Brad) (Entered: 03/07/2016) |
|---|---|---|
| 03/07/2016 | 215 (1 pg) | Request for Hearing By Conferencing Filed by Debtor Loren Miller (RE: related document(s)209 Application for Compensation filed by Trustee Jeremy W. Faith (TR)) (Handy, Brad) Modified on 3/7/2016 (Handy, Brad). (Entered: 03/07/2016) |
| 03/07/2016 | 216 (3 pgs) | Order Denying Motion to Extend Time to File Objection (BNC-PDF) (Related Doc # 214 ) Signed on 3/7/2016 (Handy, Brad) (Entered: 03/07/2016) |
| 03/08/2016 | 217 (3 pgs) | Hearing Held - Granted (RE: related document(s)209 Application for Compensation filed by Trustee Jeremy W. Faith (TR)) (Handy, Brad) Additional attachment(s) added on 3/22/2016 (Chackel, Danielle). (Entered: 03/08/2016) |
| 03/08/2016 | 218 (5 pgs) | Notice of lodgment *of Order in Bankruptcy Case Re: Application for Payment of: Interim Fees and/or Expenses (11 U.S.C. § 3321) (Dkt. No. 209)* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)209Application for Compensation *First Interim Application for Payment of Fees and Reimbursement of Expenses of Margulies Faith, LLP; Declarations of Craig G. Margulies and Jeremy W. Faith in Support Thereof* for Craig G Margulies, Trustee's Attorney, Period: 4/8/2013 to 2/10/2016, Fee: $185173.50, Expenses: $5700.35. Filed by Attorney Craig G Margulies). (Madoyan, Noreen) (Entered: 03/08/2016) |
| 03/08/2016 | 219 (2 pgs) | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 209) for Craig G Margulies, fees awarded: $185173.50, expenses awarded: $5700.35 Signed on 3/8/2016. (Handy, Brad) (Entered: 03/08/2016) |
| 03/08/2016 | 220 (6 pgs) | Stipulation By Jeremy W. Faith (TR) and *Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustee of the Geller Trust Dated September 2, 1987 for Assignment of Outstanding Proceeds Due Under Turnover Orders* Filed by Trustee Jeremy W. Faith (TR) (Madoyan, Noreen) (Entered: 03/08/2016) |
| 03/08/2016 | 221 (6 pgs) | Notice of lodgment *of Order Granting Stipulation Between Chapter 7 Trustee and Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustee of the Geller Trust Dated September 2, 1987 for Assignment of Outstanding Proceeds Due Under Turnover Orders* Filed by Trustee Jeremy W. Faith (TR) (RE: related document(s)220 Stipulation By Jeremy W. Faith (TR) and *Andrew D. Geller, an Individual, and Andrew D. Geller and Eileen B. Geller, Trustee of the Geller Trust Dated September 2, 1987 for Assignment of Outstanding Proceeds Due Under Turnover Orders*Filed by Trustee Jeremy W. Faith (TR)). (Madoyan, Noreen) (Entered: 03/08/2016) |

| | | |
|---|---|---|
| 03/09/2016 | [222](#) (2 pgs) | Order Granting Stipulation for Assignment of Outstanding Proceeds Due Under Turnover Orders (Related Doc # [220](#) ) Signed on 3/9/2016 (Handy, Brad) (Entered: 03/09/2016) |
| 03/09/2016 | [223](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[216](#) Order on Motion to Extend Time (BNC-PDF)) No. of Notices: 2. Notice Date 03/09/2016. (Admin.) (Entered: 03/09/2016) |
| 03/10/2016 | [224](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[219](#) Order on Application for Compensation (BNC-PDF)) No. of Notices: 2. Notice Date 03/10/2016. (Admin.) (Entered: 03/10/2016) |
| 03/11/2016 | [225](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[222](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 03/11/2016. (Admin.) (Entered: 03/11/2016) |
| 03/22/2016 | [226](#) (10 pgs) | Notice of Appeal and Statement of Election to U.S. District Court. (Official Form 417A) . Fee Amount $298 Filed by Debtor Loren Miller (RE: related document(s)[216](#) Order on Motion to Extend Time (BNC-PDF), [219](#) Order on Application for Compensation (BNC-PDF)). Appellant Designation due by 4/5/2016. (Chackel, Danielle)**USDC case no. 2:16-cv-02008 BRO**Modified on 3/29/2016 (Chackel, Danielle). (Entered: 03/22/2016) |
| 03/22/2016 | [227](#) (1 pg) | Notice of Appeal Deficiency to Appellant (RE: Filing Fee and Notice of Appeal does not conform substantially with the Notice of Appeal and Statement of Election (Official Form 417A)) (RE: related document(s)[226](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Loren Miller) CLERK'S NOTE: Notice of Appeal Deficiency to Appellant mailed to Appellant, Loren Miller, on 3/22/16. (Chackel, Danielle) (Entered: 03/22/2016) |
| 03/22/2016 | [228](#) (17 pgs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)[226](#)Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Loren Miller) (Chackel, Danielle) (Entered: 03/22/2016) |
| 03/29/2016 | [229](#) (2 pgs) | Notice Regarding Appeal From Bankruptcy Court. USDC case no. 2:16-cv-02008 BRO (filed at USDC on 3/23/16)(RE: related document(s)[226](#)Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Loren Miller) (Chackel, Danielle) Modified on 3/29/2016 (Chackel, Danielle). (Entered: 03/29/2016) |
| 03/29/2016 | [230](#) (4 pgs) | Amended notice of appeal Filed by Debtor Loren Miller (RE: related document(s)[226](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Chackel, Danielle) (Entered: 03/29/2016) |

| | 231<br>(1 pg) | Appeal Deficiency Notice to USDC Re: Statement of Issues, Designation of Record, Notice of Transcript and Filing Fee for Notice of Appeal (RE: related document(s)226 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Loren Miller) CLERK'S NOTE: Appeal Deficiency Notice to USDC mailed to Appellant, Loren Miller, on 4/6/2016. (Chackel, Danielle) (Entered: 04/06/2016) |
|---|---|---|
| 04/06/2016 | | |
| 05/11/2016 | 232<br>(2 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal , Statement of Issues on Appeal Filed by Debtor Loren Miller (RE: related document(s)226 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 5/25/2016. Transmission of Designation Due by 6/10/2016.**CLERK'S NOTE: Statement re: no transcripts included in Designation of Record**(Chackel, Danielle) (Entered: 05/11/2016) |

**CERTIFICATE OF SERVICE**

**CASE NO. 16-55032**

**LOREN MILLER VS. JEREMY W. FAITH, TRUSTEE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Ninth Circuit by using the appellate CM/ECF system on August 1, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
11356 Merado PeakDrive
Las Vegas, NV 89135
**Appellant/Debtor**

_____

Helen Cardoza